Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
Mark P. Pifko (SBN 228412)
MPifko@InitiativeLegal.com
Jamie R. Greene (SBN 249355)
JGreene@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5637
Facsimile:   (310) 861-9051

Aaron D. Aftergood (SBN 239853)
aaron@aftergoodesq.com
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, California  90067
Telephone: (310) 551-5221
Facsimile:  (310) 496-2840

Attorneys for Plaintiffs Robert Plumleigh
and Thomas R. Hazard III

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually, on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"), <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SANTA ANA; PAUL M. WALTERS; JOSEPH W. FLETCHER; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. SAC V10-1332-AG (RNBx) <br><br> **CLASS ACTION** <br><br> (1)  Violation of 42 U.S.C. section 1983 (U.S. Const, amends. V & XIV, § 1); <br> (2)  Unjust Enrichment—for Violation of California Vehicle Code section 21455.5(b) (Traffic Camera Warning Notice). <br> (3)  Violation of article I, section 7(a) of the California Constitution (Due Process); <br> (4)  Violation of article I, section 19(a) of the California Constitution (Takings Clause); and <br> (5)  Violation of California Business & Professions Code §§ 17200, et seq. <br><br> **Jury Trial Demanded** |

CLASS ACTION COMPLAINT

1    Plaintiffs, individually, on behalf of all other members of the public

2    similarly situated, allege as follows:

3                    **JURISDICTION AND VENUE**

4    1.    The above-entitled Court has jurisdiction over this case pursuant to

5    28 U.S.C. §1331.  This complaint also alleges violations of the California

6    Constitution and Vehicle Code.  This Court has jurisdiction over those claims

7    under 28 U.S.C. §1367 and the principals of supplemental jurisdiction.  The

8    federal and state law claims arise out of a common nucleus of operative facts, and

9    the entire suit commenced by this complaint would ordinarily be tried in one

10   judicial proceeding.  The exercise of supplemental jurisdiction will avoid

11   duplication and a multiplicity of action, and will promote the interests of judicial

12   economy and fairness.

13   2.    Venue is proper in this Court because Defendants are located in

14   Orange County, California and Defendants' policies were applied and executed

15   there.  Defendant CITY OF SANTA ANA is located in Orange County.

16   Defendants PAUL M. WALTERS and JOSEPH W. FLETCHER are employed by

17   Defendant CITY OF SANTA ANA and applied and executed its policies at all

18   relevant times.

19                       **THE PARTIES**

20   3.    Plaintiff Plumleigh is, and at all relevant times was, a resident of

21   Orange County, California.  Plaintiff ROBERT PLUMLEIGH brings this suit on

22   behalf of himself and all similarly situated individuals pursuant to Federal Rule of

23   Civil Procedure 23.

24   4.    Plaintiff THOMAS R. HAZARD III is, and at all relevant times was,

25   a resident of Orange County, California.  Plaintiff Hazard brings this suit on

26   behalf of himself and all similarly situated individuals pursuant to California Code

27   of Civil Procedure section 382 and Federal Rule of Civil Procedure 23.

28   5.    Defendant CITY OF SANTA ANA is a municipality in Orange

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1   County, California.  Defendant CITY OF SANTA ANA collects revenue from
2   automated traffic camera tickets issued by the Santa Ana Police Department for
3   traffic law violations.

4         6.    Defendant PAUL M. WALTERS is the Chief of Police of the Santa
5   Ana Police Department.  Defendant PAUL M. WALTERS and the Santa Ana
6   Police Department enforce traffic law violations within the City of Santa Ana and
7   issue automated traffic camera tickets.  Defendant PAUL M. WALTERS is hereby
8   sued in his individual and personal capacity for damages and other relief.

9         7.    Defendant JOSEPH W. FLETCHER is the City Attorney of Santa
10  Ana.  Defendant JOSEPH W. FLETCHER and the Office of the City Attorney
11  enforce the municipal code of Santa Ana.  Defendant JOSEPH W. FLETCHER is
12  hereby sued in his individual and personal capacity for damages and other relief.

13        8.    Defendant REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.
14  was and is, upon information and belief, a California corporation doing business in
15  California, and, at all times hereinafter mentioned, an employer whose employees
16  are engaged throughout this county, the State of California, and the various states
17  of the United States of America.

