1   **STEVEN J. ROTHANS – State Bar No. 106579**
    **JUSTIN READE SARNO – State Bar No. 229803**
2   **CARPENTER, ROTHANS & DUMONT**
    **888 S. Figueroa Street, Suite 1960**
3   **Los Angeles, CA 90017**
    **(213) 228-0400**
4   **(213) 228-0401 [fax]**
    **srothans@crdlaw.com / jsarno@crdlaw.com**
5
    Attorneys for Defendants, CITY OF SANTA ANA, a public entity, CHIEF PAUL
6   M. WALTERS, and JOSEPH W. FLETCHER, public employees

7

8                    **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11  ROBERT PLUMLEIGH and THOMAS )   Case No.:  SACV10-1332-AG (RNBx)
    R. HAZARD III, et al.                          )
12                                                 )   **NOTICE OF MOTION AND**
            Plaintiffs,                            )   **MOTION TO DISMISS CLASS**
13                                                 )   **ACTION COMPLAINT;**
        vs.                                        )   **MEMORANDUM OF POINTS AND**
14                                                 )   **AUTHORITIES IN SUPPORT**
    CITY OF SANTA ANA, et al.                      )   **THEREOF**
15                                                 )
            Defendants.                            )   Date:  November 1, 2010
16                                                 )   Time:  10:00 a.m.
                                                   )   Courtroom:  10D
17                                                 )
                                                   )   Discovery Cut-Off:  Not set
18                                                 )   Final Pre-Trial Conf.:  Not set
                                                   )   Trial:  Not set
19                                                 )
                                                   )   **United States District Court Judge**
20                                                 )   **Honorable Andrew J. Guilford**
    _____ )
21

22          PLEASE TAKE NOTICE that on November 1, 2010, at 10:00 a.m., or as

23  soon thereafter as counsel may be heard in Courtroom "10D" of the U.S. District

24  Court, Central District (Santa Ana), located at 411 West Fourth Street, Santa Ana,

25  California, 92701-4516, Defendants CITY OF SANTA ANA, a public entity, and

26  CHIEF PAUL M. WALTERS and JOSEPH W. FLETCHER, public employees,

27  hereby move the Court to dismiss plaintiffs' class action Complaint for failure to

28  state a claim upon which relief can be granted, pursuant to Fed. R. Civ. Proc.,

                                         -1-

1    Rule 12(b)(6).

2         The instant motion to dismiss is brought on the following grounds:

3         1.    Plaintiffs have failed to state facts sufficient to constitute a claim

4    against Defendants CITY OF SANTA ANA, a public entity, and CHIEF PAUL

5    M. WALTERS and JOSEPH W. FLETCHER, public employees.

6              A.    Plaintiffs' first claim for violation of 42 U.S.C. § 1983 based

7                    upon purported violations of the Fifth and Fourteenth

8                    Amendments is barred under Heck v. Humphrey, 512 U.S. 477

9                    (1994).

10             B.    Plaintiffs' first claim for relief, for violation of 42 U.S.C §

11                   1983 (5th and 14th Amendments) fails to state facts upon

12                   which relief can be granted, as against Defendants CITY OF

13                   SANTA ANA, CHIEF PAUL M. WALTERS, and JOSEPH

14                   W. FLETCHER.

15             C.    Plaintiffs' second claim for relief, for unjust enrichment as a

16                   result of violation of Vehicle Code § 21455.5(b), fails to state

17                   facts upon which relief can be granted, as against Defendants

18                   CITY OF SANTA ANA, CHIEF PAUL M. WALTERS, and

19                   JOSEPH W. FLETCHER.  Specifically, under Melchior v.

20                   New Line Productions, Inc., 106 Cal.App.4th 779, 793 (2003),

21                   unjust enrichment is not deemed a "cause of action" under

22                   California law.

23             D.    Plaintiffs' third claim for relief for violation of article I, § 7(a)

24                   of the California Constitution (due process) fails to state facts

25                   upon which relief can be granted, as against Defendants CITY

26                   OF SANTA ANA, CHIEF PAUL M. WALTERS, and

27                   JOSEPH W. FLETCHER.

28

1          E.     Plaintiffs' fourth claim for relief for violation of article I, §

2                 19(a) of the California Constitution (takings clause) fails to

3                 state facts upon which relief can be granted, as against

4                 Defendants CITY OF SANTA ANA, CHIEF PAUL M.

5                 WALTERS, and JOSEPH W. FLETCHER.

6          F.     Plaintiffs' fifth claim for violation of California Business &

7                 Professions Code § 17200, et seq., fails to state facts upon

8                 which relief can be granted, as against Defendants CITY OF

9                 SANTA ANA, CHIEF PAUL M. WALTERS, and JOSEPH

10              W. FLETCHER.

11      This motion is made and based on this notice of motion, the memorandum

12 of points and authorities attached hereto, the pleadings and records on file with

13 this Court, and on such oral and documentary evidence as may be presented at the

14 hearing of this Motion.

15      This motion is made following a meet and confer among counsel on

16 September 22, 2010 and September 27, 2010.

17 DATED: September 27, 2010        CARPENTER, ROTHANS & DUMONT

18

19                     By:

20                        STEVEN J. ROTHANS

21                        JUSTIN READE SARNO
                             Attorneys for Defendants,

22                        CITY OF SANTA ANA, a public entity,
                             CHIEF PAUL M. WALTERS, and JOSEPH

23                        W. FLETCHER, public employees

24

25

26

27

28

1

# **TABLE OF CONTENTS**

2   MEMORANDUM OF POINTS AND AUTHORITIES   ...........................1

3

4   I.   INTRODUCTION   .........................................................1

5   II.   STATEMENT OF LAW   ...................................................2

6
7
8
       A.   This Motion To Dismiss Is Proper, Where The Plaintiff Has
           Failed To State Facts Sufficient To Constitute Any Claim
           For Relief   .......................................................2

9
10
11
       B.   Plaintiffs' First Claim For Violation Of 42 U.S.C. § 1983
           Based Upon Purported Violations Of The Fifth And
           Fourteenth Amendments Is Barred Under *Heck v. Humphrey*   .......4

12
13
       C.   Plaintiffs' First Claim For Relief, For Violation Of 42 U.S.C
           § 1983 (5th And 14th Amendments) Fails To State Facts
           Upon Which Relief Can Be Granted   ...................................8

14
15
16
17
       D.   Plaintiffs' Second Claim For Relief, For Unjust Enrichment
           As A Result Of Violation Of California *Vehicle Code* §
           21455.5(b) Fails To State Facts Upon Which Relief Can
           Be Granted   ......................................................13

18
19
       E.   Plaintiffs' Third Claim For Relief For Violation Of Article I,
           § 7(a) Of The California Constitution (State Due Process)
           Fails To State Facts Upon Which Relief Can Be Granted   .........14

20
21
22
       F.   Plaintiffs' Fourth Claim For Relief For Violation Of Article I,
           § 19(a) Of The California Constitution (Takings Clause)
           Fails To State Facts Upon Which Relief Can Be Granted   .........15

