1  GREGORY P. BARBEE, Cal. Bar No. 185156
   gbarbee@sheppardmullin.com
2  MICHAEL D. STEWART, Cal. Bar No. 161909
   mstewart@sheppardmullin.com
3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   333 South Hope Street, 43rd Floor
4  Los Angeles, California 90071-1448
   Telephone: 213-620-1780
5  Facsimile: 213-620-1398

6  Attorneys for Defendants REDFLEX
   TRAFFIC SYSTEMS (CALIFORNIA), INC.
7  and REDFLEX TRAFFIC SYSTEMS, INC.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  ROBERT PLUMLEIGH and THOMAS     | Case No.: SACV10-1332-CJC (RNBx)
    R. HAZARD III, individually, on behalf |
11  of other members of the general public | United States District Court Judge
    similarly situated, and as aggrieved   | Honorable Cormac J. Carney
12  employees pursuant to the California   |
    Private Attorneys General Act          |
13  ("PAGA"),                              | **NOTICE OF MOTION AND**
                                           | **MOTION TO DISMISS CERTAIN**
14              Plaintiffs,                | **CLAIMS; MEMORANDUM OF**
                                           | **POINTS AND AUTHORITIES IN**
15      v.                                 | **SUPPORT THEREOF**

16  CITY OF SANTA ANA; PAUL M.
    WALTERS; JOSEPH W. FLETCHER;    | Date:  November 15, 2010
17  REDFLEX TRAFFIC SYSTEMS          | Time:  1:30 p.m.
    (CALIFORNIA), INC., a California | Ctrm:  9B
18  corporation; REDFLEX TRAFFIC    |
    SYSTEMS, INC., a Delaware        | Discovery Cut-Off:      Not set
19  corporation; and DOES 1 through 10, | Final Pre-Trial Conf.:  Not set
    inclusive,                       | Trial:                  Not set
20
                Defendants.
21

22

23

24

25

26

27

28

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on November 15, 2010, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom "9B" of the U.S. District Court, Central District (Santa Ana), located at 411 West Fourth Street, Santa Ana, California, 92701-4516, defendants Redflex Traffic Systems (California), Inc. and Redflex Traffic Systems, Inc. (collectively, "Redflex") will and do hereby move the Court to dismiss Plaintiffs' second and fifth claims for relief against Redflex for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. Proc., Rule 12(b)(6).

Plaintiffs' second claim for relief for unjust enrichment – not a claim that California law recognizes – fails because (1) Plaintiffs cannot collaterally attack their prior convictions in this action, (2) Plaintiffs cannot allege Redflex acted unjustly because Redflex cannot be liable under California Vehicle Code § 21455.5(b), (3) Plaintiffs have not conferred a benefit upon Redflex, (4) Redflex's conduct is protected by the litigation privilege under Civil Code § 47(b) and (5) Plaintiffs' recovery is barred by the voluntary payment doctrine.

Plaintiffs' fifth claim for relief under Business & Professions Code § 17200 fails because (1) Plaintiffs have not alleged Redflex violated the predicate statute, (2) Plaintiffs have not alleged Redflex received Plaintiffs' citation payments and, therefore, restitution under Section 17200 is improper, (3) Plaintiffs cannot collaterally attack their prior convictions in this action, and (4) Redflex's conduct is protected by the litigation privilege under Civil Code § 47(b).

This motion is made and based on this notice of motion, the memorandum of points and authorities attached hereto, the pleadings and records on file with this Court, and on such oral and documentary evidence as may be presented at the hearing of this Motion.

1     This motion is made following a meet and confer among counsel on
2   October 4, 2010.

3

4   Dated:  October 11, 2010

5                               SHEPPARD, MULLIN, RICHTER & HAMPTON
                                LLP
6

7

8                               By
9                                      GREGORY P. BARBEE
                                       MICHAEL D. STEWART
10                                     Attorneys for Defendants
                                   REDFLEX TRAFFIC SYSTEMS
11                                 (CALIFORNIA), INC. and REDFLEX
                                    TRAFFIC SYSTEMS, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
W02-WEST:NA3\402959380.1                -2-

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................1

II.  STATEMENT OF LAW .....................................................................2

   A.   PLAINTIFFS HAVE FAILED TO STATE FACTS
     SUFFICIENT TO CONSTITUTE ANY CLAIM FOR RELIEF
     AGAINST REDFLEX ....................................................................2

   B.   PLAINTIFFS' SECOND CLAIM FOR RELIEF, FOR UNJUST
     ENRICHMENT AS A RESULT OF VIOLATION OF
     CALIFORNIA VEHICLE CODE § 21455.5(b), FAILS TO
     STATE FACTS UPON WHICH RELIEF CAN BE GRANTED ..........2

