1   Gene Williams (SBN 211390)
    GWilliams@InitiativeLegal.com
2   Mark P. Pifko (SBN 228412)
    MPifko@InitiativeLegal.com
3   Theodore O'Reilly (SBN 267675)
    TOReilly @InitiativeLegal.com
4   Initiative Legal Group APC
    1800 Century Park East, 2nd Floor
5   Los Angeles, California 90067
    Telephone:  (310) 556-5637
6   Facsimile:   (310) 861-9051

7   Aaron D. Aftergood (SBN 239853)
    aaron@aftergoodesq.com
8   The Aftergood Law Firm
    1875 Century Park East, Suite 2230
9   Los Angeles, California  90067
    Telephone:  (310) 551-5221
10  Facsimile:   (310) 496-2840

11
    Attorneys for Plaintiffs Robert Plumleigh
12  and Thomas R. Hazard III

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15

16  ROBERT PLUMLEIGH and            Case No.: SACV10-1332-CJC (RNBx)
    THOMAS R. HAZARD III,
17  individually and on behalf of other   FIRST AMENDED CLASS ACTION
    members of the general public
18  similarly situated,              (1)  Violation of title 42, United States
                                          COde, section 1983 (Civil Rights
19              Plaintiffs,               Act of 1871);
                                     (2)  Violation of article I, section 19(a)
20         vs.                            of the California Constitution
                                          (Inverse Condemnation);
21  CITY OF SANTA ANA; PAUL M.       (3)  Unjust Enrichment—for Violation
    WALTERS; JOSEPH W.                    of California Vehicle Code, section
22  FLETCHER; REDFLEX TRAFFIC             21455.5(b) (Traffic Camera
    SYSTEMS (CALIFORNIA), INC., a         Warning Notice); and
23  California corporation; REDFLEX  (4)  Violation of California Business &
    TRAFFIC SYSTEMS, INC., a              Professions Code, sections 17200
24  Delaware corporation; and DOES 1      et seq.
    through 10, inclusive,
25                                   **Jury Trial Demanded**
                Defendants.
26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Plaintiffs, individually, and on behalf of all other members of the public

2   similarly situated, allege as follows:

3   **<u>INTRODUCTION</u>**

4   1.      In 2002, Defendant CITY OF SANTA ANA partnered with private

5   contractors, Defendants REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.

6   and REDFLEX TRAFFIC SYSTEMS, INC., to install and operate automated

7   traffic cameras at intersections throughout the City of Santa Ana.  Defendants

8   CITY OF SANTA ANA, JOSEPH W. FLETCHER and PAUL M. WALTERS

9   then worked with REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. and

10  REDFLEX TRAFFIC SYSTEMS, INC. to unlawfully issue thousands of traffic

11  citations, using approximately twenty (20) automated traffic cameras at as many

12  as sixteen (16) different intersections.[1]

13  2.      When an automatic traffic camera is installed at any particular

14  intersection, the California Vehicle Code requires local jurisdictions to institute

15  thirty (30) day warning notice periods for each such intersection, before traffic

16  citations may be issued at that intersection.  During these warning notice periods,

17  only warnings, not citations, may be issued.

18  3.      Defendants, however, did not comply with the requisite thirty (30)

19  day warning notice period at as many as sixteen (16) intersections with automated

20  traffic cameras, located throughout the City of Santa Ana, until more than six (6)

21  years after they were required to do so.  Instead of complying with the warning

22  notice period requirement, Defendants immediately began issuing traffic citations

23  at these intersections.

24  4.      As a result of Defendants' unlawful issuance of traffic citations,

25  Plaintiffs and members of the putative class suffered injury in fact and lost money

26

27  [1] Defendants installed more than one automated traffic camera at some

28  intersections.

1   or property.  Accordingly, Defendants' failure to comply with the mandatory

2   thirty (30) day warning notice period forms the basis of this action.

3                   **JURISDICTION AND VENUE**

4        5.      This Court has jurisdiction over the above-captioned action under

5   title 28 United States Code, section 1331.  This First Amended Complaint also

6   alleges violations of the California Constitution and Vehicle Code.  This Court has

7   jurisdiction over those claims under title 28 United States Code, section 1367 and

8   the principals of supplemental jurisdiction.  The federal and state law claims arise

9   out of a common nucleus of operative facts and the entire lawsuit commenced by

10  this complaint would ordinarily be tried in one judicial proceeding.  The exercise

11  of supplemental jurisdiction will avoid duplication and a multiplicity of action and

12  will promote the interests of judicial economy and fairness.

13       6.      Venue is proper in this district because Defendants are located in

14  Orange County, California and Defendants' unlawful policies and practices were

15  applied and executed there.  Defendant CITY OF SANTA ANA is located in

16  Orange County.  Defendants PAUL M. WALTERS and JOSEPH W. FLETCHER

17  are employed by Defendant CITY OF SANTA ANA and applied and executed its

18  policies and practices at all relevant times.  Defendants REDFLEX TRAFFIC

19  SYSTEMS (CALIFORNIA), INC. and REDFLEX TRAFFIC SYSTEMS, INC.

20  operated Defendant CITY OF SANTA ANA's automated traffic camera system,

21  mailed citations to drivers and applied and executed Defendant CITY OF SANTA

22  ANA's policies and practices.

23                      **THE PARTIES**

24       7.      Plaintiff Robert Plumleigh is and was, at all relevant times, a resident

25  of Orange County, California.  Plaintiff Plumleigh brings this suit on behalf of

26  himself and all similarly situated individuals pursuant to Federal Rule of Civil

27  Procedure 23.

28       8.      Plaintiff Thomas R. Hazard III is and was, at all relevant times, a

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED CLASS ACTION COMPLAINT

resident of Orange County, California.  Plaintiff Hazard brings this suit on behalf of himself and all similarly situated individuals pursuant to California Code of Civil Procedure section 382 and Federal Rule of Civil Procedure 23.

9.      Defendant CITY OF SANTA ANA is a municipality in Orange County, California.  Defendant CITY OF SANTA ANA collects revenue from automated traffic camera citations issued by the Santa Ana Police Department and mailed to drivers by Defendants REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. and REDFLEX TRAFFIC SYSTEMS, INC.

10.     Defendant PAUL M. WALTERS is the Chief of Police of the Santa Ana Police Department.  By and through Defendant PAUL M. WALTERS, the Santa Ana Police Department enforces traffic law violations within the City of Santa Ana and issues automated traffic camera citations.  Defendant PAUL M. WALTERS is hereby sued in his individual and personal capacity for damages and other relief.

11.     Defendant JOSEPH W. FLETCHER is the City Attorney of Santa Ana.  By and through Defendant JOSEPH W. FLETCHER, the Office of the City Attorney enforces the municipal code of Santa Ana.  Defendant JOSEPH W. FLETCHER is hereby sued in his individual and personal capacity for damages and other relief.

12.     Defendant REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. was and is, upon information and belief, a California corporation doing business in Orange County, California, who, together with other Defendants in this action, designed, installed, and operated Defendant CITY OF SANTA ANA's automated traffic camera system.

13.     Defendant REDFLEX TRAFFIC SYSTEMS, INC. was and is, upon information and belief, a Delaware corporation doing business in Orange County, California, who, together with other Defendants in this action, designed, installed, and operated Defendant CITY OF SANTA ANA's automated traffic camera

1  system.

2    14.    Plaintiffs are unaware of the true names or capacities of the

3  Defendants sued herein under the fictitious names DOES 1 through 10, but pray

4  for leave to amend and serve such fictitiously named Defendants once their names

5  and capacities become known.

6    15.    The term "City Defendants," as used in this complaint, refers to

7  Defendants CITY OF SANTA ANA, PAUL M. WALTERS and JOSEPH W.

8  FLETCHER.

9    16.    The term "Redflex Defendants," as used in this complaint, refers to

10  Defendants REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. and

11  REDFLEX TRAFFIC SYSTEMS, INC.

12    17.    At all relevant times, Defendants, and each of them, ratified each and

13  every act or omission complained of herein.  At all relevant times, Defendants,

14  and each of them, aided and abetted the acts and omissions of each and all the

15  other Defendants in proximately causing the damages herein alleged.

16    18.    Plaintiffs are informed and believe, and thereon allege, that each of

17  said Defendants is in some manner intentionally, negligently, or otherwise

18  responsible for the acts, omissions, occurrences, and transactions alleged herein.

19    **CLASS ACTION ALLEGATIONS**

20    19.    Plaintiffs bring this action on their own behalf, as well as on behalf of

21  each and all other persons similarly situated, for claims alleged herein which arise

22  under California and federal law.

23    20.    Plaintiffs seek relief authorized by California and federal law, and

24  thus, seek class certification under Rules 23(a), 23(b)(2) and 23(b)(3) of the

25  Federal Rules of Civil Procedure of the following subclasses:

26    Section 1983 Subclass:

27    All persons to whom City Defendants issued non-
    warning traffic citations after City Defendants'
28    automated traffic cameras photographed those persons'

Initiative Legal Group APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

license plates, and who paid such citations, thereby earning dismissals, from two years prior to the filing of this complaint until November 25, 2009.

Inverse Condemnation Subclass:

All persons to whom City Defendants issued non-warning traffic citations after City Defendants' automated traffic cameras photographed those persons' license plates, and who paid such citations, thereby earning dismissals, from five years prior to the filing of this complaint until November 25, 2009.

Unjust Enrichment Subclass:

All persons to whom Defendants issued non-warning traffic citations after Defendants' automated traffic cameras photographed those persons' license plates, and who paid such citations, thereby earning dismissals, from two years prior to the filing of this complaint until November 25, 2009.

Unfair Competition Subclass:

All persons who were issued non-warning traffic citations in the City of Santa Ana, California after the Redflex Defendants' automated traffic cameras photographed those persons' license plates, and who paid such citations, thereby earning dismissals, from four years prior to the filing of this complaint until November 25, 2009.

21. Plaintiffs reserve the right to establish additional subclasses as appropriate.

22. There is a well-defined community of interest in the litigation and the class is readily ascertainable:

(a) Numerosity: The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b) Typicality: Plaintiffs are qualified to, and will, fairly and

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED CLASS ACTION COMPLAINT

1                                      adequately protect the interests of each class member with

2                                        whom they have a well defined community of interest, and

3                                        Plaintiffs' claims (or defenses, if any) are typical of all class

4                                        members' as demonstrated herein.

5           (c)   <u>Adequacy</u>:  Plaintiffs are qualified to, and will, fairly and

6                                          adequately, protect the interests of each class member with

7                                          whom they have a well-defined community of interest and

8                                          typicality of claims, as demonstrated herein.  Plaintiffs

9                                          acknowledge that they have an obligation to make known to

10                                        the Court any relationship, conflicts or differences with any

11                                      class member.  Plaintiffs' attorneys, the proposed class

12                                      counsel, are well-versed in the rules governing class action

13                                    discovery, certification and settlement.  Plaintiffs have

14                                    incurred, and throughout the duration of this action, will

15                                  continue to incur costs and attorneys fees that have been, are

16                                  and will be necessarily expended for the prosecution of this

17                                  action for the substantial benefit of each class member.

18           (d)   <u>Superiority</u>:  The nature of this action makes the use of class

19                                  action adjudication superior to other methods.  Class action

20                                  will achieve economies of time, effort and expense as

21                                  compared with separate lawsuits, and will avoid inconsistent

22                                  outcomes because the same issues can be adjudicated in the

23                                same manner and at the same time for the entire class.

24        23.    There are common questions of law and fact with respect to the class

25 members on the whole that predominate over questions affecting only individual

26 members, including but not limited to:

27          (a)   Whether Defendants installed and/or operated automated

28                                traffic cameras at intersections in Santa Ana and began

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    issuing non-warning traffic citations prior to implementing

2    the thirty (30) day warning notice period required under

3    California Vehicle Code, section 21455.5(b);

4    (b)    Whether Defendant CITY OF SANTA ANA, while acting

5    under the color of state law, violated Plaintiffs' Constitutional

6    rights, guaranteed by the Takings Clause of the Fifth and

7    Fourteenth Amendments to the United States Constitution, by

8    using automated traffic cameras to enforce the Santa Ana

9    municipal code and California Vehicle Code prior to

10   implementing the requisite thirty (30) day warning notice

11   period;

12   (c)    Whether Defendants PAUL M. WALTERS and JOSEPH W.

13   FLETCHER, while acting in their personal capacity and under

14   the color of state law, violated Plaintiffs' Constitutional

15   rights, guaranteed by the Takings Clause of the Fifth and

16   Fourteenth Amendments to the United States Constitution, by

17   enforcing the Santa Ana municipal code and California

18   Vehicle Code against persons who had been issued citations

19   by automated traffic cameras located at intersections in the

20   City of Santa Ana prior to implementation of the required

21   thirty (30) day warning notice period;

22   (d)    Whether Defendants CITY OF SANTA ANA, PAUL M.

23   WALTERS and JOSEPH W. FLETCHER violated the

24   Takings Clause of the California Constitution by collecting

25   fines from non-warning traffic citations issued for alleged

26   traffic violations recorded by automated traffic cameras

27   located at intersections in the City of Santa Ana;

28   (e)    Whether Defendant CITY OF SANTA ANA and the Redflex

Defendants were unjustly enriched by the collection of fines from non-warning traffic citations issued for violations recorded by automated traffic cameras located at intersections in the City of Santa Ana;

(f)     Whether the Redflex Defendants engaged in unfair or unlawful business practices in violation of California Business & Professions Code, sections 17200 *et seq.*;

(g)     Whether Defendants' conduct was wilful or reckless; and

(h)     The appropriate amount of damages and restitution resulting from Defendants' violations of federal and California law.

## **GENERAL ALLEGATIONS**

24.     At all relevant times set forth herein, Defendants installed automated traffic cameras at intersections in the City of Santa Ana and issued traffic citations to Plaintiffs and other similarly situated persons.

25.     California Vehicle Code, section 21455.5(b) provides:

> Prior to issuing citations under this section, a local jurisdiction utilizing an automated traffic enforcement system **shall commence a program to issue only warning notices for 30 days**. The local jurisdiction shall also make a public announcement of the automated traffic enforcement system at least 30 days prior to the commencement of the enforcement program.  (Emphasis added).

This warning period shall be referred to hereinafter as the "thirty (30) day warning notice period."

### **Background**

26.     As early as 2002, Defendant CITY OF SANTA ANA decided to install automated traffic cameras at intersections throughout the city.

27.     Rather than installing and operating the automated traffic cameras by

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

itself, Defendant CITY OF SANTA ANA entered into an agreement with a private contractor, REDFLEX TRAFFIC SYSTEMS, INC., who specializes in the design, installation, and operation of municipal automated traffic enforcement systems.

28.     Defendant CITY OF SANTA and REDFLEX TRAFFIC SYSTEMS, INC. entered into an agreement on December 2, 2002 (the "Agreement").  Section 1 of the Agreement defines the term of the Agreement to be five (5) years, with options to extend the term for two (2) additional one (1) year periods.  The Agreement was extended in February 2008.  *See People v. Murray*, Superior Court of the State of California County of Orange (2009), http://www.thenewspaper.com/rlc/docs/2009/ca-santana.pdf.

29.     Section 3 of the Agreement provides that REDFLEX TRAFFIC SYSTEMS, INC. will install twenty (20) automated traffic cameras at intersections throughout the city by August 1, 2003.

30.     Section 5 of the Agreement provides:

Violations shall be processed as follows:
    a.  All Violations Data shall be stored on the Redflex System;
    b.  The Redflex System shall process Violations Data . . . gathered from the Designated Intersection Approaches into a format capable of review by an Authorized Office via the Redflex System;
    c.  The Redflex System shall be accessible by Authorized Officers through a virtual private network in encrypted format by use of a confidential password on any computer . . . ;
    d.  [REDFLEX TRAFFIC SYSTEMS, INC.] shall provide Authorized Officers with access to the Redflex System for the purposes of reviewing the pre-processed Violations Data within seven (7) days of the gathering of the Violation Data . . . ;
    e.  The City with reasonable best effort shall cause an Authorized Officer to review the Violations Data daily . . . and to determine whether a citation shall be issued . . . ;

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

31.     Section 2.a. of the Agreement defines an "Authorized Officer" as "such individual(s) as the Police Chief shall designate to review Potential Violations and to authorize the Issuance of Citations."

32.     Section 5.f. of the Agreement provides that "[w]ith respect to each Authorized Violation, [REDFLEX TRAFFIC SYSTEMS, INC.] shall print and mail a Citation" to cited violators, except that "during the Warning Period, warning violations notices shall be issued in respect of all Authorized Violations."

33.     Section 5.g. of the Agreement provides that "[REDFLEX TRAFFIC SYSTEMS, INC.] shall provide a toll free number for the purposes of answering inquiries from cited violators, responding to complaints and scheduling appointments during which recipients of Citations may view the applicable Violations Data."

34.     Section 6.a. of the Agreement provides that the Redflex Defendants "shall provide training for up to fifteen (15) personnel of the City, including but not limited to Authorized Officers . . . with respect to the Redflex System and its operations, strategies for presenting Violations Data in court and judicial proceedings and a review of the Enforcement Documentation."

35.     Section 10.a. of the Agreement provides that REDFLEX TRAFFIC SYSTEMS, INC. shall be compensated with "[a] monthly fee . . . for each functioning approach containing an operational system within the City.  A system shall be deemed to have a functioning approach and be operational for purposes of [the] Agreement when the Santa Ana Police Department determines that the system is then issuing Citations."

36.     Section 26.a. of the Agreement is a Negotiable Fee Provision.  It provides that "if the City determines it is unable to recover it's [*sic*] costs incurred in the Operation of the Redflex System . . . the City shall have the option to renegotiate the Compensation amount [.]"

37.     Section 2.z. of the Agreement defines "Warning period" as "the

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED CLASS ACTION COMPLAINT

period of thirty (30) days after the Installation Date of the first intersection approach." Section 2.j. defines "Installation date" as "the date on which the City issues Final Acceptance for at least one intersection approach."

38.     The Agreement was signed by Defendant CITY OF SANTA ANA and REDFLEX TRAFFIC SYSTEMS, INC., and was approved by Defendant JOSEPH W. FLETCHER and recommended for approval by Defendant PAUL M. WALTERS.

39.     The first automated traffic camera was installed in May 2003 at the intersection of Harbor Boulevard and McFadden Avenue. *See People v. Murray*, Superior Court of the State of California County of Orange (2009), http://www.thenewspaper.com/rlc/docs/2009/ca-santana.pdf.

40.     Beginning on May 18, 2003, a thirty (30) day warning notice period went into effect for an automated traffic camera at the intersection of Harbor and McFadden.

41.     According to Defendants, the initial thirty (30) day warning notice period that went into effect at the intersection of Harbor and McFadden on May 18, 2003 also constituted a warning period for any intersection at which Defendants subsequently installed automated traffic cameras.

42.     Specifically, at a May 2003 press conference at the intersection of Harbor and McFadden, Santa Ana's Police Chief, Defendant PAUL M. WALTERS stated that "[t]hey'll [sic] be a one month period and the subsequent ones, if they're within that one month period, they'll [sic] be a warning. If not, if they're after the first month of warning, then they'll be issued citations unless we decide otherwise. Administratively we could, but technically by the law after the first month warning then any that we install we can issue citations right from the start [sic]." *See People v. Murray*, Superior Court of the State of California County of Orange (2009), http://www.thenewspaper.com/rlc/docs/2009/ca-santana.pdf.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

43.   During the same May 2003 press conference at the intersection of Harbor and McFadden, Defendant PAUL M. WALTERS engaged in the following exchange:

> [Defendant PAUL M. WALTERS]: 'The other thing you have to remember is, these are not permanent; these can be moved.  If we determine that this is no longer a high accident location, in a year or two we'll move it to another site.  But we have 20 systems that we can move to wherever the need is in the city; the whole idea again is to change the way people behave.'
> QUESTION: 'So basically, the key here that's different is that you have a floating red light camera program?'
> [Defendant PAUL M. WALTERS]: 'Yes, very much so.'

*See People v. Murray*, Superior Court of the State of California County of Orange (2009), http://www.thenewspaper.com/rlc/docs/2009/ca-santana.pdf.

44.   Plaintiffs are informed and believe, and thereon allege, that approximately twenty (20) automated traffic cameras were installed at as many as sixteen (16) intersections in the City of Santa Ana by the end of 2007.

45.   Defendants' automated traffic cameras issued hundreds and possibly thousands of citations each month.  For instance, during 2009, Defendants' automated traffic cameras issued approximately a thousand five hundred (1,500) citations each month.

46.   On December 18, 2008, the Appellate Division of the Superior Court of California, Orange County, held that Defendant CITY OF SANTA ANA "exceeded its jurisdiction by commencing the prosecution of appellant without having complied with the warning requirements" of California Vehicle Code, section 21455.5(b).  *See People v. Fischetti*, 170 Cal. App. 4th Supp. 1, 3 (2008).  The Court held that "[b]ecause section 21455.5(a) provides that 'the intersection' may be equipped with an automated enforcement system, the term 'automated traffic enforcement system' in section 21455.5(b), cannot refer to a municipality's

Initiative Legal Group APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

overall automated enforcement plan, but must instead refer to each individual automated system operated at an intersection within the municipal jurisdiction." *See id.* at 2.

47.    On November 25, 2009 – over six (6) years after installing its first automated traffic camera – Defendant CITY OF SANTA ANA finally instituted warning notice periods for about sixteen (16) intersections with previously installed automated traffic cameras throughout the City of Santa Ana.  The warning notice periods last until December 28, 2009.

48.    On July 23, 2010, the Appellate Division of the Superior Court of California, Orange County, again held that Defendant CITY OF SANTA ANA failed to comply with the warning notice requirements of California Vehicle Code, section 21455.5(b) by instituting a single, blanket warning notice period after installing the first automated traffic camera at Harbor and McFadden in May 2003.  *See People v. Park*, 187 Cal. App. 4th Supp 9, 11, 15, (2010).  In *Park*, the plaintiff was issued a citation after a February 17, 2009 failure-to-stop violation. *See id.* at 10-11.  Defendant CITY OF SANTA ANA argued that the plaintiff's conviction was valid because it had issued "warning notices during a 44-day period when the first automated enforcement equipment was activated at a different intersection in 2003." *Id.* at 11.  The Court disagreed, and held that

> It would make little sense for the scope of the 30-day warning period to be limited temporally and to be defined arbitrarily by the geographic size of the local jurisdiction, inasmuch as the legislatively stated purpose of the warning requirement is to deter red light violations. This purpose is best achieved by the issuance of new warnings and announcements to proximate users each time automated enforcement equipment commences operation at an intersection.

*See id.* at 15.

49.    Plaintiffs are informed and believe, and thereon allege, that prior to November 25, 2009, Defendants installed automated traffic cameras at

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

intersections in Santa Ana and used those cameras to issue non-warning traffic citations to Plaintiffs and class members without first issuing warnings for the thirty (30) day period required by California Vehicle Code, section 21455.5(b).

### Plaintiffs' Experiences

50.     Plaintiffs are informed and believe, and thereon allege, that Defendants enforced and collected fines from non-warning automated traffic camera citations issued prior to November 25, 2009.

51.     Plaintiffs are informed and believe, and thereon allege, that prior to November 25, 2009, Defendants issued citations to Plaintiffs and class members. City Defendants reviewed Redflex Defendants' violations data.  Redflex Defendants then mailed citations to Plaintiffs and class members.

52.     Plaintiffs are informed and believe, and thereon allege, that prior to November 25, 2009, the Redflex Defendants collected monthly fees from Defendant CITY OF SANTA ANA in return for operating Defendant CITY OF SANTA ANA's automated traffic cameras.

53.     Defendants issued Plaintiff Plumleigh a non-warning, automated traffic camera citation in February or March 2008 regarding a right turn allegedly made during a red light.  As a result of Defendants' conduct, Plaintiff was forced and required to pay a fine and pay for a traffic safety course in order to obtain a dismissal.  Specifically, on March 17, 2008, he was forced and required to pay a fine of four hundred twenty-three dollars ($423) and received a receipt, Receipt Number 6334360, from the Superior Court of California, County of Orange.  He was also forced and required to pay a fee of fifty seven dollars ($57) for a required traffic safety course.  The allegations regarding Plaintiff Plumleigh's automated traffic camera citation were dismissed.

54.     Defendants issued Plaintiff Hazard a non-warning, automated traffic camera citation on December 17, 2008 regarding an alleged failure to stop at a limit line or cross-walk.  As a result of Defendants' conduct, Plaintiff was forced

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

and required to pay a fine and attend a traffic safety course, for a total of over four hundred dollars ($400).  The allegations regarding Plaintiff Hazard's automated traffic camera citation were dismissed.

## FIRST CAUSE OF ACTION

### Violation of 42 U.S.C. § 1983

### (Civil Rights Act of 1871)

### (By Plaintiff Hazard and Section 1983 Subclass

### Against City Defendants)

55.   Plaintiff Hazard incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 54.

56.   At all relevant times, title 42 United States Code, section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

57.   At all relevant times, title 42 United States Code, section 1983 was applicable to Defendants PAUL M. WALTERS and JOSEPH W. FLETCHER, named as persons in their individual and personal capacities pursuant to *Hafer v. Melo*, 502 U.S. 21 (1991), and the CITY OF SANTA ANA, named as a person pursuant to *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

58.   At all relevant times, the Fifth Amendment to the United States Constitution provides "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

59.   At all relevant times, the Fifth Amendment was incorporated and applied to the State of California and local government under the Due Process

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

clause of the Fourteenth Amendment to the United States Constitution.

60.   During the relevant time period, under color of state law, City Defendants deprived Plaintiff Hazard and class members of property without due process of law.  Specifically, City Defendants issued non-warning automated traffic camera citations and collected traffic fines for those citations prior to instituting the thirty (30) day warning notice period required under California Vehicle Code, section 21455.5(b).  Plaintiff Hazard was forced and required to pay a fine and attend traffic school in order to obtain a dismissal, incurring out of pocket costs of more than four hundred dollars ($400).

61.   During the relevant time period, under color of state law, City Defendants took Plaintiff Hazard's and class members' private property for public use.  Specifically, City Defendants issued non-warning automated traffic camera citations and collected traffic fines for those citations prior to instituting the thirty (30) day warning notice period required under California Vehicle Code, section 21455.5(b).  Plaintiff Hazard was forced and required to pay a fine and attend traffic school in order to obtain a dismissal, causing him to incur out of pocket costs of more than four hundred dollars ($400).

62.   During the relevant time period, under color of state law, City Defendants took Plaintiff Hazard's and class members' private property for public use without just compensation.  Specifically, City Defendants have not reimbursed the fines that they forced and required Plaintiff Hazard pay, despite their having issued the non-warning automated traffic camera citations to Plaintiff Hazard prior to instituting the thirty (30) day warning notice period required under California Vehicle Code, section 21455.5(b).

63.   During the relevant time period, under color of state law, City Defendants subjected Plaintiff Hazard and class members to, or caused Plaintiff Hazard and class members to be subjected to, deprivation of their rights secured by the Due Process and Takings clauses of the Fifth and Fourteenth Amendments,

1    in violation of title 42 United States Code, section 1983.

2          64.     Under title 42 United States Code, section 1983, Plaintiff Hazard and

3    class members are entitled to recover punitive damages from Defendants PAUL

4    M. WALTERS and JOSEPH W. FLETCHER, sued in their personal capacities.

5          65.     Pursuant to title 42 United States Code, section 1983, Plaintiff

6    Hazard and class members are entitled to declaratory relief.

7          66.     Pursuant to title 42 United States Code, section 1983, Plaintiff

8    Hazard and class members are entitled to recover damages and restitution from

9    City Defendants, plus costs and attorneys fees pursuant to title 42 United States

10   Code, section 1988(b).

## SECOND CAUSE OF ACTION

**Violation of article I, section 19(a) of the California Constitution**

**(Takings Clause)**

**(By Plaintiffs and Inverse Condemnation Subclass**

**Against City Defendants)**

16         67.     Plaintiffs incorporate by reference and re-allege as if fully stated

17   herein the material allegations set out in paragraphs 1 through 66.

18         68.     At all relevant times, article I, section 19(a) of the California

19   Constitution provides that "[p]rivate property may be taken or damaged for a

20   public use and only when just compensation, ascertained by a jury unless waived,

21   has first been paid to, or into court for, the owner."

22         69.     During the relevant time period, City Defendants took Plaintiffs' and

23   class members' private property for public use.  Specifically, City Defendants

24   issued non-warning automated traffic camera citations and collected traffic fines

25   for those citations prior to instituting the thirty (30) day warning notice period

26   required under California Vehicle Code section 21455.5(b).  Plaintiff Plumleigh

27   was forced and required to pay a fine of four hundred twenty-three dollars ($423).

28   Plaintiff Hazard was forced and required to pay a fine and attend traffic school, for

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    a total of over four hundred and dollars ($400).

2         70.    During the relevant time period, City Defendants took Plaintiffs' and

3    class members' private property for public use without just compensation

4    ascertained by a jury.  Specifically, City Defendants have not reimbursed the fines

5    that they forced and required Plaintiffs pay, despite having issued the non-warning

6    automated traffic camera citations to Plaintiffs prior to instituting the thirty (30)

7    day warning notice period required under California Vehicle Code, section

8    21455.5(b).

9         71.    During the relevant time period, City Defendants violated Plaintiffs'

10   and class members' rights under the Takings Clause of the California Constitution

11   by taking Plaintiffs' and class members' private property for public use without

12   just compensation ascertained by a jury.

13        72.    Plaintiffs and class members are entitled to recover damages and

14   restitution.

15                              **THIRD CAUSE OF ACTION**

16        **Unjust Enrichment—Violation of California Vehicle Code**

17                              **section 21455.5(b)**

18                      **(Traffic Camera Warning Notice)**

19   **(By Plaintiff Hazard and the Unjust Enrichment Subclass against Defendant**

20                 **CITY OF SANTA ANA and Redflex Defendants)**

21        73.    Plaintiffs incorporate by reference and re-allege as if fully stated

22   herein the material allegations set out in paragraphs 1 through 72.

23        74.    At all relevant times, under California case law, *see, e.g., California*

24   *Federal Bank v. Matreyek*, 8 Cal. App. 4th 125 (1992), one who is unjustly

25   enriched by benefits conferred at the expense of another is required to make

26   restitution to the other.

27        75.    At all relevant times, under California case law, *see, e.g., Lucky Auto*

28   *Supply v. Turner*, 244 Cal. App. 2d 872 (1966), if one obtains benefits from

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    another without authority, the law, independently of express contract, will compel
2    restitution or compensation.

3        76.    During the relevant time period, Defendant CITY OF SANTA ANA
4    and Redflex Defendants received benefits from Plaintiff Hazard and class
5    members.  Specifically, Defendant CITY OF SANTA ANA and Redflex
6    Defendants collected fines from Plaintiff Hazard and class members for non-
7    warning automated traffic camera citations.

8        77.    During the relevant time period, Plaintiff Hazard and class members
9    conferred benefits upon Defendant CITY OF SANTA ANA and Redflex
10   Defendants.  Specifically, Plaintiff Hazard and class members paid fines for non-
11   warning automated traffic camera citations to Defendant CITY OF SANTA ANA,
12   who in turn, paid Redflex Defendants.

13       78.    During the relevant time period, Defendant CITY OF SANTA ANA
14   and Redflex Defendants have unjustly retained the benefits conferred upon them
15   by Plaintiff Hazard and class members.  Specifically, Defendant CITY OF
16   SANTA ANA and Redflex Defendants collected fines for non-warning automated
17   traffic camera citations in violation of the California Vehicle Code, or, in other
18   words, prior to implementing the required thirty (30) day warning notice period
19   required by California Vehicle Code, section 21455.5(b).

20       79.    During the relevant time period, Defendant CITY OF SANTA ANA
21   and Redflex Defendants were unjustly enriched because they received benefits
22   from Plaintiff Hazard and class members in the form of fines and unjustly retained
23   those benefits at the expense of Plaintiff Hazard and class members, in violation of
24   the California Vehicle Code.

25       80.    Under California case law, Plaintiff Hazard and class members are
26   entitled to recover damages and restitution.

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## FOURTH CAUSE OF ACTION

**Violation of California Business & Professions Code §§ 17200 *et seq*.**

**(By Plaintiffs and Unfair Competition Subclass**

**Against Redflex Defendants)**

81.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 80.

82.     Redflex Defendants' conduct, as alleged herein, has been unfair, unlawful, and harmful to Plaintiffs, other class members, and to the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

83.     Redflex Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code, sections 17200 *et seq*.

84.     A violation of California Business & Professions Code, sections 17200 *et seq*. may be predicated on the violation of any state or federal law or upon any unfair business act.  Here, Defendant REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.'s and Defendant REDFLEX TRAFFIC SYSTEMS, INC.'s policies and practices of collecting fees for the operation of cameras that issued non-warning traffic citations prior to institution of the required thirty (30) day warning notice violated the Vehicle Code and was unlawful and unfair.

85.     As a result of the Redflex Defendants' conduct, including, but not limited to, as discussed above, failing to comply with their agreed upon contractual obligations and California law, Plaintiffs and class members have been harmed by Redflex Defendants' unlawful and unfair business acts and practices as alleged herein, including but not necessarily limited to suffering injury in fact and the loss of money and property.

86.     Under California Business & Professions Code, sections 17200 *et seq*., Plaintiffs and class members are entitled to damages and restitution during a

period that commences four years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

Plaintiffs request trial by jury.

## PRAYER FOR RELIEF

Plaintiffs, and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.     That this action be certified as a class action;

2.     That Plaintiff Hazard be appointed as the representative of the Section 1983 subclass;

3.     That Plaintiffs be appointed representatives of the Inverse Condemnation, Unjust Enrichment and Unfair Competition subclasses; and

4.     That counsel for Plaintiffs be appointed as Class Counsel.

### As to the First Cause of Action

5.     That the Court declare, adjudge and decree that City Defendants violated title 42 United States Code, section 1983 by, under color of state law, subjecting Plaintiff Hazard and class members to, or causing Plaintiff Hazard and class members to be subjected to, deprivation of their rights secured by the Due Process and Takings clauses of the Fifth and Fourteenth Amendments;

6.     For punitive damages from Defendants PAUL M. WALTERS and JOSEPH W. FLETCHER in their personal capacities;

7.     For all actual, consequential and incidental losses, restitution and damages, according to proof; and

8.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

9.     That the Court declare, adjudge and decree that City Defendants

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED CLASS ACTION COMPLAINT

violated article I, section 19(a) of the California Constitution by taking Plaintiffs' and class members' private property for public use without just compensation ascertained by a jury;

10.   For all actual, consequential, and incidental losses, restitution and damages, according to proof; and

11.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

12.   That the Court declare, adjudge and decree that Defendant CITY OF SANTA ANA and Redflex Defendants were unjustly by retaining non-warning automated traffic camera citations fines issued to and paid by Plaintiff Hazard and class members in violation of California Vehicle Code, section 21455.5(b);

13.   For all actual, consequential, and incidental losses, restitution and damages, according to proof; and

14.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

15.   That the Court declare, adjudge and decree that Redflex Defendants violated California Business and Professions Code, sections 17200 *et seq.* by collecting fees for the operation of cameras that issued non-warning traffic citations prior to institution of the required thirty (30) day warning notice;

16.   For damages and restitution of the costs of non-warning traffic citations to Plaintiffs and all class members and prejudgment interest from the day such amounts were due and payable;

17.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code, sections 17200 *et seq.*;

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    18.    For reasonable attorneys' fees and costs of suit incurred herein

2 pursuant to California Code of Civil Procedure section 1021.5; and

3    19.    For such other and further relief as the Court may deem equitable and

4 appropriate.

5 Dated:  October 12, 2010                Respectfully submitted,

6                                         Initiative Legal Group APC

7

8                                    By:  /s/ Mark P. Pifko
                                         Gene Williams
9                                        Mark P. Pifko
                                         Theodore O'Reilly
10
                                         The Aftergood Law Firm
11                                       Aaron D. Aftergood

12                                       Attorneys for Plaintiffs Robert Plumleigh
                                         and Thomas R. Hazard III
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT