1  **STEVEN J. ROTHANS – State Bar No. 106579**
   **JUSTIN READE SARNO – State Bar No. 229803**
2  **CARPENTER, ROTHANS & DUMONT**
   **888 S. Figueroa Street, Suite 1960**
3  **Los Angeles, CA 90017**
   **(213) 228-0400**
4  **(213) 228-0401 [fax]**
   **srothans@crdlaw.com / jsarno@crdlaw.com**
5
   Attorneys for Defendants, CITY OF SANTA ANA, a public entity, CHIEF PAUL
6  M. WALTERS, and JOSEPH W. FLETCHER, public employees

7

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11 | ROBERT PLUMLEIGH and THOMAS ) | Case No.:  SACV10-1332-CJC (RNBx) |
   | R. HAZARD III, et al.       ) | |

12 |                        Plaintiffs,  ) | **NOTICE OF MOTION AND** |
   |                                     ) | **MOTION TO DISMISS FIRST** |
13 |              vs.                    ) | **AMENDED CLASS ACTION** |
   |                                     ) | **COMPLAINT; MEMORANDUM** |
14 | CITY OF SANTA ANA, et al.           ) | **OF POINTS AND AUTHORITIES** |
   |                                     ) | **IN SUPPORT THEREOF** |
15 |                        Defendants.  ) | |
   |                                     ) | Date:  November 29, 2010 |
16 |                                     ) | Time:  1:30 p.m. |
   |                                     ) | Courtroom:  9B |
17 |                                     ) | |
   |                                     ) | Discovery Cut-Off:  Not set |
18 |                                     ) | Final Pre-Trial Conf.:  Not set |
   |                                     ) | Trial:  Not set |
19 |                                     ) | |
   |                                     ) | **United States District Court Judge** |
20 |                                     ) | **Honorable Cormac J. Carney** |

21 |_____) |

22         PLEASE TAKE NOTICE that on November 29, 2010, at 1:30 p.m., or as

23 soon thereafter as counsel may be heard in Courtroom "9B" of the U.S. District

24 Court, Central District (Santa Ana), located at 411 West Fourth Street, Santa Ana,

25 California, 92701-4516, Defendants CITY OF SANTA ANA, a public entity, and

26 CHIEF PAUL M. WALTERS and JOSEPH W. FLETCHER, public employees,

27 hereby move the Court to dismiss plaintiffs' First Amended class action

28 Complaint for failure to state a claim upon which relief can be granted, pursuant

1    to Fed. R. Civ. Proc., Rule 12(b)(6).

2         The instant motion to dismiss is brought on the following grounds:

3         1.    Plaintiffs have failed to state facts sufficient to constitute a claim

4    against Defendants CITY OF SANTA ANA, a public entity, and CHIEF PAUL

5    M. WALTERS and JOSEPH W. FLETCHER, public employees.

6         A.    Plaintiffs' entire class action complaint is barred under the Full Faith

7              and Credit Act (28 U.S.C. § 1738), as well as the doctrine of

8              collateral estoppel, where plaintiffs attempt to impute federal

9              Constitutional liability (i.e., due process under 42 U.S.C. § 1983) and

10             state law liability (i.e., for takings and unjust enrichment) against the

11             CITY OF SANTA ANA, CHIEF PAUL M. WALTERS, and

12             JOSEPH W. FLETCHER by re-litigating issues of law that have

13             already been litigated and decided in a court of law against these

14             same defendants.   See e.g., <u>People v. Fischetti</u>, 170 Cal.App.4th

15             Supp. 1, 3 (2008), and <u>People v. Park</u>, 187 Cal.App.4th Supp 9, 11,

16             15 (2010).   To the extent plaintiff has affirmatively pleaded the

17             existence and application of the aforementioned decisional precedent

18             at Paragraphs 46 and 48 of the First Amended Complaint, plaintiffs'

19             entire lawsuit is jurisdictionally barred on its face.

20        B.    Plaintiffs' first claim for violation of 42 U.S.C. § 1983 based upon

21             purported violations of the Fifth and Fourteenth Amendments is

22             barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

23        C.    Plaintiffs' first claim for relief, for violation of 42 U.S.C § 1983 (5th

24             and 14th Amendments), fails to state facts upon which relief can be

25             granted, as against Defendants CITY OF SANTA ANA, CHIEF

26             PAUL M. WALTERS, and JOSEPH W. FLETCHER.

27   ///

28   ///

D.   Plaintiffs' second claim for relief for violation of article I, § 19(a) of the California Constitution (takings clause) fails to state facts upon which relief can be granted, as against Defendants CITY OF SANTA ANA, CHIEF PAUL M. WALTERS, and JOSEPH W. FLETCHER.

E.   Plaintiffs' third claim for relief, for unjust enrichment as a result of violation of <u>Vehicle Code</u> § 21455.5(b), fails to state facts upon which relief can be granted, as against Defendants CITY OF SANTA ANA, CHIEF PAUL M. WALTERS, and JOSEPH W. FLETCHER. Specifically, under <u>Melchior v. New Line Productions, Inc.</u>, 106 Cal.App.4th 779, 793 (2003), unjust enrichment is not deemed a "cause of action" under California law.

This motion is made and based on this notice of motion, the memorandum of points and authorities attached hereto, the pleadings and records on file with this Court, and on such oral and documentary evidence as may be presented at the hearing of this Motion.

This motion is made following a meet and confer among counsel pursuant to U.S. District Court, Central District Local Rule 7-3, which took place on October 14, 2010.

DATED:  October 21, 2010                    CARPENTER, ROTHANS & DUMONT


                                        By:   _____/s/_____
                                              STEVEN J. ROTHANS
                                              JUSTIN READE SARNO
                                              Attorneys for Defendants,
                                              CITY OF SANTA ANA, a public entity,
                                              CHIEF PAUL M. WALTERS, and JOSEPH
                                              W. FLETCHER, public employees

MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

# <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES   .........................1

I.    INTRODUCTION   ...........................................................1

II.   STATEMENT OF FACTS   ...............................................2

      1.    Background   ...........................................................2

      2.    Prior State Court Decisions   ...................................5

      3.    Plaintiffs PLUMLEIGH and HAZARD   ...................6

III.  STATEMENT OF LAW   ...................................................8

      A.    This Motion To Dismiss Is Proper, Where The Plaintiff Has
            Failed To State Facts Sufficient To Constitute Any Claim
            For Relief   ...........................................................8

      B.    Pursuant To The Doctrine Of Collateral Estoppel And The Full
            Faith And Credit Act, The Decisions In *People v. Fischetti*
            And *People v. Park* Bar The Re-Litigation Of Whether The
            City Of Santa Ana "Exceeded Its Jurisdiction" For
            Purposes Of Plaintiff's 42 U.S.C. § 1983 Claim   ...............10

      C.    Plaintiffs' First Claim For Violation Of 42 U.S.C. § 1983
            Based Upon Purported Violations Of The Fifth And
            Fourteenth Amendments Is Barred, Under
            *Heck v. Humphrey*   .............................................14

      D.    Plaintiffs' First Claim For Relief, For Violation Of 42 U.S.C
            § 1983 (5th And 14th Amendments) Fails To State Facts
            Upon Which Relief Can Be Granted ...............................17

      E.    Plaintiffs' Second Claim For Relief For Violation Of Article I,
            § 19(a) Of The California Constitution (Takings Clause)
            Fails To State Facts Upon Which Relief Can Be Granted   .........22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

F.      Plaintiffs' Third Claim For Relief, For Unjust Enrichment
        As A Result Of Violation Of California *Vehicle Code* §
        21455.5(b) Fails To State Facts Upon Which Relief Can
        Be Granted   ……………………………………………24

III.    CONCLUSION   ………………………………………………25

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3
<u>Allen v. McCurry</u>, 449 U.S. 90, 104 (1980)..........................................11, 12, 13

4

<u>Americana Fabrics, Inc. v. L & L Textiles, Inc.</u>,
5        754 F.2d 1524 (9th Cir. 1985) ........................................................................12

6
<u>AmeriSource Corp. v. United States</u>, 525 F.3d 1149 (Fed.Cir. 2008) ...............23

7

8
<u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) ...........................................................8

9
<u>Baker v. Burbank-Glendale-Pasadena Airport Authority</u>,
10        39 Cal.3d 862 (1985) ......................................................................................23

11
<u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696 (9th Cir. 1988) .......................8

12
<u>Bennis v. Michigan</u>, 516 U.S. 442 (1996)...........................................................23

13

14
<u>Birkenfeld v. City of Berkeley</u>, 17 Cal.3d 129 (1976)........................................23

15
<u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997)..............................................13

16
<u>Caldeira v. County of Kauai</u>, 866 F.2d 1175 (9th Cir. 1989)..............................12

17

18
<u>Clements v. Airport Authority of Washoe County</u>,
19        69 F.3d 321 (9th Cir. 1995)............................................................................19

20
<u>Cunningham v. Gates</u>, 312 F.3d 1148 (9th Cir. 2003) ........................................15

21
<u>Deligiannis v. City of Anaheim</u>, 2010 WL 1444538 (C.D. Cal. 2002)..............24

22

23
<u>Dowling v. U.S.</u>, 493 U.S. 342 (1990) ................................................................19

24
<u>Dowling v. U.S.</u>, 493 U.S. 342 (1990) ................................................................20

25
<u>Edwards v. Balisok</u>, 520 U.S. 641 (1997) ..........................................................13

26
<u>Fund for Animals v. Lujan</u>, 962 F.2d 1391 (9th Cir. 1992) .........................11, 13

27
<u>Gonzales v State of California</u>, 68 Cal.App.3d 621 (1977) ...............................17

28

-iii-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Greater Los Angeles Council on Deafness, Inc. v. Baldrige,
   827 F.2d 1353 (9th Cir. 1987) .................................................................11, 14

Heck v. Humphrey, 512 U.S. 477 (1994)...........................................1, 14, 15, 16

In re Dennis B., 18 Cal.3d 687, 695 (1976) ..............................................16

Johnson v. Dep't of Motor Vehicles, 177 Cal.App.2d 440 (1960) .............16, 22

Kremer v. Chemical Constr. Corp., 456 U.S. 461 (1982) ..................................12

Lauriedale Associates, Ltd. v. Wilson (1992) 7 Cal.App.4th 1439 ..................25

Levine v. City of Alameda, 525 F.3d 903 (9th Cir. 2008) ...............................19

Lucas v. Dept. of Corrections, 66 F.3d 245 (9th Cir. 1995)...............................8

Mathews v. Eldridge, 424 U.S. 319 (1976).......................................................19

McBride v. Boughton, 123 Cal.App.4th 379 (2004) .........................................24

Melchior v. New Line Productions, Inc. (2003) 106 Cal.App.4th 779.............25

Migra v. Warren City School Dist. Bd. of Education, 465 U.S. 75 (1984) .......12

Montana v. United States, 440 U.S. 147 (1979)...............................................12

Mooney v. Holohan, 294 U.S. 103 (1935) .......................................................20

Neveu v. City of Fresno, 392 F.Supp.2d 1159 (E.D. Cal. 2005). .......................8

Palomar Mobilehome Park Ass'n v. San Marcos,
   989 F.2d 362 (9th Cir. 1993)..................................................................12

Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979).......................................12

Parratt v. Taylor, 451 U.S. 527 (1991) ............................................................18

Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518 (1986) ....................12

-iv-

TABLE OF CONTENTS & AUTHORITIES

<u>Peck v. Commissioner</u>, 904 F.2d 5257 (9th Cir. 1990)................................11, 13

<u>People v. Carlucci</u>, 23 Cal.3d 249 (1979) ........................................................20

<u>People v. Fischetti</u>, 170 Cal.App.4th Supp. 1 (2008)...........................1, 5, 10, 14

<u>People v. Lucas</u>, 82 Cal.App.3d 47 (1978)........................................................16

<u>People v. Park</u>, 187 Cal.App.4th Supp 9 (2010) ......................................1, 10, 14

<u>Rochin v. California</u>, 342 U.S. 165 (1952)........................................................19

<u>San Remo Hotel v. City and County of San Francisco</u>,
    27 Cal.4th 643 (2002) ...................................................................................23

<u>Searcy v. Hemet Unified School District</u>, 177 Cal.App.3d 792 (1986)...............9

<u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996)........................................15

<u>Southeast Resource Recovery Facility Authority v. Montenay Intern. Corp.</u>,
    973 F.2d 711 (9th Cir. 1992)..........................................................................12

<u>Susman v. City of Los Angeles</u>, 269 Cal.App.2d 803 (1969)...............................9

<u>Thomas v. Department of Motor Vehicles</u>, 3 Cal.3d 335 (1970)........................17

<u>Tolan v. State of California</u>, 100 Cal.App.3d 9807 (1979), ................................9

<u>Varjabedian v. City of Madera</u>, 20 Cal.3d 285 (1977)......................................23

<u>Weisbuch v. County of Los Angeles</u>, 119 F.3d 778 (9th Cir. 1997)....................8

<u>West v. Atkins</u>, 487 U.S. 42 (1988) .................................................................18

**Statutes**

28 U.S.C. § 1738.........................................................................................1, 12

42 U.S.C. § 1983.........................................................................................1, 18

C<small>AL</small>. G<small>OVT</small>. C<small>ODE</small> § 815(a)..............................................................................8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CAL. PENAL CODE § 19.6 ............................................................................................ 15

CAL. PENAL CODE § 1042.5 ........................................................................................ 20

CAL. PENAL CODE § 1466(2)(A) ................................................................................ 20

CAL. PENAL CODE § 148(a)(1) .................................................................................... 15

CAL. VEH. CODE § 40000.1 ........................................................................................ 15

CAL. VEH. CODE § 40500 ............................................................................................ 16

CAL. VEH. CODE § 40510 ............................................................................................ 16

CAL. VEH. CODE § 40510.5 ......................................................................................... 16

CAL. VEH. CODE § 40518 ............................................................................................ 16

CAL. VEH. CODE § 40519 ............................................................................................ 16

CAL. VEH. CODE § 40521 ............................................................................................ 22

CAL. VEH. CODE § 21455.5(b) ............................................................................. passim

CAL. VEH. CODE § 40512 ............................................................................................ 22

FED. R. CIV. P. 12 ............................................................................................... 2, 8, 24

U.S. CONST., amend. V ................................................................................................ 18

TABLE OF CONTENTS & AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This class action First Amended Complaint arises out of allegations that plaintiffs (*along with other "similarly situated" members of the constituted "class"*) were issued "non-warning traffic tickets after Defendants' automated traffic cameras photographed those persons' license plates, and who paid such tickets," prior to November 25, 2009.  This allegation centers, squarely, upon the allegation that Defendants CITY OF SANTA ANA, CHIEF PAUL M. WALTERS, and JOSEPH W. FLETCHER, along with Defendant REDFLEX TRAFFIC SYSTEMS, INC. (hereinafter "REDFLEX") have violated the provisions of Vehicle Code § 21455.5(b).

Plaintiffs have asserted three claims against the CITY OF SANTA ANA, CHIEF PAUL M. WALTERS and JOSEPH W. FLETCHER, including: (1) violation of 42 U.S.C. § 1983 (Civil Rights Act of 1871); (2) violation of article I, section 19(a) of the California Constitution (Inverse Condemnation); (3) Unjust Enrichment – for violation of California Vehicle Code, section 21455.5(b) (Traffic Camera Warning Notice).

As set forth in the present motion to dismiss, each of these claims must fail, as the allegations contained within the four corners of the operative First Amended class action Complaint are barred under the doctrine of collateral estoppel, are barred under the Full Faith and Credit Act (28 U.S.C. § 1738), and are barred under Heck v. Humphrey, 512 U.S. 477 (1994).  These same issues have already been litigated and decided against these exact defendants in two previous cases that are cited by plaintiffs at Paragraphs 46 and 48 of the First Amended Complaint.  See e.g., People v. Fischetti, 170 Cal.App.4th Supp. 1, 3 (2008), and People v. Park, 187 Cal.App.4th Supp 9, 11, 15 (2010).  Based upon applicable law in the Ninth Circuit, it is evident that plaintiffs' entire First

Amended class action complaint is procedurally barred, and therefore must be dismissed, without leave to amend.

Further, from a substantive standpoint, there are simply no competent facts alleged to state liability against the individual defendants, CHIEF PAUL M. WALTERS ("WALTERS") and THOMAS W. FLETCHER ("FLETCHER"). Hence, the present motion to dismiss is authorized pursuant to FRCP 12(b)(6).

## II.   STATEMENT OF FACTS

In the First Amended class action Complaint, plaintiffs allege that, as early as 2002, Defendant CITY OF SANTA ANA, a public entity, decided to install automated traffic cameras at intersections throughout the city.[1]   [First Am. Compl., ¶ 26].  Rather than installing and operating the automated traffic cameras by itself, Defendant CITY OF SANTA ANA entered into an agreement with a private contractor, Defendant REDFLEX, who specializes in the design, installation, and operation of municipal automated traffic enforcement systems. Id. at ¶ 27.

### 1.    Background

Plaintiff alleges that Defendant CITY OF SANTA ANA and REDFLEX entered into an agreement on December 2, 2002 for a five (5) year period, and that the period was extended in February 2008.  Id. at ¶ 28.  Plaintiff further alleges that, at Section 3, of the operative agreement, REDFLEX was to install twenty (20) automated cameras at intersections throughout the city by August 1, 2003. Id. at ¶ 29.  According to the quoted provisions of the agreement, at Section 5, it provides as follows:

> "a. All Violations Data shall be stored on the Redflex System…
>
> c.  The Redflex System shall be accessible by Authorized Officers

---

[1] The following facts are taken from the allegations set forth in the First Amended Complaint, at Paragraphs 24-54.

1    through a virtual private network in encrypted format by use of a

2    confidential password on any computer…

3    e.  The City with reasonable best effort shall cause an Authorized

4    Officer to review the Violations Data daily… and to determine

5    whether a citation shall be issued."  Id. at ¶ 30.

6    According to the allegations contained in the First Amended Complaint,

7    section "5.g." of the operative agreement provides that "[REDFLEX TRAFFIC

8    SYSTEMS, INC.] shall provide a toll free number for the purposes of answering

9    inquiries from cited violators, responding to complaints and scheduling

10   appointments during which recipients of Citations may view the applicable

11   Violations Data."  Id. at ¶ 33.

12   Further, according to section "6.a." of the agreement, the REDFLEX

13   defendants "shall provide training for up to fifteen (15) personnel of the City,

14   including but not limited to Authorized Officers… with respect to the Redflex

15   System and its operations, strategies for presenting Violations Data in court and

16   judicial proceedings and a review of the Enforcement Documentation."  Id. at ¶

17   34.

18   Lastly, according to section "2.z." of the agreement, the term "warning

19   period" is defined as "the period of thirty (30) days after the Installation Date of

20   the first intersection approach."  Section "2.j." thereby defines "installation date"

21   as "the date on which the City issues Final Acceptance for at least one intersection

22   approach."  Id. at ¶ 37.

23   According to the First Amended Complaint, this agreement was signed by

24   Defendant CITY OF SANTA ANA and REDFLEX and was approved by

25   Defendant JOSEPH W. FLETCHER and recommended for approval by

26   Defendant PAUL M. WALTERS.  Id. at ¶ 38.

27   The first automated traffic camera was allegedly installed in May 2003 at

28   the intersection of Harbor Boulevard and McFadden Avenue.  Id. at ¶ 39.

-3-

1   Beginning on May 18, 2003, a thirty (30) day warning notice period went into

2   effect for an automated traffic camera at the intersection of Harbor and

3   McFadden.  Id. at ¶ 40.  Further, plaintiff claims that "according to Defendants,

4   the initial thirty (30) day warning notice period that went into effect at the

5   intersection of Harbor and McFadden on May 18, 2003 also constituted a warning

6   period for any intersection at which Defendants subsequently installed automated

7   traffic cameras."  Id. at ¶ 41.

8        According to the allegations in the First Amended Complaint, at a May

9   2003 press conference at the intersection of Harbor and McFadden, Santa Ana

10  Police Chief WALTERS *purportedly* stated that "[t]hey'll [sic] be a one month

11  period and the subsequent ones, if they're within that one month period, they'll

12  [sic] be a warning.  If not, if they're after the first month of warning, then they'll

13  be issued citations unless we decide otherwise.  Administratively we could, but

14  technically by the law after the first month warning then any that we install we

15  can issue citations right from the start [sic]."  (*citing People v. Murray,* Superior

16  Court   of   the   State   of   California   County   of   Orange   (2009),

17  http://www.thenewspaper.com/rlc/docs/2009/ca-santana.pdf).  Id. at ¶ 42.

18       Further, plaintiffs allege that during the same May 2003 press conference at

19  the intersection of Harbor and McFadden, Defendant WALTERS engaged in the

20  following exchange:

21            "[Defendant PAUL M. WALTERS]: 'The other thing you have to

22            remember is, these are not permanent; these can be moved.  If we

23            determine that this is no longer a high accident location, in a year

24            or two we'll move it to another site.  But we have 20 systems that

25            we can move to wherever the need is in the city; the whole idea

26            again is to change the way people behave.'

27            QUESTION: 'So basically, the key here that's different is that you

28            have a floating red light camera program?'

-4-

1    [Defendant PAUL M. WALTERS]: 'Yes very much so.'" <u>Id.</u> at ¶

2    43.

3        Thereafter, plaintiffs allege (based upon information and belief) that

4    "approximately twenty (20) automated traffic cameras were installed at as many

5    as sixteen (16) intersections in the City of Santa Ana by the end of 2007." <u>Id.</u> at ¶

6    44.  Further, plaintiffs allege that "Defendants' automated traffic cameras issued

7    hundreds and possibly thousands of citations each month.  For instance, during

8    2009, Defendants' automated traffic cameras issued approximately a thousand

9    five hundred (1,500) citations each month." <u>Id.</u> at ¶ 45.

10    **2.    Prior State Court Decisions**

11        At Paragraph 46 of the First Amended Complaint, plaintiffs allege that on

12    December 18, 2008, the Appellate Division of the Superior Court of California,

13    Orange County, held that Defendant CITY OF SANTA ANA "exceeded its

14    jurisdiction by commencing the prosecution of appellant without having complied

15    with the warning requirements" of <u>Vehicle Code</u> § 21455.5(b).  <u>See e.g.</u>, <u>People v.</u>

16    <u>Fischetti</u>, 170 Cal.App.4th Supp. 1, 3 (2008).  According to plaintiffs, the Court

17    held that "[b]ecause section 21455.5(a) provides that 'the intersection' may be

18    equipped with an automated enforcement system, the term 'automated traffic

19    enforcement system' in section 21455.5(b), cannot refer to a municipality's

20    overall automated enforcement plan, but must instead refer to each individual

21    automated system operated at an intersection within the municipal jurisdiction."

22    <u>Id.</u> at ¶ 46.

23        Plaintiffs further allege that on November 25, 2009 (*i.e.,* over allegedly "six

24    (6) years after installing its first automated traffic camera), Defendant CITY OF

25    SANTA ANA finally instituted warning notice periods for about sixteen (16)

26    intersections with previously installed automated traffic cameras throughout the

27    City of Santa Ana.  According to plaintiffs, the warning notice periods last until

28    December 28, 2009.  <u>Id.</u> at ¶ 47.

On July 23, 2010, plaintiffs allege that the Appellate Division of the Superior Court of California, Orange County, again held that Defendant CITY OF SANTA ANA "failed to comply" with the warning notice requirements of Vehicle Code § 21455.5(b) by instituting a single, blanket warning notice period after installing the first automated traffic camera at Harbor and McFadden in May 2003 (*citing* People v. Park, 187 Cal.App.4th Supp. 9, 11, 15 (2010)).  To apparently "bolster" its allegations in this federal civil suit, plaintiffs go so far as to even quote language from the decision, to wit:

> "It would make little sense for the scope of the 30-day warning period to be limited temporally and to be defined arbitrarily by the geographic size of the local jurisdiction, inasmuch as the legislatively stated purpose of the warning requirement is to deter red light violations.  This purpose is best achieved by the issuance of new warnings and announcements to proximate users each time automated enforcement equipment commences operation at an intersection."  Id. at ¶ 48.

As a result of the aforementioned, plaintiffs thereupon allege that "prior to November 25, 2009, Defendants installed automated traffic cameras at intersections in Santa Ana and used those cameras to issue non-warning traffic citations to Plaintiffs and class members without first issuing warnings for the thirty (30) day period required by California Vehicle Code, section 21455.5(b)." Id. at ¶ 49.

### 3.   Plaintiffs PLUMLEIGH and HAZARD

Plaintiffs allege that, prior to November 25, 2009, the REDFLEX Defendants collected monthly fees from Defendant CITY OF SANTA ANA in return for operating Defendant CITY OF SANTA ANA's automated traffic cameras.  Id. at ¶ 52.

///

1    Defendants allegedly issued Plaintiff PLUMLEIGH a non-warning,
2  automated traffic camera citation in February or March 2008 regarding a right turn
3  allegedly made during a red light.  As a result of "Defendants' conduct," Plaintiff
4  was "forced and required to pay a fine and pay for a traffic safety course in order
5  to obtain a dismissal."  Id. at ¶ 53.  Specifically, on March 17, 2008, he was
6  "forced and required to pay a fine of four hundred twenty-three dollars ($423) and
7  received a receipt, Receipt Number 6334360, from the Superior Court of
8  California, County of Orange." Id.  Further, he was "forced and required to pay a
9  fee of fifty seven dollars ($57) for a required traffic safety course.  Thereafter,
10  plaintiffs allege that the allegations regarding PLUMLEIGH's automated traffic
11  camera citation were dismissed. Id.

12    Lastly, Defendants allegedly issued Plaintiff HAZARD a non-warning,
13  automatic traffic camera citation on December 17, 2008, regarding an alleged
14  failure to stop at a limit line or cross-walk.  As a result of "Defendants' conduct,"
15  plaintiff HAZARD alleges that he was forced and required to pay a fine and attend
16  a traffic safety course, for a total of over four hundred dollars ($400).   The
17  allegations regarding Plaintiff HAZARD's automated traffic camera citation were
18  dismissed. Id. at ¶ 54.

19    Plaintiffs PLUMLEIGH and HAZARD purportedly constitute the
20  representative "class members" of a subsection of the population who claim to be
21  "aggrieved" and disenfranchised by the unconstitutional actions alleged against
22  the defendants in this civil action.  For the reasons that follow, the entire First
23  Amended class action Complaint fails on its face and must be dismissed without
24  leave to amend.

25  ///
26  ///
27  ///
28  ///

-7-

## III.   STATEMENT OF LAW

### A.   The Plaintiffs Have Failed To State Facts Sufficient To Constitute Any Claim For Relief.

FRCP, Rule 12(b)(6) authorizes a motion to dismiss a claim, or claims, where a Complaint fails to state facts sufficient to support a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  Further, a motion to dismiss under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988); Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 (9th Cir. 1997).  If a claim for relief cannot be cured by amendment, it should be dismissed without affording the plaintiffs leave to amend.  Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the U.S. Supreme Court held that to overcome a motion to dismiss, a claim must allege "sufficient factual matter, accepted as true, to 'state a claim plausible on its face.'"  Id. at 1949.  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1940.

Furthermore, even when an action is pending in federal court, the California Tort Claims Act governs state tort claims against public entities and their employees.  See Neveu v. City of Fresno, 392 F.Supp.2d 1159, 1173 (E.D. Cal. 2005).  The Tort Claims Act was enacted to reduce uncertainty in the law by making all public entity liability dependent on statute.  To that end, Government Code § 815(a) explicitly provides: "**Except as otherwise provided by statute:** (a) **A public entity is not liable** for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  CAL. GOVT. CODE § 815(a) [Emphasis added].

1    The Legislative Committee Comment to § 815 reflects the intent of the
2  Legislature to abolish all forms of common law liability against public entities.
3  The Comment states, in relevant part, that "this section abolishes all common law
4  or judicially declared forms of liability for public entities, except for such liability
5  as may be required by the state or federal constitution, *e.g.,* inverse condemnation.
6  In the absence of constitutional requirement, public entities may be held liable
7  **only if a statute (not including a charter provision, ordinance or regulation) is**
8  **found declaring them to be liable."** [Emphasis added].

9    Furthermore, in an action against a public entity, a plaintiff may not
10  substantiate his Complaint with general allegations.  Instead, the plaintiff is held
11  to a higher standard, which requires that all statutory causes of action be pled with
12  particularity and based upon ultimate facts.  This requirement was reiterated in
13  Susman v. City of Los Angeles, 269 Cal.App.2d 803 (1969), wherein the court
14  stated that, "[i]n view of the fact that tort causes of action against public entities
15  are not based on statute, the general rule that statutory causes of action must be
16  pled with particularity is applicable.  **Every fact essential to the existence of**
17  **statutory liability must be pleaded**." Id. at 809.  [Emphasis added].

18    To that end, a statement of intent to abolish all common law liability against
19  public entities was reiterated by the court in Tolan v. State of California, 100
20  Cal.App.3d 980, 161 Cal.Rptr. 307 (1979), where the court declared: "[c]ommon
21  law principles of negligence... are not controlling herein.  Insofar as tort liability is
22  concerned, the Legislature has provided that a public entity's duty of care is only
23  that specifically provided by statute." Id. at 986.

24    Additionally, the court in Searcy v. Hemet Unified School District, 177
25  Cal.App.3d 792, 802 (1986), reiterated the requirement that a statutory basis for
26  liability must not only be identified, but also be pled with specificity.  The Searcy
27  court clarified:

28

-9-

PROOF OF SERVICE

"**[T]o state a cause of action, every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty.** Duty cannot simply be alleged by stating 'defendant had a duty under the law'; that is a conclusion of law, not an allegation of fact. The facts showing the existence of the claimed duty must be alleged. **Since the duty of a government agency can only be created under statute or 'enactment,' the statute or enactment claimed to establish the duty must at the very least be identified**." Id. at 802. [Emphasis added].

Therefore, in light of Ashcroft, Twombly, and those cases (such as Searcy, supra) under the Tort Claims Act which set forth the rule of particularity relative to pleading state claims against a public entity defendant, it is quite apparent that plaintiffs have failed to provide sufficient allegations to state a claim for relief against these moving defendants within the four corners of the First Amended Complaint.

**B.     Pursuant To The Doctrine Of Collateral Estoppel And The Full Faith And Credit Act (28 U.S.C. § 1738), The Decisions In *People v. Fischetti* And *People v. Park* Bar The Re-Litigation Of Whether The City Of Santa Ana "Exceeded Its Jurisdiction" For Purposes Of Plaintiff's 42 U.S.C. § 1983 Claim.**

In their First Amended Complaint, plaintiffs have set forth affirmative allegations concerning the existence of two (2) California state decisions which purportedly stand for the proposition that Defendant CITY OF SANTA ANA "exceeded its jurisdiction" by failing to comply "with the warning requirements" set forth under Vehicle Code § 21455.5(b).  Specifically, at Paragraphs 46 and 48 respectively, plaintiffs cite to the decisions in People v. Fischetti, 170 Cal.App.4th Supp. 1, 3 (2008), and People v. Park, 187 Cal.App.4th Supp 9, 11, 15 (2010).

From this premise, plaintiffs contend that the existence and/or affirmative application of this precedent – as alleged, cited, and relied upon in the First Amended Complaint – buttresses their foundational allegation in this civil lawsuit, to wit, that "defendants installed automated traffic cameras at intersections in the City of Santa Ana and used those cameras to issue non-warning traffic citations to plaintiffs and class members without first issuing warnings for the thirty (30) day period required by Section 21455.5(b)."   [First Am. Compl., ¶ 49].   As such, plaintiffs assert that Defendants CITY OF SANTA ANA, CHIEF PAUL W. WALTERS, and JOSEPH W. FLETCHER are liable for the violation of plaintiffs' civil rights under 42 U.S.C. § 1983.

However, these allegations are fatally self-defeating.   Based upon the allegations contained within the four corners of the First Amended Complaint, the present motion to dismiss must be granted without leave to amend, as plaintiffs claims are barred under the doctrine of collateral estoppel.

Specifically, under the doctrine of collateral estoppel, or issue preclusion, a prior "decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case."   Allen v. McCurry, 449 U.S. 90, 94 (1980).  The Ninth Circuit has expressly recognized collateral estoppel.  See Fund for Animals v. Lujan, 962 F.2d 1391, 1399 (9th Cir. 1992) ("The doctrine of collateral estoppel bars the re-litigation of issues that were resolved in a prior proceeding, **even if the later suit involved a different cause of action."**); Peck v. Commissioner, 904 F.2d 525, 527 (9th Cir. 1990) (an issue actually litigated and necessarily determined is conclusive in subsequent suits based on different cause of action involving a party or privy to the prior litigation); Greater Los Angeles Council on Deafness, Inc. v. Baldrige, 827 F.2d 1353, 1360 (9th Cir. 1987) ("Issue preclusion bars the re-litigation of all issues that were litigated in a prior proceeding, **even if the second proceeding is an action on a claim different from that asserted in the first action."**).  The doctrine of collateral

-11-

1    estoppel serves the dual purpose of preventing re-litigation of identical issues and

2    promoting judicial economy by avoiding superfluous litigation.  <u>Parklane Hosiery</u>

3    <u>Co. v. Shore</u>, 439 U.S. 322, 326 (1979).  [Emphasis added].

4        The Full Faith and Credit Act, as set forth in 28 U.S.C. § 1738, provides:

5        "…**Such Acts, records and judicial proceedings or copies**

6        **thereof, so authenticated, shall have the same full faith and**

7        **credit in every court within the United States and its**

8        **Territories and Possessions as they have by law or usage in the**

9        **courts of such State, Territory or Possession from which they**

10       **are taken**."  [Emphasis added].

11       As the U.S. Supreme Court observed in <u>Migra v. Warren City School Dist.</u>

12    <u>Bd. of Education</u>, 465 U.S. 75 (1984):

13        "It is now settled that a federal court must give to a state-court

14        judgment the same preclusive effect as would be given that

15        judgment under the law of the State in which the judgment was

16        rendered."  <u>Id.</u> at 81; <u>see also</u> <u>Montana v. United States,</u> 440 U.S.

17        147, 153 (1979) (prior state court judgment precludes subsequent

18        suit on same claim).

19    <u>See</u> <u>also</u> <u>Palomar Mobilehome Park Ass'n v. San Marcos</u>, 989 F.2d 362, (9th Cir.

20    1993); <u>Parsons Steel, Inc. v. First Alabama Bank</u>, 474 U.S. 518, 523 (1986); <u>See</u>

21    <u>also</u> <u>Kremer v. Chemical Constr. Corp.</u>, 456 U.S. 461, 466 (1982); <u>Allen v.</u>

22    <u>McCurry</u>, 449 U.S. 90, 96 (1980); <u>Southeast Resource Recovery Facility Authority</u>

23    <u>v. Montenay Intern. Corp.</u>, 973 F.2d 711, 714 (9th Cir. 1992); <u>Americana Fabrics,</u>

24    <u>Inc. v. L & L Textiles, Inc.,</u> 754 F.2d 1524, (9th Cir. 1985); <u>Caldeira v. County of</u>

25    <u>Kauai</u>, 866 F.2d 1175 (9th Cir. 1989).

26       In <u>Migra</u>, the U.S. Supreme Court held that 28 U.S.C. § 1738 gives a state

27    court judgment preclusive effect in a federal court civil rights action under 42

28

1  U.S.C. § 1983, *even though the federal issue was not raised in the state court*
2  *proceeding.*  For example, the <u>Migra</u> court held:

3       "**Section 1983…does not override state preclusion law and**
4       **guarantee petitioner a right to proceed to judgment in state**
5       **court on her state claims and then turn to federal court for**
6       **adjudication of her federal claim.**" [Emphasis added] <u>Id.</u> at 85.

7  <u>See</u> <u>also</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 649, (1997); <u>Butterfield v. Bail</u>, 120
8  F.3d 1023, 1025 (9th Cir. 1997).

9       Additionally, 28 U.S.C. § 1738 applies whether the state court judgment is
10  civil or criminal, and whether it construes state or federal law. <u>Allen v. McCurry</u>,
11  449 U.S. 90, 104 (1980) (same application of rule whether civil or criminal,
12  federal or state proceeding).

13       In the present case, plaintiffs cannot overcome this preclusive bar.  By
14  virtue of the allegations contained in the First Amended class action Complaint,
15  plaintiffs wish to re-litigate the issue of the propriety of issuance of non-warning
16  tickets relative to installed REDFLEX red light cameras in the City of Santa Ana,
17  even though this issue has already been litigated and decided adversely (at least on
18  two affirmatively identified occasions) against *the same parties* in the context of
19  state criminal proceedings – *i.e.,* specifically against Defendant CITY OF SANTA
20  ANA, as well as its agents and employees (*i.e.,* CHIEF PAUL W. WALTERS and
21  JOSEPH W. FLETCHER).  Further, in keeping with the precedent cited *supra,* the
22  fact that plaintiffs raise specific Constitutional challenges under 42 U.S.C. § 1983,
23  the due process clause of the federal Constitution, and/or the takings clause of the
24  California Constitution (article I, section 19(a)), or under the rubric of a non-
25  actionable theory of "unjust enrichment" is **irrelevant** to the application of
26  collateral estoppel under the circumstances.

27       Specifically, as demonstrated *supra* by the decisions in <u>Fund for Animals</u>,
28  962 F.2d at 1399, <u>Peck</u>, 904 F.2d at 527, and <u>Greater Los Angeles Council on</u>

-13-

Deafness, Inc., 827 F.2d at 1360, the fact that the present federal lawsuit encompasses different theories than the ones litigated in People v. Fischetti, 170 Cal.App.4th Supp. 1, 3 (2008), and People v. Park, 187 Cal.App.4th Supp 9, 11, 15 (2010) is irrelevant to the application of collateral estoppel.  This is especially true in light of the fact that the prior decisions, cited by plaintiffs, involve the same party (the CITY OF SANTA ANA) and encompass the same question of law pertaining to the propriety of jurisdictional "compliance" with Vehicle Code § 21455.5.

Hence, pursuant to the Full Faith and Credit Act, and the doctrine of collateral estoppel, this Court is authorized to grant the present motion to dismiss, with prejudice, and dismiss this lawsuit in its entirety.

**C.**   **Plaintiffs' First Claim For Violation Of 42 U.S.C. § 1983 Based Upon Purported Violations Of The Fifth And Fourteenth Amendments Is Barred,  Under *Heck v. Humphrey*.**

The procedural bar in this case is not confined to application of collateral estoppel and the Full Faith and Credit Act.  Specifically, this civil suit is barred under the decision in Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny.

Specifically, in Heck, *supra,* the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . .  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not* cognizable under section 1983. Thus, when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily

-14-

imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . . ."  Heck, 512 U.S. at 486-87.

Following Heck, the Ninth Circuit has held that "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed."  Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).  As the Supreme Court explained, the relevant question is whether success in a subsequent section 1983 suit would "necessarily imply" or "demonstrate" the invalidity of the earlier conviction or sentence under Penal Code § 148(a)(1).  Heck, 512 U.S. at 487; see also Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2003) (as amended) (Heck bars suits "based on theories that 'necessarily imply the invalidity of [the plaintiff's] convictions or sentences.'") (quoting Heck, 512 U.S. at 487).

Based upon the allegations contained in the First Amended Complaint, plaintiffs were subjected to citations and fines and are now asserting a due process Constitutional challenge to their individual convictions and collection of fines pursuant to Vehicle Code § 21455.5(b).  Specifically, plaintiffs allege that "Defendants CITY OF SANTA ANA, PAUL M. WALTERS and JOSEPH W. FLETCHER collected fines from non-warning automated traffic camera tickets issued prior to November 25, 2009."  [Compl., ¶ 21].

Because the present class action lawsuit would necessarily imply the invalidity of the plaintiffs' and individual class members' conviction for violation of Vehicle Code § 21455.5(b), the Heck bar applies in this case.  Furthermore, this bar is jugular in nature, and would serve to dismiss the entire First Amended Complaint without leave to amend.

By way of introduction, a citation issued by a red-light camera is deemed an "infraction" under California law.  CAL. VEH. CODE § 40000.1.  These infractions are the least severe form of criminal punishment.  CAL. PEN. CODE § 19.6.

1 **However, when guilt is determined, they are convictions nonetheless**.  See In
2 re Dennis B., 18 Cal.3d 687, 695 (1976); see also People v. Lucas, 82 Cal.App.3d
3 47, 54-55 (1978).

4         Under applicable precedent, and based upon the deficient allegations
5 contained in the Complaint, the inquiry then focuses on how guilt is determined in
6 a traffic case involving a red light camera.  When a red light camera is triggered,
7 the film is processed, and a notice to appear is issued.  CAL. VEH. CODE §§ 40518;
8 40500; see also California Judicial Council Form TR-115 (Notice to Appear).  In
9 response to the notice, a defendant, such as the proposed class representatives
10 here, can simply return the bail amount.  CAL. VEH. CODE §§ 40510, 40510.5.  If
11 that is all the defendant does, i.e., he fails to enter a not guilty plea at an
12 arraignment, he fails to enter a not guilty plea in writing, or file a request for trial
13 by written declaration, the bail is deemed forfeited.  See CAL. VEH. CODE §§
14 40519 (methods of pleading not guilty); 40512 (forfeiture of bail); 40521
15 (forfeiture of bail).

16         In fact, this is the very warning that appears on back of the California
17 Judicial Council notice to appear, which provides that if you do not contest the
18 violation, you can pay the bail amount which will be "forfeited to the court.  You
19 will not appear in court.  **You will be convicted of the violation**, and it will
20 appear on your record at the Department of Motor Vehicles (DMV)."  See e.g.,
21 California Judicial Council Form TR-115.  [Emphasis added].  To that end, "[i]t
22 must be held that the posting of bail upon a traffic ticket and the forfeiture of such
23 bail may properly be considered as an admission of guilt."  Johnson v. Dep't of
24 Motor Vehicles, 177 Cal.App.2d 440, 445 (1960).

25         With the admission of guilt and criminal conviction, Heck v. Humprey is
26 triggered.  512 U.S. 477 (1994).  There, the United States Supreme Court found
27 that the legal maxim providing that civil tort actions are not appropriate vehicles
28 for challenging the validity of outstanding criminal judgments applies to section

1   1983 damages actions which necessarily requires the plaintiff to prove the

2   unlawfulness of his conviction.  Id. at 484-85.  Here, that is exactly what the class

3   representatives want the Court to do.  While the First Amended Complaint notes

4   that they paid the bail amount, thereby implicitly suffering criminal convictions, it

5   nowhere pleads facts showing that those convictions have been in anyway

6   expunged.  Hence, the current section 1983 due process suit necessarily "implies

7   the invalidity" of the aggregate underlying convictions.

8        In fact, California courts have long embraced the Heck principle in this very

9   context, by holding that a criminal defendant may not bring a civil action to obtain

10  a refund of a fine unless the defendant can first show that his or her conviction has

11  been vacated or set aside by the relevant court of jurisdiction.  See Thomas v.

12  Department of Motor Vehicles, 3 Cal.3d 335, 338 (1970); see also Gonzales v

13  State of California, 68 Cal.App.3d 621, 633-634 (1977).

14       Ultimately, plaintiffs have failed to allege sufficient facts in the instant

15  complaint.  Specifically, the plaintiffs have not shown that their convictions were

16  vacated and set aside by the court in which the prior conviction was obtained and

17  the fine imposed.  Since the only issue in those cases would have been whether a

18  traffic violation occurred, the plaintiffs are seeking to re-litigate those issues in

19  this Court, a measure not allowed under our jurisprudence.  As such, the present

20  motion to dismiss is proper.

21       **D.    Plaintiffs' First Claim For Relief, For Violation Of 42 U.S.C §**

22            **1983 (5th And 14th Amendments) Fails To State Facts Upon**

23            **Which Relief Can Be Granted.**

24       Plaintiffs' first claim for relief under 42 U.S.C. § 1983 is predicated upon

25  violation of the Fifth and Fourteenth Amendments of the U.S. Constitution.  This

26  claim arises out of allegations that defendants violated the provisions of Vehicle

27  Code § 21455.5(b), without justification, cause, or excuse.

28       To establish a *prima facie* case under Section 1983, plaintiff must prove

-17-

PROOF OF SERVICE

1    two (2) essential elements.  First, the plaintiff must establish that "the conduct

2    complained of was committed by a person acting under color of state law."

3    Parratt v. Taylor, 451 U.S. 527, 535 (1991).  Second, it must be demonstrated that

4    "this conduct deprived a person of rights, privileges, or immunities secured under

5    the Constitution or laws of the United States."  Id.; see also West v. Atkins, 487

6    U.S. 42 (1988); see e.g., 42 U.S.C. § 1983.

7         Here, it is undisputed at this juncture that Defendants CHIEF PAUL W.

8    WALTERS and JOSEPH W. FLETCHER, were acting under "color of law" at the

9    time of the incident.  Thus, the issue is whether there are any facts contained

10   within the four corners of the class First Amended Complaint articulating that

11   these specific individual defendants, along with the CITY OF SANTA ANA, a

12   public entity, deprived the plaintiffs of their Constitutional rights.

13        Plaintiffs' first claim arises out of allegations that these moving defendants

14   committed a violation of the Fifth Amendment which provides that "[n]o person

15   shall be… deprived of life, liberty, or property, without due process of law; nor

16   shall private property be taken for public use, without just compensation."  U.S.

17   CONST., amend. V.   Specifically, plaintiffs allege that defendants "deprived"

18   PLUMLEIGH and HAZARD, and the constituent class members, of property

19   without due process of law by issuing "non-warning" automated traffic camera

20   tickets and collecting traffic fines for those tickets prior to instituting the thirty

21   (30) day warning notice period required under Vehicle Code § 21455.5(b).  [See

22   First Am. Compl., ¶ 49].  Further, the plaintiffs allege that HAZARD was required

23   to pay a fine and attend traffic school, for a total of over four hundred dollars

24   ($400).  Id. at ¶ 53, 54.

25        In pertinent part, Vehicle Code § 21455.5(b) provides as follows:

26             "Prior to issuing citations under this section, a local jurisdiction

27             utilizing an automated traffic enforcement system shall commence

28             a program to issue only warning notices for 30 days.  The local

-18-

PROOF OF SERVICE

1       jurisdiction shall also make a public announcement of the

2       automated traffic enforcement system at least 30 days prior to the

3       commencement of the enforcement program."  CAL. VEH. CODE §

4       21455.5(b).

5         To establish a due process violation, a plaintiff must show that he has a

6  protected property interest under the Due Process Clause and that he was deprived

7  of the property without receiving the process that he was constitutionally due.

8  Clements v. Airport Authority of Washoe County, 69 F.3d 321, 331 (9th Cir.

9  1995); see also Levine v. City of Alameda, 525 F.3d 903, 905 (9th Cir. 2008).

10         Determination of what procedural requirements are necessary to satisfy due

11  process in any one situation requires a sensitive inquiry into the competing

12  governmental and private interests affected.  Mathews v. Eldridge, 424 U.S. 319,

13  334 (1976).  These include the "private interest that will be affected by the official

14  action," the "risk of an erroneous deprivation" of that interest under the existing

15  procedures and the "probable value, if any, of additional or substitute procedural

16  safeguards," and finally, the interest of the government, including "the function

17  involved and the fiscal and administrative burdens that the additional or substitute

18  procedural requirement would entail."  Id. at 335.

19         With respect to the category of crimes listed as infractions, "[b]eyond the

20  specific guarantees enumerated in the Bill of Rights, the Due Process Clause has

21  limited operation."  Dowling v. U.S., 493 U.S. 342, 352 (1990).  In that regard,

22  the category of infractions that violate "fundamental fairness" is "very narrowly"

23  tailored.  Id.  As the United States Supreme Court stated:

24       "Judges are not free, in defining 'due process,' to impose on law

25       enforcement officials [their] 'personal and private notions' of

26       fairness and to 'disregard the limits that bind judges in their

27       judicial function.' Rochin v. California, 342 U.S. 165, 170, 72

28       S.Ct. 205, 208, 96 L.Ed. 183 (1952)…. [They] are to determine

-19-

1     only whether the action complained of… violates those
2     'fundamental conceptions of justice which lie at the base of our
3     civil and political institutions,' <u>Mooney v. Holohan</u>, 294 U.S. 103,
4     112, 55 S.Ct. 340, 341, 79 L.Ed. 791 (1935), and which define 'the
5     community's sense of fair play and decency,' <u>Rochin v. California</u>,
6     *supra,* at 173, 72 S.Ct., at 210." <u>Dowling v. U.S.</u>, 493 U.S. 342,
7     353 (1990).

8      In light of this, it can hardly be questioned that the procedures set out to
9   contest infractions do not violate the fundamental conceptions of justice.

10      Specifically, <u>Penal Code</u> § 1042.5 allows for a trial.  At trial, witnesses can
11   be called or subpoenaed to appear.  <u>People v. Carlucci</u>, 23 Cal.3d 249, 256-57
12   (1979).  Beyond that, <u>Penal Code</u> § 1466(2)(A) allows for appeals to be taken
13   from any conviction.  Both of these avenues were available to the plaintiffs, yet
14   they simply chose to sit on their substantive rights and plead guilty, which they
15   were entitled to do.  Contesting the convictions now – when they were provided
16   opportunities to do so previously – not only runs afoul of the Supreme Court's
17   decision in <u>Heck</u>, but also gives them a second bite at the procedural apple, of
18   which they are not entitled.

19      This result, and the amount of due process available, is also supported by
20   the public and private factors.  For example, the California Supreme Court stated
21   in <u>People v. Carlucci</u>:

22     For some time it has been recognized that it is in the interests of
23     the defendant, law enforcement, the courts, and the public to
24     provide simplified and expeditious procedures for the adjudication
25     of less serious traffic offenses.  Inasmuch as these cases ordinarily
26     entail the imposition of small fines, it is neither economically
27     feasible nor warranted by the relatively limited monetary exposure
28     of the defendant for counsel to be employed or multiple

-20-

appearances to be made for arraignment and trial. As noted in <u>People v. Battle</u> (1975) 50 Cal.App.3d Supp. 1, 7, 123 Cal.Rptr. 636, 640 (conc. opn. by Holmes, P.J.), "In the overwhelming majority of infraction cases the primary interest of the accused will be served by expedition in disposal. . . . (The) swift disposal of infraction cases . . . is the chief reason for classifying them as such." …

Unconstrained by the more stringent procedural requirements of a major criminal trial, municipal courts and prosecutors are free to develop innovative procedures to expedite traffic cases. . . . This type of flexibility benefits all parties: defendants gain a swift and inexpensive disposition of their cases without risk of major penalties; and the prosecution, the court system, and ultimately the public benefit because judicial and law enforcement resources are freed to concentrate on serious criminal behavior." 23 Cal.3d 249, 256-57 (1979).

Plaintiffs had a substantial interest in the prompt and expeditious disposal of their cases.  In fact, as evidenced by their payment and corresponding forfeiture of the bail amounts, they took advantage of the statutory mechanisms for disposing of the case simply by doing so.  They did not seek further "due process" alternatives in the Orange County Superior Court, despite the right to trial and an appeal being available to them.  In plain and simple terms, plaintiffs and the members of the alleged constituent class – absent further facts in the Complaint – had the opportunity to contest the infraction citations on the basis of the red light camera notice period.  However, they chose to forego that option.  Instead, they both opted for the swift, inexpensive, and summary nature of minor motor vehicle violation proceedings allowed by the bail forfeiture statutes, <u>Vehicle Code</u> §§

-21-

1   40512 and 40521, which resulted in a conviction.  See Johnson v. Dep't of Motor

2   Vehicles, 177 Cal.App.2d 440, 445 (1960).

3       Further, **there are no competent allegations contained in the First**

4   **Amended Complaint stating individual liability against WALTERS and**

5   **FLETCHER, other than the irrelevant and de-contextualized quotations**

6   **from WALTERS from a press conference.**  [First Am. Compl., ¶ 42, 43].  There

7   is no indication, other than to reference prior out of court statements, how

8   "comments" of this nature can *ipso facto* state a claim for constitutional based

9   liability against a police chief and a city attorney.  There is absolutely no authority

10  for the proposition that quoted portions of a press conference creates due process

11  liability under the federal constitution, or that it somehow can be used (on the face

12  of a civil complaint) to justify the assertion of claims for unjust enrichment and a

13  "takings" claim under the California Constitution.  As such, there is no basis

14  whatsoever to permit causes of action against these individual defendants.

15      At most, plaintiffs set forth the wholly conclusory allegation, at Paragraph

16  28, that both WALTERS and FLETCHER are named in their "individual and

17  personal capacities."  [First Am. Compl. ¶ 10, 11].  However, plaintiffs have

18  failed to state sufficient facts to state a claim for liability under 42 U.S.C. § 1983

19  as to WALTERS and FLETCHER, let alone any facts stating that WALTERS and

20  FLETCHER committed any acts or omissions in an effort to deprive

21  PLUMLEIGH, HAZARD, or any members of the alleged constituent class,

22  pursuant to Vehicle Code § 21455.5(b).

23      **E.**    **Plaintiffs' Second Claim For Relief For Violation Of Article I, §**

24          **19(a) Of The California Constitution (Takings Clause) Fails To**

25          **State Facts Upon Which Relief Can Be Granted.**

26      For purposes of their second claim for liability, plaintiffs allege that

27  defendants took plaintiffs' and class members' property for public use.  Specifically,

28  defendants are alleged to have issued non-warning automated traffic camera tickets

-22-

1    and collected traffic fines for those tickets prior to instituting the thirty (30) day

2    warning notice period under Vehicle Code § 21455.5(b).   As such, Plaintiff

3    PLUMLEIGH was allegedly "required to pay a fine of four hundred and twenty

4    three dollars" ($423).   Further, Plaintiff HAZARD was required to pay a fine and

5    attend traffic school, for a total of four hundred dollars ($400).   [See First Am.

6    Compl., ¶ 69, 70].

7        In light of the aforementioned allegations, plaintiffs have fashioned a

8    "takings" claim under article I, section 19 of the California Constitution.   Baker v.

9    Burbank-Glendale-Pasadena Airport Authority, 39 Cal.3d 862, 867 (1985).   That

10   section requires that just compensation be paid when private property is taken or

11   damaged for public use.   Varjabedian v. City of Madera, 20 Cal.3d 285, 296

12   (1977).

13       "The government [is] not [ ] required to compensate an owner for property

14   which it has already lawfully acquired under the exercise of governmental

15   authority other than the power of eminent domain," Bennis v. Michigan, 516 U.S.

16   442, 452, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996)   (citations omitted), and

17   "[p]roperty seized and retained pursuant to the police power is not taken for a

18   'public use' in the context of the Takings Clause." AmeriSource Corp. v. United

19   States, 525 F.3d 1149, 1153 (Fed.Cir. 2008); San Remo Hotel v. City and County

20   of San Francisco, 27 Cal.4th 643, 664 (2002) (California courts generally construe

21   federal and state takings clauses congruently).

22       Here, the plaintiffs have pled guilty, and therefore, any property which was

23   taken was acquired lawfully.   Additionally, traffic enforcement is a police power,

24   and as a result, local municipalities have the right to enforce Vehicle Code

25   provisions.   See Birkenfeld v. City of Berkeley, 17 Cal.3d 129, 140 (1976) (In

26   California, within the territory it governs, a city's police power under Article XI,

27   Section 7 of the California Constitution "is as broad as the police power

28   exercisable by the Legislature itself.").   With that enforcement power comes the

-23-

1    right to collect bail for offenses committed within their jurisdiction, and as a

2    result, it is property seized and retained pursuant to the police power.  Hence, it is

3    not a taking for "public use" and therefore, cannot trigger a Takings Clause claim.

4          Indeed, in a recent Central District of California decision, the plaintiff filed

5    suit under the Takings Clause for the seizure of his vehicle.  The court found that

6    "while the propriety of the exercise of the police's authority to seize plaintiff's

7    vehicle remains in issue, the record reflects that such vehicle was seized by the

8    police pursuant to its police power under <u>Vehicle Code</u> § 22651(i)(1).   Thus,

9    plaintiff's vehicle was not seized for a "public use" in the context of the Takings

10   Clause."  <u>Deligiannis v. City of Anaheim</u>, 2010 WL 1444538 (C.D. Cal. 2002),

11   *8.  Consequently, judgment was proper as a matter of law.  <u>Id.</u>

12         The same result should follow here.  The citations, even if the authority to

13   issue them is disputed, were issued pursuant to the police power under the <u>Vehicle</u>

14   <u>Code</u>.  Therefore, falling under the police power, making the seizure not for a

15   public purpose.  It therefore falls outside the confines of the Takings Clause, and

16   this Honorable court is authorized to grant the instant motion to dismiss pursuant

17   to FRCP 12(b)(6).

18   **F.    <u>Plaintiffs' Third Claim For Relief, For Unjust Enrichment As A</u>**

19   **<u>Result Of Violation Of California *Vehicle Code* § 21455.5(B) Fails</u>**

20   **<u>To State Facts Upon Which Relief Can Be Granted.</u>**

21         Plaintiffs' third claim is subject to the instant motion to dismiss, as "unjust

22   enrichment" is not an independent, self-executing claim (cause of action) under

23   California law.  Specifically, in <u>McBride v. Boughton</u>, 123 Cal.App.4th 379, 387

24   (2004), the Court held as follows:

25              "**<u>Unjust enrichment is not a cause of action</u>**, however, or even a

26              remedy, but rather " ' "a general principle, underlying various legal

27              doctrines and remedies" ' … . [Citation.] It is synonymous with

28              restitution. [Citation.]" (<u>Melchior v. New Line Productions, Inc.</u>

-24-

1   (2003) 106 Cal.App.4th 779, 793 [131 Cal. Rptr. 2d 347].) Unjust
2   enrichment has also been characterized as describing " 'the result
3   of a failure to make restitution… .' " (Dunkin, *supra*, 82
4   Cal.App.4th at p. 198, fn. 15, quoting Lauriedale Associates, Ltd.
5   v. Wilson (1992) 7 Cal.App.4th 1439, 1448 [9 Cal. Rptr. 2d 774]
6   (Lauriedale).) McBride, 123 Cal.App.4th at 387.

7   In light of the aforementioned precedent, it is respectfully submitted that the
8   second claim is patently improper and untenable.   This applies equally to the
9   claims asserted against the CITY OF SANTA ANA, CHIEF PAUL W.
10  WALTERS, and JOSEPH W. FLETCHER.  Hence, the present motion to dismiss
11  is proper, and the third claim should be dismissed without leave to amend.

12  **IV.   CONCLUSION**

13  Based upon the foregoing, the Defendants CITY OF SANTA ANA, CHIEF
14  PAUL M. WALTERS and JOSEPH W. FLETCHER respectfully request that this
15  Court grant the instant motion to dismiss plaintiff's First Amended class action
16  Complaint in its entirety, without affording plaintiffs leave to amend.  The present
17  lawsuit is procedurally barred, inadequately pleaded, and untenable on all scores.

18  DATED:  October 21, 2010             CARPENTER, ROTHANS & DUMONT

20                                     By:   _____/s/_____
21                                           STEVEN J. ROTHANS
22                                           JUSTIN READE SARNO
                                             Attorneys for Defendants,
23                                           CITY OF SANTA ANA, a public entity,
                                             CHIEF PAUL M. WALTERS, and JOSEPH
24                                           W. FLETCHER, public employees

-25-

PROOF OF SERVICE