1 | **STEVEN J. ROTHANS – State Bar No. 106579**
**JUSTIN READE SARNO – State Bar No. 229803**
2 | **CARPENTER, ROTHANS & DUMONT**
**888 S. Figueroa Street, Suite 1960**
3 | **Los Angeles, CA 90017**
(213) 228-0400
4 | (213) 228-0401 [fax]
srothans@crdlaw.com / jsarno@crdlaw.com
5 |
Attorneys for Defendants, CITY OF SANTA ANA, a public entity, CHIEF PAUL
6 | M. WALTERS, and JOSEPH W. FLETCHER, public employees

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11 | ROBERT PLUMLEIGH and THOMAS ) Case No.: SACV10-1332-AG (RNBx)
R. HAZARD III, et al. )
12 | ) **NOTICE OF MOTION AND**
Plaintiffs, ) **MOTION TO STRIKE PORTIONS**
13 | ) **OF PLAINTIFF'S FIRST**
vs. ) **AMENDED CLASS ACTION**
14 | ) **COMPLAINT; MEMORANDUM**
CITY OF SANTA ANA, et al. ) **OF POINTS AND AUTHORITIES**
15 | ) **IN SUPPORT THEREOF**
Defendants. )
16 | ) Date:  November 29, 2010
) Time:  1:30 p.m.
17 | ) Courtroom:  9B
)
18 | ) Discovery Cut-Off:  Not set
) Final Pre-Trial Conf.:  Not set
19 | ) Trial:  Not set
)
20 | ) **United States District Court Judge**
) **Honorable Cormac J. Carney**
21

22 |         PLEASE TAKE NOTICE that on November 29, 2010, at 1:30 p.m., or as

23 | soon thereafter as counsel may be heard in Courtroom "9B" of the U.S. District

24 | Court, Central District (Santa Ana), located at 411 West Fourth Street, Santa Ana,

25 | California, 92701-4516, Defendants CITY OF SANTA ANA, a public entity, and

26 | CHIEF PAUL M. WALTERS and JOSEPH W. FLETCHER will and hereby

27 | moves the Court for an Order striking the following defective portions of the First

28 | Amended Complaint, pursuant to Federal Rules of Civil Procedure, Rule 12(f):

1      1.    Paragraph 64: "Under title 42 United States Code, section 1983,

2   Plaintiff Hazard and class members are entitled to recover punitive damages from

3   Defendants PAUL M. WALTERS and JOSEPH W. FLETCHER, sued in their

4   personal capacities."

5      2.    Prayer for Relief, Item 6, as to the First Claim: "For punitive

6   damages from Defendants PAUL M. WALTERS and JOSEPH W. FLETCHER in

7   their personal capacities."

8      This motion is made and based on the provisions of the <u>Federal Rules of</u>

9   <u>Civil Procedure</u>, Rule 12(f), and <u>Government Code</u> § 818, this notice of motion,

10   the memorandum of points and authorities attached hereto, the pleadings and

11   records on file with this Court, and on such oral and documentary evidence as

12   may be presented at the hearing of this Motion.

13      This motion is made following a meet and confer among counsel on

14   October 14, 2010.

15   DATED:     October 27, 2010     CARPENTER, ROTHANS & DUMONT

18   By: _____

19        STEVEN J. ROTHANS
         JUSTIN READE SARNO
20        Attorneys for Defendant,
         CITY OF SANTA ANA, a public entity,
21        CHIEF PAUL M. WALTERS, and JOSEPH
22        W. FLETCHER, public employees

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

# <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES ..............................1

I.      INTRODUCTION  ..............................................................1

II.     STATEMENT OF LAW  .....................................................3

      A.    This Motion To Dismiss Is Proper, Where The Plaintiff Has
            Failed To State Facts Sufficient To Constitute Any Claim
            For Relief  .........................................................................3

      B.    Plaintiffs' Allegations Are Insufficient To Support A Claim
            For Punitive Damages Against Chief Paul M. Walters And
            Joseph W. Fletcher  ..........................................................3

III.    CONCLUSION  .................................................................5

1     <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.**    <u>**INTRODUCTION**</u>

3        This first amended class action complaint arises out of allegations that

4 plaintiffs (along with other "similarly situated" members of the constituted

5 "class") were issued "non-warning traffic tickets after Defendants' automated

6 traffic cameras photographed those persons' license plates, and who paid such

7 tickets," prior to November 25, 2009. This allegation centers, squarely, upon the

8 allegation that Defendants CITY OF SANTA ANA, a public entity, CHIEF PAUL

9 M. WALTERS and JOSEPH W. FLETCHER, public employees, have violated

10 the provisions of <u>Vehicle Code</u> § 21455.5(b).

11        As an outgrowth of these allegations, plaintiffs have asserted four

12 individual claims, including: (1) violation of title 42, United States Code, section

13 1983 (Civil Rights Act of 1871); (2) violation of article I, section 19(a) of the

14 California Constitution (Inverse Condemnation); (3) Unjust Enrichment – for

15 violation of California Vehicle Code, section 21455.5(b) (Traffic Camera

16 Warning Notice); and (4) Violation of California Business & Professions Code,

17 section 17200, *et seq.*

18        As set forth in the present motion to strike, plaintiffs have requested the

19 improper imposition of punitive damages against CHIEF PAUL M. WALTERS

20 and JOSEPH W. FLETCHER under the circumstances. There are simply no facts

21 set forth in the operative complaint to justify the imposition of exemplary

22 damages. Instead, the plaintiffs' first amended class action complaint contains

23 only cursory allegations that WALTERS and FLETCHER approved and

24 recommended for approval an agreement between the CITY OF SANTA ANA

25 and Defendant REDFLEX TRAFFIC SYSTEMS, INC. ("REDFLEX"). [First

26 Am. Compl., ¶ 38].

27        According to the allegations in the First Amended Complaint, at a May

28 2003 press conference at the intersection of Harbor and McFadden, Santa Ana

1   Police Chief WALTERS *purportedly* stated that "[t]hey'll [sic] be a one month
2   period and the subsequent ones, if they're within that one month period, they'll
3   [sic] be a warning.  If not, if they're after the first month of warning, then they'll
4   be issued citations unless we decide otherwise.  Administratively we could, but
5   technically by the law after the first month warning then any that we install we
6   can issue citations right from the start [sic]." (*citing People v. Murray,* Superior
7   Court    of    the    State    of    California    County    of    Orange    (2009),
8   http://www.thenewspaper.com/rlc/docs/2009/ca-santana.pdf). Id. at ¶ 42.

9       Further, plaintiffs allege that during the same May 2003 press conference at
10  the intersection of Harbor and McFadden, Defendant WALTERS engaged in the
11  following exchange:

12          "[Defendant PAUL M. WALTERS]: 'The other thing you have to
13          remember is, these are not permanent; these can be moved.  If we
14          determine that this is no longer a high accident location, in a year
15          or two we'll move it to another site.  But we have 20 systems that
16          we can move to wherever the need is in the city; the whole idea
17          again is to change the way people behave.'
18          QUESTION: 'So basically, the key here that's different is that you
19          have a floating red light camera program?'
20          [Defendant PAUL M. WALTERS]: 'Yes very much so.'" Id. at ¶
21          43.

22      Thereafter, plaintiffs allege (based upon information and belief) that
23  "approximately twenty (20) automated traffic cameras were installed at as many
24  as sixteen (16) intersections in the City of Santa Ana by the end of 2007." Id. at ¶
25  44.  Further, plaintiffs allege that "Defendants' automated traffic cameras issued
26  hundreds and possibly thousands of citations each month.  For instance, during
27  2009, Defendants' automated traffic cameras issued approximately a thousand
28  five hundred (1,500) citations each month." Id. at ¶ 45.

1      Ultimately, such allegations are woefully insufficient for purposes of stating

2   a claim and "prayer" for punitive damages under the circumstances.

3

4   **II.    STATEMENT OF LAW**

5          **A.   THIS COURT MAY STRIKE THE PLAINTIFF'S IMPROPER**

6               **REQUESTS FOR PUNITIVE DAMAGES FROM THE FIRST**

7               **AMENDED COMPLAINT.**

8          Motions to strike are authorized under the <u>Federal Rules of Civil Procedure</u>,

9   Rule 12(f), which authorizes the Court to "order stricken from any pleading any

10  insufficient defense or any redundant, immaterial, impertinent, or scandalous

11  matter." FED. R. CIV. P. 12(f).  The function of a Rule 12(f) motion is to "avoid

12  the expenditure of time and money that must arise from litigating spurious issues

13  by dispensing with those issues prior to trial." <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d

14  1524, 1527 (9th Cir. 1993).   Among those matters a court may strike from a

15  pleading is an improper demand or prayer for relief, where the damages sought are

16  not recoverable as a matter of law.  <u>See</u> <u>Tapley v. Lockwood Green Engineers</u>,

17  <u>Inc.</u>, 502 F.2d 559, 560 (8th Cir. 1974).

18

19         **B.   PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO**

20              **SUPPORT A CLAIM FOR PUNITIVE DAMAGES AGAINST**

21              **CHIEF PAUL M. WALTERS AND JOSEPH W. FLETCHER.**

22         In California, a claim for punitive damages cannot be pled generally and

23  requires specific factual allegations to support a claim for such damages.  <u>See</u>

24  <u>Brousseau v. Jarrett</u>, 73 Cal.App.3d 864, 872 (1977).  In <u>Brousseau</u>, the court

25  upheld the dismissal of a claim for punitive damages that generally alleged,

26  following <u>Civil Code</u> § 3294, that a defendant acted with oppression, fraud,

27  malice or despicable conduct or malice.  Noting that the plaintiff's allegations

28

1   were too conclusory to uphold a request for punitive damages, <u>Brousseau</u> court
2   held:

3         "We need not reach that issue because the second count's
4         conclusory characterization of defendant's conduct as intentional,
5         willful and fraudulent is a patently insufficient statement of
6         'oppression, fraud, or malice, express or implied,' within the
7         meaning of section 3294." <u>Brousseau</u>, 73 Cal.App.3d at 872.

8       Here, the plaintiff's allegations as to the individual defendants are
9   insufficient to support the plaintiff's request for punitive damages.  For example,
10  at most the plaintiffs allege that WALTERS and FLETCHER approved an
11  agreement between the CITY OF SANTA ANA and Defendant REDFLEX.  In
12  and of itself, this allegation is unavailing and does not support plaintiffs' request
13  for the imposition of punitive damages.  [First Am. Compl., ¶ 38].

14      Further, plaintiffs quote portions of a press conference in which WALTERS
15  made statements regarding the implementation of the red light cameras.  [See <u>e.g.</u>,
16  First Am. Compl., ¶s 42, 43].  Neither of these quoted portions from a press
17  conference present facts and/or circumstances demonstrating malice, oppression
18  or fraud, as that term has been defined under <u>Civil Code</u> § 3294.

19      Quite simply, there are no competent facts set forth within the four corners
20  of the operative complaint which would justify the imposition of exemplary
21  damages against either WALTERS or FLETCHER under the circumstances.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

III.   **CONCLUSION**

Based upon the foregoing, the Defendants CITY OF SANTA ANA, CHIEF PAUL M. WALTERS, and JOSEPH W. FLETCHER respectfully request that this Court grant the instant motion to strike aforementioned portions of plaintiffs' first amended class action complaint.

DATED:  October 27, 2010                    CARPENTER, ROTHANS & DUMONT

By: _____
STEVEN J. ROTHANS
JUSTIN READE SARNO
Attorneys for Defendant,
CITY OF SANTA ANA, a public entity,
CHIEF PAUL M. WALTERS, and JOSEPH
W. FLETCHER, public employees

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

On October 27, 2010, I served the foregoing document(s) described as:

**NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

### ***SEE ATTACHED SERVICE LIST***

**BY U.S. MAIL & CM/ECF FILING:**

  X  I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

  X  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 27, 2010, at Los Angeles, California.

**FEDERAL**

  X  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Gabrielle Duran _____ _____
(Signature)

-1-
PROOF OF SERVICE

1
2

## ATTACHED SERVICE LIST

3
4
5
6
7
8
9

Gene Williams, Esq.
Mark P. Pifko, Esq.
Jamie R. Greene, Esq.
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Tel:   (310) 556-5637
Fax:   (310) 861-9051
*Attorneys for Plaintiffs Robert Plumleigh and Thomas R. Hazard, III*

10
11
12
13
14

Aaron D. Aftergood, Esq.
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Tel:   (310) 551-5221
Fax:   (310) 496-2840
*Attorneys for Plaintiffs Robert Plumleigh and Thomas R. Hazard, III*

15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE