1 │ GREGORY P. BARBEE, Cal. Bar No. 185156
gbarbee@sheppardmullin.com
2 │ MICHAEL D. STEWART, Cal. Bar No. 161909
mstewart@sheppardmullin.com
3 │ SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
4 │ Los Angeles, California  90071-1448
Telephone:  213-620-1780
5 │ Facsimile:   213-620-1398

6 │ Attorneys for Defendants REDFLEX
TRAFFIC SYSTEMS (CALIFORNIA), INC.
7 │ and REDFLEX TRAFFIC SYSTEMS, INC.

8 │ UNITED STATES DISTRICT COURT

9 │ CENTRAL DISTRICT OF CALIFORNIA

10 │ ROBERT PLUMLEIGH and THOMAS
R. HAZARD III, individually, on behalf
11 │ of other members of the general public
similarly situated, and as aggrieved
12 │ employees pursuant to the California
Private Attorneys General Act
13 │ ("PAGA"),

14 │          Plaintiffs,

15 │   v.

16 │ CITY OF SANTA ANA; PAUL M.
WALTERS; JOSEPH W. FLETCHER;
17 │ REDFLEX TRAFFIC SYSTEMS
(CALIFORNIA), INC., a California
18 │ corporation; REDFLEX TRAFFIC
SYSTEMS, INC., a Delaware
19 │ corporation; and DOES 1 through 10,
inclusive,

20 │

21 │         Defendants.

Case No.:  SACV10-1332-CJC (RNBx)

United States District Court Judge
Honorable Cormac J. Carney

**NOTICE OF MOTION AND
MOTION TO DISMISS FIRST
AMENDED CLASS ACTION
COMPLAINT; MEMORANDUM
OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

Date:   December 6, 2010
Time:  1:30 p.m.
Ctrm:  9B

Discovery Cut-Off:        Not set
Final Pre-Trial Conf.:    Not set
Trial:                    Not set

W02-WEST:1GPB1\403024846.1

NOTICE OF MOTION, MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

1

## NOTICE OF MOTION

2

3    PLEASE TAKE NOTICE that on December 6, 2010, at 1:30 p.m., or

4  as soon thereafter as counsel may be heard in Courtroom "9B" of the U.S. District

5  Court, Central District (Santa Ana), located at 411 West Fourth Street, Santa Ana,

6  California 92701-4516, defendants Redflex Traffic Systems (California), Inc. and

7  Redflex Traffic Systems, Inc. (collectively, "Redflex") will and do hereby move the

8  Court to dismiss Plaintiffs' third and fourth claims for relief against Redflex for

9  failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ.

10 Proc., Rule 12(b)(6).

11    Plaintiffs' third claim for relief for unjust enrichment – not a claim that

12 California law recognizes – fails because (1) Plaintiffs cannot collaterally attack

13 their prior convictions in this action, (2) Plaintiffs cannot allege Redflex acted

14 unjustly because Redflex cannot be liable under California Vehicle Code §

15 21455.5(b), (3) Plaintiffs have not conferred a benefit upon Redflex, (4) Redflex's

16 conduct is protected by the litigation privilege under Civil Code § 47(b) and

17 (5) Plaintiffs' recovery is barred by the voluntary payment doctrine.

18    Plaintiffs' fourth claim for relief under Business & Professions Code §

19 17200 fails because (1) Plaintiffs have not alleged Redflex violated the predicate

20 statute, (2) Plaintiffs have not alleged Redflex received Plaintiffs' citation payments

21 and, therefore, restitution under Section 17200 is improper, (3) Plaintiffs cannot

22 collaterally attack their prior convictions in this action, and (4) Redflex's conduct is

23 protected by the litigation privilege under Civil Code § 47(b).

24    This motion is made and based on this notice of motion, the

25 memorandum of points and authorities attached hereto, the pleadings and records on

26 file with this Court, and on such oral and documentary evidence as may be

27 presented at the hearing of this Motion.

28

W02-WEST:1GPB1\403024846.1                    -1-

1            This motion is made following a meet and confer among counsel on

2 October 4 and 20, 2010.

3

4 Dated:  October 28, 2010

5                           SHEPPARD, MULLIN, RICHTER & HAMPTON

6                           LLP

7

8                 By

9                           GREGORY P. BARBEE

10                          MICHAEL D. STEWART
                          Attorneys for Defendants

11                          REDFLEX TRAFFIC SYSTEMS
                         (CALIFORNIA), INC. and REDFLEX

12                          TRAFFIC SYSTEMS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION, MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................ 1

II.     STATEMENT OF LAW ....................................................... 2

   A.   PLAINTIFFS HAVE FAILED TO STATE FACTS
        SUFFICIENT TO CONSTITUTE ANY CLAIM FOR RELIEF
        AGAINST REDFLEX ......................................................... 2

   B.   PLAINTIFFS' THIRD CLAIM FOR RELIEF, FOR UNJUST
        ENRICHMENT AS A RESULT OF VIOLATION OF
        CALIFORNIA VEHICLE CODE § 21455.5(b), FAILS TO
        STATE FACTS UPON WHICH RELIEF CAN BE GRANTED ........ 2

        1.   Plaintiffs' Convictions And Paid Fines Bar This Action. ............ 3

        2.   Redflex Has Not Acted Unjustly Because It Is Not A
             "Local Jurisdiction" Liable Under California Vehicle Code
             § 21455.5(b). ................................................................. 5

        3.   Plaintiffs Have Not Alleged They Conferred A Benefit On
             Redflex. ...................................................................... 7

        4.   Redflex's Conduct Is Privileged Under California Civil
             Code § 47(b). ................................................................. 8

        5.   The Court Should Dismiss Plaintiffs' Claim Under The
             Voluntary Payment Doctrine. ..................................... 10

   C.   PLAINTIFFS' FOURTH CLAIM FOR VIOLATION OF
        CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,
        ET SEQ., FAILS TO STATE FACTS UPON WHICH RELIEF
        CAN BE GRANTED .......................................................... 11

        1.   Plaintiffs Have Not Adequately Alleged That Redflex Has
             Violated The Predicate Statute - California Vehicle Code §
             21455.5(b). .................................................................. 11

        2.   Plaintiffs Are Not Entitled To UCL Restitution Because
             They Have Not Alleged Redflex Received Plaintiffs' Paid
             Fines. ........................................................................ 12

NOTICE OF MOTION, MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.      Plaintiffs Fail To Plead Causation Or Any Nexus Between Their Failure To Stop For A Red Light And Redflex's Conduct. ...................................................................................... 14

4.      Plaintiffs' Convictions And Fine Payments Bar This Action. ........................................................................................... 14

5.      Redflex's Conduct Is Privileged Under Civil Code § 47(b). ...... 15

III.     CONCLUSION ............................................................................................. 16

# **TABLE OF AUTHORITIES**

Cases

Page(s)

Am. Oil Serv. v. Hope Oil Co.
   194 Cal.App.2d 581 (1961) ........................................................ 10

Balistreri v. Pacifica Police Dept.
   901 F.2d 696 (9th Cir. 1988) ...................................................... 2

Birdsong v. Apple, Inc.
   590 F.3d 955 (9th Cir. 2009) ...................................................... 14

Block v. Sacramento Clinical Labs, Inc.
   131 Cal.App.3d 386 (1982) .................................................... 9, 15

California Federal Bank v. Matryek
   8 Cal.App.4th 125 (1992) ........................................................ 5, 7

Daro v. Superior Court
   151 Cal.App.4th 1079 (2007) .................................................... 14

Feitelberg v. Credit Suisse First Boston, LLC
   134 Cal.App.4th 997 (2005) ...................................................... 13

Gonzales v. State of California
   68 Cal.App.3d 621 (1977) ...................................................... 3, 15

Hagberg v. California Federal Bank
   32 Cal.4th 350 (2004) .............................................................. 9

Heck v. Humphrey
   512 U.S. 477 (1994) ................................................................. 3

Johnson v. Dep't of Motor Vehicles
   177 Cal.App.2d 440 (1960) ....................................................... 4

Khoury v. Maly's of California, Inc.
   14 Cal.App.4th 612 (1993) ...................................................... 12

Korea Supply Co. v. Lockheed Martin Corp.
   29 Cal.4th 1134 (2003) ...................................................... 12, 13

Lorenzo v. Qualcomm, Inc.
   603 F.Supp.2d 1291 (S.D. Cal. 2009).......................................... 14

Lucky Auto Supply v. Turner
    244 Cal.App.2d 872 (1966) ................................................................ 5

Madrid v. Perot Systems Corp.
    130 Cal.App.4th 440 (2005) ............................................................. 13

McBride v. Boughton
    123 Cal.App.4th 379 (2004) ............................................................... 2

Newport Bldg. Corp. v. City of Santa Ana
    210 Cal.App.2d 771 (1962) .............................................................. 10

Richman v. Bank of Perris
    102 Cal.App. 71 (1929) .................................................................... 10

Salma v. Capon
    161 Cal.App.4th 1275 (2008) ........................................................ 9, 15

Silberg v. Anderson
    50 Cal.3d 205 (1990) ......................................................................... 9

Thomas v. Department of Motor Vehicles
    3 Cal.3d 335 (1970) .......................................................................... 3

Truong v. Orange County Sheriff's Department
    129 Cal.App.4th 1423 (2005) .............................................................. 3

United States v. Lopez-Armenta
    400 F.3d 1173 (9th Cir. 2005) ............................................................. 4

Weisbuch v. County of Los Angeles
    119 F.3d 778 (9th Cir. 1997) .............................................................. 2

Yount v. City of Sacramento
    43 Cal.4th 885 (2008) ....................................................................... 3


Statutes                                                                          Page(s)

Cal. Pen. Code § 1262 ......................................................................... 5

California Business & Professions Code § 17200 ...................... 1, 11, 12, 13, 14

California Civil Code § 47 ..................................................................... 3

California Civil Code § 47(b) ............................................................... 2, 8, 9, 10, 15

California Vehicle Code § 21455.5.......................................................................... 8

California Vehicle Code § 21455.5(b)......................................... 1, 2, 5, 6, 8, 11, 12

Other Authorities                                                                    Page(s)

55 Cal. Jur.3d Restitution, § 44 (2005) .................................................................. 10

F.R.C.P. Rule 12(b)(6) ............................................................................................. 2

NOTICE OF MOTION, MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs seek to recover fines they paid for running red lights at intersections in the City of Santa Ana (the "City"). Plaintiffs do not allege, nor can they, that they had a justified reason to run red lights or that they did not commit the violations at issue. Instead, Plaintiffs complain that the City did not implement a 30-day warning period required under California Vehicle Code § 21455.5(b).

Plaintiffs assert two unfounded claims against defendants Redflex Traffic Systems (California), Inc. and Redflex Traffic Systems, Inc. (collectively, "Redflex"): one for unjust enrichment and the other for restitution under Business & Professions Code § 17200 ("UCL"). Both claims fail for the following reasons:

1. Plaintiffs cannot use this action to collaterally attack their prior convictions. Plaintiffs admit they were convicted of their violations and paid fines. They do not allege, nor can they, that they have overturned those convictions. They are barred from maintaining a civil action to effectively overturn their convictions and recover their fine payments.

2. Plaintiffs cannot allege Redflex acted unjustly because Redflex cannot be liable under California Vehicle Code § 21455.5(b). That statue applies only to a "local jurisdiction" and Plaintiffs admit that Redflex is a corporation. For similar reasons, Section 21455.5(b) cannot form the predicate statute to impose UCL liability on Redflex.

3. Plaintiffs have not conferred a benefit upon Redflex. Plaintiffs have not alleged Redflex received any portion of plaintiffs' fines. In fact, they specifically allege the City and the Superior Court received their fines. Plaintiffs cannot seek restitution of sums they do not allege Redflex ever received.

W02-WEST:1GPB1\403024846.1

-1-

1        4.    Redflex's operation of the automated camera system and its

2 generation of evidence supporting citations constitutes conduct protected by the

3 litigation privilege under Civil Code § 47(b).

4

5 **II.   STATEMENT OF LAW**

6

7     **A.   PLAINTIFFS HAVE FAILED TO STATE FACTS SUFFICIENT**

8         **TO CONSTITUTE ANY CLAIM FOR RELIEF AGAINST**

9         **REDFLEX**

10        Rule 12(b)(6) authorizes a motion to dismiss a claim, or claims, where

11 a complaint fails to state facts sufficient to support a claim upon which relief can be

12 granted. F.R.C.P. Rule 12(b)(6). Further, a motion to dismiss under Rule 12(b)(6)

13 is proper where there is either a "lack of a cognizable legal theory," or "the absence

14 of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica

15 Police Dept., 901 F.2d 696, 699 (9th Cir. 1988); Weisbuch v. County of Los

16 Angeles, 119 F.3d 778, 783 (9th Cir. 1997).

17

18     **B.   PLAINTIFFS' THIRD CLAIM FOR RELIEF, FOR UNJUST**

19         **ENRICHMENT AS A RESULT OF VIOLATION OF**

20         **CALIFORNIA VEHICLE CODE § 21455.5(b), FAILS TO STATE**

21         **FACTS UPON WHICH RELIEF CAN BE GRANTED**

22        As a preliminary matter, Plaintiffs' third claim, "unjust enrichment," is

23 not a cause of action under California law. See, e.g., McBride v. Boughton, 123

24 Cal.App.4th 379, 387 (2004) ("Unjust enrichment is not a cause of action, however,

25 or even a legal remedy."). Accordingly, Plaintiffs' third claim fails to state a claim

26 upon which relief can be granted and should be dismissed outright. Even if the

27 Court were to consider it as a separate, cognizable claim, the claim fails because (1)

28

NOTICE OF MOTION, MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs' convictions bar any recovery here, (2) Redflex is not a "local jurisdiction subject to the statute at issue, (3) Plaintiffs conferred no benefit on Redflex, (4) Redflex exercised conduct privileged by California Civil Code § 47, and (5) the voluntary payment doctrine bars the relief sought.

### 1. Plaintiffs' Convictions And Paid Fines Bar This Action.

Plaintiffs' unjust enrichment claim fails because plaintiffs may not use this action to impermissibly collaterally attack the basis of their prior convictions. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that a criminal conviction barred a civil rights action because it was an impermissible collateral attack seeking to undermine the prior conviction. The California Supreme Court reached the same conclusion in Thomas v. Department of Motor Vehicles, 3 Cal.3d 335, 338 (1970), where the court barred a motorist's challenge to a license suspension on the grounds that he first needed to successfully challenge the validity of the conviction in the court in which it was rendered.

Similarly, in Gonzales v. State of California, 68 Cal.App.3d 621 (1977), the court sustained a demurrer to a class action complaint seeking unjust enrichment based on allegedly improper DUI fines, stating: "in order for the individual plaintiffs to state a cause of action it was incumbent upon them to plead that the prior convictions in the instant case were vacated or set aside." Id. at 634; see also Truong v. Orange County Sheriff's Department, 129 Cal.App.4th 1423, 1427 (2005) (citing Heck v. Humphrey for proposition that civil damage claims "cannot call into question undisturbed convictions"); Yount v. City of Sacramento, 43 Cal.4th 885 (2008) (criminal conviction based on guilty plea bars civil damages claim).

Plaintiffs admit they were convicted of violations of the California Vehicle Code and paid the requisite fines. Specifically, paragraphs 53 and 54 of

their First Amended Complaint (tracking paragraphs 24 and 25 of their Complaint) states:

"53. Defendants issued Plaintiff Plumleigh a non-warning, automated traffic camera citation in February or March 2008 regarding a right turn allegedly made during a red light.  As a result of Defendants' conduct, Plaintiff was forced and required to pay a fine and pay for a traffic safety course in order to obtain a dismissal.  Specifically, on March 17, 2008, he was forced and required to pay a fine of four hundred twenty-three dollars ($423) and received a receipt, Receipt Number 6334360, from the Superior Court of California, County of Orange.  He was also forced and required to pay a fee of fifty seven dollars ($57) for a required traffic safety course.  The allegations regarding Plaintiff Plumleigh's automated traffic camera citation were dismissed.

54. Defendants issued Plaintiff Hazard a non-warning, automated traffic camera citation on December 17, 2008 regarding an alleged failure to stop at a limit line or cross-walk.  As a result of Defendants' conduct, Plaintiff was forced and required to pay a fine and attend a traffic safety course, for a total of over four hundred dollars ($400).  The allegations regarding Plaintiff Hazard's automated traffic camera citation were dismissed."

"It must be held that the posting of bail upon a traffic ticket and the forfeiture of such bail may properly be considered as an admission of guilt."  Johnson v. Dep't of Motor Vehicles, 177 Cal.App.2d 440, 445 (1960); accord United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled

that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects."); see also Cal. Pen. Code § 1262 (defendant entitled to refund of fine paid under conviction only after conviction reversed, case dismissed, or appellate court issues final disposition in defendant's favor).

Plaintiffs were convicted of their violations and paid fines. They do not allege that they have overturned those convictions. They are, therefore, precluded from maintaining a civil action to recover their fines based on the contention that their convictions were improper.

> 2.   Redflex Has Not Acted Unjustly Because It Is Not A "Local Jurisdiction" Liable Under California Vehicle Code § 21455.5(b).

Not surprisingly, an unjust enrichment claimant "must show it would be unjust for the [defendant] to retain the benefit." California Federal Bank v. Matryek, 8 Cal.App.4th 125, 132-33 (1992); Lucky Auto Supply v. Turner, 244 Cal.App.2d 872, 885-86 (1966) (no unjust enrichment because defendant who constructed building did not unjustly retain tenant rental payments).

Here, as the title of plaintiffs' second claim would suggest ("Unjust Enrichment – **Violation of California Vehicle Code section 21455.5(b)**"), Plaintiffs allege that Redflex has acted unjustly by violating Vehicle Code section 21455.5(b). Plaintiffs concede, however, that only a "local jurisdiction" is required to comply with Section 21455.5(b). [First Amended Complaint, ¶ 2.] Section 21455.5(b) states:

> "Prior to issuing citations under this section, **a local jurisdiction** utilizing an automated traffic enforcement system shall commence a program to issue only warning notices for 30 days. **The local**

W02-WEST:1GPB1\403024846.1

-5-

1    **jurisdiction** shall also make a public announcement of the automated

2    traffic enforcement system at least 30 days prior to the commencement

3    of the enforcement program." [Emphasis added.]

4

5    Plaintiffs do not, and cannot, allege Redflex is a local jurisdiction. On

6    the contrary, Plaintiffs allege Redflex is "a corporation doing business in

7    California." [First Amended Complaint, ¶¶ 12 and 13.] Nothing in the Vehicle

8    Code, or elsewhere, gives a motorist a private right of action to enforce Section

9    21455.5(b) against a private company.

10   Furthermore, while Section 21455.5(b) restricts the issuance of

11   citations, Plaintiffs admit that the City determines whether a citation should be

12   issued [First Amended Complaint, ¶¶ 30 and 31]. In fact, Plaintiffs allege that "the

13   Santa Ana Police Department enforces traffic law violations within the City of Santa

14   Ana and issues automated traffic camera citations." [First Amended Complaint, ¶

15   10 (emphasis added).] Plaintiffs only allege that Redflex printed and mailed

16   citations after the City's determination to issue the citation. [First Amended

17   Complaint, ¶ 32.] Plaintiffs further allege they paid fines "and received a receipt,

18   Receipt Number 6334360, from the Superior Court of California, County of

19   Orange." [First Amended Complaint, ¶ 53.]

20   The case law makes it clear that the principle of unjust enrichment only

21   applies where the defendant's conduct has been unjust. The only allegation

22   suggesting Redflex acted unjustly is premised on Redflex's purported violation of

23   Section 21455.5(b). However, by its very terms, Section 21455.5(b) only applies to

24   a local jurisdiction. Redflex did not act unjustly. Plaintiffs' claim for "Unjust

25   Enrichment – Violation of California Vehicle Code section 21455.5(b)" thus fails to

26   state a claim for relief.

27

28

W02-WEST:1GPB1\403024846.1

-6-

3.   <u>Plaintiffs Have Not Alleged They Conferred A Benefit On Redflex.</u>

To recover under the principle of unjust enrichment, the plaintiff must have conferred a benefit on the defendant from whom the plaintiff seeks restitution. <u>California Federal Bank v. Matryek</u>, 8 Cal.App.4th 125, 132 (1992).  In their original Complaint, Plaintiffs did not allege how their payment of fines benefitted Redflex.  [Complaint ¶¶ 21 and 22.]  Now, Plaintiffs attempt to plead around the fact that they did not pay Redflex by alleging generally on information and belief that "Defendants enforced and **collected fines from non-warning automated traffic camera tickets** issued prior to November 25, 2009."  [First Amended Complaint, ¶ 50.]

Plaintiffs' general allegation, however, is contradicted by the more specific allegations of their First Amended Complaint, namely that:

"prior to November 25, 2009, the Redflex Defendants **collected monthly fees from Defendant CITY OF SANTA ANA** in return for operating Defendant CITY OF SANTA ANA's automated traffic cameras."  [First Amended Complaint, ¶ 52 (emphasis added).]

Further, Plaintiffs allege that "Defendant CITY OF SANTA ANA collects revenue from automated traffic camera tickets issued by the Santa Ana Police Department."  [First Amended Complaint, ¶ 9.]  More specifically, Plaintiffs allege they paid a fine "and received a receipt, Receipt Number 6334360, from the Superior Court of California, County of Orange," **not** Redflex.  [First Amended Complaint, ¶ 53.]  Plaintiffs make it clear in paragraph 77:

"Specifically, Plaintiff Hazard and class members paid fines for non-warning automated traffic camera citations to Defendant CITY OF SANTA ANA, who in turn, paid Redflex Defendants."

1    Simply put, Plaintiffs do not allege they paid fines to Redflex, but

2    rather to the City or Superior Court.  Furthermore, Plaintiffs do not allege any causal

3    nexus between their payment of fines and the fees collected by Redflex.  They do

4    not, for example, allege that Redflex received any portion of their fines or, for that

5    matter, higher fees than it would have earned from the City regardless of Plaintiffs'

6    payment of fines.

7    Plaintiffs have not alleged the required element that their payment of

8    fines to the City resulted in Redflex receiving a benefit.  Plaintiffs' unjust

9    enrichment claim fails.

10

11    **4.    Redflex's Conduct Is Privileged Under California Civil Code**

12    **§ 47(b).**

13    As detailed below, Redflex's alleged conduct is privileged under

14    California Civil Code § 47(b), more widely known as the litigation privilege.

15    Plaintiffs' entire First Amended Complaint takes issue with the City's

16    automated red light traffic camera program.  Like others throughout the State, that

17    program is governed by Vehicle Code § Section 21455.5, which allows the

18    installation and operation of automatic cameras that take photos and videos

19    triggered by those who run red lights.  Plaintiffs' entire case concerns alleged

20    violations of Section 21455.5(b), which requires that local jurisdictions implement a

21    30-day warning period prior to issuing citations.

22    Redflex installed and helped operate the automated traffic cameras.

23    [First Amended Complaint, ¶¶ 12 and 13.]  No one disputes that in operating the

24    traffic cameras, Redflex provides the City with photos and/or video of possible

25    violations.  Plaintiffs allege that Redflex's role in operating the traffic cameras and

26    providing the City with evidence of possible violations allowed the City to issue

27

28

1   citations and collect revenue without first complying with the 30-day warning
2   period.

3          California law provides an absolute privilege against liability for acts or
4   statements made in connection with official proceedings.  Cal. Civ. Code § 47(b).
5   The litigation privilege is broadly construed.  Hagberg v. California Federal Bank,
6   32 Cal.4th 350, 360 (2004) (report of criminal or statutory violation is privileged
7   even if false, improper or made with malice); Silberg v. Anderson, 50 Cal.3d 205,
8   212 (1990).

9          The privilege applies "without respect to the good faith or malice of the
10  person who made the statement, or whether the statement ostensibly was made in
11  the interest of justice . . . ."  Hagberg, supra, 32 Cal.4th at 360.  Thus, even a
12  knowingly improper report accusing another of criminal activity is not actionable if
13  the privilege applies.  Id. at 373-75.  The privilege extends to "complaints to the
14  police department and the district attorney regarding . . . allegedly unlawful acts,
15  and . . . contacts with municipal departments to investigate and prepare for
16  litigation."  Salma v. Capon, 161 Cal.App.4th 1275, 1290 (2008).

17         In particular, the privilege covers reports that a private company
18  generates and provides to law enforcement, even if such conduct would otherwise
19  result in liability.  Block v. Sacramento Clinical Labs, Inc., 131 Cal.App.3d 386,
20  394 (1982).  In that case, a private clinical lab company negligently prepared a
21  toxicology report stating that an infant had been given improper medication.  The
22  infant's father was prosecuted for murder and child neglect.  The report was later
23  discredited, the charges were dismissed, and the father sued the private lab company
24  for negligence.  The Court of Appeal dismissed the plaintiff's complaint, finding that
25  the company's conduct was protected by the litigation privilege and the strong
26  public policy promoting reports to law enforcement.  Id. at 393-94.

27
28

NOTICE OF MOTION, MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

1    Redflex operates an automated camera system that takes photos and
2  videos of potential violations.  Redflex provides that information to the City, who
3  then decides whether to issue citations and prosecute the case.  Plaintiffs allege that
4  Redflex's role in operating the automated camera system resulted in unjust
5  convictions.  The case law construing the litigation privilege holds that such conduct
6  is absolutely privileged.  Therefore, the privilege provided by Civil Code section
7  47(b) applies, and Plaintiffs' claims are barred as a matter of law.

8

9        5.    The Court Should Dismiss Plaintiffs' Claim Under The
10             Voluntary Payment Doctrine.

11    Plaintiffs concede they voluntarily paid their fine rather than contest the
12  citations in court.  Therefore, their claims are barred under the voluntary payment
13  doctrine.  Under that doctrine, a "person who with full knowledge of the facts
14  voluntarily and without fraud or coercion pays money to another upon a claim of
15  right, which he or she is under no legal obligation to pay, cannot recover the same in
16  an action."  55 Cal. Jur.3d Restitution, § 44 (2005); Am. Oil Serv. v. Hope Oil Co.,
17  194 Cal.App.2d 581, 586 (1961) ("a payment voluntarily made with knowledge of
18  the facts affords no ground for an action to recover it back").

19    Plaintiffs cannot avoid this defense by arguing the citations were illegal
20  or otherwise improper: "illegality of the demand paid constitutes of itself no ground
21  for relief.  There must be, in addition, some compulsion or coercion attending its
22  assertion, which controls the conduct of the party making the payment." Newport
23  Bldg. Corp. v. City of Santa Ana, 210 Cal.App.2d 771, 778 (1962).  Finally, "money
24  paid under a mistake of law" is also "considered a voluntary payment."  Richman v.
25  Bank of Perris, 102 Cal.App. 71, 87 (1929).

26    Plaintiffs amended their complaint to attempt to plead around the fact
27  that they voluntarily paid their citations.  Now, Plaintiffs contend that they were

28

W02-WEST:1GPB1\403024846.1                    -10-

1  "forced and required to pay" their fines.  If Plaintiffs believed they had no obligation
2  to pay (given their current claims about 30-day notices), they should have contested
3  the citations.  Their failure to even contest their citations precludes recovery under
4  the voluntary payment doctrine.

6  **C.**      **PLAINTIFFS' FOURTH CLAIM FOR VIOLATION OF**
7  **CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET***
8  ***SEQ.*, FAILS TO STATE FACTS UPON WHICH RELIEF CAN**
9  **BE GRANTED**

11  1.      Plaintiffs Have Not Adequately Alleged That Redflex Has
12         Violated The Predicate Statute - California Vehicle Code §
13         21455.5(b).

14  Plaintiffs' fourth claim is for violation of Business and Professions
15  Code § 17200, et seq. ("UCL").  Plaintiffs allege that Redflex is liable under the
16  UCL because it violated California Vehicle Code section 21455.5(b):

18  "84.  A violation of California Business & Professions Code sections
19  17200, et seq. may be **predicated on the violation of any state or**
20  **federal law** or upon any unfair business act.  Here, Defendant
21  REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC.'s and
22  Defendant REDFLEX TRAFFIC SYSTEMS, INC.'s policies and
23  practices of collecting fees for the operation of cameras that issued non-
24  warning traffic tickets prior to institution of the required thirty (30) day
25  warning notice **violated the Vehicle Code** and was unlawful and
26  unfair."  [Emphasis added.]

W02-WEST:1GPB1\403024846.1                  -11-

1  As detailed above, Redflex is not a local jurisdiction required to
2  comply with Section 21455.5(b), and cannot be held liable for violating that statute.
3  Plaintiffs admit Redflex is a private company, and nothing in Section 21455.5(b)
4  imposes liability on a private company.

5  Furthermore, a UCL plaintiff must not only allege a violation of the
6  predicate statute, but also specific facts showing that the defendant violated the
7  predicate statute. <u>Khoury v. Maly's of California, Inc.</u>, 14 Cal.App.4th 612, 619
8  (1993)  (UCL plaintiff's general allegation that defendant violated predicate statute
9  is insufficient).  Therefore, even if Redflex were a local jurisdiction (which it could
10  not possibly be), plaintiffs have not alleged any specific facts showing how Redflex
11  violated Section 21455.5(b).  Plaintiffs merely allege general allegations that all
12  defendants acted in concert with each other, which is insufficient under <u>Khoury</u>.

13  Therefore, Redflex cannot be held liable for alleged violations under
14  Section 21455.5 – the predicate statute – and Plaintiffs' UCL claim fails.

15

16  2.  <u>Plaintiffs Are Not Entitled To UCL Restitution Because They</u>
17  <u>Have Not Alleged Redflex Received Plaintiffs' Paid Fines.</u>

18  Plaintiffs' UCL claim also fails because plaintiffs have not alleged that
19  Redflex took or received any money from Plaintiffs.  <u>Korea Supply Co. v. Lockheed</u>
20  <u>Martin Corp.</u>, 29 Cal.4th 1134, 1149-50 (2003).

21  Plaintiffs do not allege Redflex has received any of the fines Plaintiffs
22  paid.  On the contrary, Plaintiffs allege in paragraphs 52 and 77 of their First
23  Amended Complaint that Redflex only collected fees from the City.  Plaintiffs
24  further allege that the City, "collects revenue from automated traffic camera tickets
25  issued by the Santa Ana Police Department."  [First Amended Complaint, ¶ 9.]
26  Furthermore, Plaintiffs allege they paid their fines and received receipts "from the
27  Superior Court of California."  [First Amended Complaint, ¶ 53.]

28

W02-WEST:1GPB1\403024846.1

-12-

1    Restitution under the UCL is a remedy that can only be asserted against

2  defendants who received the plaintiff's property, as the California Supreme Court

3  stated in <u>Korea Supply</u>:

4

5    "Any award that plaintiff would recover from defendants would not be

6    restitutionary as it would not replace any money or property that

7    defendants took directly from plaintiff. . . . [¶] As the United States

8    Supreme Court recently said, a constructive trust requires 'money or

9    property identified as belonging in good conscience to the plaintiff

10    [which can] clearly be traced to particular funds or property in the

11    defendant's possession.'  The recovery requested in this case cannot be

12    traced to any particular funds in [defendant's] possession and therefore

13    is not the proper subject of a constructive trust."  <u>Id</u>. at 1149-50.

14

15    The restitutionary rule announced in Korea Supply applies to UCL

16  class actions.  <u>Feitelberg v. Credit Suisse First Boston, LLC</u>, 134 Cal.App.4th 997,

17  1018 (2005) ("Although <u>Korea Supply</u> arose in the context of an individual action,

18  its rationale applies [to UCL class actions].");  <u>Madrid v. Perot Systems Corp.</u>, 130

19  Cal.App.4th 440, 453-62 (2005).

20    Plaintiffs may argue that Redflex's mere participation with the City

21  renders Redflex liable under the UCL.  In fact, their First Amended Complaint

22  alleges each defendant "ratified" and "aided and abetted the acts and omissions of

23  each" other.  [First Amended Complaint, ¶ 17.]  However, the Court in <u>Madrid v.</u>

24  <u>Perot Systems Corp.</u>, <u>supra</u>, held that such generic "conspiracy" and

25  "aiding/abetting" allegations are insufficient to hold a UCL defendant liable for

26  restitution.  <u>Id</u>. at 556.

27

28

W02-WEST:1GPB1\403024846.1                                    -13-

1    Here, plaintiffs do not specifically allege Redflex received their fines.

2  Therefore, plaintiffs have not pleaded a right to UCL restitution against Redflex, and

3  their claim fails.

4

5    3.    Plaintiffs Fail To Plead Causation Or Any Nexus Between Their

6         Failure To Stop For A Red Light And Redflex's Conduct.

7    To plead a UCL claim, plaintiffs must show they "suffered a distinct

8  and palpable injury as a result of the alleged unlawful or unfair conduct." Birdsong

9  v. Apple, Inc., 590 F.3d 955, 960 (9th Cir. 2009).  "[T]here must be a causal

10  connection between the harm suffered and the unlawful business activity.  That

11  causal connection is broken when a complaining party would suffer the same harm

12  whether or not a defendant complied with the law." Daro v. Superior Court, 151

13  Cal.App.4th 1079, 1099 (2007) (tenants failed to establish UCL causation where

14  they would have suffered same injury—eviction—regardless of owners' alleged

15  violation of Subdivided Lands Act); see also Lorenzo v. Qualcomm, Inc., 603

16  F.Supp.2d 1291, 1304 (S.D. Cal. 2009) (plaintiff did not establish causation where

17  he did not allege he would not have purchased cell phone or service had he been

18  aware of defendant's misrepresentation).

19    Plaintiffs do not allege that but for the alleged lack of warning period,

20  they would have stopped at the intersection and abided by the law.  Plaintiffs cannot

21  establish causation because they cannot show they would not have suffered the

22  alleged injury—receiving a citation and paying a fine—if the City had implemented

23  a 30-day warning period.  As a result, plaintiffs' UCL claim fails.

24

25    4.    Plaintiffs' Convictions And Fine Payments Bar This Action.

26    For the same reasons discussed in the context of plaintiffs' unjust

27  enrichment claim, plaintiffs' UCL claim also fails because plaintiffs cannot use this

28

W02-WEST:1GPB1\403024846.1                    -14-

action to collaterally attack their traffic convictions.  See Gonzales v. State of California, 68 Cal.App.3d 621 (1977).  Plaintiffs admit in paragraphs 53 and 54 of their Complaint they were convicted of violations and paid the requisite fines. Plaintiffs do not allege that they have overturned those convictions.  Hence, they are precluded from maintaining a civil action to recover damages premised on the contention that their convictions or pleas were improper.

### 5.   Redflex's Conduct Is Privileged Under Civil Code § 47(b).

As detailed above, Redflex's role in operating the automated traffic cameras and providing the resulting information to law enforcement is a privileged act which cannot be actionable under Civ. Code § 47(b).  Such privilege protects private companies and their communications to law enforcement regarding possible violations of law.  Block v. Sacramento Clinical Labs, Inc., 131 Cal.App.3d 386, 394 (1982); Salma v. Capon, 161 Cal.App.4th 1275, 1290 (2008);

Plaintiffs allege Redflex generated the evidence resulting in the allegedly improper citations.  Redflex's role was made in the course of anticipated judicial or official proceedings.  Therefore, the absolute privilege provided by Civil Code § 47(b) applies and Plaintiffs' claims are barred as a matter of law.

NOTICE OF MOTION, MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

III.    **CONCLUSION**

Based upon the foregoing, Redflex respectfully requests that this Court grant the instant motion to dismiss plaintiffs' third and fourth claims for relief against Redflex, without leave to amend.  Amendment would be futile here because Plaintiffs cannot amend their complaint to present a cognizable legal theory against Redflex.  The fact that Plaintiffs have already had an opportunity to amend, but still have been unable to remedy their complaint's fatal defects, demonstrates the futility of further amendment.

Dated:  October 28, 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
GREGORY P. BARBEE
MICHAEL D. STEWART
Attorneys for Defendants
REDFLEX TRAFFIC SYSTEMS
(CALIFORNIA), INC. and REDFLEX
TRAFFIC SYSTEMS, INC.

W02-WEST:1GPB1\403024846.1

-16-

NOTICE OF MOTION, MOTION TO DISMISS
FIRST AMENDED CLASS ACTION COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 43rd Floor, Los Angeles, California 90071.

On **October 28, 2010**, I served the following document(s) described as **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒   **BY MAIL and EMAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐   **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 714-513-5130. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(h)(4), a copy of that report is attached to this declaration.

☐   **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐   **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 28, 2010, at Los Angeles, California.

Susie Navarro

1

## SERVICE LIST

2   Gene Williams
gwilliams@initiativelegal.com
3   Mark P. Pifko
mpifko@initiativelegal.com
4   Theodore O'Reilly
toreilly@initiativelegal.com
5   Initiative Legal Group, APC
1800 Century Park East, 2nd Floor
6   Los Angeles, CA  90067
Telephone:  (310) 556-5637
7   Facsimile:  (310) 861-9051

8

Steven J. Rothans
9   srothans@crdlaw.com
Justin Reade Sarno
10   jsarno@crdlaw.com
Carpenter, Rothans & Dumont
11   888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017
12   Telephone:  (213) 228-0400
Facsimile:  (213) 228-0401

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Aaron D. Aftergood
aaron@aftergoodesq.com
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, CA  90067
Telephone:  (310) 551-5221
Facsimile:  (310) 496-2840

W02-WEST:1GPB1\403024846.1

-2-