GREGORY P. BARBEE, Cal. Bar No. 185156
gbarbee@sheppardmullin.com
MICHAEL D. STEWART, Cal. Bar No. 161909
mstewart@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:  213-620-1780
Facsimile:   213-620-1398

Attorneys for Defendants REDFLEX
TRAFFIC SYSTEMS (CALIFORNIA), INC.
and REDFLEX TRAFFIC SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually, on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SANTA ANA; PAUL M. WALTERS; JOSEPH W. FLETCHER; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  SACV10-1332-CJC (RNBx)<br><br>United States District Court Judge Honorable Cormac J. Carney<br><br>**NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     December 13, 2010<br>Time:    1:30 p.m.<br>Ctrm:   9B<br><br>Discovery Cut-Off:        Not set<br>Final Pre-Trial Conf.:    Not set<br>Trial:                            Not set |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 13, 2010, at 1:30 p.m., or as soon thereafter as counsel may be heard in Courtroom "9B" of the U.S. District Court, Central District (Santa Ana), located at 411 West Fourth Street, Santa Ana, California 92701-4516, defendants Redflex Traffic Systems (California), Inc. and Redflex Traffic Systems, Inc. (collectively, "Redflex") will and do hereby move this Court, pursuant to California Code of Civil Procedure ("C.C.P.") section 425.16, also known as the "Anti-SLAPP Statute," for an order striking Plaintiffs' third claim for relief for unjust enrichment and fourth claim for relief for a violation of Business & Professions Code section 17200.[1]  This motion is made on the following grounds:

1.     Plaintiffs' third and fourth claims for relief are alleged to arise, in whole or in part, from Redflex's conduct "in the furtherance of" Redflex's "right of petition or free speech under the United States or California Constitution" and related to official proceedings in violation of C.C.P. section 425.16.

2.     Plaintiffs cannot meet their burden of establishing, through competent and admissible evidence, a "probability" that they will "prevail" on their third and fourth claims for relief, as required under C.C.P. section 425.16(b)(1).

Redflex further requests that this Court award Redflex its attorneys' fees and costs pursuant to C.C.P. section 425.16(c).  Upon the Court's granting of Redflex's instant motion, Redflex will bring a motion for such fees and costs. *Am.*

---

[1]     On October 28, 2010, Redflex filed a motion to dismiss Plaintiffs' third and fourth claims for relief for failure to state a claim upon which relief can be granted, currently set for hearing on December 6, 2010.  Redflex will request that this Court consolidate the hearings on this motion and its motion to dismiss for December 13, 2010, or as soon thereafter as counsel may be heard.

1 | *Humane Ass'n v. Los Angeles Times Communications*, 92 Cal.App.4th 1095,

2 | 1102-03 (2001).

3 |       This motion is made and based on this notice of motion, the

4 | memorandum of points and authorities attached hereto, the pleadings and records on

5 | file with this Court and on such oral and documentary evidence as may be presented

6 | at the hearing of this Motion.

7 |       This motion is made following a meet and confer among counsel on

8 | November 1, 2010.

9 |

10 | Dated:  November 15, 2010

11 |                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

12 |

13 |

14 |               By

15 |                     GREGORY P. BARBEE

                    MICHAEL D. STEWART

16 |                     Attorneys for Defendants

                    REDFLEX TRAFFIC SYSTEMS

17 |                     (CALIFORNIA), INC. and REDFLEX

                    TRAFFIC SYSTEMS, INC.

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED
CLASS ACTION COMPLAINT PURSUANT TO C.C.P. § 425.16

1

TABLE OF CONTENTS

2

I. INTRODUCTION ................................................................................................ 1

3

II. STATEMENT OF RELEVANT FACTS ............................................................. 2

4

III. LEGAL ARGUMENT ...................................................................................... 3

5

6
    A.    CALIFORNIA'S ANTI-SLAPP STATUTE APPLIES TO
              PLAINTIFFS' STATE LAW CLAIMS AGAINST REDFLEX............ 3

7

8
    B.    LEGAL STANDARD FOR MOTION TO STRIKE
              PURSUANT TO THE ANTI-SLAPP STATUTE .................................. 4

9

10

11
    C.    THIS ACTION ARISES FROM REDFLEX'S ACTS IN
              FURTHERANCE OF ITS RIGHT OF PETITION AND FREE
              SPEECH UNDER THE U.S. CONSTITUTION AND
              CALIFORNIA CONSTITUTION .......................................................... 5

12

13

14
           1.    Redflex's Collection And Provision Of Evidence Of
                    Plaintiffs' Vehicle Code Violations Constitutes The
                    Making Of a Writing Before An Official Proceeding ................ 7

15

16

17
           2.    Redflex's Collection And Provision Of Evidence Of
                    Plaintiffs' Vehicle Code Violations Constitutes The
                    Making Of A Writing In Connection With An Issue Under
                    Review By An Official Body ..................................................... 10

18

19

20
    D.    PLAINTIFFS CANNOT SHOW A PROBABILITY OF
              SUCCESS ON EITHER OF THEIR CLAIMS AGAINST
              REDFLEX ........................................................................................... 12

21

22
           1.    Plaintiffs Cannot Show A Probability Of Success On Their
                    Unjust Enrichment Claim .......................................................... 13

23

24
            2.    Plaintiffs Cannot Show A Probability Of Success On Their
                    Claim For A Violation Of California Business &
                    Professions Code Section 17200, *Et Seq.* ................................. 14

25

26
    E.    NO EXCEPTIONS TO THE ANTI-SLAPP STATUTE APPLY
              HERE .................................................................................................. 15

27

28
           1.    The Public Interest Exception Does Not Apply Because
                    Plaintiffs Seek Personal Relief And Not To Protect A

Right Affecting The Public At Large.......................................... 15

2.   The Commercial Speech Exception Does Not Apply Because Redflex's Conduct Does Not Involve Statements About The Business Of Redflex Or Any Of Its Competitors ........................................................................... 17

F.   REDFLEX SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS.............................................................................. 20

G.   CONCLUSION .................................................................................. 20

1

<u>Table of Authorities</u>

2

Page(s)

3

<u>Cases</u>

4  *Am. Humane Ass'n v. Los Angeles Times Communications*

5      92 Cal.App.4th 1095 (2001) ............................................................ 2, 20

6  *Am. Oil Serv. v. Hope Oil Co.*

7      194 Cal.App.2d 581 (1961) ............................................................... 13

8  *Blanchard v. DIRECTV, Inc.*
       123 Cal.App.4th 903 (2004) ........................................................ 15, 16

9

10  *Briggs v. Eden Council For Hope & Opportunity*
       19 Cal.4th 1106 (1999) .......................................................... 6, 7, 10

11

12  *California Federal Bank v. Matryek*
       8 Cal.App.4th 125 (1992) ................................................................ 13

13  *Club Members for an Honest Election v. Sierra Club*

14      45 Cal.4th 309 (2008) .................................................................... 15

15  *ComputerXpress v. Jackson*

16      93 Cal.App.4th 993 (2001) .............................................................. 7

17  *Daniels v. Robins*
       182 Cal.App.4th 204 (2010) ............................................................ 12

18

19  *Daro v. Superior Court*
       151 Cal.App.4th 1079 (2007) .......................................................... 14

20

21  *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*
       47 Cal.App.4th 777 (1996) .......................................................... 6, 12

22

23  *DuPont Merck Pharm. Co. v. Superior Court*
       78 Cal.App.4th 562 (2000) ............................................................... 8

24

25  *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*
       63 F.Supp.2d 1127 (N.D. Cal. 1999) ................................................ 4

26  *Heck v. Humphrey*

27      512 U.S. 477 (1994) ................................................................ 13, 14

28

*Jarrow Formulas, Inc. v. LaMarche*
   31 Cal.4th 728 (2003) ............................................................. 12

*Kashian v. Harriman*
   98 Cal.App.4th 892 (2002) ...................................................... 12

*Korea Supply Co. v. Lockheed Martin Corp.*
   29 Cal.4th 1134 (2003) ............................................................ 14

*Lee v. Fick*
   135 Cal.App.4th 89 (2005) ........................................................ 7

*McBride v. Boughton*
   123 Cal.App.4th 379 (2004) .................................................... 13

*Raining Data Corp. v. Barrenechea*
   175 Cal.App.4th 1363 (2009) .................................................... 6

*Rosenthal v. Great Western Fin. Sec. Corp.*
   14 Cal.4th 394 (1996) ............................................................. 12

*Ruiz v. Harbor View Community Ass'n*
   134 Cal.App.4th 1456 (2005) .................................................... 6

*Salma v. Capon*
   161 Cal.App.4th 1275 (2008) ....................................... 10, 11, 12

*Schaffer v. City and County of San Francisco*
   168 Cal.App.4th 992 (2008) ................................................ 10, 11

*Seltzer v. Barnes*
   182 Cal.App.4th 953 (2010) .................................................... 12

*Simpson Strong-Tie Co., Inc. v. Gore*
   49 Cal.4th 12 (2010) ................................................ 5, 12, 17, 18

*Traditional Cat. Ass'n, Inc. v. Gilbreath*
   118 Cal.App.4th 392 (2004) .................................................... 12

*United States ex rel. Newsham v. Lockheed Missile & Space Co.*
   190 F.3d 963 (9th Cir. 1999) .................................................... 4

*Vergos v. McNeal*
   146 Cal.App.4th 1387 (2007) .................................................. 10

*Wilson v. Parker, Covert & Chidester*
   28 Cal.4th 811 (2002) ........................................................................ 12

Statutes

28 U.S.C. § 1331 ................................................................................... 4

28 U.S.C. § 1367 ................................................................................... 4

Business & Professions Code § 17200 ............................... 1, 3, 4, 13

C.C.P § 47(b) ............................................................. 2, 6, 12, 13, 14

C.C.P. § 425.16 ............................................................. 1, 3, 6, 19

C.C.P. § 425.16(a) ............................................................. 3, 4, 5

C.C.P. § 425.16(b)(1) ...................................................... 5, 12, 13, 14

C.C.P. § 425.16(c) ............................................................................. 5

C.C.P. § 425.16(e) ............................................................................. 6

C.C.P. § 425.16(e)(1) ................................................................... 7, 10

C.C.P. § 425.16(e)(2) ................................................................... 7, 10

C.C.P. § 425.17(b) ......................................................................... 15

C.C.P. § 425.17(c) ......................................................................... 17

Cal. Veh. Code § 21455.5 ................................................................ 9

Cal. Veh. Code § 21455.5(b) ............................................. 1, 2, 3, 13, 14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

The instant suit is a poorly disguised effort to haul defendants Redflex Traffic Systems (California), Inc. and Redflex Traffic Systems, Inc. (collectively, "Redflex") into Court for exercising their constitutionally protected right to make statements in connection with official proceedings authorized by law.  Plaintiffs base their claims against Redflex on Redflex's conduct in furtherance of its First Amendment rights of freedom of speech and petition for the redress of grievances. Plaintiffs' claims – each based on California state law – should therefore be stricken in their entirety under California Code of Civil Procedure ("C.C.P.") section 425.16 (the "Anti-SLAPP Statute").

The Anti-SLAPP Statute applies to state law claims brought in federal court.  Specifically, the Anti-SLAPP Statute prohibits strategic lawsuits brought in an effort to chill speech and petition-related activities.  Such claims must be stricken where the suit arises out of an act by a person in furtherance of that person's right of petition or free speech, and the plaintiff cannot prove a probability of success on the claim.

Plaintiffs assert two unfounded claims against Redflex – one for unjust enrichment and the other for restitution under Business & Professions Code section 17200, *et seq.* ("UCL").  Both claims should be stricken because:

1.      The claims arise from Redflex's provision to the Santa Ana Police Department of evidence of Plaintiffs' violations of the Vehicle Code.  Such an act constitutes the making of a writing before an official proceeding and, alternatively, the making of a writing in connection with an issue under review by an official body, both of which are protected by the Anti-SLAPP Statute.

2.      Plaintiffs cannot prove a probability of success on either claim for relief because: (1) unjust enrichment is not a cause of action under California

-1-

law, (2) Plaintiffs cannot use this action to collaterally attack their prior convictions,

(3) Plaintiffs cannot show that Redflex acted unjustly because Redflex is not a "local

jurisdiction" and thus cannot be liable under Vehicle Code section 21455.5(b), (4)

Plaintiffs have not conferred a benefit on Redflex, (5) Redflex's operation of the

photo enforcement system and its generation of evidence of Plaintiffs' Vehicle Code

violations constitutes conduct protected by the litigation privilege under California

Civil Code section 47(b), and (6) Plaintiffs' claims are barred under the voluntary

payment doctrine.  To avoid unnecessary repetition, Redflex relies on its

Memorandum of Points and Authorities in support of Redflex's Motion to Dismiss

First Amended Class Action Complaint, which is incorporated herein by reference,

to more fully discuss these reasons.

Redflex further requests that this Court award Redflex its attorneys'

fees and costs pursuant to C.C.P. section 425.16(c).[2]

## II.   STATEMENT OF RELEVANT FACTS

Redflex provides red light photo enforcement services to the City of

Santa Ana (the "City"). [First Amended Complaint ("FAC"), ¶¶ 12, 13.]  To that

end, Redflex installs red light cameras at intersections throughout the City and

collects photographic evidence of persons who drive through red lights in violation

of the California Vehicle Code ("Vehicle Code"). [FAC, ¶ 29-30.]  Redflex then

processes such photographic evidence and other data related to the potential

violation and provides it to the City of Santa Ana Police Department (the "Police

Department"), which decides in its sole discretion whether a citation is warranted.

[FAC, ¶ 30.]  If a citation is ultimately issued, the photographs and other data

---

[2]   Upon the granting of this motion and the striking of the claims against
Redflex, Redflex will move this Court for such fees and costs. *See Am.
Humane Ass'n v. Los Angeles Times Communications*, 92 Cal.App.4th 1095,
1102-03 (2001).

1  collected and processed by Redflex are used in court as evidence of a Vehicle Code

2  violation. [FAC, ¶ 34.]

3        Plaintiffs were issued citations for driving through red lights at

4  intersections in the City in violation of the Vehicle Code and paid fines to the

5  California Superior Court as a result. [FAC ¶ ¶ 53, 54.] Plaintiffs' First Amended

6  Complaint ("FAC") alleges that the City failed to implement a 30-day warning

7  period before issuing their red light photo enforcement citations as required by

8  Vehicle Code section 21455.5(b). [FAC, ¶ 49.]

9        The FAC asserts claims against Redflex for unjust enrichment and

10  violation of Business & Professions Code section 17200, *et seq.* ("UCL"). [FAC,

11  ¶ ¶ 73-86.] Plaintiffs included Redflex in this case because Redflex allegedly

12  collected and processed the photographic evidence of their Vehicle Code violations

13  and provided it to the Police Department. [FAC, ¶ 51.] The Police Department

14  used the photographic evidence and other data provided by Redflex in its

15  investigation into whether Plaintiffs' conduct warranted citations. [FAC, ¶ 51.]

16  Based on that evidence, the Police Department issued citations to Plaintiffs. [FAC,

17  ¶ 51.] Plaintiffs were ultimately convicted in California Superior Court of violations

18  of the Vehicle Code and ordered to pay fines. [FAC, ¶ 53, 54.]

19        Plaintiffs seek to recover damages and restitution from Redflex for its

20  role in collecting and providing to the Police Department photographic evidence of

21  Plaintiffs' Vehicle Code violations. [FAC Prayer for Relief, ¶ ¶ 13, 16.]

22

23  **III.   LEGAL ARGUMENT**

24

25      **A.   CALIFORNIA'S ANTI-SLAPP STATUTE APPLIES TO**

26          **PLAINTIFFS' STATE LAW CLAIMS AGAINST REDFLEX**

27        California enacted the Anti-SLAPP Statute to address the "disturbing

28  increase in lawsuits brought primarily to chill the valid exercise of the constitutional

1   rights of freedom of speech and petition for the redress of grievances." CAL. CODE

2   CIV. PROC. § 425.16(a). The Anti-SLAPP Statute "shall be construed broadly" to

3   attain its goal of "encouraging continued participation in matters of public

4   significance." *Id.* The Anti-SLAPP Statute is intended to provide a fast and

5   inexpensive way to dismiss "strategic suits against public participation" and

6   compensate defendants who are forced to defend against them.

7           Here, California's Anti-SLAPP Statute prohibits Plaintiffs' state law

8   claims against Redflex. The Ninth Circuit clearly enunciated that the Anti-SLAPP

9   Statute applies to state law claims brought in federal court because the statute does

10  not conflict with the Federal Rules of Civil Procedure and advances the purposes of

11  the *Erie* Doctrine. *See United States ex rel. Newsham v. Lockheed Missile & Space*

12  *Co.*, 190 F.3d 963, 973 (9th Cir. 1999). As such, the Anti-SLAPP Statute applies to

13  state law claims joined in federal question cases. *Globetrotter Software, Inc. v. Elan*

14  *Computer Group, Inc.*, 63 F.Supp.2d 1127, 1129-30 (N.D. Cal. 1999).

15          Plaintiffs brought this suit under 28 U.S.C. § 1331 on the ground that the

16  Court has federal question jurisdiction over their claims. [First Amended Complaint

17  ("FAC"), ¶ 5.] Plaintiffs' third claim for relief for unjust enrichment and fourth claim

18  for relief for violation of Business & Professions Code section 17200, *et seq.*,

19  however, are state law claims that Plaintiffs contend are subject to this Court's

20  supplemental jurisdiction under 28 U.S.C. § 1367. [FAC, ¶ 5.] Because the

21  Anti-SLAPP Statute applies to state law claims joined in federal question cases, both

22  of Plaintiffs' claims against Redflex are subject to the Anti-SLAPP Statute.

23

24  **B.     LEGAL STANDARD FOR MOTION TO STRIKE PURSUANT**

25          **TO THE ANTI-SLAPP STATUTE**

26          The Anti-SLAPP Statute provides that "a cause of action against a

27  person arising from any act of that person in furtherance of the person's right to

28  petition or free speech under the United States or California Constitution in

connection with a public issue shall be subject to a special motion to strike." CAL. CODE CIV. PROC. § 425.16(b)(1). Because of the important interests protected by the Anti-SLAPP Statute, the statute "shall be construed broadly." *Id.*

The Anti-SLAPP Statute establishes a two-part procedure for striking claims. First, the defendant must make a *prima facie* showing that the suit arises from "an act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." *Id.* § 425.16(b)(1); *Simpson Strong-Tie Co., Inc. v. Gore*, 49 Cal.4th 12, 21 (2010). Upon such a showing, the burden shifts to the plaintiff to prove that "there is a probability that the plaintiff will prevail on the claim." CAL. CODE CIV. PROC. § 425.16(b)(1); *Simpson Strong-Tie Co., Inc.*, 49 Cal.4th at 21. If the plaintiff fails to prove such a probability of success in opposing the defendant's special motion to strike, the complaint must be stricken and the prevailing defendant must be awarded its attorneys' fees and costs. CAL. CODE CIV. PROC. § 425.16(c).

Because this action arises from Redflex's acts in furtherance of its rights of petition and free speech under the U.S. Constitution and California Constitution in connection with a public issue and because Plaintiffs cannot establish a probability that they will prevail on their claims, Plaintiffs' claims against Redflex for unjust enrichment and violation of the UCL must be stricken.

**C.   THIS ACTION ARISES FROM REDFLEX'S ACTS IN FURTHERANCE OF ITS RIGHT OF PETITION AND FREE SPEECH UNDER THE U.S. CONSTITUTION AND CALIFORNIA CONSTITUTION**

The first requirement for striking claims under the Anti-SLAPP Statute is met here. The Anti-SLAPP Statute defines actions that constitute an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Such acts include:

1        (1) any written or oral statement or writing made before a

2        legislative, executive, or judicial proceeding, or any other

3        official proceeding authorized by law;

4

5        (2) any written or oral statement or writing made in

6        connection with an issue under consideration or review by

7        a legislative, executive, or judicial body, or any other

8        official proceeding authorized by law . . ..

9 Cal. Code Civ. Proc. §  425.16(e).

10

11        The gravamen of the plaintiff's claim determines whether the

12 Anti-SLAPP Statute applies.  *Raining Data Corp. v. Barrenechea*, 175 Cal.App.4th

13 1363, 1369 (2009).  Where a claim for relief alleges both protected and unprotected

14 activity related to an official proceeding, the claim is subject to the Anti-SLAPP

15 Statute so long as the protected activity is not "merely incidental" to the unprotected

16 conduct.  *Id.*

17        C.C.P. sections 425.16(e)(1) and 425.16(e)(2) "are coextensive with the

18 litigation privilege of Civil Code section 47, subdivision (b)." *Ruiz v. Harbor View*

19 *Community Ass'n*, 134 Cal.App.4th 1456, 1467, n.3 (2005).  Thus, "'just as

20 communications preparatory to or in anticipation of the bringing of an action or

21 other official proceeding are within the protection of the litigation privilege of Civil

22 Code section 47(b) . . ., such statements are equally entitled to the benefits of

23 section 425.16.'" *Briggs v. Eden Council For Hope & Opportunity*, 19 Cal.4th

24 1106, 1115 (1999) (quoting *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 47

25 Cal.App.4th 777, 784 (1996)).

26        Redflex's collection of photographic evidence of Plaintiffs' California

27 Vehicle Code ("Vehicle Code") violations and provision of such evidence to the

28 City of Santa Ana Police Department ("Police Department") constitutes conduct

NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED
CLASS ACTION COMPLAINT PURSUANT TO C.C.P. § 425.16

1  protected by the Anti-SLAPP Statute on two alternative grounds.  First, such

2  conduct constitutes the making of a writing before an official proceeding authorized

3  by law within the meaning of C.C.P. section 425.16(e)(1).  Such conduct also

4  constitutes the making of a writing in connection with an issue under consideration

5  or review by an executive body or other official proceeding authorized by law

6  within the meaning of C.C.P. section 425.16(e)(2).

8            1.      Redflex's Collection And Provision Of Evidence Of Plaintiffs'

9                    Vehicle Code Violations Constitutes The Making Of a Writing

10                   Before An Official Proceeding

11            As a preliminary matter, the photographic and video evidence

12  collected, maintained and produced by Redflex constitute "writings" to which the

13  Anti-SLAPP Statute applies.  Videos, photographs, and digitally generated data

14  describing the content of videos and photographs constitute writings under the

15  California Evidence Code.  *Ashford v. Culver City Unified School Dist.*, 130

16  Cal.App.4th 344, 349 (2005) (holding that a video constitutes a writing); *People v.*

17  *Jones*, 7 Cal.App.3d 48, 53 (1970) (holding that photographs are writings);

18  *Aguimatang v. California State Lottery*, (1991) 234 Cal.App.3d 769, 798 (1991)

19  (holding that digitally generated date and time stamp constitutes a writing).  The

20  photographic and video evidence of Appellants' violations that Redflex collected

21  and provided to the Police Department therefore constitute writings to which the

22  Anti-SLAPP Statute applies.

23            Under CAL. CIV. PROC. CODE § 425.16(e)(1), all speech and

24  petition-related activity before a governmental body are protected.  The issue of

25  whether an event is an official proceeding is broadly construed.  *Briggs*, 19 Cal. 4th

26  at 1113.  Under the Anti-SLAPP Statute, any writing made before an official

27  proceeding is protected, regardless of whether the writing relates to a public issue.

28  *Id.* at 1123.  "[A]ll that matters is that the First Amendment activity take place in an

NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED
CLASS ACTION COMPLAINT PURSUANT TO C.C.P. § 425.16

1   official proceeding or be made in connection with an issue being reviewed by an

2   official proceeding." *Id.* at 116.  Moreover, statements need not be uttered in a

3   formal setting to be considered to have been "made before" an official proceeding.

4   *Lee v. Fick*, 135 Cal.App.4th 89, 96 (2005) ("[C]ommunications to an official agency

5   intended to induce the agency to initiate action are part of an 'official proceeding.'").

6   This component of the Anti-SLAPP Statute protects statements made to executive

7   branch agencies.  *See Briggs*, 19 Cal.4th at 1114-15 (U.S. Department of Housing

8   and Urban Development); *ComputerXpress v. Jackson*, 93 Cal.App.4th 993, 1009

9   (2001) (U.S. Securities and Exchange Commission); *DuPont Merck Pharm. Co. v.*

10  *Superior Court*, 78 Cal.App.4th 562, 564-67 (2000) (U.S. Food and Drug

11  Administration).

12          Plaintiffs here allege that they were issued citations for violating the

13  Vehicle Code based on photographic evidence that Redflex collected, processed and

14  provided to the Police Department.  Specifically, paragraphs 51 through 54 of

15  Plaintiff's First Amended Complaint state:

16

17          51.    Plaintiffs are informed and believe, and thereon

18          allege, that prior to November 25, 2009, Defendants issued

19          citations to Plaintiffs and class members.  City Defendants

20          reviewed Redflex Defendants' violations data.  Redflex

21          Defendants then mailed citations to Plaintiffs and class

22          members.

23

24          52.    Plaintiffs are informed and believe, and thereon

25          allege, that prior to November 25, 2009, the Redflex

26          Defendants collected monthly fees from Defendant CITY

27          OF SANTA ANA in return for operating Defendant CITY

28          OF SANTA ANA's automated traffic cameras.

53.     Defendants issued Plaintiff Plumleigh a non-warning, automated traffic camera citation in February or March 2008 regarding a right turn allegedly made during a red light.  As a result of Defendants' conduct, Plaintiff was forced and required to pay a fine and pay for a traffic safety course in order to obtain a dismissal.  Specifically, on March 17, 2008, he was forced and required to pay a fine of four hundred twenty-three dollars ($423) and received a receipt, Receipt Number 6334360, from the Superior Court of California, County of Orange.  He was also forced and required to pay a fee of fifty seven dollars ($57) for a required traffic safety course.  The allegations regarding Plaintiff Plumleigh's automated traffic camera citation were dismissed.

54.     Defendants issued Plaintiff Hazard a non-warning, automated traffic camera citation on December 17, 2008 regarding an alleged failure to stop at a limit line or cross-walk.  As a result of Defendants' conduct, Plaintiff was forced and required to pay a fine and attend a traffic safety course, for a total of over four hundred dollars ($400).  The allegations regarding Plaintiff Hazard's automated traffic camera citation were dismissed.

Redflex's provision to the Police Department of photographic evidence of Plaintiffs' Vehicle Code violations plainly constitutes speech or petition-related activity before an official proceeding.  The Police Department is an agency of the City.  Moreover, the Vehicle Code authorizes local jurisdictions to implement red

1   light photo enforcement systems and to issue citations to persons who are

2   photographed by such systems driving through red lights.  CAL. VEH. CODE

3   § 21455.5.  Investigations by the Police Department into potential red light photo

4   enforcement violations thus constitute official proceedings established by California

5   law.  Redflex's provision to the Police Department of photographic evidence of

6   Plaintiffs' red light photo enforcement violations therefore constitutes the making of

7   a writing before an executive proceeding and is protected under the Anti-SLAPP

8   Statute.

9         Moreover, the California Superior Court ordered Plaintiffs to pay fines

10   and attend a traffic safety course for their violations of the Vehicle Code based on the

11   photographic evidence collected, processed and provided by Redflex.  Thus,

12   Redflex's conduct constitutes the making of a writing before a judicial proceeding

13   and is thus protected under the Anti-SLAPP Statute.

14

15         2.   Redflex's Collection And Provision Of Evidence Of Plaintiffs'

16              Vehicle Code Violations Constitutes The Making Of A Writing

17              In Connection With An Issue Under Review By An Official

18              Body

19         Under CAL. CODE CIV. PROC. § 425.16(e)(2), the protection for

20   statements made during an official proceeding extends to statements made outside an

21   official proceeding if the statements are sufficiently related to matters under

22   consideration by the official body.  As with CAL. CIV. PROC. CODE § 425.16(e)(1), so

23   long as the statements are made "in connection with an issue under consideration" by

24   a government body, they are protected, regardless of whether the statements concern

25   a public issue.  *See Vergos v. McNeal*, 146 Cal.App.4th 1387, 1395 (2007).

26         The Anti-SLAPP Statute protects "[c]ommunications made in

27   preparation for or in anticipation of the bringing of an action or other official

28   proceeding."  *Salma v. Capon*, 161 Cal.App.4th 1275, 1285 (2008); *see also Briggs*,

1  19 Cal.4th at 1115 (holding that communications in preparation for litigation are

2  protected by the California Anti-SLAPP Statute).  Included in this class of protected

3  communications are "communications [seeking] official investigations into

4  perceived wrongdoing, which might culminate in criminal prosecution or other

5  official proceedings." *Salma*, 161 Cal.App.4th at 1286; *see also Schaffer v. City and*

6  *County of San Francisco*, 168 Cal.App.4th 992, 999 (2008) (finding that both

7  out-of-court and in-court statements supporting criminal prosecution are protected

8  by the Anti-SLAPP Statute).

9         In *Salma*, cross-defendant alleged that he was fraudulently induced to

10  sell his home to a real estate company, which then sold the home to cross-plaintiff.

11  *Salma*, 161 Cal.App.4th at 1280.  Cross-defendant filed numerous complaints with

12  the police department and district attorney regarding the alleged fraud. *Id.* at 1281.

13  Cross-plaintiff asserted various claims against cross-defendant, including

14  declaratory relief and quiet title. *Id.*  The California Court of Appeal found that

15  cross-defendant's contacts with police and the district attorney were plainly

16  protected by the Anti-SLAPP Statute because they constituted communications with

17  a law enforcement agency seeking an investigation into potential wrongdoing,

18  which may have led to criminal or other official proceedings. *Id.* at 1286.

19         Similarly, in *Schaffer*, the court held that a memorandum written to a

20  district attorney asserting collusion between plaintiff and a witness in an assault

21  investigation aimed at plaintiff and an affidavit written in support of the eventual

22  criminal complaint against plaintiff were clearly statements made in connection with

23  an issue under review of an official proceeding and thus protected by the

24  Anti-SLAPP Statute. *Schaffer*, 168 Cal.App.4th at 999.

25         As explained above, Plaintiffs base their claims on their allegation that

26  Redflex provided the Police Department with photographic evidence of their

27  Vehicle Code violations and they were required to pay fines as a result.  [FAC,

28  ¶ ¶ 51-54.]  Also as explained above, the Police Department is an agency of the City

1  and the City is authorized by California law to investigate Vehicle Code violations.

2  As such, Plaintiffs' claims against Redflex arise directly out of Redflex's statements

3  to an executive body in connection with an official investigation into Plaintiffs'

4  potential Vehicle Code violations.  Thus, similar to the party in *Salma* who

5  prevailed on an anti-SLAPP motion to strike, Redflex's contacts with the Police

6  Department regarding Plaintiffs' violations constitute communications related to

7  official investigations into potential wrongdoing, which culminated in official

8  proceedings by the Police Department and before the California Superior Court.  *See*

9  *Salma*, 161 Cal.App.4th at 1286.  Redflex's conduct which is the basis for Plaintiffs'

10  claims is therefore protected under the California Anti-SLAPP Statute.

11

12  **D.       PLAINTIFFS CANNOT SHOW A PROBABILITY OF SUCCESS**

13  **ON EITHER OF THEIR CLAIMS AGAINST REDFLEX**

14       After the defendant meets its burden of showing that its challenged

15  conduct is protected under the Anti-SLAPP Statute, the burden shifts to the plaintiff

16  to prove that "there is a probability that the plaintiff will prevail on the claim."  CAL.

17  CODE CIV. PROC. §  425.16(b)(1); *Simpson Strong-Tie Co., Inc.*, 49 Cal.4th at 21.

18  To meet this demanding standard, the plaintiff must "'state and substantiate a legally

19  sufficient claim.'"  *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal.4th 728, 741 (2003)

20  (quoting *Rosenthal v. Great Western Fin. Sec. Corp.*, 14 Cal.4th 394, 412 (1996)).

21  "'The plaintiff must demonstrate that the complaint is both legally sufficient and

22  supported by a sufficient *prima facie* showing of facts to sustain a favorable

23  judgment if the evidence submitted by the plaintiff is credited.'"  *Jarrow Formulas,*

24  *Inc.*, 31 Cal.4th at 741 (quoting *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th

25  811, 821 (2002)).

26       In addition to the substantive merits of the plaintiff's complaint, the

27  court must consider all available defenses to it.  *Traditional Cat. Ass'n, Inc. v.*

28  *Gilbreath*, 118 Cal.App.4th 392, 398 (2004).  For example, courts often find that

1  plaintiffs fail to meet their burden of showing a probability of success because their

2  underlying claims are barred by the litigation privilege under California Civil Code

3  section 47(b). *See, e.g., Seltzer v. Barnes*, 182 Cal.App.4th 953, 969-72 (2010);

4  *Daniels v. Robins*, 182 Cal.App.4th 204, 215-16 (2010); *Kashian v. Harriman*, 98

5  Cal.App.4th 892, 926-27 (2002); *Dove Audio, Inc.*, 47 Cal.App.4th at 784-85

6  (1996).

7

8         1.    Plaintiffs Cannot Show A Probability Of Success On Their

9               Unjust Enrichment Claim

10        Plaintiffs cannot state a legally sufficient claim supported by an

11  adequate prima facie showing of facts to sustain their unjust enrichment claim

12  against Redflex for at least the following reasons: (1) "unjust enrichment" is not a

13  cause of action under California law, *see McBride v. Boughton*, 123 Cal.App.4th

14  379, 387 (2004); (2) Plaintiffs admit they were convicted of violations of the

15  Vehicle Code and cannot use this action to impermissibly attack the basis of their

16  prior convictions, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); (3) Redflex

17  is not a "local jurisdiction" and thus cannot be liable under Vehicle Code

18  section 21455.5(b); (4) Plaintiffs conferred no benefit on Redflex, *see California*

19  *Federal Bank v. Matryek*, 8 Cal.App.4th 125, 132 (1992); (5) Redflex's conduct is

20  privileged under the litigation privilege in California Civil Code section 47(b); and

21  (6) Plaintiffs' claim is barred under the voluntary payment doctrine, *see Am. Oil*

22  *Serv. v. Hope Oil Co.*, 194 Cal.App.2d 581, 586 (1961).

23        These reasons are more fully discussed in Redflex's Motion to Dismiss

24  First Amended Class Action Complaint, which is incorporated herein by reference.

25  While Redflex is offering these defenses in its motion papers, the burden remains

26  upon Plaintiffs to establish a probability of success on their underlying claims. *See*

27  CAL. CODE CIV. PROC. § 425.16(b)(1).

28

2.    Plaintiffs Cannot Show A Probability Of Success On Their Claim For A Violation Of California Business & Professions Code Section 17200, *Et Seq.*

Plaintiffs likewise cannot meet their burden of stating a legally sufficient claim supported by adequate facts to sustain their claim for a violation of Business and Professions Code section 17200, *et seq.* ("UCL") for at least the following reasons: (1) Redflex is not a local jurisdiction and thus cannot be liable under the predicate statute – Vehicle Code section 21455.5(b); (2) Plaintiffs are not entitled to UCL restitution because they cannot show that Redflex received any money from them, *see Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1149-50 (2003); (3) Plaintiffs cannot show a causal connection between their failure to stop at a red light and Redflex's conduct, *see Daro v. Superior Court*, 151 Cal.App.4th 1079, 1099 (2007); (4) Plaintiffs admit they were convicted of violations of the Vehicle Code and cannot use this action to impermissibly attack the basis of their prior convictions, *see Heck*, 512 U.S. at 486-87; and (5) Redflex's conduct is privileged under the litigation privilege in California Civil Code section 47(b).

Again, these grounds are more fully discussed in Redflex's Motion to Dismiss First Amended Class Action Complaint, which is incorporated herein by reference. While Redflex is offering these defenses in its motion papers, the burden remains upon Plaintiffs to establish a probability of success on their underlying claims. *See* CAL. CODE CIV. PROC. § 425.16(b)(1).

**E.    NO EXCEPTIONS TO THE ANTI-SLAPP STATUTE APPLY HERE**

    1.    The Public Interest Exception Does Not Apply Because Plaintiffs Seek Personal Relief And Not To Protect A Right Affecting The Public At Large

Under C.C.P. section 425.17(b), widely known as the "public interest" exception, the Anti-SLAPP Statute does not apply to any action brought "solely in the public interest or on behalf of the general public" if *all* of the following conditions exist:

(1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member.

(2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.

(3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter.

CAL. CODE CIV. PROC. § 425.17(b).

The public interest exception is narrowly construed. *Club Members for an Honest Election v. Sierra Club*, 45 Cal.4th 309, 316 (2008).  The California Supreme Court has declared that "[t]he statutory language of 425.17(b) is

1  unambiguous and bars a litigant seeking 'any' personal relief from relying on the

2  425.17(b) exception." *Id.* at 316-17. The suit "must be brought *solely* to secure [a]

3  public benefit." *Id.* at 318 (emphasis in original).

4         Moreover, the second condition stated in C.C.P. section 425.17(b) is

5  not satisfied if the remedy sought would benefit only a class of persons, regardless

6  of the size of that class. *Blanchard v. DIRECTV, Inc.*, 123 Cal.App.4th 903, 915

7  (2004). In *Blanchard*, a class of plaintiffs accused by defendant of pirating its

8  programming brought a UCL class action against defendant alleging that its demand

9  letters contained false and misleading statements. *Id.* at 910. The court granted

10  defendant's anti-SLAPP motion over plaintiff's assertion of the public interest

11  exception because even though the lawsuit affected a large class of persons,

12  plaintiffs did not seek to affect an important right affecting the public, but rather

13  were motivated by personal gain. *Id.* at 914-16. The court reasoned that no public

14  interest was involved because "regardless of the outcome, properly worded demand

15  letters will remain a standard practice designed to avoid the necessity of legal

16  action." *Id.* at 915.

17         The third condition required for application of the public interest

18  exception is not met if the plaintiff's stake in the litigation far exceeds the effect the

19  lawsuit could have on the public at large. *Id.* at 915. Put another way, the plaintiff's

20  ultimate objective in the lawsuit must be to benefit the general public, rather than

21  benefit the plaintiff. *Id.*

22         Here, Plaintiffs satisfy none of the three conditions required for

23  application of the public interest exception. Plaintiffs seek "losses, restitution and

24  damages" in their claim for unjust enrichment [FAC Prayer for Relief, ¶ 13] and

25  "damages and restitution of the costs of non-warning traffic citations to Plaintiffs

26  and all class members and prejudgment interest from the day such amounts were

27  due and payable" in their claim for violation of the UCL [FAC Prayer for Relief,

28  ¶ 16]. Thus, because Plaintiffs seek "any" personal relief at all in this action, the

1 public interest exception to the Anti-SLAPP Statute does not apply under the rule
2 announced in *Club Members for an Honest Election*.  Moreover, as in *Blanchard*,
3 Plaintiffs cannot possibly be seeking to affect a right affecting the public at large
4 because regardless of the outcome of this litigation, persons caught by photo
5 enforcement systems driving through red lights in violation of the Vehicle Code will
6 continue to be issued citations.  Finally, because this suit does not affect the general
7 public at all, Plaintiffs' stake in the litigation far exceeds any possible benefit to the
8 public and thus the third condition is likewise not met.  Plaintiffs therefore cannot
9 overcome this motion to strike under the Anti-SLAPP Statute by relying on the
10 public interest exception.

11

12         2.    The Commercial Speech Exception Does Not Apply Because
13              Redflex's Conduct Does Not Involve Statements About The
14              Business Of Redflex Or Any Of Its Competitors

15      Under C.C.P. section 425.17(c), widely known as the "commercial
16 speech" exception, the Anti-SLAPP Statute does not apply to "any cause of action
17 brought against a person primarily engaged in the business of selling or leasing
18 goods or services . . . arising from any statement or conduct by that person" if both
19 of the following conditions exist:

20

21      (1) The statement or conduct consists of representations of
22      fact about that person's or a business competitor's business
23      operations, goods, or services, that is made for the purpose
24      of obtaining approval for, promoting, or securing sales or
25      leases of, or commercial transactions in, the person's
26      goods or services, or the statement or conduct was made in
27      the course of delivering the person's goods or services.

28

1     (2) The intended audience is an actual or potential buyer

2     or customer, or a person likely to repeat the statement to,

3     or otherwise influence, an actual or potential buyer or

4     customer, or the statement or conduct arose out of or

5     within the context of a regulatory approval process,

6     proceeding, or investigation, except where the statement or

7     conduct was made by a telephone corporation in the

8     course of a proceeding before the California Public

9     Utilities Commission and is the subject of a lawsuit

10     brought by a competitor, notwithstanding that the conduct

11     or statement concerns an important public issue.

12 CAL. CODE CIV. PROC. § 425.17(c).

13

14     Like the public interest exception, the commercial speech exception is

15 narrowly construed. *Simpson Strong-Tie Company, Inc.*, 49 Cal.4th 12 at 22. The

16 burden of proving the applicability of the commercial speech exception is on the

17 party opposing the anti-SLAPP motion to strike. *Id.* at 26.

18     The California Supreme Court has articulated four requirements that *all*

19 must be met for the commercial speech exception to apply:

20

21     (1) the cause of action is against a person primarily

22     engaged in the business of selling or leasing goods or

23     services;

24

25     (2) the cause of action arises from a statement or conduct

26     by that person consisting of representations of fact about

27     that person's or a business competitor's business

28     operations, goods, or services;

1           (3) the statement or conduct was made either for the

2           purpose of obtaining approval for, promoting, or securing

3           sales or leases of, or commercial transactions in, the

4           person's goods or services or in the course of delivering

5           the person's goods or services; and

6

7           (4) the intended audience for the statement or conduct

8           meets the definition set forth in section 425.17(c)(2).

9   *Id.* at 30.

10

11           The California Supreme Court in *Simpson Strong-Tie Company*

12   stressed that for the commercial speech exception to apply, the cause of action *must*

13   arise out of a person's statement or conduct consisting of representations of fact

14   about the business of that person or a business competitor of that person. *Id.* at

15   27-28.  In so holding, the California Supreme Court rejected the assertion that the

16   exception applies to any statement or conduct by a person primarily engaged in the

17   business of selling or leasing goods so long as it was made in the course of

18   delivering such goods or services. *Id.* at 28.

19           Redflex's provision to the Police Department of photographic evidence

20   of Plaintiffs' Vehicle Code violations plainly falls outside the reach of the

21   commercial speech exception.  Such an action cannot possibly be considered a

22   representation of fact about the business operations, goods or services of Redflex or

23   any other competing photo enforcement company.  Redflex is in the business of

24   providing red light photo enforcement services to cities to increase safety on the

25   road.  Simply carrying out its photo enforcement business and providing a city with

26   photographic evidence of a Vehicle Code violation involves no facts at all about the

27   business of Redflex or any of its competitors.  Thus, Plaintiffs' claims against

28   Redflex do not arise from any statement or conduct satisfying all four requirements

NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED
CLASS ACTION COMPLAINT PURSUANT TO C.C.P. § 425.16

of the commercial speech exception to the Anti-SLAPP Statute.  Plaintiffs' claims for relief against Redflex should therefore be stricken under the Anti-SLAPP Statute notwithstanding the commercial speech exception.

## F.   <u>REDFLEX SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS</u>

Because Plaintiffs' claims for relief against Redflex should be stricken under the Anti-Slapp Statute, Redflex is entitled to recover its attorneys' fees and costs.  Under the Anti-SLAPP Statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs." CAL. CODE CIV. PROC. § 425.16(c).

This motion follows a meet and confer between counsel on November 1, 2010, at which time counsel for Redflex advised counsel for Plaintiffs that it intended to file this special motion to strike under the Anti-SLAPP Statute. Because Plaintiffs' claims against Redflex should be stricken in their entirety under the Anti-SLAPP Statute, Redflex should be awarded the attorneys' fees and costs it has incurred in defending this action pursuant to the Anti-SLAPP Statute.  Redflex intends to move this Court for Redflex's attorneys' fees and costs following the Court's granting of the instant motion. *See Am. Humane Ass'n*, 92 Cal.App.4th at 1102-03.

## G.   <u>CONCLUSION</u>

Based upon the foregoing, Redflex respectfully requests that this Court grant the instant motion to strike Plaintiffs' third and fourth claims for relief against Redflex and award Redflex its attorneys' fees and costs pursuant to C.C.P. section 425.16(c) in an amount to be determined by the Court upon motion by Redflex.

1   Dated:  November 15, 2010

2                                          SHEPPARD, MULLIN, RICHTER & HAMPTON
                                           LLP
3

4

5                                          By

6                                                      GREGORY P. BARBEE
                                                       MICHAEL D. STEWART
7                                                      Attorneys for Defendants
                                                REDFLEX TRAFFIC SYSTEMS
8                                               (CALIFORNIA), INC. and REDFLEX
                                                   TRAFFIC SYSTEMS, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1JMH1\403047913.1                      -21-
                                           NOTICE OF MOTION AND MOTION TO STRIKE FIRST AMENDED
                                           CLASS ACTION COMPLAINT PURSUANT TO C.C.P. § 425.16

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 43rd Floor, Los Angeles, California 90071.

On **November 15, 2010**, I served the following document(s) described as **NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO C.C.P. § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

### See Attached Service List

☒ **BY EMAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 714-513-5130. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(h)(4), a copy of that report is attached to this declaration.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 15, 2010, at Los Angeles, California.

Susie Navarro

-i-

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
STRIKE COMPLAINT PURSUANT TO C.C.P. § 425.16

1

## SERVICE LIST

2
Gene Williams
gwilliams@initiativelegal.com
3
Mark P. Pifko
mpifko@initiativelegal.com
4
Theodore O'Reilly
toreilly@initiativelegal.com
5
Initiative Legal Group, APC
1800 Century Park East, 2nd Floor
6
Los Angeles, CA  90067
Telephone:  (310) 556-5637
7
Facsimile:  (310) 861-9051

8

Steven J. Rothans
9
srothans@crdlaw.com
Justin Reade Sarno
10
jsarno@crdlaw.com
Carpenter, Rothans & Dumont
11
888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017
12
Telephone:  (213) 228-0400
Facsimile:  (213) 228-0401

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Aaron D. Aftergood
aaron@aftergoodesq.com
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, CA  90067
Telephone:  (310) 551-5221
Facsimile:  (310) 496-2840

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
STRIKE  COMPLAINT PURSUANT TO C.C.P. § 425.16