Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
Mark P. Pifko (SBN 228412)
MPifko@InitiativeLegal.com
Theodore O'Reilly (SBN 267675)
TOReilly @InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:   (310) 556-5637
Facsimile:   (310) 861-9051

Aaron D. Aftergood (SBN 239853)
aaron@aftergoodesq.com
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone:   (310) 551-5221
Facsimile:   (310) 496-2840

Attorneys for Plaintiffs Robert Plumleigh
and Thomas R. Hazard III

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually and on behalf of other members of the general public similarly situated,<br><br>       Plaintiffs,<br><br>       vs.<br><br>CITY OF SANTA ANA; PAUL M. WALTERS; JOSEPH W. FLETCHER; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No.:  SACV10-1332-CJC (RNBx)<br><br>CLASS ACTION<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF SANTA ANA, PAUL M. WALTERS AND JOSEPH W. FLETCHER'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:     December 6, 2010<br>Time:    1:30 p.m.<br>Place:   Courtroom 9B |

1

2

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................ 1

II.     FACTS AND PROCEDURE ...................................................................... 2

III.    ARGUMENT............................................................................................... 4

    A.      Defendants' Motion To Dismiss Should Be Denied Because
           Plaintiffs' Claims Are Cognizable And Sufficiently
           Supported By Factual Allegations.................................................. 4

    B.      The Government Claims Act Does Not Bar Plaintiffs' Claims
           Because It Does Not Apply To Section 1983 Claims, Inverse
           Condemnation Claims Or Claims For Specific Relief ................... 6

    C.      Issue And Claim Preclusion Do Not Bar Plaintiffs' Claims
           Because Plaintiffs Lacked Privity With The *Fischetti* And
           *Park* Defendants And Had No Opportunity To Present Their
           Claims ............................................................................................ 7

    D.      *Heck v. Humphrey* Does Not Bar Plaintiffs' Claims Because
           Plaintiffs' Prior Traffic Infraction Cases Were Dismissed ............ 9

    E.      Plaintiff Hazard's Section 1983 Claim For Violation Of Due
           Process Is Cognizable Because He Alleges That City
           Defendants Failed To Provide Him Sufficient Notice And
           Required Him To Pay Fines Despite Their Only Having
           Issued Warning Notices To Others ............................................... 12

    F.      Plaintiffs' Inverse Condemnation Claims Are Cognizable .......... 17

    G.      Plaintiff Hazard's Unjust Enrichment Claims Is Cognizable
           Because He Alleges That City Defendants Unlawfully
           Collected and Retained His Money .............................................. 19

IV.     CONCLUSION .......................................................................................... 20

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1

## TABLE OF AUTHORITIES

2

3 **FEDERAL CASES**

4 *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) ...................... 5

5 *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ............................................................... 5

6 *Bagget v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261 (C.D. Cal. 2007) ........................ 19

7 *Barker v. Riverside County Office of Ed.*, 584 F.3d 821 (9th Cir. 2009) ........................... 5

8 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 5

9 *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1988) ..................................................... 5

10 *Bennis v. Michigan*, 516 U.S. 442 (1996) ............................................................. 18

11 *Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003) ...................................................... 5

12 *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) ........................................ 5

13 *Carr v. O'Leary*, 167 F.3d 1124 (7th Cir. 1999) .................................................... 11

14 *Deligiannis v. City of Anaheim*, 2010 U.S. Dist. LEXIS 46154 (C.D.

15     Cal. 2010) ..................................................................................... 18

16 *Doe v. Wal-Mart Stores, Inc.*, 572 F.3d 677 (2009) ................................................. 19

17 *Dowling v. United States*, 493 U.S. 342 (1990) ...................................................... 16

18 *Figueroa v. Rivera*, 147 F.3d 77 (1st Cir. 1998) ..................................................... 11

19 *Gautt v. Lewis*, 489 F.3d 993 (9th Cir. 2007) ........................................................ 12

20 *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246 (9th Cir. 1997) *quoting Auster*

21     *Oil & Gas, Inc. v. Stream*, 764 F.2d 381 (5th Cir. 1985) ................................. 5

22 *Harvey v. Waldron*, 210 F.3d 1008 (9th Cir. 2000) ............................................ 10, 11, 12

23 *Heck v. Humphrey*, 512 U.S. 477 (1994) ............................................................ 9, 10, 11

24 *Holcombe v. Hosmer*, 477 F.3d 1094 (9th Cir. 2007) ................................................. 8

25 *James v. Borg*, 24 F.3d 20 (9th Cir. 1994) .......................................................... 12

26 *Jenkins v. Haubert*, 179 F.3d 19 (2d Cir. 1999) ..................................................... 11

27 *Johnson v. Freeburn*, 29 F. Supp. 2d 764 (E.D. Mich. 1998) ....................................... 11

28 *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ........................................................ 5

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1   *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992) ...................................... 18

2   *Mathews v. Eldridge*, 424 U.S. 319 (1976) ................................................................ 14, 15

3   *Memphis Cmty. School Dist. v. Stachura*, 477 U.S. 299 (1986) ..................................... 9

4   *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75 (1984) ............................... 7

5   *Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001).............................................................. 4

6   *San Remo Hotel L.P. v. City of San Francisco*, 27 Cal. 4th 643 (2002) ........................... 18

7   *Scheuer v. Rhodes*, 416 U.S. 232 (1974), *abrogated on other grounds by*

8     *Harlow v. Fitzgerald*, 457 U.S. 800 (1983) ................................................................ 4

9   *Spencer v. Kemna*, 523 U.S. 1 (1998) ........................................................................... 11

10  *TYR Sport Inc. v. Warnaco Swimwear, Inc*, 679 F. Supp. 2d 1120 (C.D.

11   Cal. 2009) ...................................................................................................................... 5

12  *United States v. Deng*, 537 F. Supp. 2d 1116 (D. Haw. 2008)................................. 12, 13

13  *United States v. Trimble*, 487 F.3d 752 (9th Cir. 2007) ........................................... 13, 14

14  *Wallace v. Kato*, 549 U.S. 384 (2007)....................................................................... 9, 10

15  *Whitaker v. Garcetti*, 486 F.3d 572 (9th Cir. 2007) ................................................ 10, 11

16  *White v. Phillips*, 34 F. Supp. 2d 1038 (W.D. La. 1998)................................................ 11

17  *Zupan v. Brown*, 5 F. Supp. 2d 792 (N.D. Ill. 1998) .................................................... 11

18

19  **STATE CASES**

20  *City of Los Angeles v. Superior Court*, 168 Cal. App. 4th 422 (2008)............................... 6

21  *City of Stockton v. Superior Court*, 42 Cal. 4th 730 (2007) ............................................. 6

22  *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657 (1992) ...................................... 19

23  *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744 (2002) ............................................... 6

24  *Lucido v. Superior Court*, 51 Cal. 3d 335 (1990)............................................................ 8

25  *McBride v. Boughton*, 123 Cal. App. 4th 379 (2004)..................................................... 19

26  *Miklosy v. Regents of the University of California*, 44 Cal. 4th 876 (2008) ....................... 6

27  *Minsky v. City of Los Angeles*, 11 Cal. 3d 113 (1974) ..................................................... 6

28  *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888 (2002) ................................................ 8

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

*People v. Fischetti*, 170 Cal. App. 4th Supp. 1 (2008)................................................. *passim*

*People v. Park*, 187 Cal. App. 4th Supp. 9 (2010) ..................................................... *passim*

*Santa Monica Beach, Ltd. v. Superior Court*, 19 Cal. 4th 952 (1999) .............................. 18


**FEDERAL STATUTES**

Const. 14th Amend. ............................................................................................. 12

Fed. R. Civ. P. 8.................................................................................................. 5

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 4

U.S.C. tit. 42 § 1983 ......................................................................................... 1, 4


**STATE STATUTES**

Cal. Const. art. XI, § 7....................................................................................... 17

Cal. Gov't. Claims Act ..................................................................................... 6, 7

Cal. Gov't. Code § 815 ....................................................................................... 6

Cal. Lab. Code § 1983 ................................................................................. passim

Cal. R. Ct. 4.104 ............................................................................................. 11

Cal. R. Ct. 4.104(b) ......................................................................................... 11

Cal. Veh. Code § 21455.5(b) ..................................................................... *passim*

Cal. Veh. Code § 41501..................................................................................... 10

Cal. Veh. Code § 41501(a)(1) ........................................................................... 11

Cal. Veh. Code § 41501(a)(2) ........................................................................... 11

Cal. Unfair Competition Law .............................................................................. 4

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Robert Plumleigh and Thomas R. Hazard III ("Plaintiffs") were forced to pay hundreds of dollars out-of-pocket for a fines and a traffic safety courses as a direct result of the unlawful actions of Defendants City of Santa Ana, Chief Paul M. Walters, and Joseph W. Fletcher (collectively, "City Defendants") and Defendants Redflex Traffic Systems (California), Inc. and Redflex Traffic Systems, Inc. ("Redflex Defendants").  Acting oppressively and in reckless disregard of Plaintiffs' rights, Defendants caused to be issued to Plaintiffs non-warning, automated traffic camera citations without first instituting the required thirty-day warning notice period under California Vehicle Code §21455.5(b). (First Amended Complaint ("FAC") ¶¶ 25 and 53-54.)

The causes of action in Plaintiffs' FAC, asserting claims under title 42 United States Code, section 1983, inverse condemnation and unjust enrichment, are valid.  The Court should let Plaintiffs' claims stand and deny City Defendants' Motion to Dismiss (Doc. No. 22).  Plaintiffs allege that the City Defendants—in partnership with the Redflex Defendants—used automated traffic cameras to unlawfully issue citations to Plaintiffs and the putative class.  Defendants failed to comply with California Vehicle Code, section 21455.5(b) because they did not properly institute the requisite thirty-day warning notice periods for each and every intersection where a traffic camera system had been installed.  Consequently, Defendants failed to provide Plaintiffs and members of the putative class with the required notice.  Thus, Defendants denied them equal protection and confiscated their money without lawful authority.  Accordingly, the City Defendants' Motion to Dismiss should be denied.  Plaintiffs should be entitled to present evidence to support their claims and proceed with their efforts to certify a class.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

## II.   FACTS AND PROCEDURE

In 2002 and 2003, the City Defendants, along with the Redflex Defendants, began operating a series of unlawful floating traffic camera systems.  (FAC ¶¶ 26-28, 38-40.)  The first such traffic camera system was installed in the City of Santa Ana in May 2003.  (FAC ¶ 39.)  The system was installed at the intersection of Harbor Boulevard and McFadden Avenue.  (FAC ¶ 39.)  Under California Vehicle Code, section 21455.5(b), citations issued from traffic camera systems are not valid until after a thirty-day warning notice period has been completed.  (FAC ¶ 25.)  During the warning notice period, the camera system must issue only warning notices to drivers.  (FAC ¶ 25.)  Citations cannot be issued until after an intersection's camera system issues warning notices for thirty days.  (FAC ¶¶ 25, 46, 48.)

Defendants initiated a thirty-day warning notice period for the traffic camera system installed at Harbor and McFadden.  (FAC ¶¶ 40, 42.)  However, over the next few years, after installing the camera system at Harbor and McFadden, Defendants installed nineteen more traffic camera systems at sixteen different intersections.  (FAC ¶ 44.)  Despite the requirements of Section 21455.5(b), Defendants did not initiate thirty-day warning notice periods at any of those sixteen intersections.  (FAC ¶¶ 46, 48, 49.)  Instead, in violation of law, Defendants issued thousands of citations to unwitting drivers each month.  (FAC ¶ 45.)

A written contract concerning the design, installation and operation of traffic cameras in the City of Santa Ana was executed by City Defendants and Redflex Defendants on December 2, 2002 (the "Agreement").  (FAC ¶ 28.)  Defendants Paul M. Walters and Joseph W. Fletcher signed and approved the Agreement. (FAC ¶ 38.)  The Agreement defines "'Warning period' as 'the period of thirty (30) days after the Installation Date of the first intersection approach.'"  (FAC

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

¶ 37.)  The agreement defines "'Installation date' as 'the date on which the City issues Final Acceptance for at least one intersection approach.'"  (FAC ¶ 37.)

At a public ceremony commemorating the installation of the first traffic camera system in the City of Santa Ana, Defendant Paul M. Walters stated, "after the first month warning [*sic*] then any that we install we can issue citations right from the start."  (FAC ¶ 42.)  He also agreed that Defendants' traffic camera system was a "floating red light camera program."  (FAC ¶ 43.)  In short, contrary to Section 21455.5(b), Defendant Paul M. Walters argued that one thirty-day warning period for one camera at one intersection was sufficient for all subsequent cameras at all subsequent intersections.  (*See* FAC ¶¶ 46, 48, 49.)

On December 18, 2008, in *People v. Fischetti*, 170 Cal. App. 4th Supp. 1 (2008), the Appellate Division of the Superior Court of California, Orange County, held that Defendants failed to comply with Section 21455.5(b).  (FAC ¶ 46.)  Defendants were required to institute warning notice periods at each intersection and had failed to do so.  (FAC ¶ 46.)

Defendants issued Plaintiff Robert Plumleigh a traffic camera citation for an alleged violation which occurred on February 27, 2008.  (FAC ¶ 53.)  Plaintiff Plumleigh was required to pay nearly $480 in fines and traffic school fees. (FAC ¶ 53.)  On May 3, 2008, the Superior Court dismissed the traffic citation case without convicting Plaintiff Plumleigh of any violations of law.  (FAC ¶ 53.)

Defendants issued Plaintiff Thomas R. Hazard III a traffic camera citation for an alleged violation which occurred on December 17, 2008.  (FAC ¶ 54.)  Plaintiff Hazard was required to pay more than $400 in fines and traffic school fees.  (FAC ¶ 54.)  On March 20, 2009, the Superior Court dismissed the case against Plaintiff Hazard.  (FAC ¶ 54.)

On November 25, 2009, City Defendants instituted a thirty-day warning notice period for sixteen intersections across the City of Santa Ana.  (FAC ¶ 47.)  The warning notice periods lasted until December 28, 2009.  (FAC ¶ 47.)

On July 23, 2010, in *People v. Park*, 187 Cal. App. 4th Supp. 9 (2010), the Appellate Division of the Superior Court of California, Orange County, again held that Defendants failed to comply with Section 21455.5(b)'s warning notice period requirement.  (FAC ¶ 48.)  The Court of Appeal held that a warning notice period must be instituted at each intersection with a traffic camera.  (FAC ¶ 48.)

On September 3, 2010, Plaintiffs filed a Complaint against Defendants. (Doc. No. 1.)  On October 12, 2010, Plaintiff filed the present First Amended Complaint.  (Doc. No. 18.)  Plaintiff Hazard alleges, under title 42 United States Code, section 1983, that City Defendants violated his Due Process rights.  (FAC ¶¶ 55-66.)  Plaintiff Hazard also asserts a claim for Unjust Enrichment, requesting restitution from Defendant City of Santa Ana and the Redflex Defendants.  (FAC ¶¶ 73-80, 12-14.)  Both Plaintiffs also allege claims for inverse condemnation, claiming that City Defendants violated the Takings Clause of the California Constitution.  (FAC ¶¶ 67-72.)  Finally, Plaintiffs allege that Redflex Defendants violated California's Unfair Competition Law.  (FAC ¶¶ 81-86.)

## III.   ARGUMENT

### A.   Defendants' Motion To Dismiss Should Be Denied Because Plaintiffs' Claims Are Cognizable And Sufficiently Supported By Factual Allegations

When deciding a motion to dismiss, a court cannot take plaintiff's claims away from the fact-finder unless they lack a cognizable legal theory or sufficient facts.  Fed. R. Civ. P. 12(b)(6); *see*, *e.g.*, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Whether the plaintiff will ultimately prevail is irrelevant.  *See*, *e.g.*, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1983).  Instead, the court must effectively decide whether the plaintiff is entitled to present evidence to support the claims.  *See*, *e.g.*, *id.*  Generally, a plaintiff is entitled to present evidence to support the claims if the claims satisfy notice pleading requirements and plausibly show that

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  the plaintiff is entitled to relief.  *TYR Sport Inc. v. Warnaco Swimwear, Inc.*, 679 F.

2  Supp. 2d 1120, 1127 (C.D. Cal. 2009) (a plaintiff need only state "enough facts to

3  state a claim for relief that is plausible on its face.") (citing *Bell Atlantic Corp. v.*

4  *Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937,

5  1949 (2009); Fed. R. Civ. P. 8.  This low notice pleading standard provides a

6  "powerful presumption" against dismissal for failure to state claims.  *See*, *e.g.*,

7  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) *quoting Auster*

8  *Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 386 (5th Cir. 1985).  Accordingly,

9  motions to dismiss are disfavored and are rarely granted.  *See*, *e.g.*, *Broam v.*

10  *Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

11      When evaluating a motion to dismiss, the court must (1) construe the

12  complaint in the light most favorable to the plaintiff, drawing all reasonable

13  inferences in plaintiff's favor, and (2) accept all well-pleaded factual allegations as

14  true.  *See Iqbal*, 129 S. Ct. at 1950; *see also Barker v. Riverside County Office of*

15  *Ed.*, 584 F.3d 821, 824 (9th Cir. 2009); *see also Cahill v. Liberty Mut. Ins. Co.*, 80

16  F.3d 336, 337 (9th Cir. 1996).  Furthermore, the court must consider only the

17  claims and nothing beyond the face of the complaint.  *See*, *e.g.*, *Arpin v. Santa*

18  *Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

19      Finally, if the Court determines that the pleadings suffer from any defects,

20  Plaintiffs request that they be given leave to amend.  *See Lopez v. Smith*, 203 F.3d

21  1122, 1130 (9th Cir. 2000) (when pleadings are determined to be deficient, leave

22  to amend should freely be granted).  Dismissal without leave to amend is an

23  "extraordinary" option.  *See*, *e.g.*, *Broam*, 320 F.3d at 1028.  Instead, the court

24  should grant leave to amend and "keep the case moving."  *Bennett v. Schmidt*, 153

25  F.3d 516, 518 (7th Cir. 1988).

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

**B.    The Government Claims Act Does Not Bar Plaintiffs' Claims Because It Does Not Apply To Section 1983 Claims, Inverse Condemnation Claims Or Claims For Specific Relief**

The Government Claims Act abolishes non-statutory liability for public entities.  *See* Cal. Gov't. Code § 815.  However, as discussed below, it does not apply to Plaintiffs' claims.

Under the Supremacy Clause of the Constitution, claims for relief brought under Section 1983 are not subject to the Government Claims Act.  *See*, *e.g.*, *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 764 (2002).  Similarly, inverse condemnation claims also are not subject to the Government Claims Act.  *See*, *e.g.*, *Miklosy v. Regents of the University of California*, 44 Cal. 4th 876 (2008).  Accordingly, the Act provides no defense to Plaintiff Hazard's Section 1983 claim or to Plaintiffs' inverse condemnation claims.

Furthermore, mandamus actions for specific relief are not subject to the Government Claims Act.  *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 742-43 (2007); *see also City of Los Angeles v. Superior Court*, 168 Cal. App. 4th 422, 429 (2008).  Such relief includes claims for restitution if the government has a duty to return property or reimburse the value of converted property.  *See Minsky v. City of Los Angeles*, 11 Cal. 3d 113, 121-22 (1974); *see also City of Los Angeles v. Superior Court*, 168 Cal. App. 4th at 429 n.5.

Here, the allegations that City Defendants have a duty to reimburse Plaintiff Hazard's and potential class members' money are sufficient to state a claim because Plaintiff Hazard alleges that the City Defendants did not comply with Section 21455.5(b)'s warning notice period requirement.  Moreover, Plaintiff Hazard alleges that despite having been informed by the Court of Appeal in *Fischetti* that the traffic camera systems were unlawfully issuing tickets, the City Defendants continued to unlawfully collect and convert putative class members' money.  Hazard alleges that City Defendants issued citations without lawful

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    authority and initiated a legal process they had no power to initiate.  The City

2    Defendants should be ordered to return the unlawfully collected funds.  Thus,

3    Plaintiff Hazard's prayer for restitution is a prayer for specific relief and the

4    Government Claims Act does not apply.

5    **C.    Issue And Claim Preclusion Do Not Bar Plaintiffs' Claims Because**

6    **Plaintiffs Lacked Privity With The *Fischetti* And *Park* Defendants**

7    **And Had No Opportunity To Present Their Claims**

8         The City Defendants have it backwards.  The issues in this lawsuit were

9    decided against them in *People v. Fischetti* and *People v. Park*.  If anything, issue

10   preclusion should prevent the City Defendants from claiming that the tickets

11   issued by traffic camera systems in the City of Santa Ana were lawful.  It should

12   be undisputed that Plaintiffs may proceed with their claims because they were not

13   parties to the *Fischetti* and *Park* actions, nor were they in privity with the

14   defendants in those actions.  Additionally, because Plaintiffs were not involved in

15   those matters, they did not have any opportunity to present their claims.

16        In *Fischetti* and *Park*, City Defendants litigated one of the legal issues raised

17   by Plaintiffs—whether City Defendants' floating traffic camera systems violated

18   the warning notice requirements of Section 21455.5(b).  City Defendants lost.

19   Issue preclusion (collateral estoppel) might bar City Defendants from re-litigating

20   that issue (Plaintiffs certainly believe that *Fischetti* and *Park* were correctly

21   decided).  But, that is the only possible effect of issue preclusion here.  By

22   asserting that issue preclusion goes further, that it somehow bars Plaintiffs' claims,

23   City Defendants confuse the doctrine's privity requirement.

24        Concerning whether to assess the preclusion issue under California law or

25   federal law, state law preclusion rules apply in a federal proceeding, if the federal

26   proceeding:  (1) presents an issue that was decided in a prior state proceeding; or

27   (2) presents a claim that should have been made in a prior state proceeding but was

28   not.  *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81-86 (1984);

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).  Here, City Defendants

2   contend that Plaintiffs present claims decided in *Fischetti* and *Park*, both of which

3   are prior proceedings in the Orange County Superior Court.  Thus, California

4   preclusion rules apply.

5          Under California issue preclusion law, re-litigation of a factual or legal issue

6   is barred if:  (1) the issue in a later proceeding is identical to an issue decided in an

7   earlier proceeding; (2) the issue was actually litigated in the earlier proceeding;

8   (3) the issue was necessarily decided in the earlier proceeding; (4) the decision in

9   the earlier proceeding was final and on the merits; and (5) the party against whom

10  preclusion is sought was a party to, or was in privity with, a party in the earlier

11  proceeding.  *See*, *e.g.*, *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990).  The

12  party asserting issue preclusion bears the burden of demonstrating all five

13  elements.  *Id.*

14         Claim preclusion bars entire claims if the plaintiffs had a previous

15  opportunity to advance the claims and should have advanced them, but did not.

16  *See*, *e.g.*, *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002).  It bars re-

17  litigation of the same cause of action in a second proceeding between the same

18  parties, or parties in privity with them.  *Id.* at 896.

19         Here, issue preclusion does not bar Plaintiffs from litigating any of the

20  issues raised in this action.  Plaintiffs were not parties to either the *Fischetti* or

21  *Park* actions.  Plaintiffs were not in privity with the defendants in *Fischetti* and

22  *Park*.  *Fischetti* and *Park* were criminal traffic citation cases that involved City

23  Defendants, and Mr. Fischetti and Mr. Park, respectively.  Plaintiffs were not

24  involved in either case and nothing in the complaint indicates otherwise.

25         Claim preclusion does not bar Plaintiffs from advancing their claims because

26  they raise their claims for the first time in this lawsuit.  The proceedings in

27  *Fischetti* and *Park* simply did not involve Plaintiffs.  Moreover, Plaintiffs could

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

not have raised their civil claims during the proceedings initiated against them regarding their alleged traffic violations.  Thus, claim preclusion is inapplicable.

**D.** ***Heck v. Humphrey* Does Not Bar Plaintiffs' Claims Because Plaintiffs' Prior Traffic Infraction Cases Were Dismissed**

City Defendants argue that Plaintiffs may not proceed with their claims because of the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).  City Defendants' argument, however, is misplaced.  *Heck v. Humphrey* does not apply because Plaintiffs have suffered no convictions.  (FAC ¶¶ 53, 54.) Under *Heck*, civil claims that amount to collateral attacks on criminal convictions do not accrue until the convictions are overturned or reversed in some way.   512 U.S. at 486-87.  Plaintiffs allege that their traffic camera cases were dismissed after they paid their fines and attended traffic school.  (FAC ¶¶ 53, 54.)  Thus, *Heck* is inapplicable.  Furthermore, even if Plaintiffs' payment of fines somehow could be viewed as the equivalent of conviction (Plaintiffs do not believe it plausibly can), the dismissal of Plaintiffs' cases still provides an exception to the *Heck* bar.

*Heck*'s bar on civil claim accrual only applies when a plaintiff has been convicted and the plaintiff's claims, if successful, would imply that the conviction was invalid.  *See Wallace v. Kato*, 549 U.S. 384, 393 (2007).  Under *Heck*, convicted plaintiffs may recover Section 1983 damages for their unconstitutional criminal convictions if their convictions have been reversed, expunged, declared invalid by an authorized state tribunal, or called into question by the issuance of a writ of habeas corpus.  512 U.S. at 486-87.  Historically, convicted plaintiffs have been barred from using common law tort suits to attack their outstanding convictions.  *Id.* at 484 n.4, 484-85.  Finality and the risk of conflicting judgments were major concerns.  *Id.* at 484-85.  Section 1983 actions are analogous to common law tort suits.  *See*, *e.g.*, *Memphis Cmty. School Dist. v. Stachura*, 477 U.S. 299, 305 (1986).  Accordingly, *Heck* held that convicted plaintiffs cannot use

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  Section 1983 to accomplish what they could not accomplish with a tort suit at

2  common law.  *See* 512 U.S. at 483-87.

3      However, it is well-established that plaintiffs who have not suffered

4  convictions may recover damages for unconstitutional criminal proceedings.

5  *Wallace*, 549 U.S. at 393; *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007).

6  In *Whitaker*, several plaintiffs brought Section 1983 claims against the government

7  for the government's failure to disclose wiretaps.  486 F.3d at 576-79.  The

8  government used the wiretaps to prosecute and convict all but one of the plaintiffs.

9  *Id.*  Thus, the court held that *Heck* was "inapplicable to [the] claims" of the

10  plaintiff who had not been convicted.  *Id.* at 581.

11      Furthermore, Ninth Circuit authority is clear that if a plaintiff's criminal

12  case is dismissed, like Plaintiffs here, the plaintiff may recover damages for

13  unconstitutional proceedings.  *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th

14  Cir. 2000), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007).

15  In *Harvey*, the government entered plaintiff's business and seized gaming devices

16  used for gambling.  *Id.* at 1010.  The plaintiff was charged with illegal possession

17  of gaming devices.  *Id.*  The government later dismissed plaintiff's criminal case

18  after a change in the law occurred, legalizing possession of the gaming devices in

19  question.  *Id.* at 1011, 1016.  The plaintiff eventually filed a Section 1983 claim,

20  seeking to recover damages for unreasonable search and seizure.  *Id.*  The court

21  held that allowing plaintiff's claim to proceed after his criminal case was

22  dismissed "will avoid the potential for inconsistent determinations on the legality

23  of a search and seizure in the civil and criminal cases and will therefore fulfill the

24  *Heck* Court's objectives of preserving consistency and finality, and preventing 'a

25  collateral attack on [a] conviction through the vehicle of a civil suit.'"  *Id.* at 1016

26  (*quoting Heck*, 512 U.S. at 484-85).

27      Under California Vehicle Code, section 41501, defendants cited for traffic

28  violations may be granted dismissal after attending traffic school.  *Id.*; *see also*

Cal. R. Ct. 4.104.  Court clerks may grant pretrial diversion to traffic school.  Cal. R. Ct. 4.104(b).  The court may continue the proceedings and, "in consideration for attendance" at traffic school, "dismiss the complaint."  Cal. Veh. Code § 41501(a)(1)-(2).

Here, Plaintiffs' claims are valid under *Heck* because Plaintiffs suffered no convictions and the cases against them were dismissed.  (FAC ¶¶ 53, 54.)  In the absence of a conviction, *Whitaker* held that "the *Heck* Court's objectives of preserving consistency and finality, and preventing 'a collateral attack on [a] conviction through the vehicle of a civil suit'" are not implicated.  *Harvey*, 210 F.3d at 1016, (*quoting Heck*, 512 U.S. at 484-85).  Therefore, *Heck* is inapplicable to Plaintiffs claims here.[1]  Thus, Plaintiffs' claims are cognizable and City Defendants' Motion to Dismiss must be denied.

Alternatively, for argument's sake, even assuming Plaintiffs' payment of fines somehow could be viewed as equivalent to a conviction, Plaintiffs' allegation that their cases were dismissed provides an exception to the *Heck* bar.  If a conviction is reversed or dismissed, then there are no concerns regarding finality or conflicting judgments.  In *Harvey*, a dismissal of the plaintiff's criminal case made it possible for plaintiff to pursue his civil claims under Section 1983.

---

[1] *Heck* may be inapplicable for a further reason.  In *Spencer v. Kemna*, 523 U.S. 1 (1998), five justices took the position that a plaintiff who is not "'in custody' may bring a § 1983 action establishing the unconstitutionality of a conviction . . . without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy."  *Id.* at 21.  (Souter, J., O'Connor, J., Ginsburg, J., and Breyer, J., concurring); *cf. id.* at 25 n.8 (Stevens, J., dissenting) ("Given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice Souter explains, that he may bring an action under § 1983.").  Defendants may argue in reply that Justice Souter's opinion in Spencer is not a holding.  However, many Circuit and District court cases have followed it or adopted its reasoning.  *Compare Jenkins v. Haubert*, 179 F.3d 19, 25-26 (2d Cir. 1999), *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999), *White v. Phillips*, 34 F. Supp. 2d 1038, 1041-42 (W.D. La. 1998), *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 775 (E.D. Mich. 1998) and *Zupan v. Brown*, 5 F. Supp. 2d 792, 797 (N.D. Ill. 1998) *with Figueroa v. Rivera*, 147 F.3d 77, 81 n.3 (1st Cir. 1998).  Here, Plaintiffs are not in custody.  Thus, as found by the five Spencer justices, *Heck* is inapplicable to Plaintiffs.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1   Furthermore, Plaintiffs' allegations define the class as all persons "who paid [their]
2   citations, thereby earnings dismissals."  (FAC ¶ 20.)  Thus, if dismissal allowed
3   the *Harvey* plaintiff's claims to accrue, then the dismissals here allow Plaintiffs'
4   claims to proceed.

5   **E.    Plaintiff Hazard's Section 1983 Claim For Violation Of Due**
6   **Process Is Cognizable Because He Alleges That City Defendants**
7   **Failed To Provide Him Sufficient Notice And Required Him To**
8   **Pay Fines Despite Their Only Having Issued Warning Notices To**
9   **Others**

10   Plaintiff Hazard's Section 1983 claim for violation of Due Process is
11   cognizable because he alleges that City Defendants failed to provide adequate
12   notice, as required under the law.  Furthermore, he alleges that City Defendants did
13   so in an unequal manner, issuing warning notices to some and citations to others.
14   Thus, his Section 1983 claim is supported by a cognizable legal theory and factual
15   allegations.  He should be allowed to present evidence to support it.  City
16   Defendants' Motion to Dismiss must be denied.

17   Under the Fourteenth Amendment, inadequate notice of the nature and cause
18   of criminal charges violates Due Process.  *Gautt v. Lewis*, 489 F.3d 993, 1002-03
19   (9th Cir. 2007); *United States v. Deng*, 537 F. Supp. 2d 1116, 1123-24 (D. Haw.
20   2008).  Among other things, notice is inadequate if the charging document fails to
21   provide the defendant with sufficient detail to allow the defendant to prepare a
22   defense.  *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).  In *United States v. Deng*,
23   the defendant received a traffic citation for speeding on a military base in Hawaii.
24   537 F. Supp. 2d at 1116-17.  In Hawaii, speeding is a civil infraction.  *Id.* at 1117.
25   But, speeding on a military base is criminal under federal law.  *Id.*  The
26   defendant's citation did not inform him of the federal criminal consequences and
27   gave no indication that it was anything but civil.  *Id.* at 1123-24.

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Similarly, Plaintiff Hazard states a cognizable claim that his right to notice

2    was violated because he was issued a citation that inaccurately stated the

3    consequences of the alleged traffic violation.  He alleges that his citation was

4    misleading, much like that in *Deng*.  Plaintiff Hazard alleges that his citation failed

5    to inform him that because of the legally required warning notice period and

6    Defendants' failure to comply with Section 21455.5(b), no criminal consequences

7    existed in connection with his citation.  Furthermore, he alleges that months before

8    he was issued a citation, the Orange County Superior Court Appellate Division

9    held such a warning notice period unlawful in *Fischetti* and again, in *Park*, after

10   his citation was issued.  (FAC ¶¶ 46, 48.)  In short, Plaintiff Hazard alleges he was

11   informed of charges when he should have been issued a warning instead.  Thus, he

12   alleges sufficient facts to support a cognizable claim that his Due Process right to

13   notice was violated.  The Motion to Dismiss must be denied.

14   Furthermore, unequal monetary penalties violate Due Process unless some

15   rational basis exists for assessing different penalties against different classes of

16   individuals.  *United States v. Trimble*, 487 F.3d 752, 754, 756-57 (9th Cir. 2007).

17   In *Trimble*, the defendant was issued six traffic citations on a military base.  *See id.*

18   at 753-54.  The citation forms included processing fees.  *Id.*  On the same day,

19   other individuals received old citation forms that did not include processing fees

20   for similar traffic offenses.  *Id.* at 754-55.  The defendant was required to pay the

21   processing fees while the other individuals who received old forms were not.  *Id.* at

22   755.  The government argued that the new citation forms provided notice of the

23   fees.  *Id.* at 756.  But, the court held that notice is not fulfilled if the processing

24   fees were disclosed only *after* defendant's citations were issued.  *Id.* at 756-57.

25   Thus, defendant's Due Process Right to equal protection of the law was violated.

26   *Id.* at 754, 756-57.

27   Plaintiff Hazard's allegation that his Due Process right to equal protection

28   was violated is a cognizable claim.  Plaintiff Hazard alleges that City Defendants

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   provided a warning notice period for one intersection but provided none for fifteen

2   others.  (FAC ¶¶ 40, 42, 46, 48, 49).  Just as the *Trimble* defendant paid processing

3   fees while others did not, Plaintiff Hazard paid a fine and a traffic school fee

4   while, as required by Section 21455.5(b) , but others received only warning

5   notices.

6        City Defendants' Agreement limited "Warning Period" to the warning

7   notice period after the first traffic camera was installed at the first intersection.

8   (FAC ¶ 37.)  As Defendant Paul M. Walters stated, "after the first month warning

9   [*sic*] then any that we install we can issue citations right from the start."  (FAC

10  ¶ 42.)  City Defendants may argue in reply that issuing citations "right from the

11  start" served legitimate safety and revenue collection interests.  However, the

12  California Legislature has determined that following the specific warning notice

13  requirements of Section 21455.5(b) satisfies municipalities' interests in safety and

14  revenue collection.

15       In *Trimble*, the unequal treatment of the defendant and others was unrelated

16  to the government's interest in providing notice because the processing fees were

17  not disclosed until after citations were issued.  In other words, the government

18  failed to provide both defendant and the others with notice.  Similarly, City

19  Defendants' interest in safety is unrelated to the unequal treatment Plaintiff Hazard

20  alleges.  Published warnings and warning notices, expressly required for traffic

21  camera systems under the California Vehicle Code, serve to deter traffic violations

22  and to notify drivers that their habits must change, just like citations.

23       Additionally, City Defendants' argument that criminal traffic proceedings

24  satisfy Due Process under *Mathews v. Eldridge* is irrelevant because *Mathews*

25  provides a procedural Due Process test usually applied to administrative

26  proceedings.  However, even if the *Mathews* test is applied, Plaintiff Hazard's

27  Section 1983 claim is valid.  Under *Mathews*, a procedural Due Process violation

28  occurs if the government deprives a plaintiff of a liberty or property interest

1    without first providing the plaintiff with all of the procedural protections

2    constitutionally required.  *Mathews v. Eldridge*, 424 U.S. 319, 332-34 (1976).  A

3    liberty or property interest includes a statutorily-created interest.  *Id.* at 332.  The

4    required procedural protections are determined by balancing three factors:  (1) the

5    plaintiff's private interest; (2) the risk of erroneous deprivation of that interest

6    through the current procedural protections, and the probable value, if any, of

7    additional or substitute procedural protections; and (3) the Government's interest,

8    including the function involved and the fiscal and administrative burdens that the

9    additional or substitute procedural protections would entail.  *Id.* at 335.

10          Here, Plaintiff Hazard's Section 1983 claim is vaild under *Mathews* because

11   the FAC alleges that City Defendants failed to comply with the warning notice

12   period requirements of Section 21455.5(b), yet they issued traffic camera citations

13   and collected over four hundred dollars from Plaintiffs.  Plaintiff Hazard alleges

14   that he had a statutorily created interest in receiving a published warning as well as

15   a warning notice instead of a citation and that the risk of erroneous deprivation of

16   his interest was high because City Defendants did not comply with Section

17   21455.5(b).  Moreover, his allegations reasonably imply that City Defendants'

18   interest in safety and revenue collection would have been equally or better served

19   by complying with Section 21455.5(b).  Given the volume of citations issued each

20   month, City Defendants would have lost comparatively little revenue if they had

21   correctly instituted warning notice periods.  But, they may have increased

22   deterrence by instituting the requisite warning period and allowing drivers a

23   chance to adjust their behavior.  Furthermore, the warning notice period also helps

24   ensure that the traffic camera system is accurately functioning.  Thus, Plaintiff

25   Hazard's allegations show that the *Mathews* factors weigh in his favor.

26   Accordingly, to the extent the *Mathews* test applies, Plaintiff Hazard's claim is

27   valid.

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    City Defendants confuse procedural Due Process with fair trial

2    requirements.  Quoting *Dowling v. United States*, 493 U.S. 342 (1990), City

3    Defendants argue that "[w]ith respect to the category of crimes listed as

4    infractions, '[b]eyond the specific guarantees enumerated in the Bill of Rights, the

5    Due Process Clause has limited operation'" and therefore, "the category of

6    infractions that violate 'fundamental fairness' is 'very narrowly' tailored."  (City

7    Defendants' Motion to Dismiss at 19.)  But, City Defendants misquote and

8    misinterpret *Dowling*.  *Dowling* has nothing to do with criminal infractions.

9    *Dowling* involved a bank robbery.  493 U.S. at 343-47.  The *Dowling* Court used

10   the term "infraction" in a non-technical sense, to refer to the government's

11   violation of the Federal Evidence Code during the defendant's bank robbery trial.

12   *See id.* at 352 n.4, 352-53.   The defendant argued, in part, that the violation of the

13   Evidence Code denied him a fair trial.  *Id.* at 352.  Holding against defendant, the

14   Court observed that the judiciary is not free to impose its own version of fairness

15   on the government.  *See id.* at 353.  Thus, *Dowling* is irrelevant to the procedural

16   Due Process analysis that Defendants attempt.

17   Relying on a misinterpretation of *Dowling*, City Defendants' argument that

18   ordinary traffic infraction criminal proceedings are fair enough to satisfy

19   procedural Due Process misses the point.  Plaintiffs' complaint alleges that the

20   California Legislature and Orange County Superior Court's Appellate Division

21   determined that thirty-day warning notice periods must be instituted for each

22   intersection with traffic camera systems.  Furthermore, Plaintiff Hazard alleges

23   that City Defendants knew that proceedings never should have been initiated

24   against him because *Fischetti* was decided before he received a traffic citation.[2]

25

26   [2] Contrary to City Defendants' assertions, Plaintiffs allege that Defendants
     Paul M. Walter and Joseph W. Fletcher were involved in the execution of the
27   Agreement and in the operation of Defendants' floating traffic camera system.
     Plaintiffs allege that both Mr. Walter and Mr. Fletcher signed the Agreement (and
28   that the Agreement included the unlawful warning notice period terms).  Plaintiffs

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1  Plaintiff Hazard also alleges that City Defendants knew that the traffic camera

2  infraction proceedings required more process than non-traffic camera proceedings

3  because City Defendants specifically contracted with Redflex Defendants to

4  initiate a warning period that *Fischetti* held to be unlawful.  Finally, Hazard alleges

5  that City Defendants provided a warning notice period at one intersection, but did

6  not do so at approximately sixteen others.  Accordingly, City Defendants violated

7  Plaintiff's Due Process rights because they did not provide him with adequate

8  notice, nor did they treat him equally.

9      **F.**    **Plaintiffs' Inverse Condemnation Claims Are Cognizable**

10      Plaintiffs' inverse condemnation claims are cognizable because Plaintiffs

11  allege that City Defendants took their property unlawfully, to divide among local

12  state government entities, after failing to comply with the warning notice

13  requirement of Section 21455.5(b).  Plaintiffs allege that City Defendants, acting

14  in violation of California law, lacked "police power" to confiscate Plaintiffs'

15  money and divide it between local and state entities.  Furthermore, Plaintiffs allege

16  that City Defendants must return their money.  Thus, Plaintiffs have stated a

17  cognizable inverse condemnation claim.

18      A city may enforce all ordinances and regulations not in conflict with

19  general laws.  Cal. Const. art. XI, § 7.  Here, Plaintiffs allege that City Defendants

20  operated their floating traffic camera system directly in conflict with general

21  laws—specifically, Section 21455.5(b).  Moreover, Plaintiffs allege that City

22  Defendants continued to do so after *Fischetti* held that City Defendants' warning

23  notice period was unlawful.  Thus, accepting Plaintiffs' allegations as true, as the

24  Court must do when evaluating a Motion to Dismiss, City Defendants effectively

25  argue that an unlawful exercise of government power insulates them from

26  _____

27  further allege that Santa Ana law enforcement was intimately involved with the Redflex Defendants, reviewing citations, choosing intersections and enforcing

28  violations in court.

1   compensating Plaintiffs.  City Defendants cite no cases to support such a position.

2   The cases that they cite deal with lawful exercise of power.  For instance, in the

3   *Bennis v. Michigan*, 516 U.S. 442 (1996) case cited by City Defendants, the Court

4   addressed issues regarding the lawful confiscation of a car borrowed by a husband

5   from his wife in order to rendezvous with a prostitute.  *Id.* at 443, 453.

6   *Deligiannis v. City of Anaheim*, 2010 U.S. Dist. LEXIS 46154 (C.D. Cal. 2010),

7   also cited by City Defendants, deals with the lawful seizure of a car pursuant to the

8   Fourth Amendment's community caretaking exception.  *Id.* at *2-7, *14-20.  In

9   both cases, the government acted lawfully.  Here, the complaint alleges that City

10  Defendants issued citations and collected fines in direct violation of Section

11  21455.5(b).  Plaintiffs therefore, state valid claims against City Defendants.

12          An unconstitutional taking may occur when government regulations are

13  confiscatory.  *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1016-17,

14  1020, 1031-32 (1992); *San Remo Hotel L.P. v. City of San Francisco*, 27 Cal. 4th

15  643, (2002) (holding that federal and California takings clause jurisprudence

16  construed congruently); *Santa Monica Beach, Ltd. v. Superior Court*, 19 Cal. 4th

17  952, 964 (1999) (analyzing federal takings clause jurisprudence in federal and

18  California takings clause action).  If a regulation denies an owner all beneficial use

19  of the owner's property, the regulation is, in effect, confiscatory.  *Id.* at 1017.

20  Such takings must be compensated.  *Id.* at 1020, 1031-32.  Plaintiffs allege that

21  City Defendants' regulatory actions were a confiscatory taking.  Plaintiffs allege

22  that City Defendants unlawfully operated floating traffic camera systems in order

23  to collect and divide money between different local and state entities.  Just as a

24  regulation that denies an owner all beneficial use of the owner's property requires

25  government compensation, City Defendants' unlawful confiscation requires that

26  City Defendants compensate Plaintiffs.

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  **G.    Plaintiff Hazard's Unjust Enrichment Claims Is Cognizable**

2  **Because He Alleges That City Defendants Unlawfully Collected and**

3  **Retained His Money**

4  Plaintiff Hazard's unjust enrichment claim is cognizable because he alleges

5  that City Defendants issued a citation to and collected fines from him in direct

6  violation of Vehicle Code section 21455.5(b).  If the Court deems it necessary,

7  Plaintiff Hazard's claim can be re-characterized as a cognizable claim for breach

8  of quasi-contract.

9  Unjust enrichment occurs when one party receives a benefit from another

10  party that, as between the two parties, is unjust to retain.  *Doe v. Wal-Mart Stores,*

11  *Inc.*, 572 F.3d 677, 684-85 (2009); *First Nationwide Sav. v. Perry*, 11 Cal. App.

12  4th 1657, 1662-63 (1992).  A benefit is any type of advantage.  *Perry*, 11 Cal.

13  App. 4th at 1662.

14  Under California law, unjust enrichment claims may be characterized as

15  claims for breach of quasi-contract, depending on the factual circumstances.

16  *Bagget v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1270 (C.D. Cal. 2007);

17  *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004).  A quasi-contract is an

18  obligation between two parties created by law.  *McBride*, 123 Cal. App. 4th at 388

19  n.6.  It is created without regard to the parties' intentions.  *Id.*  Its sole purpose is to

20  ensure justice.  *Id.*

21  Plaintiff Hazard's unjust enrichment claim is cognizable because he alleges

22  that City Defendants unlawfully cited him in direct violation of Section

23  21455.5(b).  Plaintiff Hazard further alleges that City Defendants have

24  nevertheless retained the money collected.  Finally, he alleges that City Defendants

25  should not retain the money because they lacked the authority to collect it in the

26  first place.  Under the principles of unjust enrichment and quasi-contract, to ensure

27  justice, the Court may impose an obligation to comply with Section 21455.5(b) on

28  City Defendants.

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   **IV.    CONCLUSION**

2          For the foregoing reasons, City Defendants' Motion to Dismiss must be

3   denied.

4

5   Dated:  November 15, 2010              Respectfully submitted,

6                                          Initiative Legal Group APC

7

8                                     By:/s/Mark P. Pifko

9                                          Gene Williams
                                           Mark P. Pifko
                                           Theodore O'Reilly
10

11                                         The Aftergood Law Firm
                                           Aaron D. Aftergood
12
                                           Attorneys for Plaintiffs Robert Plumleigh
13                                         and Thomas R. Hazard III

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067