Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
Mark P. Pifko (SBN 228412)
MPifko@InitiativeLegal.com
Theodore O'Reilly (SBN 267675)
TOReilly @InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:   (310) 556-5637
Facsimile:   (310) 861-9051

Aaron D. Aftergood (SBN 239853)
aaron@aftergoodesq.com
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone:   (310) 551-5221
Facsimile:   (310) 496-2840

Attorneys for Plaintiffs Robert Plumleigh
and Thomas R. Hazard III

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually and on behalf of other members of the general public similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>CITY OF SANTA ANA; PAUL M. WALTERS; JOSEPH W. FLETCHER; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: SACV10-1332-CJC (RNBx)<br><br>CLASS ACTION<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS CITY OF SANTA ANA, PAUL M. WALTERS AND JOSEPH W. FLETCHER'S MOTION TO STRIKE PORTIONS OF FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:   November 29, 2010<br>Time:   1:30 p.m.<br>Place:  Courtroom 9B |

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................... 1

II.  FACTS AND PROCEDURE .................................................................... 2

III. ARGUMENT ............................................................................................. 3

   A. The Motion To Strike Plaintiff's Claims For Punitive Damages Should Be Denied Because A Rule 12(f) Motion Does Not Authorize A District Court To Strike A Claim For Punitive Damages On The Grounds That Such Claims Are Precluded As A Matter Of Law .......................................... 3

   B. Alternatively, Defendants' Motion To Strike Should Be Denied Because Plaintiff's Claim For Punitive Damages Under Section 1983 Is Sufficiently Pleaded Under Federal Precedent ................................................................... 4

   C. The Motion To Strike Is A Heavily Disfavored Remedy ....................... 4

   D. Federal Pleading Standards For Punitive Damages Apply .................... 5

   E. Plaintiff Has Sufficiently Pleaded That Defendants Acted With Reckless Or Callous Disregard, Or Engaged In Oppressive Conduct ............................................................................ 5

IV.  CONCLUSION ......................................................................................... 7

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028 (C.D. Cal. 2002).................................................................4

*Claflin v. Houseman*, 93 U.S. 130 (1867) .......................................................5

*Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405 (C.D. Cal. July 6, 2005)..........................................................................................5

*Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005)...............................................5, 6

*Greenwich Ins. Co. v. Rodgers*, 2010 U.S. Dist. LEXIS 86455 (C.D. Cal. July 23, 2010) ...................................................................................6

*Harris v. San Bernardino County Sheriff Dep't*, 2009 U.S. Dist. LEXIS 70785 (C.D. Cal. July 28, 2009)......................................................5

*Howlett v. Rose*, 496 U.S. 356 (1990) ............................................................5

*Jackson v. Harrison*, 2010 U.S. Dist. LEXIS 104600 (C.D. Aug. 25, Cal 2010) ...............................................................................................3

*Kolstad v. ADA*, 527 U.S. 526 (1999) ............................................................5

*LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820 (N.D. Cal. 1992).....................................................................................................4

*Mag Instrument, Inc. v. JS Prods.*, 595 F. Supp. 2d 1102 (C.D. Cal. 2008)..................................................................................................4, 5

*Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101 (C.D. Cal. 2003).....................................................................................................4

*Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007).................................5

*SEC v. Sands*, 902 F. Supp. 1149 (C.D. Cal. 1995) .......................................5

*Smith v. Wade*, 461 U.S. 30 (1983) ................................................................5

*Terry v. McBride*, 2009 U.S. Dist. LEXIS 89736 (S.D. Cal. Sept. 28, 2009) .................................................................................................4, 6

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

*Whittlestone, Inc. v. Handi-Craft Co.*, 2010 U.S. App. LEXIS 17133
 (9th Cir. Aug. 17, 2010) ....................................................................................... 3

**STATE CASES**

*Brousseau v. Jarrett*, 73 Cal. App. 3d 864 (1977) ........................................................ 4

**FEDERAL STATUTES**

42 U.S.C. § 1983 ................................................................................. 3, 4, 5

Fed. R. Civ. Proc. 9(b) ............................................................................... 5

Fed. R. Civ. Proc. 12(f) ............................................................................ 1, 3

**STATE STATUTES**

Cal. Civ. Code § 3294 ................................................................................ 4

Cal. Veh. Code § 21455.5(b) ................................................................... 1, 2, 6

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## I. INTRODUCTION

Plaintiff Hazard was forced to pay hundreds of dollars out-of-pocket for a fine and a traffic safety course as a direct result of the unlawful actions of Defendants City of Santa Ana, Chief Paul M. Walters and Joseph W. Fletcher (collectively, "City Defendants").  (First Amended Class Action Complaint ("FAC") ¶ 54.)  City Defendants contracted with and Defendants Redflex Traffic Systems (California), Inc. and Redflex Traffic Systems, Inc. ("Redflex Defendants") to install twenty automated traffic cameras at intersections throughout the city of Santa Ana.  (FAC ¶ 29.)  Acting oppressively and in reckless disregard of Plaintiff's rights, City Defendants caused to be issued to Plaintiff a non-warning, automated traffic camera citation without first instituting the required thirty-day warning notice period under California Vehicle Code, section 21455.5(b).  (FAC ¶¶ 25, 53-54.)  Plaintiff then commenced this action against City Defendants and asserted a claim for punitive damages against Defendants Chief Paul M. Walters and Joseph W. Fletcher in their individual and personal capacities.  (FAC ¶ 64.)

City Defendants now bring a Motion to Strike pursuant to Federal Rules of Civil Procedure, Rule 12(f), attempting to strike Plaintiff's claims for punitive damages.  (*See* City Defendants' Motion to Strike ("MTS") (Doc. No. 25).) Contrary to City Defendants' reliance on Eighth Circuit precedent (City Defendants' MTS at 3:16-17), this motion must fail because Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to strike a claim for damages on the grounds that such claims are precluded as a matter of law, as articulated in Ninth Circuit and Central District of California opinions rendered but a couple of months prior to City Defendants' current motion.  Yet, even if City Defendants' motion to strike is allowed to stand against this weight of authority—which it should not—the motion must still fail, as Plaintiff has adequately pleaded his claim for punitive damages under federal standards.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED CLASS ACTION COMPLAINT

## II. FACTS AND PROCEDURE

In 2002, Defendant City of Santa Ana entered into an agreement with Redflex Defendants, a private contractor, whereby Redflex Defendants would install twenty automated traffic cameras at intersections throughout the city of Santa Ana. (FAC ¶¶ 26-29.) The above agreement (the "Agreement") was approved by Defendant Joseph W. Fletcher and recommended for approval by Defendant Chief Paul M. Walters. (FAC ¶ 38.) Section 5.f of the Agreement provides that "with respect to each Authorized Violation, [Redflex Traffic Systems, Inc.] shall print and mail a Citation" to cited violators, except that "during the Warning Period, warning violations notices shall be issued in respect of all Authorized Violations." (FAC ¶ 32.) The "Warning Period" referred to in the Agreement refers to a provision of the California Vehicle Code, which provides:

> Prior to issuing citations under this section, a local jurisdiction utilizing an automated traffic enforcement system **shall commence a program to issue only warning notices for 30 days**. The local jurisdiction shall also make a public announcement of the automated traffic enforcement system at least 30 days prior to the commencement of the enforcement program. (Emphasis added).

Cal. Veh. Code § 21455.5(b). (FAC ¶ 25.) City Defendants were well aware of this code provision, as evidenced by Defendant Chief Paul M. Walters' own statements at a May 2003 press conference. (FAC ¶¶ 42-43.) The Appellate Division of the Superior Court of California, Orange County, twice held that this thirty-day warning notice requirement must be instituted every time an automated traffic camera is placed at an intersection and that a separate thirty-day warning notice must be given in proximity to each intersection. (FAC ¶¶ 46, 48.)

Plaintiff Hazard was issued a non-warning, automated traffic camera citation in December of 2008. (FAC ¶¶ 53-54.) This citation was issued in violation of California Vehicle Code, section 21455.5(b), because City Defendants had not

Page 2
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED CLASS ACTION COMPLAINT

1  instituted a thirty-day warning notice for the relevant intersection.  (FAC ¶ 60.)  As
2  a direct result of this unlawful citation, Plaintiff Hazard was forced to pay a fine
3  and attend a traffic safety course, for a total of more than $400.  (FAC ¶ 54.)
4  Plaintiff Hazard then commenced this action against City Defendants claiming
5  violations of title 42 United States Code, section 1983 and praying for punitive
6  damages against Defendants Chief Paul M. Walters and Joseph W. Fletcher in
7  their individual and personal capacities.  (FAC ¶ 64.)  Now City Defendants bring
8  a Rule 12(f) motion to strike against Plaintiff Hazard, seeking to strike Plaintiff's
9  claim for punitive damages.  (*See* City Defendants' MTS.)

10 **III.   ARGUMENT**

11       **A.    The Motion To Strike Plaintiff's Claims For Punitive Damages**
12             **Should Be Denied Because A Rule 12(f) Motion Does Not Authorize**
13             **A District Court To Strike A Claim For Punitive Damages On The**
14             **Grounds That Such Claims Are Precluded As A Matter Of Law**

15       Contrary to the statement of law contained within Defendants' Motion to
16 Strike, Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a
17 district court to strike a claim for punitive damages on the grounds that such claims
18 are precluded as a matter of law.  *Jackson v. Harrison*, 2010 U.S. Dist. LEXIS
19 104600 *95-96 (C.D. Aug. 25, Cal 2010); *Whittlestone, Inc. v. Handi-Craft Co.*,
20 2010 U.S. App. LEXIS 17133 *10 (9th Cir. Aug. 17, 2010).  To allow City
21 Defendants to use a Rule 12(f) motion in this way would "creat[e] redundancies
22 within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a
23 motion for summary judgment at a later stage in the proceedings) already serves
24 such a purpose."  *Whittlestone, Inc.*, 2010 U.S. App. LEXIS 17133 at *9-10.  Such
25 a motion, in this case, would be effectively asking the Court to "resolve a disputed
26 issue of fact in favor of the Moving Defendants, and . . . conclude based upon such a
27 determination, that plaintiff is not entitled to punitive damages as a matter of law."
28 *Jackson*, 2010 U.S. Dist. LEXIS 104600 at *95-96.  Because a Motion to Strike is

an improper method for challenging a claim for punitive damages, City Defendants' motion should be denied.

### B. Alternatively, Defendants' Motion To Strike Should Be Denied Because Plaintiff's Claim For Punitive Damages Under Section 1983 Is Sufficiently Pleaded Under Federal Precedent

Even if a motion to strike was a proper method for challenging a claim for punitive damages, City Defendants' Motion to Strike should be denied because Plaintiff's claim for such damages under Section 1983 is sufficiently pleaded. While Defendants rely on California standards for pleading punitive damages, *Brousseau v. Jarrett*, 73 Cal. App. 3d 864 (1977), and California Civil Code, section 3294 are inapplicable to this motion. Rather, because Plaintiff requests punitive damages pursuant to Section 1983, federal pleading standards apply. Furthermore, a motion to strike is a heavily disfavored remedy and one which City Defendants' have not demonstrated is proper in this case.

### C. The Motion To Strike Is A Heavily Disfavored Remedy

Motions to strike are generally regarded with disfavor "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Mag Instrument, Inc. v. JS Prods.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Motions to strike are generally not granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992); *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). When determining whether to grant a motion to strike, a district court views the pleadings in the light most favorable to the non-moving party. *Terry v. McBride*, 2009 U.S. Dist. LEXIS 89736 *21 (S.D. Cal. Sept. 28, 2009); *Cal. Dep't of Toxic Substances*, 217 F. Supp. 2d at 1033. Because motions to strike are disfavored, courts often require a showing of

prejudice by the moving party before granting the requested relief. *Mag Instrument, Inc.*, 595 F. Supp. 2d at 1106; *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995).

### D. Federal Pleading Standards For Punitive Damages Apply

Federal, not California, precedent applies to a claim for punitive damages arising under a federal statute. *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 406-07 (C.D. Cal. July 6, 2005); *see Howlett v. Rose*, 496 U.S. 356, 367 (1990); and *see Claflin v. Houseman*, 93 U.S. 130, 137 (1867). Under this standard, "[r]eckless or callous disregard for the plaintiff's rights, as well as intentional violations of federal law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive damages." *Smith v. Wade*, 461 U.S. 30, 51 (1983); *Kolstad v. ADA*, 527 U.S. 526, 536 (1999); *Harris v. San Bernardino County Sheriff Dep't*, 2009 U.S. Dist. LEXIS 70785 *22 (C.D. Cal. July 28, 2009). "Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law." *Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005). Furthermore, the Ninth Circuit also allows for the award of punitive damages under § 1983 when "oppressive" conduct is shown, which includes cases involving the "misuse of authority or power." *Id*. at 809-10.

### E. Plaintiff Has Sufficiently Pleaded That Defendants Acted With Reckless Or Callous Disregard, Or Engaged In Oppressive Conduct

As provided in Rule 9(b) of the Federal Rules of Civil Procedure, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. Rule Civ. Proc. 9(b); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). With respect to the state of mind necessary to support a claim for punitive damages, conclusory pleading is sufficient. *See Greenwich Ins. Co. v.*

*Rodgers*, 2010 U.S. Dist. LEXIS 86455 *12 (C.D. Cal. July 23, 2010) (plaintiff averred malice generally, which was enough to sustain a claim for punitive damages under federal pleading standards). Similar to *Greenwich Ins. Co.*, the court in *Terry*, denied a motion to strike brought by the defendants despite the fact that the complaint was "devoid of any specific factual contentions that [the defendants] acted with 'evil motive or intent,' or 'reckless or callous indifference,'" but alleged that the defendants knew of the plaintiff's status as a "seizure risk" and placed him on an upper bunk in a prison cell. *Terry*, 2009 U.S. Dist. LEXIS 89736 at *24. The defendants in that case refused to check the plaintiff's medical file even though the plaintiff asked them to do so before assigning him to said upper bunk. *Id*. That court found that, by pleading the above facts, the complaint had successfully alleged reckless or callous indifference to the plaintiff's rights. *Id*.

In the instant case, intentional violations of federal law, reckless or callous indifference to Plaintiff's rights, and oppressive conduct has been successfully alleged under federal standards. Plaintiff Hazard, in paragraph 23, subsection (g) of the FAC, alleges that one of the questions of law and fact with respect to the class members on the whole that predominate over questions affecting only individual members is "[w]hether Defendants' conduct was wilful or reckless." (FAC ¶ 23.) This is sufficient to plead "intentional violations of federal law" and "reckless or callous indifference to Plaintiff's rights." *See Greenwich Ins. Co.*, 2010 U.S. Dist. LEXIS 86455 *12. Furthermore, by providing that City Defendants knew of the thirty-day warning notice requirement under California Vehicle Code, section 21455.5(b) (FAC ¶¶ 42-43), and by issuing citations without providing the appropriate warning notices (FAC ¶¶ 53-54, 60), the FAC has sufficiently alleged oppressive conduct, which is shown through the "misuse of authority or power." *Dang*, 422 F.3d at 807.

## IV. CONCLUSION

For all the foregoing reasons, City Defendant's Motion should be denied in all respects.

Dated:  November 15, 2010

Respectfully submitted,

Initiative Legal Group APC

By: /s/Mark P. Pifko
Gene Williams
Mark P. Pifko
Theodore O'Reilly

The Aftergood Law Firm
Aaron D. Aftergood

Plaintiffs Robert Plumleigh
and Thomas R. Hazard III