1  STEVEN J. ROTHANS – State Bar No. 106579
   JUSTIN READE SARNO – State Bar No. 229803
2  CARPENTER, ROTHANS & DUMONT
   888 S. Figueroa Street, Suite 1960
3  Los Angeles, CA 90017
   (213) 228-0400
4  (213) 228-0401 [fax]
   srothans@crdlaw.com / jsarno@crdlaw.com
5
   Attorneys for Defendants, CITY OF SANTA ANA, a public entity, CHIEF PAUL
6  M. WALTERS, and JOSEPH W. FLETCHER, public employees

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA, et al.<br><br>Defendants. | Case No.: SACV10-1332-CJC (RNBx)<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 29, 2010<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Discovery Cut-Off: Not set<br>Final Pre-Trial Conf.: Not set<br>Trial: Not set<br><br>**United States District Court Judge Honorable Cormac J. Carney** |

COMES NOW Defendants CITY OF SANTA ANA, a public entity, and CHIEF PAUL M. WALTERS and JOSEPH W. FLETCHER, public employees, hereby submit the present Reply to Opposition to Motion to Dismiss plaintiffs' First Amended class action Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. Proc., Rule 12(b)(6).

///

///

| | | |
|---|---|---|
| 1 | DATED: November 22, 2010 | CARPENTER, ROTHANS & DUMONT |
| 2 | | |
| 3 | | By: _____ |
| 4 | | STEVEN J. ROTHANS<br>JUSTIN READE SARNO |
| 5 | | Attorneys for Defendants,<br>CITY OF SANTA ANA, a public entity, |
| 6 | | CHIEF PAUL M. WALTERS, and JOSEPH<br>W. FLETCHER, public employees |

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ..........................1

I.  INTRODUCTION ...................................................................1

II. STATEMENT OF LAW ............................................................3

    A.    Plaintiffs' Constitutional Challenge To The Application Of *Vehicle Code* § 21455.5(b) Is Barred By The Doctrine Of Collateral Estoppel Because, As A Matter Of Privity, The Putative Class Of Constituents In This Case Is Inherently Overbroad So As To Encompass The Litigants In *People v. Fischetti* And *People v. Park* .............................3

    B.    Plaintiffs' Lawsuit Is Barred Under *Heck v. Humphrey* And Its Progeny Because Plaintiffs Are Attempting To Invalidate Prior State Court Convictions ...........................5

    C.    Plaintiffs' First Claim For Relief, For Violation Of 42 U.S.C. § 1984 (5th And 14th Amendments) Fails To State Facts Upon Which Relief Can Be Granted ...........................7

    D.    Plaintiffs' Second Claim For Relief For Violation Of Article I, § 19(a) Of The California Constitution (Takings Clause) Fails To State Facts Upon Which Relief Can Be Granted ...........................8

    E.    Plaintiffs' Third Claim For Relief, For Unjust Enrichment As A Result Of Violation Of California *Vehicle Code* § 21455.5(b) Fails To State Facts Upon Which Relief Can Be Granted ...........................9

    F.    Plaintiff's Second And Third Claims For Relief Under California State Law Fail To Comply With The Applicable Provisions Of The California Tort Claims Act ..........10

III. CONCLUSION ...................................................................12

# TABLE OF AUTHORITIES

**Cases**

AmeriSource Corp. v. United States, 525 F.3d 1149 (Fed.Cir. 2008) ...................9

Baker v. Burbank-Glendale-Pasadena Airport Authority, 39 Cal.3d 862 (1985).....8

Bennis v. Michigan, 516 U.S. 442 (1996)................................................................8

Birkenfeld v. City of Berkeley, 17 Cal.3d 129 (1976)..............................................9

Fund for Animals v. Lujan, 962 F.2d 1391 (9th Cir. 1992) .....................................4

Greater Los Angeles Council on Deafness, Inc. v. Baldrige,
827 F.2d 1353 (9th Cir. 1987) .................................................................................4

Heck v. Humphrey, 512 U.S. 477 (1994).................................................................1

In re Dennis B., 18 Cal.3d 687 (1976).....................................................................5

Johnson v. Dept. of Motor Vehicles, 177 Cal.App.2d 440 (1960)....................... 1, 6

Lauriedale Associates, Ltd. v. Wilson (1992) 7 Cal.App.4th 1439...................... 10

Lucido v. Superior Court, 51 Cal.3d 335 (1990).....................................................3

McBride v. Boughton, 123 Cal.App.4th 379 (2004) ................................................9

Melchior v. New Line Productions, Inc. (2003) 106 Cal.App.4th 779 .............. 2, 10

Neveu v. City of Fresno, 392 F.Supp.2d 1159 (E.D. Cal. 2005)........................... 10

Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979)..............................................4

Peck v. Commissioner, 904 F.2d 525 (9th Cir. 1990)..............................................4

People v. Carlucci, 23 Cal.3d 249 (1979)................................................................7

People v. Fischetti, 170 Cal.App.4th Supp. 1 (2008)...............................................1

People v. Lucas, 82 Cal.App.3d 47 (1978)..............................................................5

People v. McKay, 27 Cal.4th 601 (2002).................................................................2

People v. Park, 187 Cal.App.4th Supp. 9 (2010).....................................................1

San Remo Hotel v. City and County of San Francisco, 27 Cal.4th 643 (2002)........9

Searcy v. Hemet Unified School District, 177 Cal.App.3d 792 (1986) ................ 11

Susman v. City of Los Angeles, 269 Cal.App.2d 803 (1969)................................ 11

Tolan v. State of California, 100 Cal.App.3d 980 (1979) ..................................... 11

United States v. Lopez-Armenta, 400 F.3d 1173 (9th Cir. 2005) ............................6

| | |
|---|---|
| 1 | Varjabedian v. City of Madera, 20 Cal.3d 285 (1977).................................................8 |
| 2 | **Statutes** |
| 3 | 42 U.S.C § 1983..............................................................................................................7 |
| 4 | Cal. Gov. Code § 815(a) ............................................................................................. 10 |
| 5 | Cal. Pen. Code § 16 .......................................................................................................2 |
| 6 | Cal. Pen. Code § 19.6 ....................................................................................................5 |
| 7 | Cal. Pen. Code § 1042.5 ................................................................................................7 |
| 8 | Cal. Pen. Code § 1262 ...................................................................................................6 |
| 9 | Cal. Pen. Code § 1466(2)(A) .........................................................................................7 |
| 10 | Cal. Veh. Code § 21455.5(b) .........................................................................................3 |
| 11 | Cal. Veh. Code § 40000.1..............................................................................................5 |
| 12 | Cal. Veh. Code § 40512 .................................................................................................7 |
| 13 | Cal. Veh. Code 40521 ....................................................................................................7 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Opposition misses the mark in several key respects.

First, plaintiffs argue incorrectly that their entire First Amended Complaint survives the collateral estoppel bar because there is no "privity" between the plaintiffs in this action and any of the litigants in the decisions of People v. Fischetti, 170 Cal.App.4th Supp. 1, 3 (2008), and People v. Park, 187 Cal.App.4th Supp. 9, 11, 15 (2010). However, because plaintiffs' First Amended Complaint is a "class action complaint," the broad scope of undefined constituent class members (*i.e.*, "plaintiffs") includes – by necessary implication – the specific, aggrieved litigants in Fischetti and Park (who have litigated this precise issue of Vehicle Code compliance), thereby establishing direct privity under collateral estoppel jurisprudence. As such, plaintiffs cannot overcome any of the elements of the collateral estoppel bar. Therefore, this Court is authorized to dispose of the First Amended class action Complaint without leave to amend.

Second, plaintiffs cannot survive the separate and distinct procedural bar set forth under Heck v. Humphrey, 512 U.S. 477 (1994). At most, plaintiffs articulate the "belief" that the imposition and voluntary payment of fines does not constitute the type of "conviction" for which the Heck bar is applicable. However, plaintiffs fail to support this belief in applicable law. Under applicable jurisprudence, the voluntary submission to fines, and the summary imposition of guilt for the infraction constitutes the same genus and species of state court decision for which Heck is applicable. Specifically, under Johnson v. Dept. of Motor Vehicles, 177 Cal.App.2d 440, 445 (1960), the Court held that "it must be held that the posting of bail upon a traffic ticket and the forfeiture of such bail may properly be considered as an admission of guilt."

Further, in California, traffic infractions have not been decriminalized.

People v. McKay, 27 Cal.4th 601, 615 n.16 (2002); CAL. PENAL CODE § 16 ("Crimes and public offenses include . . . [i]nfractions").

As such, the initiation of the present federal lawsuit – with its affiliated federal and state law claims – is nothing more than an attempt to imply the invalidity of the prior infractions and convictions which plaintiffs voluntarily submitted to when posting bail for their affiliated offenses under Vehicle Code § 21455.5(b). Thus, plaintiffs' entire First Amended class action complaint is procedurally barred under Heck, thus requiring dismissal without leave to amend.

Third, plaintiffs have failed to state a claim for relief under Section 1983 for due process violations, because the allegations contained in the First Amended class action complaint suggest that plaintiffs failed to avail themselves of their own due process rights before filing suit in a court of law. Hence, any allegations of civil rights deprivations under Section 1983 are moot, and fail to state facts sufficient to state a claim for relief.

Fourth, plaintiffs have failed to state facts sufficient to state a "takings" claim (second claim) for relief.

Lastly, plaintiffs have failed to state a claim for unjust enrichment. Plaintiffs simply ignore the fact that unjust enrichment is not deemed a cause of action under California law. Specifically, it has been held that "[u]njust enrichment is not a cause of action, however, or even a remedy, but rather 'a general principle, underlying various legal doctrines and remedies'... [Citation.] It is synonymous with restitution." Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779, 793 (2003). Despite this clear pronouncement, plaintiffs persist on maintaining a frivolous claim, under an untenable theory of law.

For the foregoing reasons, this Court is authorized to grant the present motion to dismiss without affording plaintiffs leave to amend.

///

///

## II. STATEMENT OF LAW

### A. PLAINTIFFS' CONSTITUTIONAL CHALLENGE TO THE APPLICATION OF *VEHICLE CODE* § 21455.5(b) IS BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL BECAUSE, AS A MATTER OF PRIVITY, THE PUTATIVE CLASS OF CONSTITUENTS IN THIS CASE IS INHERENTLY OVERBROAD SO AS TO ENCOMPASS THE LITIGANTS IN *PEOPLE V. FISCHETTI* AND *PEOPLE V. PARK*.

Plaintiffs claim that the defendants have somehow misinterpreted or misapplied the collateral estoppel doctrine, based upon a failed interpretation of privity requirements. However, this is patently incorrect.

As a threshold matter, plaintiffs correctly identify that, under California issue preclusion law, re-litigation of a factual or legal issues is barred if: (1) the issue in a later proceeding is identical to an issue decided in an earlier proceeding; (2) the issue was actually litigated in the earlier proceeding; (3) the issue was necessarily decided in the earlier proceeding; (4) the decision in the earlier proceeding was final and on the merits; and (5) the party against whom preclusion is sought was a party to, or was in privity with, a party in the earlier proceeding. See e.g., Lucido v. Superior Court, 51 Cal.3d 335, 341 (1990).

Presumably acknowledging that the first four elements are directly applicable as set forth in defendants' underlying motion, plaintiffs' only argument is with respect to the fifth element. Specifically, plaintiffs conclude that the proceedings in *Fischetti* and *Park* "simply did not involve Plaintiffs," therefore there is a lack of privity. [Plaint. Opp., Page 8, Lines 26-27].

Yet, what seems to escape plaintiffs' recollection is the fact that the First Amended Complaint in this case is a *class action complaint,* which attempts (by its very essence) to incorporate the affiliated and collective grievances of a

-3-

multitude of unknown class constituents who have fallen prey to – what plaintiffs' believe is – an "erroneous" application of Vehicle Code § 21455.5(b). If the complaint in question solely involved claims asserted by Plaintiffs HAZARD and PLUMLEIGH, then plaintiffs would be correct. However, this complaint seeks relief on behalf of an entire class of constituents, such as the representative litigants in *People v. Fischetti,* and *People v. Park,* thereby establishing direct privity between the parties, and subjecting it to the application of collateral estoppel. See Fund for Animals v. Lujan, 962 F.2d 1391, 1399 (9th Cir. 1992) ("The doctrine of collateral estoppel bars the re-litigation of issues that were resolved in a prior proceeding, **even if the later suit involved a different cause of action.**"); Peck v. Commissioner, 904 F.2d 525, 527 (9th Cir. 1990) (an issue actually litigated and necessarily determined is conclusive in subsequent suits based on different cause of action involving a party or privy to the prior litigation); Greater Los Angeles Council on Deafness, Inc. v. Baldrige, 827 F.2d 1353, 1360 (9th Cir. 1987) ("Issue preclusion bars the re-litigation of all issues that were litigated in a prior proceeding, **even if the second proceeding is an action on a claim different from that asserted in the first action.**"). The doctrine of collateral estoppel serves the dual purpose of preventing re-litigation of identical issues and promoting judicial economy by avoiding superfluous litigation. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). [Emphasis added].

Hence, any argument that has been set forth in plaintiffs' Opposition papers concerning the inapplicability of issue/claim preclusion (collateral estoppel) is incorrect and must be disregarded. Where issue preclusion applies in this case, the entire lawsuit must be deemed procedurally barred. Thus, the present motion to dismiss is proper, and this Court is authorized to dismiss plaintiffs' First Amended Class Action Complaint without leave to amend.

B.  **PLAINTIFFS' LAWSUIT IS BARRED UNDER *HECK V. HUMPHREY* AND ITS PROGENY BECAUSE PLAINTIFFS ARE ATTEMPTING TO INVALIDATE PRIOR STATE COURT CONVICTIONS.**

Plaintiffs dispute the applicability of the *Heck v. Humphrey* bar on the basis that the payment of fines is not tantamount to a conviction. However, plaintiffs are incorrect.

A citation issued by a red-light camera is an infraction under California law. Vehicle Code § 40000.1. These infractions are the least severe form of criminal punishment. Penal Code § 19.6. **However, when guilt is determined, they are convictions nonetheless.** See In re Dennis B., 18 Cal.3d 687, 695 (1976); see also People v. Lucas, 82 Cal.App.3d 47, 54-55 (1978).

In the First Amended Class Action Complaint, plaintiffs admit that they were convicted of the Vehicle Code and paid the requisite fines. Specifically, Paragraphs 53 and 54 states as follows:

> "53.    Defendants issued Plaintiff Plumleigh a non-warning, automated traffic camera citation in February or March 2008 regarding a right turn allegedly made during a red light. As a result of Defendants' conduct, Plaintiff was forced and required to pay a fine and pay for a traffic safety course in order to obtain a dismissal. Specifically, on March 17, 2008, he was forced and required to pay a fine of four hundred twenty-three dollars ($423) and received a receipt, Receipt Number 6334360, from the Superior Court of California, County of Orange. He was also forced and required to pay a fee of fifty seven dollars ($57) for a required traffic safety course. The allegations regarding Plaintiff Plumleigh's automatic traffic camera citation were dismissed.

54. Defendants issued Plaintiff Hazard a non-warning, automated traffic camera citation on December 17, 2008 regarding an alleged failure to stop at a limit line or cross-walk. As a result of Defendants' conduct, Plaintiff was forced and required to pay a fine and attend a traffic safety course, for a total of over four hundred dollars ($400). The allegations regarding Plaintiff Hazard's automatic traffic camera citation were dismissed." [First. Am. Compl., ¶ 53-54].

"It must be held that the posting of bail upon a traffic ticket and the forefeiture of such bail may properly be considered as an admission of guilt." Johnson v. Dept. of Motor Vehicles, 177 Cal.App.2d 440, 445 (1960); *accord* United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects."); see also CAL. PEN. CODE § 1262 (defendant entitled to refund of fine paid under conviction only after conviction reversed, case dismissed, or appellate court issues final disposition in defendant's favor).

Plaintiffs had every opportunity to challenge the veracity and imposition of the fines in a court of law. However, by submitting to the fines, they were convicted of their violations. They do not allege that they have overturned those convictions in any manner that was available to them under their inherent rights of procedural due process. They are, therefore, precluded from maintaining a civil action to recover their fines based on the contention that their state law convictions were improper.

///
///
///

REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

## C. PLAINTIFFS' FIRST CLAIM FOR RELIEF, FOR VIOLATION OF 42 U.S.C § 1983 (5TH AND 14TH AMENDMENTS) FAILS TO STATE FACTS UPON WHICH RELIEF CAN BE GRANTED.

Plaintiffs predicate their allegations of Section 1983 liability on the basis of failed notice and failed compliance with Vehicle Code § 21455.5(b). Aside from the fact that said allegations should be deemed barred under the collateral estoppel doctrine, this claim fails for a separate and distinct reason. Specifically, plaintiffs cannot base a claim for Constitutional infirmity, if the plaintiffs bypass and ignore the due process protections that were made available to them prior to filing suit in federal court.

Specifically, under California law, Penal Code § 1042.5 allows for a trial. At trial, witnesses can be called or subpoenaed to appear. People v. Carlucci, 23 Cal.3d 249, 256-57 (1979). Beyond that, Penal Code § 1466(2)(A) allows for appeals to be taken from any conviction. As set forth in the underlying motion, **both of these avenues were available to the plaintiffs, yet they simply chose to sit on their substantive rights and plead guilty, which they were entitled to do.** Contesting the convictions now – when they were provided opportunities to do so previously – not only runs afoul of the Supreme Court's decision in Heck, see supra, but also gives them a second bite at the procedural apple, of which they are not entitled.

Based upon the allegations contained in the First Amended Class Action Complaint, plaintiffs did not seek further "due process" alternatives in the Orange County Superior Court, despite the right to trial and an appeal being available to them. Instead, they both opted for the swift, inexpensive, and summary nature of minor motor vehicle violation proceedings allowed by the bail forfeiture statutes, Vehicle Code §§ 40512 and 40521, which resulted in a conviction. See Johnson v. Dep't of Motor Vehicles, 177 Cal.App.2d 440, 445 (1960).

Hence, this Court is authorized to grant the instant motion to dismiss in its entirety.

### D. PLAINTIFFS' SECOND CLAIM FOR RELIEF FOR VIOLATION OF ARTICLE I, § 19(A) OF THE CALIFORNIA CONSTITUTION (TAKINGS CLAUSE) FAILS TO STATE FACTS UPON WHICH RELIEF CAN BE GRANTED.

Plaintiffs fail to address the arguments set forth in the underlying motion. Specifically, for purposes of their second claim for liability, plaintiffs allege that defendants took plaintiffs' and class members' property for public use. Specifically, defendants are alleged to have issued non-warning automated traffic camera tickets and collected traffic fines for those tickets prior to instituting the thirty (30) day warning notice period under Vehicle Code § 21455.5(b). As such, Plaintiff PLUMLEIGH was allegedly "required to pay a fine of four hundred and twenty three dollars" ($423). Further, Plaintiff HAZARD was required to pay a fine and attend traffic school, for a total of four hundred dollars ($400). [See First Am. Compl., ¶ 69, 70].

In light of the aforementioned allegations, plaintiffs have fashioned a "takings" claim under article I, section 19 of the California Constitution. Baker v. Burbank-Glendale-Pasadena Airport Authority, 39 Cal.3d 862, 867 (1985). That section requires that just compensation be paid when private property is taken or damaged for public use. Varjabedian v. City of Madera, 20 Cal.3d 285, 296 (1977).

"The government [is] not [ ] required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain," Bennis v. Michigan, 516 U.S. 442, 452, 116 S.Ct. 994, 134 L.Ed.2d 68 (1996) (citations omitted), and **"[p]roperty seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause."** AmeriSource Corp. v.

-8-

REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1  United States, 525 F.3d 1149, 1153 (Fed.Cir. 2008); San Remo Hotel v. City and
2  County of San Francisco, 27 Cal.4th 643, 664 (2002) (California courts generally
3  construe federal and state takings clauses congruently).

Here, the plaintiffs have pled guilty, and therefore, any property which was taken was acquired lawfully. Additionally, traffic enforcement is a police power, and as a result, local municipalities have the right to enforce Vehicle Code provisions. See Birkenfeld v. City of Berkeley, 17 Cal.3d 129, 140 (1976) (In California, within the territory it governs, a city's police power under Article XI, Section 7 of the California Constitution "is as broad as the police power exercisable by the Legislature itself."). With that enforcement power comes the right to collect bail for offenses committed within their jurisdiction, and as a result, it is property seized and retained pursuant to the police power. Hence, it is not a taking for "public use" and therefore, cannot trigger a Takings Clause claim.

This Honorable court is authorized to grant the instant motion to dismiss pursuant to FRCP 12(b)(6).

E. **PLAINTIFFS' THIRD CLAIM FOR RELIEF, FOR UNJUST ENRICHMENT AS A RESULT OF VIOLATION OF CALIFORNIA *VEHICLE CODE* § 21455.5(B) FAILS TO STATE FACTS UPON WHICH RELIEF CAN BE GRANTED.**

Again, plaintiffs simply ignore valid law in the State of California, and claim that a claim for unjust enrichment can be pursued in the present lawsuit. Plaintiffs' third claim is subject to the instant motion to dismiss, as "unjust enrichment" is not an independent, self-executing claim (cause of action) under California law. Specifically, in McBride v. Boughton, 123 Cal.App.4th 379, 387 (2004), the Court held as follows:

> "**Unjust enrichment is not a cause of action**, however, or even a remedy, but rather " ' "a general principle, underlying various legal doctrines and remedies" ' ... . [Citation.] It is synonymous with

-9-

restitution. [Citation.]" (Melchior v. New Line Productions, Inc. (2003) 106 Cal.App.4th 779, 793 [131 Cal. Rptr. 2d 347].) Unjust enrichment has also been characterized as describing " 'the result of a failure to make restitution... .' " (Dunkin, *supra*, 82 Cal.App.4th at p. 198, fn. 15, quoting Lauriedale Associates, Ltd. v. Wilson (1992) 7 Cal.App.4th 1439, 1448 [9 Cal. Rptr. 2d 774] (Lauriedale).) McBride, 123 Cal.App.4th at 387.

In light of the aforementioned precedent, it is respectfully submitted that the second claim is patently improper and untenable. This applies equally to the claims asserted against the CITY OF SANTA ANA, CHIEF PAUL W. WALTERS, and JOSEPH W. FLETCHER. Hence, the present motion to dismiss is proper, and the third claim should be dismissed without leave to amend.

F. **PLAINTIFF'S SECOND AND THIRD CLAIMS FOR RELIEF UNDER CALIFORNIA STATE LAW FAIL TO COMPLY WITH THE APPLICABLE PROVISIONS OF THE CALIFORNIA TORT CLAIMS ACT.**

Furthermore, even when an action is pending in federal court, the California Tort Claims Act governs state tort claims against public entities and their employees. See Neveu v. City of Fresno, 392 F.Supp.2d 1159, 1173 (E.D. Cal. 2005). The Tort Claims Act was enacted to reduce uncertainty in the law by making all public entity liability dependent on statute. To that end, Government Code § 815(a) explicitly provides: "**Except as otherwise provided by statute:** (a) **A public entity is not liable** for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." CAL. GOVT. CODE § 815(a) [Emphasis added].

The Legislative Committee Comment to § 815 reflects the intent of the Legislature to abolish all forms of common law liability against public entities. The Comment states, in relevant part, that "this section abolishes all common law

-10-

or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution, *e.g.*, inverse condemnation. In the absence of constitutional requirement, public entities may be held liable **only if a statute (not including a charter provision, ordinance or regulation) is found declaring them to be liable."** [Emphasis added].

Furthermore, in an action against a public entity, a plaintiff may not substantiate his Complaint with general allegations. Instead, the plaintiff is held to a higher standard, which requires that all statutory causes of action be pled with particularity and based upon ultimate facts. This requirement was reiterated in Susman v. City of Los Angeles, 269 Cal.App.2d 803 (1969), wherein the court stated that, "[i]n view of the fact that tort causes of action against public entities are not based on statute, the general rule that statutory causes of action must be pled with particularity is applicable. **Every fact essential to the existence of statutory liability must be pleaded."** Id. at 809. [Emphasis added].

To that end, a statement of intent to abolish all common law liability against public entities was reiterated by the court in Tolan v. State of California, 100 Cal.App.3d 980, 161 Cal.Rptr. 307 (1979), where the court declared: "[c]ommon law principles of negligence... are not controlling herein. Insofar as tort liability is concerned, the Legislature has provided that a public entity's duty of care is only that specifically provided by statute." Id. at 986.

Additionally, the court in Searcy v. Hemet Unified School District, 177 Cal.App.3d 792, 802 (1986), reiterated the requirement that a statutory basis for liability must not only be identified, but also be pled with specificity. The Searcy court clarified:

> "**[T]o state a cause of action, every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty.** Duty cannot simply be alleged by stating 'defendant had a duty under

-11-

the law'; that is a conclusion of law, not an allegation of fact. The facts showing the existence of the claimed duty must be alleged. **Since the duty of a government agency can only be created under statute or 'enactment,' the statute or enactment claimed to establish the duty must at the very least be identified**." Id. at 802. [Emphasis added].

Therefore, in light of Ashcroft, Twombly, and those cases (such as Searcy, *supra*) under the Tort Claims Act which set forth the rule of particularity relative to pleading state claims against a public entity defendant, it is quite apparent that plaintiffs have failed to provide sufficient allegations to state a claim for relief against these moving defendants within the four corners of the First Amended Complaint.

### III. CONCLUSION

Based upon the foregoing, this Court is authorized to grant defendants' motion to dismiss, without leave to amend.

DATED: November 22, 2010        CARPENTER, ROTHANS & DUMONT

By: _____
STEVEN J. ROTHANS
JUSTIN READE SARNO
Attorneys for Defendants,
CITY OF SANTA ANA, a public entity,
CHIEF PAUL M. WALTERS, and JOSEPH W. FLETCHER, public employees

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

On November 22, 2010, I served the foregoing document(s) described as:

**REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

***SEE ATTACHED SERVICE LIST***

**BY U.S. MAIL & CM/ECF FILING:**
 __X__ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.
 __X__ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 22, 2010, at Los Angeles, California.

**FEDERAL**
 __X__ I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Gabrielle Duran
_____
(Signature)

-1-
PROOF OF SERVICE

# ATTACHED SERVICE LIST

Gene Williams, Esq.
Mark P. Pifko, Esq.
Jamie R. Greene, Esq.
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Tel:   (310) 556-5637
Fax:   (310) 861-9051
*Attorneys for Plaintiffs Robert Plumleigh and Thomas R. Hazard, III*

Aaron D. Aftergood, Esq.
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Tel:   (310) 551-5221
Fax:   (310) 496-2840
*Attorneys for Plaintiffs Robert Plumleigh and Thomas R. Hazard, III*

Gregory P. Barbee, Esq.
Michael D. Stewart, Esq.
SHEPPARRD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1448
*Attorneys for Defendants REDFLEX TRAFFIC SYSTEMS, INC.*