STEVEN J. ROTHANS – State Bar No. 106579
JUSTIN READE SARNO – State Bar No. 229803
CARPENTER, ROTHANS & DUMONT
888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017
(213) 228-0400
(213) 228-0401 [fax]
srothans@crdlaw.com / jsarno@crdlaw.com

Attorneys for Defendants, CITY OF SANTA ANA, a public entity, CHIEF PAUL M. WALTERS, and JOSEPH W. FLETCHER, public employees

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SANTA ANA, et al.<br><br>Defendants. | Case No.: SACV10-1332-AG (RNBx)<br><br>**REPLY TO OPPOSITION TO MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 29, 2010<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Discovery Cut-Off: Not set<br>Final Pre-Trial Conf.: Not set<br>Trial: Not set<br><br>**United States District Court Judge Honorable Cormac J. Carney** |

COMES NOW Defendants CITY OF SANTA ANA, a public entity, and CHIEF PAUL M. WALTERS and JOSEPH W. FLETCHER hereby submit the present Reply to Opposition to Motion to Strike plaintiffs' First Amended class action complaint, pursuant to Fed. R. Civ. Proc., Rule 12(f).

///

///

///

-1-

1  DATED:    November 22, 2010        CARPENTER, ROTHANS & DUMONT

3                                     By: _____
4                                         STEVEN J. ROTHANS
                                          JUSTIN READE SARNO
5                                         Attorneys for Defendant,
                                          CITY OF SANTA ANA, a public entity,
6                                         CHIEF PAUL M. WALTERS, and JOSEPH
7                                         W. FLETCHER, public employee

-2-
REPLY TO OPPOSITION TO MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants' underlying motion to strike punitive damages pertains solely and exclusively to Paragraph 64 of the First Amended Complaint (which requests punitive damages against Defendants WALTERS and FLETCHER), as well as Prayer for Relief, Item 6. Defendants argue in the underlying motion that plaintiffs' allegations – as contained within the four corners of the First Amended class action complaint – are woefully insufficient, and fail to meet the federal and state standards necessary to allege and request punitive damages.

First, as part of their Opposition papers, plaintiffs argue that a motion under FRCP 12(f) is inappropriate for purposes of attempting to strike allegations of punitive damages. However, the authority cited for purposes of this proposition is unpublished and not on point in any regard. For example, plaintiffs cite to the decision in <u>Jackson v. Harrison</u>, 2010 U.S. Dist. LEXIS 104600 *95-96 (C.D. Aug. 25, Cal 2010) for the proposition that Rule 12(f) does not authorize a district court to strike a claim for punitive damages "on the grounds that such claims are precluded as a matter of law." Not only is this case unpublished, but defendants argue that the allegations contained in the four corners of the First Amended class action complaint are simply deficient – on their face – to justify the imposition of a punitive damages request. Plaintiffs would have this Court believe (erroneously) that defendants request adjudication of whether there is sufficient evidence "as a matter of law" to justify a claim for punitive damages. However, the question is simply one of pleading, and whether plaintiffs have met their burden to justify the request in the first instance. Based upon the deficient allegations in the First Amended class action complaint, it is respectfully submitted that plaintiffs' request should be stricken, for failure to allege facts sufficient to justify the imposition of punitive damages.

Second, plaintiffs argue that the present motion to strike should be denied

because plaintiff's claim for punitive damages under Section 1983 is sufficiently pleaded "under federal precedent." Presumably, plaintiffs argue that the standard for punitive damages, as set forth under California Civil Code § 3294, is inapplicable for purposes of their federal claim. In lieu of this standard, plaintiff offers no workable standard, other than the fact that "federal pleading standards" apply. As shall be demonstrated herein, any allegations pertaining to fraud, oppression, or malice (*i.e.*, the equivalent of a punitive damages request) must comply with the standard(s) set forth under FRCP 9(b), which requires specificity and particularity. Therefore, plaintiffs' conclusion that "federal pleading standards" apply gets them nowhere. Ultimately, the allegations contained in the First Amended class action complaint are deficient, and thus, the present motion to strike is warranted under FRCP 12(f).

Thus, for the reasons contained herein, and based upon the arguments set forth in the underlying motion, this Court is authorized to grant defendants' motion to strike, thereby striking Paragraph 64 of the First Amended Complaint (which requests punitive damages against Defendants WALTERS and FLETCHER), as well as Prayer for Relief, Item 6.

## II. STATEMENT OF LAW

### A. ACCORDING TO APPLICABLE FEDERAL PLEADING STANDARDS, ANY ALLEGATIONS OF "FRAUD" MUST COMPLY WITH THE PARTICULARITY STANDARDS SET FORTH IN FRCP 9(b).

In their Opposition, plaintiffs claim that California standards for pleading punitive damages, such as California Civil Code § 3294, are inapplicable to a claim under 42 U.S.C. § 1983. Specifically, plaintiffs claim that "federal pleading standards" apply, because plaintiffs seek the imposition of punitive damages as part of a Section 1983 claim for violation of due process. Defendants do not

dispute that federal pleading standard apply.  In fact, under federal pleading standards, any and all allegations of "fraud" (*i.e.,* such as those types of precise allegations for punitive damages which must be based upon "fraud, malice, or oppression") must be pleaded with particularity, pursuant to FRCP 9(b).  As such, plaintiffs argument is irrelevant and gets them back to square one.

FRCP, Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. PROC. 9(b).  This rule gives defendants "adequate notice to allow them to defendant against the charge" of fraud.  In re Stac Electronics Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996).

It is well-established for purposes of federal pleading standards that fraud must be pleaded with particularity [Fed. R. Civ. Proc., 9(b)], and a mere conclusion need not be accepted as true absent supporting allegations establishing why it was "fraudulent." SEC v. Seaboard Corp., 677 F.2d 1315, 1316 (9th Cir. 1982).  In particular, Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct... so that they can defend against the charge and not just deny that they have done anything wrong.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (*quoting* Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)).  Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged.  Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).  In other words, "a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).

Based upon the standards set forth in the underlying motion, and based upon the standards set forth under FRCP 9(b), the gravamen and import of defendants' motion to strike remains unchanged.  Plaintiffs' allegations are fatally deficient as against both WALTERS and FLETCHER.

For example, according to the allegations in the First Amended Complaint, at a May 2003 press conference at the intersection of Harbor and McFadden, Santa Ana Police Chief WALTERS *purportedly* stated that "[t]hey'll [sic] be a one month period and the subsequent ones, if they're within that one month period, they'll [sic] be a warning. If not, if they're after the first month of warning, then they'll be issued citations unless we decide otherwise. Administratively we could, but technically by the law after the first month warning then any that we install we can issue citations right from the start [sic]." (*citing People v. Murray,* Superior Court of the State of California County of Orange (2009), http://www.thenewspaper.com/rlc/docs/2009/ca-santana.pdf). Id. at ¶ 42.

Further, plaintiffs allege that during the same May 2003 press conference at the intersection of Harbor and McFadden, Defendant WALTERS engaged in the following exchange:

> "[Defendant PAUL M. WALTERS]: 'The other thing you have to remember is, these are not permanent; these can be moved. If we determine that this is no longer a high accident location, in a year or two we'll move it to another site. But we have 20 systems that we can move to wherever the need is in the city; the whole idea again is to change the way people behave.'
> QUESTION: 'So basically, the key here that's different is that you have a floating red light camera program?'
> [Defendant PAUL M. WALTERS]: 'Yes very much so.'" Id. at ¶ 43.

Thereafter, plaintiffs allege (based upon information and belief) that "approximately twenty (20) automated traffic cameras were installed at as many as sixteen (16) intersections in the City of Santa Ana by the end of 2007." Id. at ¶ 44. Further, plaintiffs allege that "Defendants' automated traffic cameras issued

-4-

hundreds and possibly thousands of citations each month. For instance, during 2009, Defendants' automated traffic cameras issued approximately a thousand five hundred (1,500) citations each month." Id. at ¶ 45.

Further, at most the plaintiffs allege that WALTERS and FLETCHER approved an agreement between the CITY OF SANTA ANA and Defendant REDFLEX. In and of itself, this allegation is unavailing and does not support plaintiffs' request for the imposition of punitive damages. [First Am. Compl., ¶ 38].

Based upon plaintiffs' own assertions at Page 6 of their Opposition papers, they contend that simply averring "willful and reckless" conduct is sufficient for purposes of requesting punitive damages. [Plaint. Opp, Page 6, Line 19]. This is patently incorrect. Furthermore, plaintiffs allege a "misuse of authority or power," which is insufficient, as there is no indication of "how" or "in what manner" these conclusions of law were perpetrated by WALTERS or FLETCHER. Furthermore, plaintiffs offer the bizarre contention that oppressive conduct has been alleged ipso facto because at Paragraph 23 of the First Amended class action complaint, it alleges that "one of the questions of law and fact is "whether Defendants' conduct was willful or reckless." Id. This does nothing to state facts against WALTERS and FLETCHER sufficient to make a request for punitive damages. In short, plaintiffs' First Amended class action complaint is rife with bald conclusions of law, and no FACTUAL support.

### III. CONCLUSION

Based upon the foregoing, the Defendants CITY OF SANTA ANA, CHIEF PAUL M. WALTERS, and JOSEPH W. FLETCHER respectfully request that this Court grant the instant motion to strike aforementioned portions of plaintiffs' First Amended class action complaint.

///

| | | |
|---|---|---|
| 1 | DATED: November 22, 2010 | CARPENTER, ROTHANS & DUMONT |
| 2 | | |
| 3 | | By: _____ |
| 4 | | STEVEN J. ROTHANS |
| | | JUSTIN READE SARNO |
| 5 | | Attorneys for Defendant, |
| 6 | | CITY OF SANTA ANA, a public entity, |
| | | CHIEF PAUL M. WALTERS, and JOSEPH |
| 7 | | W. FLETCHER, public employees |

-6-
REPLY TO OPPOSITION TO MOTION TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

On November 22, 2010, I served the foregoing document(s) described as:

**REPLY TO OPPOSITION TO MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

***SEE ATTACHED SERVICE LIST***

**BY U.S. MAIL & CM/ECF FILING:**
__X__ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.
__X__ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 22, 2010, at Los Angeles, California.

**FEDERAL**
__X__ I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Gabrielle Duran
_____
(Signature)

-1-
PROOF OF SERVICE

## ATTACHED SERVICE LIST

Gene Williams, Esq.
Mark P. Pifko, Esq.
Jamie R. Greene, Esq.
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Tel:   (310) 556-5637
Fax:   (310) 861-9051
*Attorneys for Plaintiffs Robert Plumleigh and Thomas R. Hazard, III*

Aaron D. Aftergood, Esq.
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Tel:   (310) 551-5221
Fax:   (310) 496-2840
*Attorneys for Plaintiffs Robert Plumleigh and Thomas R. Hazard, III*

Gregory P. Barbee, Esq.
Michael D. Stewart, Esq.
SHEPPARRD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1448
*Attorneys for Defendants REDFLEX TRAFFIC SYSTEMS, INC.*