18        9.    Defendant REDFLEX TRAFFIC SYSTEMS, INC. was and is, upon
19  information and belief, a Delaware corporation doing business in California, and,
20  at all times hereinafter mentioned, an employer whose employees are engaged
21  throughout this county, the State of California, and the various states of the United
22  States of America.

23       10.    Plaintiffs are unaware of the true names or capacities of the
24  Defendants sued herein under the fictitious names DOES 1 through 10, but pray
25  for leave to amend and serve such fictitiously named Defendants once their names
26  and capacities become known.

27       11.    At all relevant times, Defendants, and each of them, ratified each and
28  every act or omission complained of herein.  At all relevant times, Defendants,

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1    and each of them, aided and abetted the acts and omissions of each and all the

2    other Defendants in proximately causing the damages herein alleged.

3         12.    Plaintiffs are informed and believe, and thereon allege, that each of

4    said Defendants is in some manner intentionally, negligently, or otherwise

5    responsible for the acts, omissions, occurrences, and transactions alleged herein.

6                        **CLASS ACTION ALLEGATIONS**

7         13.    Plaintiffs bring this action on their own behalf, as well as on behalf of

8    each and all other persons similarly situated, for claims alleged herein which arise

9    under California and Federal law.

10        14.    Plaintiffs seek relief authorized by California and Federal law, and

11    thus, seek class certification under Federal Rules of Civil Procedure, Rules 23(a),

12    (b)(2) and (b)(3) of the following subclasses:

13             <u>Section 1983 Subclass:</u>

14             All persons to whom Defendants issued non-warning
traffic tickets after Defendants' automated traffic
15             cameras photographed those persons' license plates,
and who paid such tickets, from two years prior to the
16             filing of this complaint until November 25, 2009.

17             <u>Unjust Enrichment Subclass:</u>

18             All persons to whom Defendants issued non-warning
traffic tickets after Defendants' automated traffic
19             cameras photographed those persons' license plates,
and who paid such tickets, from two years prior to the
20             filing of this complaint until November 25, 2009.

21             <u>California Due Process Subclass:</u>

22             All persons to whom Defendants issued non-warning
traffic tickets after Defendants' automated traffic
23             cameras photographed those persons' license plates,
and who paid such tickets, from four years prior to the
24             filing of this complaint until November 25, 2009.

25             <u>Inverse Condemnation Subclass:</u>

26             All persons to whom Defendants issued non-warning
traffic tickets after Defendants' automated traffic
27             cameras photographed those persons' license plates,
and who paid such tickets, from five years prior to the
28             filing of this complaint until November 25, 2009.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Unfair Competition Subclass:

All persons who were issued non-warning traffic tickets after Defendants' automated traffic cameras photographed those persons' license plates, and who paid such tickets, from four years prior to the filing of this complaint until November 25, 2009.

15.     Plaintiffs reserve the right to establish additional subclasses as appropriate.

16.     There is a well-defined community of interest in the litigation and the class is readily ascertainable:

> (a)     Numerosity:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

> (b)     Typicality:  Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member with whom they have a well defined community of interest, and Plaintiffs' claims (or defenses, if any) are typical of all class members' as demonstrated herein.

> (c)     Adequacy:  Plaintiffs are qualified to, and will, fairly and adequately, protect the interests of each class member with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs acknowledge that they have an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiffs' attorneys, the proposed class counsel, are well-versed in the rules governing class action

1    discovery, certification and settlement.  Plaintiffs have

2    incurred, and throughout the duration of this action, will

3    continue to incur costs and attorneys fees that have been, are

4    and will be necessarily expended for the prosecution of this

5    action for the substantial benefit of each class member.

6    (d)    Superiority:  The nature of this action makes the use of class

7    action adjudication superior to other methods.  Class action

8    will achieve economies of time, effort and expense as

9    compared with separate lawsuits, and will avoid inconsistent

10    outcomes because the same issues can be adjudicated in the

11    same manner and at the same time for the entire class.

12    (e)    Public Policy Considerations:  Employers in the State of

13    California violate employment and labor laws every day.

14    Current employees are often afraid to assert their rights out of

15    fear of direct or indirect retaliation.  Former employees are

16    fearful of bringing actions because they believe their former

17    employers might damage their future endeavors through

18    negative references and/or other means.  Class actions provide

19    the class members who are not named in the complaint with a

20    type of anonymity that allows for the vindication of their

21    rights at the same time as their privacy is protected.

22    17.    There are common questions of law and fact as to the class members

23    that predominate over questions affecting only individual members, including but

24    not limited to:

25    (a)    Whether Defendants installed automated traffic cameras at

26    intersections in Santa Ana and began issuing non-warning

27    traffic tickets prior to implementing the required thirty (30)

28    day warning notice period required by California Vehicle

Page 5

CLASS ACTION COMPLAINT

1    Code section 21455.5(b);

2    (b)    Whether Defendant CITY OF SANTA ANA and Defendants

3    PAUL M. WALTERS and JOSEPH W. FLETCHER, while

4    acting in their personal capacity and under the color of state

5    law, violated Plaintiffs' Constitutional rights, guaranteed by

6    the Takings Clause of the Fifth and Fourteenth Amendments

7    to the United States Constitution, by using automated traffic

8    cameras to enforce the Santa Ana municipal code and

9    California Vehicle Code prior to implementing the required

10   thirty (30) day warning notice period;

11   (c)    Whether Defendants CITY OF SANTA ANA, REDFLEX

12   TRAFFIC SYSTEMS (CALIFORNIA), INC. and REDFLEX

13   TRAFFIC SYSTEMS, INC. were unjustly enriched by the

14   collection of fines from non-warning traffic tickets issued for

15   violations recorded by its automated traffic cameras;

16   (d)    Whether Defendants CITY OF SANTA ANA, PAUL M.

17   WALTERS and JOSEPH W. FLETCHER violated the Due

18   Process Clause of the California Constitution by collecting

19   fines from non-warning traffic tickets issued for violations

20   recorded by its automated traffic cameras;

21   (e)    Whether Defendants CITY OF SANTA ANA, PAUL M.

22   WALTERS and JOSEPH W. FLETCHER violated the

23   Takings Clause of the California Constitution by collecting

24   fines from non-warning traffic tickets issued for violations

25   recorded by its automated traffic cameras;

26   (f)    Whether Defendants' conduct was wilful or reckless;

27   (g)    Whether Defendants REDFLEX TRAFFIC SYSTEMS

28   (CALIFORNIA), INC. and REDFLEX TRAFFIC SYSTEMS,

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1    INC. engaged in unfair business practices in violation of

2    California Business & Professions Code sections 17200, et

3    seq.; and

4    (h)    The appropriate amount of damages, restitution, or monetary

5    penalties resulting from Defendants' violations of Federal and

6    California law.

7                          **GENERAL ALLEGATIONS**

8    18.    At all relevant times set forth, Defendants installed automated traffic

9    cameras at intersections in Santa Ana and issued traffic tickets to Plaintiffs and

10   other persons.

11   19.    California Vehicle Code section 21455.5(b) provides:

12         Prior to issuing citations under this section, a local
           jurisdiction utilizing an automated traffic enforcement
13         system shall commence a program to issue only
           warning notices for 30 days. The local jurisdiction shall
14         also make a public announcement of the automated
           traffic enforcement system at least 30 days prior to the
15         commencement of the enforcement program.

16   20.    Plaintiffs are informed and believe, and thereon allege, that prior to

17   November 25, 2009, Defendants installed automated traffic cameras at

18   intersections in Santa Ana and used those cameras to issue non-warning traffic

19   tickets to Plaintiffs and class members without first issuing warning tickets for the

20   thirty (30) day period required by California Vehicle Code section 21455.5(b).

21   21.    Plaintiffs are informed and believe, and thereon allege, that

22   Defendants CITY OF SANTA ANA, PAUL M. WALTERS and JOSEPH W.

23   FLETCHER collected fines from non-warning automated traffic camera tickets

24   issued prior to November 25, 2009.

25   22.    Plaintiffs are informed and believe, and thereon allege, that

26   Defendants REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. and

27   REDFLEX TRAFFIC SYSTEMS, INC. collected fees from Defendant CITY OF

28   SANTA ANA in return for operating Defendant CITY OF SANTA ANA's

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    automated traffic cameras.

2        23.    Plaintiffs are informed and believe, and thereon allege, that on

3    November 25, 2009, Defendant CITY OF SANTA ANA instituted a warning

4    notice period for automated traffic cameras at intersections in Santa Ana and

5    issued only warning notices until December 28, 2009.

6        24.    Defendants issued Plaintiff Plumleigh a non-warning, automated

7    traffic camera ticket in February or March 2008 for a right turn made during a red

8    light.  Defendants required that he pay a fine.  On March 17, 2008, he paid a fine

9    of four hundred and twenty three dollars ($423) and received a receipt, Receipt

10   Number 6334360, from the Superior Court of California, County of Orange.  He

11   also paid a fee of fifty-seven dollars ($57) for a required traffic safety course.

12       25.    Defendants issued Plaintiff Hazard a non-warning, automated traffic

13   camera ticket on December 17, 2008 for failure to stop at a limit line or cross-

14   walk.  He was required to pay a fine and attend a traffic safety course, for a total

15   of over four hundred dollars ($400).

**FIRST CAUSE OF ACTION**

**Violation of 42 U.S.C. § 1983**

**(Civil Rights Act of 1871)**

**(Against Defendants CITY OF SANTA ANA, PAUL M. WALTERS**

**and JOSEPH W. FLETCHER)**

21       26.    Plaintiffs incorporate by reference and re-allege as if fully stated

22   herein the material allegations set out in paragraphs 1 through 25.

23       27.    At all relevant times, 42 U.S.C. section 1983 provides:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State or
> Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States
> or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to
> the party injured in an action at law, suit in equity, or
> other proper proceeding for redress[.]

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   28. At all relevant times, 42 U.S.C. section 1983 was applicable to

2 Defendants PAUL M. WALTERS and JOSEPH W. FLETCHER, named as

3 persons in their individual and personal capacities pursuant to *Hafer v. Melo*, 502

4 U.S. 21 (1991), and the CITY OF SANTA ANA, named as a person pursuant to

5 *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

6   29. At all relevant times, the Fifth Amendment to the United States

7 Constitution provides "[n]o person shall be . . . deprived of life, liberty, or

8 property, without due process of law; nor shall private property be taken for public

9 use, without just compensation."

10   30. At all relevant times, the Fifth Amendment is incorporated and

11 applies to the State of California and local government under the Due Process

12 clause of the Fourteenth Amendment to the United States Constitution.

13   31. During the relevant time period, under color of state law, Defendants

14 deprived Plaintiff Hazard and class members of property without due process of

15 law.  Specifically, Defendants issued non-warning automated traffic camera

16 tickets and collected traffic fines for those tickets prior to instituting the thirty (30)

17 day warning notice period required under California Vehicle Code section

18 21455.5(b).  Plaintiff Hazard was required to pay a fine and attend traffic school,

19 for a total of over four hundred and dollars ($400).

20   32. During the relevant time period, under color of state law, Defendants

21 took Plaintiff Hazard's and class members' private property for public use.

22 Specifically, Defendants issued non-warning automated traffic camera tickets and

23 collected traffic fines for those tickets prior to instituting the thirty (30) day

24 warning notice period required under California Vehicle Code section 21455.5(b).

25 Plaintiff Hazard was required to pay a fine and attend traffic school, for a total of

26 over four hundred and dollars ($400).

27   33. During the relevant time period, under color of state law, Defendants

28 took Plaintiff Hazard's and class members' private property for public use without

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

CLASS ACTION COMPLAINT

1    just compensation.  Specifically, Defendants have not reimbursed the fines that

2    they required Plaintiff Hazard pay, despite having issued the non-warning

3    automated traffic camera tickets to Plaintiff Hazard prior to instituting the thirty

4    (30) day warning notice period required under California Vehicle Code section

5    21455.5(b).

6         34.    During the relevant time period, under color of state law, Defendants

7    subjected Plaintiff Hazard and class members to, or caused Plaintiff Hazard and

8    class members to be subjected to, deprivation of their rights secured by the Due

9    Process and Takings clauses of the Fifth and Fourteenth Amendments, in violation

10   of 42 U.S.C. section 1983.

11        35.    Pursuant to 42 U.S.C. section 1983, Plaintiff Hazard and class

12   members are entitled to recover punitive damages from Defendants PAUL M.

13   WALTERS and JOSEPH W. FLETCHER, sued in their personal capacities.

14        36.    Pursuant to 42 U.S.C. section 1983, Plaintiff Hazard and class

15   members are entitled to declaratory relief.

16        37.    Pursuant to 42 U.S.C. section 1983, Plaintiff Hazard and class

17   members are entitled to recover damages and restitution from Defendants, plus

18   costs and attorneys fees pursuant to 42 U.S.C. section 1988(b).

**SECOND CAUSE OF ACTION**

**Unjust Enrichment—Violation of California Vehicle Code**

**section 21455.5(b)**

**(Traffic Camera Warning Notice)**

**(Against Defendants CITY OF SANTA ANA, REDFLEX TRAFFIC**

**SYSTEMS (CALIFORNIA), INC. and REDFLEX TRAFFIC SYSTEMS,**

**INC.)**

26        38.    Plaintiffs incorporate by reference and re-allege as if fully stated

27   herein the material allegations set out in paragraphs 1 through 37.

28        39.    At all relevant times, under California case law, *see, e.g., California*

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1 *Federal Bank v. Matreyek*, 8 Cal. App. 4th 125 (1992), one who is unjustly
2 enriched by benefits conferred at the expense of another is required to make
3 restitution to the other.

4       40.    At all relevant times, under California case law, *see, e.g., Lucky Auto*
5 *Supply v. Turner*, 244 Cal. App. 2d 872 (1966), if one obtains benefits from
6 another without authority, the law, independently of express contract, will compel
7 restitution or compensation.

8       41.    During the relevant time period, Defendants received benefits from
9 Plaintiff Hazard and class members. Specifically, Defendants collected fines from
10 Plaintiff Hazard and class members for non-warning automated traffic camera
11 tickets.

12       42.    During the relevant time period, Plaintiff Hazard and class members
13 conferred benefits upon Defendants. Specifically, Plaintiff Hazard and class
14 members paid fines for non-warning automated traffic camera tickets to
15 Defendants.

16       43.    During the relevant time period, Defendants have unjustly retained
17 the benefits conferred upon them by Plaintiff Hazard and class members.
18 Specifically, Defendants collected fines for non-warning automated traffic camera
19 tickets in violation of the California Vehicle Code, or, in other words, prior to
20 implementing the required thirty (30) day warning notice period required by
21 California Vehicle Code section 21455.5(b).

22       44.    During the relevant time period, Defendants were unjustly enriched
23 because they received benefits from Plaintiff Hazard and class members in the
24 form of fines and unjustly retained those benefits at the expense of Plaintiff
25 Hazard and class members, in violation of the California Vehicle Code.

26       45.    Under California case law, Plaintiff Hazard and class members are
27 entitled to recover damages and restitution.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# THIRD CAUSE OF ACTION

## Violation of article I, section 7(a) of the California Constitution

### (Due Process Clause)

### (Against Defendants CITY OF SANTA ANA, PAUL M. WALTERS and JOSEPH W. FLETCHER)

46.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 45.

47.     At all relevant times, article I, section 7(a) of the California Constitution provides that "[a] person may not be deprived of life, liberty, or property without due process of law."

48.     During the relevant time period, Defendants took Plaintiffs' and class members' property without due process of law.  Specifically, Defendants issued non-warning automated traffic camera tickets and collected traffic fines for those tickets prior to instituting the thirty (30) day warning notice period required under California Vehicle Code section 21455.5(b).  Plaintiff Plumleigh was required to pay a fine of four hundred and twenty three dollars ($423).  Plaintiff Hazard was required to pay a fine and attend traffic school, for a total of over four hundred and dollars ($400).

49.     Plaintiffs and class members are entitled to recover damages and restitution.

# FOURTH CAUSE OF ACTION

## Violation of article I, section 19(a) of the California Constitution

### (Takings Clause)

### (Against Defendants CITY OF SANTA ANA, PAUL M. WALTERS and JOSEPH W. FLETCHER)

50.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 49.

51.     At all relevant times, article I, section 19(a) of the California

Constitution provides that "[p]rivate property may be taken or damaged for a public use and only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner."

52.     During the relevant time period, Defendants took Plaintiffs' and class members' private property for public use.  Specifically, Defendants issued non-warning automated traffic camera tickets and collected traffic fines for those tickets prior to instituting the thirty (30) day warning notice period required under California Vehicle Code section 21455.5(b).  Plaintiff Plumleigh was required to pay a fine of four hundred and twenty three dollars ($423).  Plaintiff Hazard was required to pay a fine and attend traffic school, for a total of over four hundred and dollars ($400).

53.     During the relevant time period, Defendants took Plaintiffs' and class members' private property for public use without just compensation ascertained by a jury.  Specifically, Defendants have not reimbursed the fines that they required Plaintiffs pay, despite having issued the non-warning automated traffic camera tickets to Plaintiffs prior to instituting the thirty (30) day warning notice period required under California Vehicle Code section 21455.5(b).

54.     During the relevant time period, Defendants violated Plaintiffs' and class members' rights under the Takings Clause of the California Constitution by taking Plaintiffs' and class members' private property for public use without just compensation ascertained by a jury.

55.     Plaintiffs and class members are entitled to recover damages and restitution.

## FIFTH CAUSE OF ACTION

**Violation of California Business & Professions Code §§ 17200, et seq.**

**(Against Defendants REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. and REDFLEX TRAFFIC SYSTEMS, INC.)**

56.     Plaintiff incorporates by reference and re-alleges as if fully stated

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  herein the material allegations set out in paragraphs 1 through 55.

2      57.    Defendants' conduct, as alleged herein, has been unfair, unlawful,

3  and harmful to Plaintiffs, other class members, and to the general public.

4  Plaintiffs seek to enforce important rights affecting the public interest within the

5  meaning of Code of Civil Procedure section 1021.5.

6      58.    Defendants' activities, as alleged herein, are violations of California

7  law, and constitute unlawful business acts and practices in violation of California

8  Business & Professions Code sections 17200, et seq.

9      59.    A violation of California Business & Professions Code sections

10  17200, et seq. may be predicated on the violation of any state or federal law or

11  upon any unfair business act. Here, Defendant REDFLEX TRAFFIC SYSTEMS

12  (CALIFORNIA), INC.'s and Defendant REDFLEX TRAFFIC SYSTEMS, INC.'s

13  policies and practices of collecting fees from Defendant CITY OF SANTA ANA

14  for the operation of cameras that issued non-warning traffic tickets prior to

15  institution of the required thirty (30) day warning notice violated the Vehicle Code

16  and was unfair.

17      60.    Plaintiff and putative class members have been personally injured by

18  Defendants' unlawful and unfair business acts and practices as alleged herein,

19  including but not necessarily limited to the loss of money and/or property.

20      61.    Pursuant to California Business & Professions Code sections 17200,

21  et seq., Plaintiff and putative class members are entitled to damages and restitution

22  during a period that commences four years prior to the filing of this complaint; an

23  award of attorneys' fees pursuant to California Code of Civil Procedure section

24  1021.5 and other applicable laws; and an award of costs.

25                    **REQUEST FOR JURY TRIAL**

26      Plaintiffs request trial by jury.

27                      **PRAYER FOR RELIEF**

28      Plaintiffs, and on behalf of all others similarly situated, pray for relief and

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  judgment against Defendants, jointly and severally, as follows:

2      1.    That this class be certified as a class action;

3      2.    That Plaintiffs be appointed as the representatives of the Classes; and

4      3.    That counsel for Plaintiffs be appointed as Class Counsel.

**As to the First Cause of Action**

6      4.    That the Court declare, adjudge and decree that Defendants violated
7  42 U.S.C. section 1983 by, under color of state law, subjecting Plaintiff Hazard
8  and class members to, or causing Plaintiff Hazard and class members to be
9  subjected to, deprivation of their rights secured by the Due Process and Takings
10  clauses of the Fifth and Fourteenth Amendments;

11      5.    For punitive damages from Defendants PAUL M. WALTERS and
12  JOSEPH W. FLETCHER in their personal capacities;

13      6.    For all actual, consequential and incidental losses, restitution and
14  damages, according to proof; and

15      7.    For such other and further relief as the Court may deem equitable and
16  appropriate.

**As to the Second Cause of Action**

18      8.    That the Court declare, adjudge and decree that Defendants were
19  unjustly enriched by Plaintiff Hazard and class members for retaining non-
20  warning automated traffic camera tickets fines in violation of California Vehicle
21  Code section 21455.5(b);

22      9.    For all actual, consequential, and incidental losses, restitution and
23  damages, according to proof; and

24      10.    For such other and further relief as the Court may deem equitable and
25  appropriate.

**As to the Third Cause of Action**

27      11.    That the Court declare, adjudge and decree that Defendants violated
28  article I, section 7(a) of the California Constitution by taking Plaintiffs' and class

1    members' property without due process of law.

2        12.    For all actual, consequential, and incidental losses, restitution and
3    damages, according to proof; and

4        13.    For such other and further relief as the Court may deem equitable and
5    appropriate.

6                    **As to the Fourth Cause of Action**

7        14.    That the Court declare, adjudge and decree that Defendants violated
8    article I, section 19(a) of the California Constitution by taking Plaintiffs' and class
9    members' private property for public use without just compensation ascertained
10   by a jury;

11       15.    For all actual, consequential, and incidental losses, restitution and
12   damages, according to proof; and

13       16.    For such other and further relief as the Court may deem equitable and
14   appropriate.

15                   **As to the Fifth Cause of Action**

16       17.    That the Court declare, adjudge and decree that Defendants
17   REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. and REDFLEX
18   TRAFFIC SYSTEMS, INC. violated California Business and Professions Code
19   sections 17200, et seq. by collecting fees from Defendant CITY OF SANTA ANA
20   for the operation of cameras that issued non-warning traffic tickets prior to
21   institution of the required thirty (30) day warning notice;

22       18.    For damages and restitution of the costs of non-warning traffic tickets
23   to Plaintiffs and all class members and prejudgment interest from the day such
24   amounts were due and payable;

25       19.    For the appointment of a receiver to receive, manage and distribute
26   any and all funds disgorged from Defendants and determined to have been
27   wrongfully acquired by Defendants as a result of violations of California
28   Business & Professions Code sections 17200, et seq.;

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    20.    For reasonable attorneys' fees and costs of suit incurred herein

2    pursuant to California Code of Civil Procedure section 1021.5; and

3    21.    For such other and further relief as the Court may deem equitable and

4    appropriate.

5

6    Dated:  August 31, 2010                     Respectfully submitted,

7                                                Initiative Legal Group APC

8

9                                       By: _____

10

11                                              Gene Williams
                                                Mark P. Pifko
12                                              Jamie R. Greene

13                                              Attorneys for Plaintiffs Robert Plumleigh
                                                and Thomas R. Hazard III
14

15

16   Dated:  August 31, 2010                     Respectfully submitted,

                                                 The Afttergood Law Firm
17

18                                       By: _____
19

20                                              Aaron D. Aftergood

21                                              Attorney for Plaintiffs Robert Plumleigh
                                                and Thomas R. Hazard III
22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually, on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA") | CITY OF SANTA ANA; PAUL M. WALTERS; JOSEPH W. FLETCHER; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; <br><br> and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gene Williams (SBN 211390); Jamie R. Greene (SBN 249355) <br> INITIATIVE LEGAL GROUP APC <br> 1800 Century Park East, Second Floor, Los Angeles, CA 90067 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. 1983; Class Action Complaint for deprivation of rights under Due Process Clause and Takings Clause for issuance of non-warning automated traffic tickets

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: SACV10-1332

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Robert Plumleigh, Orange County, CA<br>Thomas R. Hazard III, Orange County, CA | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| City of Santa Ana, Orange County, CA;<br>Joseph W. Fletcher, Orange County, CA;<br>Redflex Traffic Systems (California), Inc., Orange County, CA | Redflex Traffic Systems, Inc., a Delaware corporation |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, CA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date September 3, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1332 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Gene Williams (SBN 211390)
Jamie R. Greene (SBN 249355)
INITIATIVE LEGAL GROUP APC
1800 Century Park East, Second Floor
Los Angeles, CA 90067
(See attached ATTACHMENT TO SUMMONS)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ROBERT PLUMLEIGH<br>(See attached ATTACHMENT TO SUMMONS)<br>PLAINTIFF(S)<br><br>v.<br><br>CITY OF SANTA ANA<br>(See attached ATTACHMENT TO SUMMONS)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV10-1332-AG (RNBx)<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): CITY OF SANTA ANA, et al.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Gene Williams and Jamie R. Greene_, whose address is _Initiative Legal Group APC, 1800 Century Park East, 2nd Floor, Los Angeles, CA 90067_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __3 SEP 2010__                    By: _____
                                                        Deputy Clerk

                                                        (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# ATTACHMENT TO SUMMONS

## ATTORNEYS FOR PLAINTIFFS AND CLASS MEMBERS:

Gene Williams (SBN 211390)

GWilliams@InitiativeLegal.com

Mark R. Pifko (SBN 228412)

MPifko@InitiativeLegal.com

Jamie R. Greene (SBN 249355)

JGreene@InitiativeLegal.com

Initiative Legal Group APC

1800 Century Park East, 2nd Floor

Los Angeles, California 90067

Telephone: (310) 556-5637

Facsimile: (310) 861-9051

## PLAINTIFFS:

ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually, on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA")

## DEFENDANTS

CITY OF SANTA ANA; PAUL M. WALTERS; JOSEPH W. FLETCHER; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; and DOES 1 through 10, inclusive