23
24
25
       G.   Plaintiffs' Fifth Claim For Violation Of California *Business &*
           *Professions Code* § 17200, *et seq.,* Fails To State Facts
           Upon Which Relief Can Be Granted   ................................18

26   III.   CONCLUSION   .........................................................22

27

28

1

# TABLE OF AUTHORITIES

2

**Cases**

3
AmeriSource Corp. v. United States, 525 F.3d 1149 (Fed. Cir. 2008) .................16

4
Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) .................................................................2

5
Baker v. Burbank-Glendale-Pasadena Airport Authority,

6
        39 Cal.3d 862, 867 (1985).............................................................................16

7
Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) ...................2

8
Bennis v. Michigan, 516 U.S. 442, 452, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996)...16

9
Birkenfeld v. City of Berkeley, 17 Cal.3d 129, 140 (1976)...................................17

10
Brown v. County of Kern, 2008 WL 544565, *17 (E.D. Cal. 2008) .....................15

11
Clements v. Airport Authority of Washoe County,

12
        69 F.3d 321 (9th Cir. 1995)..........................................................................9

13
Community Memorial Hospital v. County of Ventura

14
        50 Cal. App. 4th 199 (1996).......................................................................19

15
Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2003)..............................5

16
Deligiannis v. City of Anaheim, 2010 WL 1444538 (C.D. Cal. 2002)..................17

17
Dowling v. U.S., 493 U.S. 342 (1990) ..................................................................10

18
Gonzales v State of California, 68 Cal.App.3d 621 (1977)......................................7

19
Hafer v. Melo, 502 U.S. 21 (1991).........................................................................13

20
Harshbarger v. City of Colton, 197 Cal.App.3d 1335 (1988) ...............................19

21
Heck v. Humprey, 512 U.S. 477 (1994)....................................................................7

22
In re Dennis B., 18 Cal.3d 687 (1976)......................................................................6

23
Janis v. California State Lottery, 68 Cal.App.4th 824 (1998)................................20

24
Javor v. Taggart, 98 Cal.App.4th 795 (2002)........................................................14

25
Johnson v. Dep't of Motor Vehicles, 177 Cal.App.2d 440 (1960) ....................7, 12

26
Katzberg v. Regents of University of California, 29 Cal.4th 300 (2002) ........14, 15

27
Lauriedale Associates, Ltd. v. Wilson, 7 Cal.App.4th 1439 (1992)......................14

28
Levine v. City of Alameda, 525 F.3d 903 (9th Cir. 2008) .......................................9

Lopez v. Youngblood, 609 F.Supp.2d 1125 (E.D. Cal. 2009) ...............................15

1   Lucas v. Dept. of Corrections, 66 F.3d 245 (9th Cir. 1995)......................................2

2   Masters v. San Bernardino County Employees Retirement Assn.,

3            32 Cal. App. 4th 30, 43 (1995)........................................................21

4   Mathews v. Eldridge, 424 U.S. 319 (1976) ................................................9

5   McBride v. Boughton, 123 Cal.App.4th 379 (2004)................................13

6   Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779 (2003)................13

7   Mooney v. Holohan, 294 U.S. 103 (1935) ................................................10

8   Neveu v. City of Fresno, 392 F.Supp.2d 1159 (E.D. Cal. 2005)..........................2

9   Parratt v. Taylor, 451 U.S. 527 (1991) ................................................8

    People v. Carlucci, 23 Cal.3d 249 (1979)................................................10
10
    People v. Lucas, 82 Cal.App.3d 47 (1978)................................................6
11
    Podolsky v. First Healthcare Corp. 50 Cal.App.4th 632 (1996) ..........................18
12
    Rochin v. California, 342 U.S. 165 (1952)................................................10
13
    San Remo Hotel v. City and County of San Francisco,
14
             27 Cal.4th 643 (2002)........................................................16
15
    Santa Monica Rent Control Bd. v. Bluvshtein, 230 Cal. App. 3d 308 (1991).......20
16
    Searcy v. Hemet Unified School District, 177 Cal.App.3d 792 (1986)..................3
17
    Smithart v. Towery, 79 F.3d 951 (9th Cir. 1996)................................................5
18
    Susman v. City of Los Angeles, 269 Cal.App.2d 803 (1969)................................3
19
    Thomas v. Department of Motor Vehicles, 3 Cal.3d 335 (1970)..........................7
20
    Tolan v. State of California, 100 Cal.App.3d 980 (1979) ................................3
21
    Trinkle v. Cal. State Lottery, 71 Cal.App.4th 1198 (1999)................................18
22
    Varjabedian v. City of Madera, 20 Cal.3d 285 (1977)................................16
23
    Weisbuch v. County of Los Angeles, 119 F.3d 778 (9th Cir. 1997)........................2
24
    West v. Atkins, 487 U.S. 42 (1988)................................................8
25
    **Statutes**
26
    42 U.S.C. § 1983................................................1, 8
27
    Cal. Bus. and Prof. Code § 17200 ................................................1, 18, 20
28
    Cal. Bus. and Prof. Code § 17201 ................................................19

Cal. Bus. and Prof. Code § 17203 ...........................................................19

Cal. Pen. Code § 19.6 ..............................................................................6

Cal. Pen. Code § 148(a)(1) .......................................................................5

Cal. Pen. Code § 1042.5 ..........................................................................10

Cal. Pen. Code § 1466(2)(A) ...................................................................10

Cal. Veh. Code § 21455.5(b) .............................................................. passim

Cal. Veh. Code § 22651(i)(1) ..................................................................17

Cal. Veh. Code § 40000.1 ..........................................................................6

Cal. Veh. Code § 40500 ..............................................................................6

Cal. Veh. Code § 40510 ..............................................................................6

Cal. Veh. Code § 40510.5 ...........................................................................6

Cal. Veh. Code § 40512 ............................................................................12

Cal. Veh. Code § 40518 ..............................................................................6

Cal. Veh. Code § 40519 ..............................................................................6

Cal. Veh. Code § 40521 ............................................................................12

Cal. Gov. Code § 815.........................................................................2, 18

Cal. Gov. Code § 818..............................................................................21

Cal. Gov. Code § 818.8...........................................................................20

Fed. R. Civ. Proc., 12(b)(6) ..................................................... 1, 15, 17, 22

**Other Authorities**

CAL. CONST., art. I, § 7(a).......................................................................14

U.S. CONST., amend. V..............................................................................8

*Cal. Government Tort Liability Practice* (Cont. Ed. Bar 1992) § 2.8, pp. 76-77 ..19

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3   This class action Complaint arises out of the sole, regurgitated allegation
4   that plaintiffs (along with other "similarly situated" members of the constituted
5   "class") were issued "non-warning traffic tickets after Defendants' automated
6   traffic cameras photographed those persons' license plates, and who paid such
7   tickets," prior to November 25, 2009.  This allegation centers, squarely, upon the
8   allegation that Defendants CITY OF SANTA ANA, CHIEF PAUL M.
9   WALTERS, and JOSEPH W. FLETCHER have violated the provisions of
10   Vehicle Code § 21455.5(b).

11   As an outgrowth of these allegations, plaintiffs have asserted five individual
12   claims, including: (1) violation of 42 U.S.C. § 1983 for violation of the 5th and
13   14th Amendments; (2) unjust enrichment for violation of Vehicle Code §
14   21455.5(b); (3) violation of article I, § 7(a) of the California Constitution (*i.e.,*
15   state due process); (4) violation of article I, § 19(a) of the California Constitution
16   (*i.e.,* "takings clause"); and (5) violation of California Business & Professions
17   Code § 17200, *et seq.*[1]

18   As set forth in the present motion to dismiss, each of these claims must fail,
19   as the allegations contained within the four corners of the operative class action
20   Complaint fail to state facts upon which relief can be granted.  Further, there are
21   no facts alleged to state liability against the individual defendants, CHIEF PAUL
22   M. WALTERS ("WALTERS") and THOMAS W. FLETCHER ("FLETCHER").
23   Hence, the present motion to dismiss is authorized pursuant to FRCP 12(b)(6).

24

25   [1] It is acknowledged that the fifth claim for relief appears to be asserted against
26   REDFLEX TRAFFIC SYSTEMS, INC. only, but the claim is phrased as against
27   "Defendants."  Therefore, Defendants herein challenge this claim, to the extent it is
28   construed as applying against the CITY OF SANTA ANA, CHIEF PAUL M.
WALTERS, and JOSEPH W. FLETCHER.

1   **II.   STATEMENT OF LAW**

2    **A.   THIS MOTION TO DISMISS IS PROPER, WHERE THE**

3     **PLAINTIFFS HAVE FAILED TO STATE FACTS**

4     **SUFFICIENT TO CONSTITUTE ANY CLAIM FOR RELIEF.**

5    FRCP, Rule 12(b)(6) authorizes a motion to dismiss a claim, or claims,

6   where a Complaint fails to state facts sufficient to support a claim upon which

7   relief can be granted. FED. R. CIV. P. 12(b)(6). Further, a motion to dismiss under

8   Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory,"

9   or "the absence of sufficient facts alleged under a cognizable legal theory."

10   Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988); Weisbuch v.

11   County of Los Angeles, 119 F.3d 778, 783 (9th Cir. 1997). If a claim for relief

12   cannot be cured by amendment, it should be dismissed without affording the

13   plaintiffs leave to amend. Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th

14   Cir. 1995).

15    In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the U.S. Supreme Court held

16   that to overcome a motion to dismiss, a claim must allege "sufficient factual

17   matter, accepted as true, to 'state a claim plausible on its face.'" Id. at 1949. "A

18   claim has facial plausibility when the pleaded factual content allows the court to

19   draw the reasonable inference that the defendant is liable for the misconduct

20   alleged." Id. at 1940.

21    Furthermore, even when an action is pending in federal court, the California

22   Tort Claims Act governs state tort claims against public entities and their

23   employees. See Neveu v. City of Fresno, 392 F.Supp.2d 1159, 1173 (E.D. Cal.

24   2005). The Tort Claims Act was enacted to reduce uncertainty in the law by

25   making all public entity liability dependent on statute. To that end, Government

26   Code § 815(a) explicitly provides:

27     "**Except as otherwise provided by statute:**

28     (a) **A public entity is not liable** for an injury, whether such injury

1    arises out of an act or omission of the public entity or a public
2    employee or any other person." CAL. GOVT. CODE § 815(a)
3    [Emphasis added].

4    The Legislative Committee Comment to § 815 reflects the intent of the
5    Legislature to abolish all forms of common law liability against public entities.
6    The Comment states, in relevant part, that "this section abolishes all common law
7    or judicially declared forms of liability for public entities, except for such liability
8    as may be required by the state or federal constitution, *e.g.,* inverse condemnation.
9    In the absence of constitutional requirement, public entities may be held liable
10   **only if a statute (not including a charter provision, ordinance or regulation) is**
11   **found declaring them to be liable."** [Emphasis added].

12   Furthermore, in an action against a public entity, a plaintiff may not
13   substantiate his Complaint with general allegations. Instead, the plaintiff is held
14   to a higher standard, which requires that all statutory causes of action be pled with
15   particularity and based upon ultimate facts. This requirement was reiterated in
16   Susman v. City of Los Angeles, 269 Cal.App.2d 803 (1969), wherein the court
17   stated that, "[i]n view of the fact that tort causes of action against public entities
18   are not based on statute, the general rule that statutory causes of action must be
19   pled with particularity is applicable. **Every fact essential to the existence of**
20   **statutory liability must be pleaded."** Id. at 809. [Emphasis added].

21   To that end, a statement of intent to abolish all common law liability against
22   public entities was reiterated by the court in Tolan v. State of California, 100
23   Cal.App.3d 980, 161 Cal.Rptr. 307 (1979), where the court declared: "[c]ommon
24   law principles of negligence... are not controlling herein. Insofar as tort liability is
25   concerned, the Legislature has provided that a public entity's duty of care is only
26   that specifically provided by statute." Id. at 986.

27   Additionally, the court in Searcy v. Hemet Unified School District, 177
28   Cal.App.3d 792, 802 (1986), reiterated the requirement that a statutory basis for

1   liability must not only be identified, but also be pled with specificity.  The <u>Searcy</u>
2   court clarified:

3       "**to state a cause of action, every fact essential to the existence**
4       **of statutory liability must be pleaded with particularity,**
5       **including the existence of a statutory duty.** Duty cannot simply
6       be alleged by stating 'defendant had a duty under the law'; that is a
7       conclusion of law, not an allegation of fact.  The facts showing the
8       existence of the claimed duty must be alleged.  **Since the duty of a**
9       **government agency can only be created under statute or**
10      **'enactment,' the statute or enactment claimed to establish the**
11      **duty must at the very least be identified**." <u>Id.</u> at 802.  [Emphasis
12      added].

13  Therefore, in light of <u>Ashcroft</u>, <u>Twombly</u>, and those cases (such as <u>Searcy</u>,
14  *supra*) under the <u>Tort Claims Act</u> which set forth the rule of particularity relative
15  to pleading state claims against a public entity defendant, it is quite apparent that
16  plaintiffs have failed to provide sufficient allegations to state a claim for relief
17  against Defendants CITY OF SANTA ANA, CHIEF PAUL M. WALTERS, and
18  JOSEPH W. FLETCHER within the four corners of the Complaint.

19

20  **B.**     **PLAINTIFFS' FIRST CLAIM FOR VIOLATION OF 42 U.S.C.**
21      **§ 1983 BASED UPON PURPORTED VIOLATIONS OF THE**
22      **FIFTH AND FOURTEENTH AMENDMENTS IS BARRED**
23      **UNDER *HECK V. HUMPHREY*.**

24  In <u>Heck v. Humphrey</u>, the United States Supreme Court held that in order to
25  recover damages for an allegedly unconstitutional conviction or imprisonment, or
26  for other harm caused by actions whose unlawfulness would render a conviction
27  or sentence invalid, a section 1983 plaintiff must prove that the conviction or
28  sentence has been reversed on direct appeal, expunged by executive order,

1    declared invalid by a state tribunal authorized to make such determination, or
2    called into question by a federal court's issuance of a writ of habeas corpus. . .  A
3    claim for damages bearing that relationship to a conviction or sentence that has
4    not been so invalidated is *not* cognizable under section 1983. Thus, when a state
5    prisoner seeks damages in a section 1983 suit, the district court must consider
6    whether a judgment in favor of the plaintiff would necessarily imply the invalidity
7    of his conviction or sentence; if it would, the complaint must be dismissed . . . ."
8    Heck, 512 U.S. at 486-87.

9         Following Heck, the Ninth Circuit has held that "if a criminal conviction
10   arising out of the same facts stands and is fundamentally inconsistent with the
11   unlawful behavior for which section 1983 damages are sought, the 1983 action
12   must be dismissed."  Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). As
13   the Supreme Court explained, the relevant question is whether success in a
14   subsequent section 1983 suit would "necessarily imply" or "demonstrate" the
15   invalidity of the earlier conviction or sentence under Penal Code § 148(a)(1).
16   Heck, 512 U.S. at 487; see also Cunningham v. Gates, 312 F.3d 1148, 1153-54
17   (9th Cir. 2003) (as amended) (Heck bars suits "based on theories that 'necessarily
18   imply the invalidity of [the plaintiff's] convictions or sentences.'") (*quoting* Heck,
19   512 U.S. at 487).

20        **Based upon the allegations contained in the instant class Complaint, it**
21   **is evident that the plaintiffs were subjected to citations and fines and are now**
22   **asserting a due process Constitutional challenge to their individual**
23   **convictions and collection of fines pursuant to Vehicle Code § 21455.5(b).**
24   Specifically, plaintiffs allege that "Defendants CITY OF SANTA ANA, PAUL
25   M. WALTERS and JOSEPH W. FLETCHER collected fines from non-warning
26   automated traffic camera tickets issued prior to November 25, 2009." [Compl., ¶
27   21].
28   ///

1    Because the present class action lawsuit would necessarily imply the
2    invalidity of the plaintiffs' and individual class members' conviction for violation
3    of Vehicle Code § 21455.5(b), the Heck bar applies in this case. Furthermore, this
4    bar is jugular in nature, and would serve to dismiss the entire Complaint without
5    leave to amend.

6    By way of introduction, a citation issued by a red-light camera is deemed an
7    "infraction" under California law. CAL. VEH. CODE § 40000.1. These infractions
8    are the least severe form of criminal punishment. CAL. PEN. CODE § 19.6.
9    **However, when guilt is determined, they are convictions nonetheless**. See In
10   re Dennis B., 18 Cal.3d 687, 695 (1976); see also People v. Lucas, 82 Cal.App.3d
11   47, 54-55 (1978).

12   Under applicable precedent, and based upon the deficient allegations
13   contained in the Complaint, the inquiry then focuses on how guilt is determined in
14   a traffic case involving a red light camera. When a red light camera is triggered,
15   the film is processed, and a notice to appear is issued. CAL. VEH. CODE §§ 40518;
16   40500; see also California Judicial Council Form TR-115 (Notice to Appear). In
17   response to the notice, a defendant, such as the proposed class representatives
18   here, can simply return the bail amount. CAL. VEH. CODE §§ 40510, 40510.5. If
19   that is all the defendant does, i.e., he fails to enter a not guilty plea at an
20   arraignment, he fails to enter a not guilty plea in writing, or file a request for trial
21   by written declaration, the bail is deemed forfeited. See CAL. VEH. CODE §§
22   40519 (methods of pleading not guilty); 40512 (forfeiture of bail); 40521
23   (forfeiture of bail).

24   In fact, this is the very warning that appears on back of the California
25   Judicial Council notice to appear, which provides that if you do not contest the
26   violation, you can pay the bail amount which will be "forfeited to the court. You
27   will not appear in court. **You will be convicted of the violation**, and it will
28   appear on your record at the Department of Motor Vehicles (DMV)." See e.g.,

-6-

1   California Judicial Council Form TR-115.  [Emphasis added].  To that end, "[i]t
2   must be held that the posting of bail upon a traffic ticket and the forfeiture of such
3   bail may properly be considered as an admission of guilt."  Johnson v. Dep't of
4   Motor Vehicles, 177 Cal.App.2d 440, 445 (1960).

5        With the admission of guilt and criminal conviction, Heck v. Humprey is
6   triggered.  512 U.S. 477 (1994).  There, the United States Supreme Court found
7   that the legal maxim providing that civil tort actions are not appropriate vehicles
8   for challenging the validity of outstanding criminal judgments applies to section
9   1983 damages actions which necessarily requires the plaintiff to prove the
10  unlawfulness of his conviction.  Id. at 484-85.  Here, that is exactly what the class
11  representatives want the Court to do.  While the complaint notes that they paid the
12  bail amount, thereby implicitly suffering criminal convictions, it nowhere pleads
13  facts showing that those convictions have been in anyway expunged.  Hence, the
14  current section 1983 due process suit necessarily "implies the invalidity" of the
15  aggregate underlying convictions.

16       In fact, California courts have long embraced the Heck principle in this very
17  context, by holding that a criminal defendant may not bring a civil action to obtain
18  a refund of a fine unless the defendant can first show that his or her conviction has
19  been vacated or set aside by the relevant court of jurisdiction.  See Thomas v.
20  Department of Motor Vehicles, 3 Cal.3d 335, 338 (1970); see also Gonzales v
21  State of California, 68 Cal.App.3d 621, 633-634 (1977).

22       Ultimately, plaintiffs have failed to allege sufficient facts in the instant
23  complaint.  Specifically, the plaintiffs have not shown that their convictions were
24  vacated and set aside by the court in which the prior conviction was obtained and
25  the fine imposed.  Since the only issue in those cases would have been whether a
26  traffic violation occurred, the plaintiffs are seeking to re-litigate those issues in
27  this Court, a measure not allowed under our jurisprudence.  As such, the present
28  motion to dismiss is proper.

1 | ///

2 | ///

3 | **C.  PLAINTIFFS' FIRST CLAIM FOR RELIEF, FOR**

4 | **VIOLATION OF 42 U.S.C § 1983 (5TH AND 14TH**

5 | **AMENDMENTS) FAILS TO STATE FACTS UPON WHICH**

6 | **RELIEF CAN BE GRANTED.**

Plaintiffs' first claim for relief under 42 U.S.C. § 1983 is predicated upon violation of the Fifth and Fourteenth Amendments of the U.S. Constitution. This claim arises out of allegations that defendants violated the provisions of <u>Vehicle Code</u> § 21455.5(b), without justification, cause, or excuse.

To establish a *prima facie* case under Section 1983, plaintiff must prove two (2) essential elements. First, the plaintiff must establish that "the conduct complained of was committed by a person acting under color of state law." <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1991). Second, it must be demonstrated that "this conduct deprived a person of rights, privileges, or immunities secured under the Constitution or laws of the United States." <u>Id.</u>; <u>see</u> <u>also</u> <u>West v. Atkins</u>, 487 U.S. 42 (1988); <u>see</u> <u>e.g.</u>, 42 U.S.C. § 1983.

Here, it is undisputed at this juncture whether Defendants CHIEF PAUL W. WALTERS and JOSEPH W. FLETCHER, were acting under "color of law" at the time of the incident. Thus, the issue is whether there are <u>any</u> facts contained within the four corners of the class Complaint articulating that these specific individual defendants, along with the CITY OF SANTA ANA, a public entity, deprived the plaintiffs of their Constitutional rights.

Plaintiffs' first claim arises out of allegations that these moving defendants committed a violation of the Fifth Amendment which provides that "[n]o person shall be... deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. CONST., amend. V. Specifically, plaintiffs allege that defendants "deprived"

1  PLUMLEIGH and HAZARD, and the constituent class members, of property

2  without due process of law by issuing "non-warning" automated traffic camera

3  tickets and collecting traffic fines for those tickets prior to instituting the thirty

4  (30) day warning notice period required under Vehicle Code § 21455.5(b).  [See

5  Compl., ¶ 31].  Further, the plaintiffs allege that HAZARD was required to pay a

6  fine and attend traffic school, for a total of over four hundred dollars ($400).  Id.

7       In pertinent part, Vehicle Code § 21455.5(b) provides as follows:

8       "Prior to issuing citations under this section, a local jurisdiction

9       utilizing an automated traffic enforcement system shall commence

10      a program to issue only warning notices for 30 days.  The local

11      jurisdiction shall also make a public announcement of the

12      automated traffic enforcement system at least 30 days prior to the

13      commencement of the enforcement program."  CAL. VEH. CODE §

14      21455.5(b).

15      To establish a due process violation, a plaintiff must show that he has a

16  protected property interest under the Due Process Clause and that he was deprived

17  of the property without receiving the process that he was constitutionally due.

18  Clements v. Airport Authority of Washoe County, 69 F.3d 321, 331 (9th Cir.

19  1995); see also Levine v. City of Alameda, 525 F.3d 903, 905 (9th Cir. 2008).

20      Determination of what procedural requirements are necessary to satisfy due

21  process in any one situation requires a sensitive inquiry into the competing

22  governmental and private interests affected.  Mathews v. Eldridge, 424 U.S. 319,

23  334 (1976).  These include the "private interest that will be affected by the official

24  action," the "risk of an erroneous deprivation" of that interest under the existing

25  procedures and the "probable value, if any, of additional or substitute procedural

26  safeguards," and finally, the interest of the government, including "the function

27  involved and the fiscal and administrative burdens that the additional or substitute

28  procedural requirement would entail."  Id. at 335.

1    With respect to the category of crimes listed as infractions, "[b]eyond the
2    specific guarantees enumerated in the Bill of Rights, the Due Process Clause has
3    limited operation." <u>Dowling v. U.S.</u>, 493 U.S. 342, 352 (1990).  In that regard,
4    the category of infractions that violate "fundamental fairness" is "very narrowly"
5    tailored. <u>Id</u>. As the United States Supreme Court stated:

6                "Judges are not free, in defining 'due process,' to impose on law
7                enforcement officials [their] 'personal and private notions' of
8                fairness and to 'disregard the limits that bind judges in their
9                judicial function.' <u>Rochin v. California</u>, 342 U.S. 165, 170, 72
10               S.Ct. 205, 208, 96 L.Ed. 183 (1952).… [They] are to determine
11               only whether the action complained of… violates those
12               'fundamental conceptions of justice which lie at the base of our
13               civil and political institutions,' <u>Mooney v. Holohan</u>, 294 U.S. 103,
14               112, 55 S.Ct. 340, 341, 79 L.Ed. 791 (1935), and which define 'the
15               community's sense of fair play and decency,' <u>Rochin v. California</u>,
16               *supra,* at 173, 72 S.Ct., at 210." <u>Dowling v. U.S.</u>, 493 U.S. 342,
17               353 (1990).

18   In light of this, it can hardly be questioned that the procedures set out to
19   contest infractions do not violate the fundamental conceptions of justice.

20   Specifically, <u>Penal Code</u> § 1042.5 allows for a trial.  At trial, witnesses can
21   be called or subpoenaed to appear.  <u>People v. Carlucci</u>, 23 Cal.3d 249, 256-57
22   (1979).  Beyond that, <u>Penal Code</u> § 1466(2)(A) allows for appeals to be taken
23   from any conviction.  Both of these avenues were available to the plaintiffs, yet
24   they simply chose to sit on their substantive rights and plead guilty, which they
25   were entitled to do.  Contesting the convictions now – when they were provided
26   opportunities to do so previously – not only runs afoul of the Supreme Court's
27   decision in <u>Heck</u>, but also gives them a second bite at the procedural apple, of
28   which they are not entitled.

1    This result, and the amount of due process available, is also supported by

2  the public and private factors.  For example, the California Supreme Court stated

3  in People v. Carlucci:

4    For some time it has been recognized that it is in the interests of

5    the defendant, law enforcement, the courts, and the public to

6    provide simplified and expeditious procedures for the adjudication

7    of less serious traffic offenses.  Inasmuch as these cases ordinarily

8    entail the imposition of small fines, it is neither economically

9    feasible nor warranted by the relatively limited monetary exposure

10    of the defendant for counsel to be employed or multiple

11    appearances to be made for arraignment and trial. As noted in

12    People v. Battle (1975) 50 Cal.App.3d Supp. 1, 7, 123 Cal.Rptr.

13    636, 640 (conc. opn. by Holmes, P.J.), "In the overwhelming

14    majority of infraction cases the primary interest of the accused will

15    be served by expedition in disposal. . . . (The) swift disposal of

16    infraction cases . . . is the chief reason for classifying them as

17    such."

18

19    We emphasized the foregoing practical considerations in In re

20    Dennis B. (1976) 18 Cal.3d 687, at page 695, 135 Cal.Rptr. 82 at

21    page 88, 557 P.2d 514 at page 520, where we noted " . . . the

22    state's substantial interest in maintaining the summary nature of

23    minor motor vehicle violation proceedings would be impaired by

24    requiring the prosecution to ascertain for each infraction the

25    possibility of further criminal proceedings. The chief reason for

26    classifying some prohibited acts as infractions is to facilitate their

27    swift disposition. (Citation omitted.)  Unconstrained by the more

28    stringent procedural requirements of a major criminal trial,

-11-

1    municipal courts and prosecutors are free to develop innovative

2    procedures to expedite traffic cases. . . . This type of flexibility

3    benefits all parties: defendants gain a swift and inexpensive

4    disposition of their cases without risk of major penalties; and the

5    prosecution, the court system, and ultimately the public benefit

6    because judicial and law enforcement resources are freed to

7    concentrate on serious criminal behavior." 23 Cal.3d 249, 256-57

8    (1979).

9

10   Again, the justification for the limited process involved with infractions is

11   amply justified here.  The plaintiffs had a substantial interest in the prompt and

12   expeditious disposal of their cases.  In fact, as evidenced by their payment and

13   corresponding forfeiture of the bail amounts, they took advantage of the statutory

14   mechanisms for disposing of the case simply by doing so.  They did not seek

15   further "due process" alternatives in the Orange County Superior Court, despite

16   the right to trial and an appeal being available to them.  In plain and simple terms,

17   plaintiffs and the members of the alleged constituent class – absent further facts in

18   the Complaint – had the opportunity to contest the infraction citations on the basis

19   of the red light camera notice period.  However, they chose to forego that option.

20   Instead, they both opted for the swift, inexpensive, and summary nature of minor

21   motor vehicle violation proceedings allowed by the bail forfeiture statutes,

22   Vehicle Code §§ 40512 and 40521, which resulted in a conviction.  See Johnson

23   v. Dep't of Motor Vehicles, 177 Cal.App.2d 440, 445 (1960).  These voluntary

24   choices, as deduced from the four corners of the Complaint, cannot be disregarded

25   in an attempt to ascertain whether a viable claim for relief has been stated.  As

26   alleged, to allow them to claim a due process violation is disingenuous to the

27   process itself.

28

1    Further, there are no allegations contained in the Complaint imputing
2    individual liability against WALTERS and FLETCHER.  At most, plaintiffs set
3    forth the wholly conclusory allegation, at Paragraph 28, that both WALTERS and
4    FLETCHER are named in their "individual and personal capacities pursuant to
5    Hafer v. Melo, 502 U.S. 21 (1991)."  [Compl., ¶ 28].  However, plaintiffs have
6    failed to state sufficient facts to state a claim for liability under 42 U.S.C. § 1983
7    as to WALTERS and FLETCHER, let alone any facts stating that WALTERS and
8    FLETCHER committed any acts or omissions in an effort to deprive
9    PLUMLEIGH, HAZARD, or any members of the alleged constituent class,
10   pursuant to Vehicle Code § 21455.5(b).  Thus, the present motion to dismiss is
11   proper.

12

13   **D.    PLAINTIFFS' SECOND CLAIM FOR RELIEF, FOR UNJUST**
14   **ENRICHMENT AS A RESULT OF VIOLATION OF**
15   **CALIFORNIA _VEHICLE CODE_ § 21455.5(b) FAILS TO**
16   **STATE FACTS UPON WHICH RELIEF CAN BE GRANTED.**

17   Plaintiffs' second claim is subject to the instant motion to dismiss, as
18   "unjust enrichment" is not an independent, self-executing claim (cause of action)
19   under California law.  Specifically, in McBride v. Boughton, 123 Cal.App.4th 379,
20   387 (2004), the Court held as follows:

21           "**Unjust enrichment is not a cause of action**, however, or even a
22           remedy, but rather " ' "a general principle, underlying various legal
23           doctrines and remedies" ' … . [Citation.] It is synonymous with
24           restitution. [Citation.]" (Melchior v. New Line Productions, Inc.
25           (2003) 106 Cal.App.4th 779, 793 [131 Cal. Rptr. 2d 347].) Unjust
26           enrichment has also been characterized as describing " 'the result
27           of a failure to make restitution… .' " (Dunkin, _supra_, 82
28           Cal.App.4th at p. 198, fn. 15, quoting Lauriedale Associates, Ltd.

-13-

1     v. Wilson (1992) 7 Cal.App.4th 1439, 1448 [9 Cal. Rptr. 2d 774]

2     (Lauriedale).) McBride, 123 Cal.App.4th at 387.

3      As such, plaintiffs have failed to state a claim upon which relief can be

4 granted, as the second claim is wrong-headed. This applies equally to the claims

5 asserted against the CITY OF SANTA ANA, CHIEF PAUL W. WALTERS, and

6 JOSEPH W. FLETCHER. Hence, the present motion to dismiss is proper.

7

8    **E.**     **PLAINTIFFS' THIRD CLAIM FOR RELIEF FOR**

9        **VIOLATION OF ARTICLE I, § 7(a) OF THE CALIFORNIA**

10        **CONSTITUTION (STATE DUE PROCESS) FAILS TO STATE**

11        **FACTS UPON WHICH RELIEF CAN BE GRANTED.**

12      In much the same fashion as their first claim for relief, plaintiffs' third claim

13 for relief is based upon a violation of due process in reference to the applicable

14 provisions of the California state Constitution. Specifically, article I, § 7(a)

15 provides in relevant part that: "[a] person may not be deprived of life, liberty, or

16 property without due process of law." CAL. CONST., art. I, § 7(a).

17      However, most critically, "[i]t is beyond question that a plaintiff is not

18 entitled to damages for a violation of the due process clause or the equal

19 protection clause of the state Constitution." Javor v. Taggart, 98 Cal.App.4th 795,

20 807 (2002).

21      Further, in Katzberg v. Regents of University of California, 29 Cal.4th 300

22 (2002), the California Supreme Court analyzed article 1, section 7 (which

23 guarantees due process) and unequivocally held that that constitutional provision

24 did not contain an "implied right to seek damages for a violation of the due

25 process liberty interest." Id. at 354. The Court then concluded that because the

26 plaintiff, who was alleging that he was wrongfully terminated from his

27 employment in violation of his constitutional due process rights, had other

28 "meaningful alternative remedies" available (i.e. writ of mandate, action for

-14-

1  injunctive or declaratory relief or cause of action for defamation), **the court was**
2  **not required to recognize a constitutional tort under article I, section 7(a).** Id.
3  at 356-57; see also Lopez v. Youngblood, 609 F.Supp.2d 1125 (E.D. Cal. 2009)
4  (holding that plaintiffs may not bring damages claims directly under article I,
5  section 13 of the California Constitution); Brown v. County of Kern, 2008 WL
6  544565, *17 (E.D. Cal. 2008) (plaintiff in an excessive force case could not bring
7  a damages claim directly under article 1, sections 7 or 13 of the California
8  Constitution in part because alternative statutory and/or common law causes of
9  action were available).

10  Lastly, as was set forth *supra,* in Section "B," there is no basis to state a
11  claim for violation of state due process under the circumstances.  Quite simply,
12  the aggrieved plaintiffs themselves had the inherent due process prerogative to
13  challenge their citations in a court of law, in an effort to set aside their individual
14  infractions/convictions based upon stated violations of Section 21455.5(b).
15  Therefore, absent further facts establishing whether or not the plaintiffs initiated
16  any judicial challenge to the imposition of the underlying citations, then plaintiff's
17  current claim for violation of civil rights is procedurally unripe and fails to state
18  facts upon which relief can be granted.

19  Lastly, as was the problem with plaintiffs' federal due process claim, there
20  are no facts set forth in the operative class action complaint to articulate individual
21  liability against WALTERS and FLETCHER.   Hence, the present motion to
22  dismiss is proper pursuant to FRCP 12(b)(6).

23

24  **F.   PLAINTIFFS' FOURTH CLAIM FOR RELIEF FOR**
25  **VIOLATION OF ARTICLE I, § 19(a) OF THE CALIFORNIA**
26  **CONSTITUTION (TAKINGS CLAUSE) FAILS TO STATE**
27  **FACTS UPON WHICH RELIEF CAN BE GRANTED.**

28

1    For purposes of their fourth claim for liability, plaintiffs allege that defendants
2    took plaintiffs' and class members' property for public use.  Specifically, defendants
3    are alleged to have issued non-warning automated traffic camera tickets and
4    collected traffic fines for those tickets prior to instituting the thirty (30) day warning
5    notice period required under Vehicle Code § 21455.5(b).   As such, Plaintiff
6    PLUMLEIGH was allegedly "required to pay a fine of four hundred and twenty
7    three dollars" ($423).  Further, Plaintiff HAZARD was required to pay a fine and
8    attend traffic school, for a total of four hundred dollars ($400).  [See Compl., ¶ 52].

9    From this premise, plaintiffs – as well as its affiliated class constituents –
10   claim that defendants took plaintiffs' private property without just compensation
11   ascertained by a jury, and that defendants have not been reimbursed for the fines that
12   they were required to pay.  [Id. at ¶ 53].

13   In light of the aforementioned allegations, plaintiffs have thereby fashioned
14   a "takings" claim under article I, section 19 of the California Constitution.  Baker
15   v. Burbank-Glendale-Pasadena Airport Authority, 39 Cal.3d 862, 867 (1985).
16   That section requires that just compensation be paid when private property is
17   taken or damaged for public use.  Varjabedian v. City of Madera, 20 Cal.3d 285,
18   296 (1977).

19   "The government [is] not [ ] required to compensate an owner for property
20   which it has already lawfully acquired under the exercise of governmental
21   authority other than the power of eminent domain," Bennis v. Michigan, 516 U.S.
22   442, 452, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996)   (citations omitted), and
23   "[p]roperty seized and retained pursuant to the police power is not taken for a
24   'public use' in the context of the Takings Clause." AmeriSource Corp. v. United
25   States, 525 F.3d 1149, 1153 (Fed.Cir. 2008); San Remo Hotel v. City and County
26   of San Francisco, 27 Cal.4th 643, 664 (2002) (California courts generally construe
27   federal and state takings clauses congruently).

28

1    Here, the plaintiffs have pled guilty, and therefore, any property which was
2    taken was acquired lawfully.  Additionally, traffic enforcement is indisputably a
3    police power, and as a result, local municipalities have the right to enforce
4    Vehicle Code provisions.  See Birkenfeld v. City of Berkeley, 17 Cal.3d 129, 140
5    (1976) (In California, within the territory it governs, a city's police power under
6    Article XI, Section 7 of the California Constitution "is as broad as the police
7    power exercisable by the Legislature itself.").  With that enforcement power
8    necessarily comes the right to collect bail for offenses committed within their
9    jurisdiction, and as a result, it is property seized and retained pursuant to the
10   police power.  Consequently, it is not a taking for "public use" and therefore,
11   cannot trigger a Takings Clause claim.

12   Indeed, in a recent Central District of California decision, the plaintiff filed
13   suit under the Takings Clause for the seizure of his vehicle.  The court found that
14   "while the propriety of the exercise of the police's authority to seize plaintiff's
15   vehicle remains in issue, the record reflects that such vehicle was seized by the
16   police pursuant to its police power under California Vehicle Code section
17   22651(i)(1).  Thus, plaintiff's vehicle was not seized for a "public use" in the
18   context of the Takings Clause." Deligiannis v. City of Anaheim, 2010 WL
19   1444538 (C.D. Cal. 2002), *8.  Consequently, judgment was proper as a matter of
20   law. Id.

21   The same result should follow here, based upon the allegations contained in
22   the four corners of the subject class Complaint.  The citations, even if the
23   authority to issue them is disputed, were issued pursuant to the police power under
24   the Vehicle Code. This is deducible by virtue of the Complaint itself.  Therefore,
25   falling under the police power, making the seizure not for a public purpose.  It
26   therefore falls outside the confines of the Takings Clause, and this Honorable
27   court is authorized to grant the instant motion to dismiss pursuant to FRCP
28   12(b)(6).

1
2
3
4

### G.   **PLAINTIFFS' FIFTH CLAIM FOR VIOLATION OF CALIFORNIA *BUSINESS & PROFESSIONS CODE* §§ 17200, *ET SEQ.*, FAILS TO STATE FACTS UPON WHICH RELIEF CAN BE GRANTED.**

5    Plaintiffs' fifth claim for violation of <u>Business and Professions Code</u> § 17200,

6   *et seq.,* fails to state facts upon which relief can be granted and must be dismissed

7   pursuant to FRCP 12(b)(6), with respect to the CITY OF SANTA ANA, CHIEF

8   PAUL M. WALTERS and JOSEPH W. FLETCHER, respectively.  Specifically, the

9   decision of <u>Trinkle v. Cal. State Lottery</u>, 71 Cal.App.4th 1198 (1999) is particularly

10   instructive.  In <u>Trinkle</u>, the Court of Appeal for the Third Appellate District held that

11   a claim under <u>Business and Professions Code</u> § 17200 cannot be asserted against a

12   public entity defendant, and certain individually named public employees, based

13   upon application of the California <u>Tort Claims Act</u>.

14    Under the *Unfair Competition Act* ("UCA"), found at <u>Business and</u>

15   <u>Professions Code</u> § 17200 *et seq.,* any unlawful, unfair, or fraudulent business act

16   or practice is deemed to be "unfair competition." <u>Business and Professions Code</u>

17   § 17200 defines unfair competition as including any "unlawful, unfair or

18   fraudulent business act or practice and unfair, deceptive, untrue or misleading

19   advertising and any act prohibited by Chapter 1 (commencing with Section

20   17500) . . . of the <u>Business and Professions Code</u>." <u>Podolsky v. First Healthcare</u>

21   <u>Corp.</u> 50 Cal.App.4th 632, 647 (1996).

22    <u>Government Code</u> § 815 declares that "[e]xcept as otherwise provided by

23   statute: (a) A public entity is not liable for an injury, whether such injury arises

24   out of an act or omission of the public entity or a public employee or any other

25   person."  CAL. GOV. CODE § 815(a).  The statute amounts to a legislative

26   declaration that governmental immunity from suit is the rule and liability the

27   exception.  "Thus, in the absence of some constitutional requirement, public

28   entities may be liable *only* if a statute declares them to be liable." <u>Harshbarger v.</u>

1    City of Colton, 197 Cal.App.3d 1335, 1339 (1988), *italics in original;* see also

2    *Cal. Government Tort Liability Practice* (Cont. Ed. Bar 1992) § 2.8, pp. 76-77;

3    Legis. committee com., 32 West's Ann. Gov. Code (1995 ed.) § 815, p. 167.

4         Specifically, the Court in Trinkle held as follows:

5              "Nowhere in the Unfair Competition Act (UCA; Bus. & Prof.

6              Code § 17200 *et seq.*) is there a provision imposing governmental

7              liability for violations of the act.   Because there is no statute

8              making public entities liable under the UCA, the general rule of

9              governmental immunity must prevail."   Trinkle, 71 Cal.App.4th at

10             1202.

11   Furthermore, as held in Trinkle, a public entity such as the CITY OF

12   SANTA ANA does not fall within the definitional framework of the UCA.  For

13   example, in Trinkle, the Court held further:

14             "The UCA prescribes penalties against 'persons' who engage in

15             acts of unfair competition.  (E.g., Bus. & Prof. Code, § 17203

16             [injunction],   17206   [monetary   penalties].)     Business  and

17             Professions Code section 17201 defines 'person' for the purposes

18             of the unfair competition law: [T]he term person shall mean and

19             include  natural  persons,  corporations,  firms,  partnerships,  joint

20             stock companies, associations and other organizations of persons.

21

22             Words of a statute must be given their ordinary meaning and

23             receive  a  commonsense  construction.     Community  Memorial

24             Hospital v. County of Ventura (1996) 50 Cal. App. 4th 199, 209

25             [56 Cal. Rptr. 2d 732].)   The state is neither a natural person,

26             partnership, corporation, association, nor other 'organization[] of

27             persons.'   It is a sovereign entity representing the people.   Only

28

1   through an unreasonable, strained construction can the state be
2   deemed to fall within any of the statute's definitional categories.

3

4   Our conclusion finds support in case authority.   (Community
5   Memorial Hospital, *supra*, 50 Cal. App. 4th at pp. 209-211 [county
6   hospital may not be sued under the UCA]; Santa Monica Rent
7   Control Bd. v. Bluvshtein (1991) 230 Cal. App. 3d 308 [281 Cal.
8   Rptr. 298] [rent control board, as a government agency, falls
9   outside the definition of 'person' set forth in the UCA].)   Recently,
10   the Second District squarely held that CSL, a government entity, is
11   not a 'person' within the meaning of the UCA and cannot be sued
12   for violating its provisions. (Janis v. California State Lottery
13   (1998) 68 Cal.App.4th 824, 831 [80 Cal. Rptr. 2d 549].)"

14

15   Hence, under Trinkle, it is established precedent of the State of California
16   that a governmental entity cannot be sued for violation of Business and
17   Professions Code § 17200.

18   Furthermore, CHIEF PAUL W. WALTERS and JOSEPH W. FLETCHER
19   are immune from individual liability under this claim as a result of application of
20   Government Code § 818.8.   Specifically, Government Code § 818.8 provides as
21   follows:

22   "A public entity is not liable for an injury caused by
23   misrepresentation by an employee of the public entity, whether or
24   not such misrepresentation be negligent or intentional." CAL. GOV.
25   CODE § 818.

26   In the operative class action Complaint, plaintiffs' predicate the assertion of
27   liability against CHIEF WALTERS and FLETCHER on pure conclusions of law.
28   For example, plaintiffs allege that WALTERS and FLETCHER "are employed by

-20-

1   Defendant CITY OF SANTA ANA and applied and executed its policies at all
2   relevant times."  [Compl., ¶ 2].  Further, the Complaint states that "WALTERS
3   and the Santa Ana Police Department enforce traffic law violations within the City
4   of Santa Ana and issue automated traffic camera tickets.  Defendant WALTERS is
5   hereby sued in his individual and personal capacity for damages and other relief."
6   Id. at ¶ 6.  Next, the Complaint states that "FLETCHER is the City Attorney of
7   Santa Ana.   Defendant JOSEPH W. FLETCHER and the Office of the City
8   Attorney enforce the municipal code of Santa Ana." Id. at ¶ 7.

9        From these deficient factual allegations contained in the Complaint, it is
10  presumed for purposes of the present motion that the plaintiffs have brought suit
11  against WALTERS and FLETCHER on the premise that they are responsible for
12  perpetuating a policy designed to mislead the populous in violation of Vehicle
13  Code § 21455.5(b).  Such a theory of liability must fail.

14       In light of the immunity provisions of Government Code § 818, these
15  allegations are woefully deficient, and fail to state any facts giving rise to liability
16  to WALTERS or FLETCHER in their individual and personal capacities.

17       For example, as the Court further held in Trinkle:

18            "The wrongful conduct as alleged in the complaint was that CSL's
19            advertising and marketing campaign deceived and misled the
20            public into believing that the Keno and Scratcher games were
21            legal. However, public entities are absolutely immune from suit for
22            any injuries caused by misrepresentation, whether it be negligent
23            or intentional. (§ 818.8.) Consequently, CSL enjoys blanket
24            immunity from liability based on misrepresentation, regardless of
25            whether its employees would be individually liable. (*Masters v.*
26            *San Bernardino County Employees Retirement Assn.* (1995) 32
27            Cal. App. 4th 30, 43 [37 Cal. Rptr. 2d 860].)"   Trinkle, 71
28            Cal.App.4th 1204.

1    For this reason, the present motion to dismiss is proper, and this Court is

2   authorized to dismiss plaintiff's fifth claim pursuant to FRCP 12(b)(6).

3

4   **III.   CONCLUSION**

5    Based upon the foregoing, the Defendants CITY OF SANTA ANA, CHIEF

6   PAUL M. WALTERS and JOSEPH W. FLETCHER respectfully request that this

7   Court grant the instant motion to dismiss plaintiff's class action Complaint in its

8   entirety.

9   DATED:  September 27, 2010        CARPENTER, ROTHANS & DUMONT

10

11                         By:   _____

12                               STEVEN J. ROTHANS
                                 JUSTIN READE SARNO
13                               Attorneys for Defendants,
                                 CITY OF SANTA ANA, a public entity,
14                               CHIEF PAUL M. WALTERS, and JOSEPH
                                 W. FLETCHER, public employees
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-

1

## PROOF OF SERVICE

2

3

4

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within entitled action.  My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

5

On September 27, 2010, I served the foregoing document(s) described as:

6

7

**NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

8

9

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

10

**\*\*\*SEE ATTACHED SERVICE LIST\*\*\***

11

**BY U.S. MAIL & CM/ECF FILING:**

12

__X__  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

13

14

15

16

17

__X__  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

Executed on September 27, 2010, at Los Angeles, California.

20

**FEDERAL**

21

__X__  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

22

23

Gabrielle Duran

(Signature)

24

25

26

27

28

-1-

1

# ATTACHED SERVICE LIST

2

3   Gene Williams, Esq.
    Mark P. Pifko, Esq.
4   Jamie R. Greene, Esq.
    INITIATIVE LEGAL GROUP APC
5   1800 Century Park East, 2nd Floor
    Los Angeles, California 90067
6   Tel:   (310) 556-5637
    Fax:   (310) 861-9051
7
    *Attorneys for Plaintiffs Robert Plumleigh and Thomas R. Hazard, III*
8

9   Aaron D. Aftergood, Esq.
    The Aftergood Law Firm
10  1875 Century Park East, Suite 2230
    Los Angeles, California 90067
11  Tel:   (310) 551-5221
    Fax:   (310) 496-2840
12
    *Attorneys for Plaintiffs Robert Plumleigh and Thomas R. Hazard, III*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-