     1.   Plaintiffs' Convictions And Paid Fines Bar This Action. .............2

     2.   Redflex Has Not Acted Unjustly Because It Is Not A
       "Local Jurisdiction" Liable Under California Vehicle Code
       § 21455.5(b). ......................................................................5

     3.   Plaintiffs Have Not Alleged They Conferred A Benefit On
       Redflex. ...............................................................................6

     4.   Redflex's Conduct Is Privileged Under California Civil
       Code § 47(b). ......................................................................8

   C.   PLAINTIFFS' FIFTH CLAIM FOR VIOLATION OF
     CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,
     *ET SEQ.*, FAILS TO STATE FACTS UPON WHICH RELIEF
     CAN BE GRANTED ...................................................................10

     1.   Plaintiffs Have Not Adequately Alleged That Redflex Has
       Violated The Predicate Statute - California Vehicle Code §
       21455.5(b). ........................................................................10

     2.   Plaintiffs Are Not Entitled To UCL Restitution Because
       They Have Not Alleged Redflex Received Plaintiffs' Paid
       Fines. ................................................................................11

     4.   Plaintiffs' Convictions And Fine Payments Bar This
       Action ................................................................................14

-i-

NOTICE OF MOTION, MOTION TO DISMISS CERTAIN
CLAIMS; MEMORANDUM OF POINTS &
AUTHORITIES IN SUPPORT THEREOF

  5.  Redflex's Conduct Is Privileged Under Civil Code § 47(b). ......14

III.  CONCLUSION ............................................................................................15

# **TABLE OF AUTHORITIES**

Page(s)

Cases

Am. Oil Serv. v. Hope Oil Co.
    194 Cal.App.2d 581 (1961) ....................................................................... 12

Balistreri v. Pacifica Police Dept.
    901 F.2d 696 (9th Cir. 1988) ...................................................................... 4

Birdsong v. Apple, Inc.
    590 F.3d 955 (9th Cir. 2009) ...................................................................... 15

Block v. Sacramento Clinical Labs, Inc.
    131 Cal.App.3d 386 (1982) ................................................................. 11, 16

California Federal Bank v. Matryek
    8 Cal.App.4th 125 (1992) ...................................................................... 7, 8

Daro v. Superior Court
    151 Cal.App.4th 1079 (2007) ..................................................................... 15

Feitelberg v. Credit Suisse First Boston, LLC
    134 Cal.App.4th 997 (2005) ...................................................................... 14

Gonzales v. State of California
    68 Cal.App.3d 621 (1977) ................................................................... 5, 16

Hagberg v. California Federal Bank
    32 Cal.4th 350 (2004) ........................................................................ 10, 11

Heck v. Humphrey
    512 U.S. 477 (1994) ............................................................................... 5

Johnson v. Dep't of Motor Vehicles
    177 Cal.App.2d 440 (1960) ...................................................................... 6

Khoury v. Maly's of California, Inc.
    14 Cal.App.4th 612 (1993) ...................................................................... 13

Korea Supply Co. v. Lockheed Martin Corp.
    29 Cal.4th 1134 (2003) ....................................................................... 13, 14

NOTICE OF MOTION, MOTION TO DISMISS CERTAIN
CLAIMS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

Lorenzo v. Qualcomm, Inc.
   603 F.Supp.2d 1291 (S.D. Cal. 2009) ................................................................. 15

Lucky Auto Supply v. Turner
   244 Cal.App.2d 872 (1966) .................................................................................... 7

Madrid v. Perot Systems Corp.
   130 Cal.App.4th 440 (2005) ......................................................................... 14, 15

McBride v. Boughton
   123 Cal.App.4th 379 (2004) .................................................................................. 4

Newport Bldg. Corp. v. City of Santa Ana
   210 Cal.App.2d 771 (1962) ................................................................................. 12

Richman v. Bank of Perris
   102 Cal.App. 71 (1929) ....................................................................................... 12

Salma v. Capon
   161 Cal.App.4th 1275 (2008) ....................................................................... 11, 16

Silberg v. Anderson
   50 Cal.3d 205 (1990) ........................................................................................... 10

Thomas v. Department of Motor Vehicles
   (1970) 3 Cal.3d 335 .............................................................................................. 5

Truong v. Orange County Sheriff's Department
   129 Cal.App.4th 1423 (2005) ............................................................................... 5

United States v. Lopez-Armenta
   400 F.3d 1173 (9th Cir. 2005) .............................................................................. 6

Weisbuch v. County of Los Angeles
   119 F.3d 778 (9th Cir. 1997) ................................................................................ 4

Yount v. City of Sacramento
   43 Cal.4th 885 (2008) ........................................................................................... 5

Statutes

Business & Professions Code § 17200 ................................................................ 3, 12

Cal. Civil Code § 47 ................................................................................................. 5

W02-WEST:NA3\402959380.1

NOTICE OF MOTION, MOTION TO DISMISS CERTAIN
CLAIMS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

Cal. Civil Code § 47(b)........................................................................4, 10, 11, 16

Cal. Pen. Code § 1262...............................................................................................6

Cal. Vehicle Code § 21455.5 .................................................................................10

Cal. Vehicle Code § 21455.5(b) ...............................................3, 4, 7, 8, 10, 12, 13

Rules

F.R.C.P. Rule 12(b)(6)..............................................................................................4

Other Authorities

55 Cal. Jur.3d Restitution, § 44 (2005)....................................................................12

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiffs seek to recover fines they paid for running red lights at intersections in the City of Santa Ana (the "City").  Plaintiffs do not allege, nor can they, that they had reason to run red lights or that they did not commit the violations at issue.  Instead, Plaintiffs complain that the City did not implement a 30-day warning period required under California Vehicle Code § 21455.5(b).

Plaintiffs assert two unfounded claims against defendants Redflex Traffic Systems (California), Inc. and Redflex Traffic Systems, Inc. (collectively, "Redflex"): one for unjust enrichment and the other for restitution under Business & Professions Code § 17200 ("UCL").  Both claims fail for the following reasons:

1.      Plaintiffs cannot use this action to collaterally attack their prior convictions.  Plaintiffs admit they were convicted of their violations and paid fines.  They do not allege, nor can they, that they have overturned those convictions.  They are barred from maintaining a civil action to effectively overturn their convictions and recover their fine payments.

2.      Plaintiffs cannot allege Redflex acted unjustly because Redflex cannot be liable under California Vehicle Code § 21455.5(b).  That statue applies only to a "local jurisdiction" and Plaintiffs admit that Redflex is a corporation.  For similar reasons, Section 21455.5(b) cannot form the predicate statute to impose UCL liability on Redflex.

3.      Plaintiffs have not conferred a benefit upon Redflex.  Plaintiffs have not alleged Redflex received any portion of plaintiffs' fines.  In fact, they allege the City and the Superior Court received their fines.  Plaintiffs cannot seek restitution of sums they do not allege Redflex ever received.

1        4.     Redflex's operation of the automated camera system and its

2  generation of evidence supporting citations constitutes conduct protected by the

3  litigation privilege under Civil Code § 47(b).

4

5  **II.    STATEMENT OF LAW**

6

7        **A.     PLAINTIFFS HAVE FAILED TO STATE FACTS SUFFICIENT**

8                  **TO CONSTITUTE ANY CLAIM FOR RELIEF AGAINST**

9                  **REDFLEX**

10        Rule 12(b)(6) authorizes a motion to dismiss a claim, or claims, where

11  a complaint fails to state facts sufficient to support a claim upon which relief can be

12  granted.  F.R.C.P. Rule 12(b)(6).  Further, a motion to dismiss under Rule 12(b)(6)

13  is proper where there is either a "lack of a cognizable legal theory," or "the absence

14  of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri v. Pacifica</u>

15  <u>Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988); <u>Weisbuch v. County of Los</u>

16  <u>Angeles</u>, 119 F.3d 778, 783 (9th Cir. 1997).

17

18        **B.     PLAINTIFFS' SECOND CLAIM FOR RELIEF, FOR UNJUST**

19                  **ENRICHMENT AS A RESULT OF VIOLATION OF**

20                  **CALIFORNIA VEHICLE CODE § 21455.5(b), FAILS TO STATE**

21                  **FACTS UPON WHICH RELIEF CAN BE GRANTED**

22        As a preliminary matter, Plaintiffs' second claim, "unjust enrichment" is

23  not a cause of action under California law.  <u>See</u>, <u>e.g.</u>, <u>McBride v. Boughton</u>, 123

24  Cal.App.4th 379, 387 (2004) ("Unjust enrichment is not a cause of action, however,

25  or even a legal remedy.").  Accordingly, Plaintiffs' second claim fails to state a claim

26  upon which relief can be granted and should be dismissed outright.  Even if the

27  Court were to consider it as a separate, cognizable claim, the claim fails because (1)

28  W02-WEST:NA3\402959380.1

-2-

1  Plaintiffs' convictions bar any recovery here, (2) Redflex is not a "local jurisdiction

2  subject to the statute at issue, (3) Plaintiffs conferred no benefit on Redflex, (4)

3  Redflex exercised conduct privileged by California Civil Code § 47, and (5) the

4  voluntary payment doctrine bars the relief sought.

5          1.      Plaintiffs' Convictions And Paid Fines Bar This Action.

6          Plaintiffs' unjust enrichment claim fails because plaintiffs may not use

7  this action to impermissibly collaterally attack the basis of their prior convictions.

8  In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme

9  Court held that a criminal conviction barred a civil rights action because it was an

10 impermissible collateral attack seeking to undermine the prior conviction.  The

11 California Supreme Court reached the same conclusion in Thomas v. Department of

12 Motor Vehicles, 3 Cal.3d 335, 338 (1970), where the Court barred a motorist's

13 challenge to a license suspension on the grounds that he first needed to successfully

14 challenge the validity of the conviction in the court in which it was rendered.

15         Similarly, in Gonzales v. State of California, 68 Cal.App.3d 621

16 (1977), the court sustained a demurrer to a class action complaint seeking unjust

17 enrichment based on allegedly improper DUI fines, stating:  "in order for the

18 individual plaintiffs to state a cause of action it was incumbent upon them to plead

19 that the prior convictions in the instant case were vacated or set aside."   Id. at 634;

20 see also Truong v. Orange County Sheriff's Department, 129 Cal.App.4th 1423,

21 1427 (2005) (citing Heck v. Humphrey for proposition that civil damage claims

22 "cannot call into question undisturbed convictions"); Yount v. City of Sacramento,

23 43 Cal.4th 885 (2008) (criminal conviction based on guilty plea bars civil damages

24 claim).

25         Plaintiffs admit they were convicted of violations of the California

26 Vehicle Code and paid the requisite fines.  Specifically, paragraphs 24 and 25 of

27 their Complaint states:

28 W02-WEST:NA3\402959380.1

-3-

1

2     "24.  Defendants issued Plaintiff Plumleigh a non-warning, automated

3     traffic camera ticket in February or March 2008 for a right turn made

4     during a red light.  Defendants required that he pay a fine.  On March

5     17, 2008, he **paid a fine** of four hundred and twenty three dollars

6     ($423) and received a receipt, Receipt Number 6334360, from the

7     Superior Court of California, County of Orange.  He **also paid a fee** of

8     fifty-seven dollars ($57) for a required traffic safety course.

9

10    25.  Defendants issued Plaintiff Hazard a non-warning, automated

11    traffic camera ticket on December 17, 2008 for failure to stop at a limit

12    line or cross-walk.  He **was required to pay a fine** and attend a traffic

13    safety course, for a total of over four hundred dollars ($400)."

14    [Emphasis added.]

15

16        "It must be held that the posting of bail upon a traffic ticket and the

17    forfeiture of such bail may properly be considered as an admission of guilt."

18    Johnson v. Dep't of Motor Vehicles, 177 Cal.App.2d 440, 445 (1960); accord United

19    States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled

20    that an unconditional guilty plea constitutes a waiver of the right to appeal all

21    nonjurisdictional antecedent rulings and cures all antecedent constitutional

22    defects."); see also Cal. Pen. Code § 1262 (defendant entitled to refund of fine paid

23    under conviction only after conviction reversed, case dismissed, or appellate court

24    issues final disposition in defendant's favor).

25        Plaintiffs were convicted of their violations and paid fines.  They do not

26    allege that they have overturned those convictions.  They are, therefore, precluded

27

28

1    from maintaining a civil action to recover their fines based on the contention that
2    their convictions were improper.

3

4            2.      Redflex Has Not Acted Unjustly Because It Is Not A "Local
5    Jurisdiction" Liable Under California Vehicle Code § 21455.5(b).

6            Not surprisingly, an unjust enrichment claimant "must show it would
7    be unjust for the [defendant] to retain the benefit."  California Federal Bank v.
8    Matryek, 8 Cal.App.4th 125, 132-33 (1992); Lucky Auto Supply v. Turner, 244
9    Cal.App.2d 872, 885-86 (1966) (no unjust enrichment because defendant who
10   constructed building did not unjustly retain tenant rental payments).

11           Here, as the title of plaintiffs' second claim would suggest ("Unjust
12   Enrichment – **Violation of California Vehicle Code section 21455.5(b)**"),
13   plaintiffs allege that Redflex has acted unjustly by violating Vehicle Code section
14   21455.5(b).  However, only a "local jurisdiction" is required to comply with Section
15   21455.5(b), and plaintiffs do not allege Redflex is a local jurisdiction.  Section
16   21455.5(b) states:

17           "Prior to issuing citations under this section, **a local jurisdiction**
18           utilizing an automated traffic enforcement system shall commence a
19           program to issue only warning notices for 30 days.  **The local**
20           **jurisdiction** shall also make a public announcement of the automated
21           traffic enforcement system at least 30 days prior to the commencement
22           of the enforcement program."  [Emphasis added.]

23

24           Plaintiffs do not allege Redflex is a local jurisdiction.  On the contrary,
25   plaintiffs allege Redflex is "a corporation doing business in California."
26   [Complaint, ¶¶ 8 and 9.]  Nothing in the Vehicle Code, or elsewhere, gives a

27

28   W02-WEST:NA3\402959380.1

-5-

1  motorist a private right of action to enforce Section 21455.5(b) against a private

2  company.

3          Furthermore, while Section 21455.5(b) restricts the issuance of tickets,

4  Plaintiffs do not allege that Redflex issued the tickets.  Instead, Plaintiffs allege that

5  the City police chief "and the Santa Ana Police Department enforce traffic law

6  violations within the City of Santa Ana <u>and issue automated traffic camera tickets</u>."

7  [Complaint, ¶ 6, emphasis added.]  Plaintiffs further allege they "paid a fine . . . and

8  received a receipt, Receipt Number 6334360, from the Superior Court of California,

9  County of Orange."  [Complaint, ¶ 24.]

10          The case law makes it clear that the principle of unjust enrichment only

11  applies where the defendant's conduct has been unjust.  The only allegation

12  suggesting Redflex acted unjustly is premised on Redflex's purported violation of

13  Section 21455.5(b).  However, by its very terms, Section 21455.5(b) only applies to

14  a local jurisdiction.  Redflex did not act unjustly.  Plaintiffs' claim for "Unjust

15  Enrichment – Violation of California Vehicle Code section 21455.5(b)" thus fails to

16  state a claim for relief.

17

18          3.     <u>Plaintiffs Have Not Alleged They Conferred A Benefit On</u>

19  <u>Redflex.</u>

20          To recover under the principle of unjust enrichment, the plaintiff must

21  have conferred a benefit on the defendant from whom the plaintiff seeks restitution.

22  <u>California Federal Bank v. Matryek</u>, 8 Cal.App.4th 125, 132 (1992).  Plaintiffs do

23  not allege how their payment of fines benefitted Redflex.  Plaintiffs allege in

24  paragraphs 21 and 22 of their Complaint that they paid fines to the City, and that

25  Redflex collected fees from the City for operating the automated traffic system:

26

27

28  W02-WEST:NA3\402959380.1

NOTICE OF MOTION, MOTION TO DISMISS CERTAIN
CLAIMS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1    "21. Plaintiffs are informed and believe, and thereon allege, that

2    Defendants **CITY OF SANTA ANA**, PAUL M. WALTERS and

3    JOSEPH W. FLETCHER **collected fines from non-warning**

4    **automated traffic camera tickets** issued prior to November 25, 2009.

5

6    22. Plaintiffs are informed and believe, and thereon allege, that

7    Defendants **REDFLEX TRAFFIC SYSTEMS** (CALIFORNIA), INC.

8    and REDFLEX TRAFFIC SYSTEMS, INC. **collected fees from**

9    **Defendant CITY OF SANTA ANA** in return for operating Defendant

10    CITY OF SANTA ANA's automated traffic cameras." [Emphasis

11    added.]

12

13      Plaintiffs further allege that "Defendant CITY OF SANTA ANA

14 collects revenue from automated traffic camera tickets issued by the Santa Ana

15 Police Department." [Complaint, ¶ 5.] More specifically, Plaintiffs allege they

16 "paid a fine . . . and received a receipt, Receipt Number 6334360, from the Superior

17 Court of California, County of Orange." [Complaint, ¶ 24.]

18      Simply put, Plaintiffs do not allege they paid fines to Redflex, but

19 rather to the City or Superior Court. Furthermore, Plaintiffs do not allege any causal

20 nexus between their payment of fines and the fees collected by Redflex. They do

21 not, for example, allege that Redflex received any portion of their fines or, for that

22 matter, higher fees than it would have earned from the City regardless of Plaintiffs'

23 payment of fines.

24      Plaintiffs have not alleged the required element that their payment of

25 fines to the City resulted in Redflex receiving a benefit. Plaintiffs' unjust

26 enrichment claim fails.

27

28

W02-WEST:NA3\402959380.1     -7-

4.     Redflex's Conduct Is Privileged Under California Civil Code § 47(b).

As detailed below, Redflex's alleged conduct is privileged under California Civil Code § 47(b), more widely known as the litigation privilege.

Plaintiffs' entire Complaint takes issue with the City's automated red light traffic camera program.  Like others throughout the State, that program is governed by Vehicle Code § Section 21455.5, which allows the installation and operation of automatic cameras that take photos and videos triggered by those who run red lights.  Plaintiffs' entire case concerns alleged violations of Section 21455.5(b), which requires that local jurisdictions implement a 30-day warning period prior to issuing citations.

Redflex installed and helped operate the automated traffic cameras.  [Complaint, ¶¶ 18 and 22.]  No one disputes that in operating the traffic cameras, Redflex provides the City with photos and/or video of possible violations.  Plaintiffs allege that Redflex's role in operating the traffic cameras and providing the City with evidence of possible violations allowed the City to issue citations and collect revenue without first complying with the 30-day warning period.

California law provides an absolute privilege against liability for acts or statements made in connection with official proceedings.  Cal. Civ. Code § 47(b).  The litigation privilege is broadly construed.  Hagberg v. California Federal Bank, 32 Cal.4th 350, 360 (2004) (report of criminal or statutory violation is privileged even if false, improper or made with malice); Silberg v. Anderson, 50 Cal.3d 205, 212 (1990).

The privilege applies "without respect to the good faith or malice of the person who made the statement, or whether the statement ostensibly was made in the interest of justice . . . ."  Hagberg, supra, 32 Cal.4th at 360.  Thus, even a knowingly improper report accusing another of criminal activity is not actionable if

-8-

1   the privilege applies.  Id. at 373-75.  The privilege extends to "complaints to the

2   police department and the district attorney regarding . . . allegedly unlawful acts,

3   and . . . contacts with municipal departments to investigate and prepare for

4   litigation."  Salma v. Capon, 161 Cal.App.4th 1275, 1290 (2008).

5          In particular, the privilege covers reports that a private company

6   generates and provides to law enforcement, even if such conduct would otherwise

7   result in liability.  Block v. Sacramento Clinical Labs, Inc., 131 Cal.App.3d 386,

8   394 (1982).  In that case, a private clinical lab company negligently prepared a

9   toxicology report stating that an infant had been given improper medication.  The

10  infant's father was prosecuted for murder and child neglect.  The report was later

11  discredited, the charges were dismissed, and the father sued the private lab company

12  for negligence.  The Court of Appeal dismissed the plaintiff's complaint, finding that

13  the company's conduct was protected by the litigation privilege and the strong

14  public policy promoting reports to law enforcement.  Id. at 393-94.

15         Redflex operates an automated camera system that takes photos and

16  videos of potential violations.  Redflex provides that information to the City, who

17  then decides whether to issue citations and prosecute the case.  Plaintiffs allege that

18  Redflex's role in operating the automated camera system resulted in unjust

19  convictions.  The case law construing the litigation privilege holds that such conduct

20  is absolutely privileged.  Therefore, the privilege provided by Civil Code section

21  47(b) applies, and Plaintiffs' claims are barred as a matter of law.

22

23         5.   The Court Should Dismiss Plaintiffs' Claim Under The

24  Voluntary Payment Doctrine

25         Plaintiffs concede they voluntarily paid their fine rather than contest the

26  citations in court.  Therefore, their claims are barred under the voluntary payment

27  doctrine.  Under that doctrine, a "person who with full knowledge of the facts

28

W02-WEST:NA3\402959380.1                          -9-

voluntarily and without fraud or coercion pays money to another upon a claim of right, which he or she is under no legal obligation to pay, cannot recover the same in an action."  55 Cal. Jur.3d Restitution, § 44 (2005); <u>Am. Oil Serv. v. Hope Oil Co.</u>, 194 Cal.App.2d 581, 586 (1961) ("a payment voluntarily made with knowledge of the facts affords no ground for an action to recover it back").

Plaintiffs cannot avoid this defense by arguing the citations were illegal or otherwise improper: "illegality of the demand paid constitutes of itself no ground for relief.  There must be, in addition, some compulsion or coercion attending its assertion, which controls the conduct of the party making the payment." <u>Newport Bldg. Corp. v. City of Santa Ana</u>, 210 Cal.App.2d 771, 778 (1962) (emphasis added).  Finally, "money paid under a mistake of law" is also "considered a voluntary payment." <u>Richman v. Bank of Perris</u>, 102 Cal.App. 71, 87 (1929).

### C.   **PLAINTIFFS' FIFTH CLAIM FOR VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*, FAILS TO STATE FACTS UPON WHICH RELIEF CAN BE GRANTED**

1.   <u>Plaintiffs Have Not Adequately Alleged That Redflex Has Violated The Predicate Statute - California Vehicle Code § 21455.5(b).</u>

Plaintiffs' fifth claim is for violation of Business and Professions Code § 17200, et seq. ("UCL").  Plaintiffs allege that Redflex is liable under the UCL because it violated California Vehicle Code section 21455.5(b):

"59. A violation of California Business & Professions Code sections 17200, et seq. may be **predicated on the violation of any state or federal law** or upon any unfair business act.  Here, Defendant

1     REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.'s and

2     Defendant REDFLEX TRAFFIC SYSTEMS, INC.'s policies and

3     practices of collecting fees from Defendant CITY OF SANTA ANA

4     for the operation of cameras that issued non-warning traffic tickets

5     prior to institution of the required thirty (30) day warning notice

6     **violated the Vehicle Code** and was unfair." [Emphasis added.]

7

8         As detailed above, Redflex is not a local jurisdiction required to

9 comply with Section 21455.5(b), and cannot be held liable for violating that statute.

10 Plaintiffs admit Redflex is a private company, and nothing in Section 21455.5(b)

11 imposes liability on a private company.

12         Furthermore, a UCL plaintiff must not only allege a violation of the

13 predicate statute, but also specific facts showing that the defendant violated the

14 predicate statute.  Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619

15 (1993) (UCL plaintiff's general allegation that defendant violated predicate statute

16 is insufficient).  Therefore, even if Redflex were a local jurisdiction (which it could

17 not possibly be), plaintiffs have not alleged any specific facts showing how Redflex

18 violated Section 21455.5(b).  Plaintiffs merely allege general allegations that all

19 defendants acted in concert with each other, which is insufficient under Khoury.

20         Therefore, Redflex cannot be held liable for alleged violations under

21 Section 21455.5 – the predicate statute – and Plaintiffs' UCL claim fails.

22

23         2.     Plaintiffs Are Not Entitled To UCL Restitution Because They

24 Have Not Alleged Redflex Received Plaintiffs' Paid Fines.

25         Plaintiffs' UCL claim also fails because plaintiffs have not alleged that

26 Redflex took or received any money from Plaintiffs.  Korea Supply Co. v. Lockheed

27 Martin Corp., 29 Cal.4th 1134, 1149-50 (2003).

28 W02-WEST:NA3\402959380.1

NOTICE OF MOTION, MOTION TO DISMISS CERTAIN
CLAIMS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1    Plaintiffs do not allege Redflex has received any of the fines Plaintiffs

2   paid.  On the contrary, Plaintiffs allege in paragraphs 21 and 22 of their Complaint

3   that Redflex only collected fees from the City.  Plaintiffs further allege that the City,

4   "collects revenue from automated traffic camera tickets issued by the Santa Ana

5   Police Department." [Complaint, ¶ 5.]  Furthermore, Plaintiffs allege they paid their

6   fines and received receipts "from the Superior Court of California." [Complaint, ¶

7   24.]

8    Restitution under the UCL is a remedy that can only be asserted against

9   defendants who received the plaintiff's property, as the California Supreme Court

10  stated in Korea Supply:

11

12       "Any award that plaintiff would recover from defendants would not be

13       restitutionary as it would not replace any money or property that

14       defendants took directly from plaintiff. . . . [¶] As the United States

15       Supreme Court recently said, a constructive trust requires 'money or

16       property identified as belonging in good conscience to the plaintiff

17       [which can] clearly be traced to particular funds or property in the

18       defendant's possession.'  The recovery requested in this case cannot be

19       traced to any particular funds in [defendant's] possession and therefore

20       is not the proper subject of a constructive trust." Id. at 1149-50.

21

22       The restitutionary rule announced in Korea Supply applies to UCL

23  class actions.  Feitelberg v. Credit Suisse First Boston, LLC, 134 Cal.App.4th 997,

24  1018 (2005) ("Although Korea Supply arose in the context of an individual action,

25  its rationale applies [to UCL class actions].");  Madrid v. Perot Systems Corp., 130

26  Cal.App.4th 440, 453-62 (2005).

27

28  W02-WEST:NA3\402959380.1                    -12-

1        Plaintiffs may argue that Redflex's mere participation with the City

2  renders Redflex liable under the UCL.  In fact, their Complaint alleges each

3  defendant "ratified" and "aided and abetted the acts and omissions of each" other.

4  [Complaint, ¶ 11.]  However, the Court in <u>Madrid v. Perot Systems Corp.</u>, supra,

5  held that such generic "conspiracy" and "aiding/abetting" allegations are insufficient

6  to hold a UCL defendant liable for restitution.  <u>Id.</u> at 556.

7        Here, plaintiffs do not allege Redflex received their fines.  Therefore,

8  plaintiffs have not pleaded a right to UCL restitution against Redflex, and their

9  claim fails.

10

11        3.    <u>Plaintiffs Fail To Plead Causation Or Any Nexus Between Their</u>

12  <u>Failure To Stop For A Red Light And Redflex's Conduct</u>

13        To plead a UCL claim, plaintiffs must show they "suffered a distinct

14  and palpable injury as a result of the alleged unlawful or unfair conduct." <u>Birdsong</u>

15  <u>v. Apple, Inc.</u>, 590 F.3d 955, 960 (9th Cir. 2009).  "[T]here must be a causal

16  connection between the harm suffered and the unlawful business activity.  That

17  causal connection is broken when a complaining party would suffer the same harm

18  whether or not a defendant complied with the law." <u>Daro v. Superior Court</u>, 151

19  Cal.App.4th 1079, 1099 (2007) (tenants failed to establish UCL causation where

20  they would have suffered same injury—eviction—regardless of owners' alleged

21  violation of Subdivided Lands Act); <u>see also</u> <u>Lorenzo v. Qualcomm, Inc.</u>, 603

22  F.Supp.2d 1291, 1304 (S.D. Cal. 2009) (plaintiff did not establish causation where

23  he did not allege he would not have purchased cell phone or service had he been

24  aware of defendant's misrepresentation).

25        Plaintiffs do not allege that but for the alleged lack of warning period,

26  they would have stopped at the intersection and abided by the law.  Plaintiffs cannot

27  establish causation because they cannot show they would not have suffered the

28  W02-WEST:NA3\402959380.1

-13-

1  alleged injury—receiving a citation and paying a fine—if the City had implemented

2  a 30-day warning period.  As a result, plaintiffs' UCL claim fails.

4          **4.**    <u>Plaintiffs' Convictions And Fine Payments Bar This Action</u>

5        For the same reasons discussed in the context of plaintiffs' unjust

6  enrichment claim, plaintiffs' UCL claim also fails because plaintiffs cannot use this

7  action to collaterally attack their traffic convictions.  <u>See</u> <u>Gonzales v. State of</u>

8  <u>California</u>, 68 Cal.App.3d 621 (1977).  Plaintiffs admit in paragraphs 24 and 25 of

9  their Complaint they were convicted of violations and paid the requisite fines.

10  Plaintiffs do not allege that they have overturned those convictions.  Hence, they are

11  precluded from maintaining a civil action to recover damages premised on the

12  contention that their convictions or pleas were improper.

14          **5.**    <u>Redflex's Conduct Is Privileged Under Civil Code § 47(b).</u>

15        As detailed above, Redflex's role in operating the automated traffic

16  cameras and providing the resulting information to law enforcement is a privileged

17  act which cannot be actionable under Civ. Code § 47(b).  Such privilege protects

18  private companies and their communications to law enforcement regarding possible

19  violations of law.  <u>Block v. Sacramento Clinical Labs, Inc.</u>, 131 Cal.App.3d 386,

20  394 (1982); <u>Salma v. Capon</u>, 161 Cal.App.4th 1275, 1290 (2008);

21        Plaintiffs allege Redflex generated the evidence resulting in the

22  allegedly improper citations.  Redflex's role was made in the course of anticipated

23  judicial or official proceedings.  Therefore, the absolute privilege provided by Civil

24  Code § 47(b) applies and Plaintiffs' claims are barred as a matter of law.

28  W02-WEST:NA3\402959380.1

NOTICE OF MOTION, MOTION TO DISMISS CERTAIN
CLAIMS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

1   **III.   <u>CONCLUSION</u>**

2          Based upon the foregoing, Redflex respectfully requests that this Court grant

3   the instant motion to dismiss plaintiffs' second and fifth claims for relief against

4   Redflex, without leave to amend.  Amendment would be futile here because

5   Plaintiffs cannot amend their complaint to present a cognizable legal theory against

6   Redflex.

7

8   Dated:  October 11, 2010

9                                            SHEPPARD, MULLIN, RICHTER & HAMPTON
                                             LLP
10

11

12                             By   _____
                                            GREGORY P. BARBEE
13                                          MICHAEL D. STEWART
                                            Attorneys for Defendants
14                                          REDFLEX TRAFFIC SYSTEMS
                                            (CALIFORNIA), INC. and REDFLEX
15                                          TRAFFIC SYSTEMS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28   W02-WEST:NA3\402959380.1                  -15-

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 43rd Floor, Los Angeles, California 90071.

On **October 11, 2010**, I served the following document(s) described as **STIPULATION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINY BY NOT MORE THAN 30 DAYS (L.R. 8-3)** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY MAIL and EMAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 714-513-5130. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(h)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 11, 2010, at Los Angeles, California.

_____
Susie Navarro

W02-WEST:NA3\402959380.1

NOTICE OF MOTION, MOTION TO DISMISS CERTAIN CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

### SERVICE LIST

2   Gene Williams                           Aaron D. Aftergood
    gwilliams@initiativelegal.com           aaron@aftergoodesq.com
3   Mark P. Pifko                           The Aftergood Law Firm
    mpifko@initiativelegal.com              1875 Century Park East, Suite 2230
4   Theodore O'Reilly                       Los Angeles, CA  90067
    toreilly@initiativelegal.com            Telephone:  (310) 551-5221
5   Initiative Legal Group, APC             Facsimile:  (310) 496-2840
    1800 Century Park East, 2nd Floor
6   Los Angeles, CA  90067
    Telephone:  (310) 556-5637
7   Facsimile:  (310) 861-9051

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

NOTICE OF MOTION, MOTION TO DISMISS CERTAIN
CLAIMS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF