GREGORY P. BARBEE, Cal. Bar No. 185156
gbarbee@sheppardmullin.com
MICHAEL D. STEWART, Cal. Bar No. 161909
mstewart@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:  213-620-1780
Facsimile:  213-620-1398

Attorneys for Defendants REDFLEX
TRAFFIC SYSTEMS (CALIFORNIA), INC.
and REDFLEX TRAFFIC SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually, on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"),<br><br>                    Plaintiffs,<br><br>          v.<br><br>CITY OF SANTA ANA; PAUL M. WALTERS; JOSEPH W. FLETCHER; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.:  SACV10-1332-CJC (RNBx)<br><br>United States District Court Judge Honorable Cormac J. Carney<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:   December 6, 2010<br>Time:   1:30 p.m.<br>Ctrm:  9B<br><br>Discovery Cut-Off:     Not set<br>Final Pre-Trial Conf.:  Not set<br>Trial:                        Not set |

W02-WEST:1GPB1\403115185.1

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT ...................................................................................................... 1

    A.   PLAINTIFFS' OPPOSITION FAILS TO SAVE THE THIRD
        CLAIM FOR RELIEF (UNJUST ENRICHMENT AS A
        RESULT OF A VIOLATION OF VEHICLE CODE §
        21455.5(b)) ................................................................................................ 1

        1.    The Fines Paid By Plaintiffs Represent Convictions That
            Should Not be Collaterally Attacked in this Civil Action ............ 3

        2.    Redflex Cannot Be Liable Under Vehicle Code §
            21455.5(b) ................................................................................... 5

            a.    An agent is not liable for the independent acts of its
                principal ............................................................................ 5

            b.    Plaintiffs' allegations establish no agency ......................... 6

        3.    Plaintiffs Have Not Alleged That They Conferred A
            Benefit On Redflex ..................................................................... 7

        4.    California Civil Code § 47(b)'s Litigation Privilege Bars
            This Action ................................................................................. 9

            a.    The litigation privilege applies to this action .................... 9

            b.    Redflex's writings and communications were
                 privileged ......................................................................... 12

        5.    The Voluntary Payment Doctrine Bars Plaintiffs' Unjust
            Enrichment Claim ....................................................................... 14

    B.   PLAINTIFFS' OPPOSITION CONFIRMS THAT THEIR
        FOURTH CLAIM FOR RELIEF (VIOLATION OF BUSINESS
        & PROFESSIONS CODE SECTIONS 17200, *ET SEQ.*)
        SHOULD BE DISMISSED ................................................................. 16

        1.    Plaintiffs Have Not Adequately Alleged That Redflex Has

Violated The Predicate Statute – California Vehicle Code
Section 21455.5(b)..........................................................................16

2.    Plaintiffs Are Not Entitled To UCL Restitution Because
They Have Not Alleged That Redflex Received Plaintiffs'
Paid Fines....................................................................................17

3.    Plaintiffs Fail To Plead Any Nexus Between Their
Violations And Payments, And Redflex's Actions.....................19

4.    Plaintiffs' UCL Claim Is Barred Because Plaintiffs Were
Convicted Of Vehicle Code Violations And Paid Fines............20

5.    Redflex's Actions Are Absolutely Privileged Under The
Litigation Privilege Of California Civil Code Section
47(b).........................................................................................20

III.   CONCLUSION ...........................................................................................21

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

<u>Aguimatang v. California State Lottery</u>
  234 Cal.App.3d 769 (1991) ............................................................. 12

<u>Ashford v. Culver City Unified School Dist.</u>
  130 Cal.App.4th 344 (2005) ............................................................ 11

<u>Block v. Sacramento Clinical Labs, Inc.</u>
  131 Cal.App.3d 386 (1982) .............................................. 10, 11, 12, 20

<u>Bowman v. Wyatt</u>
  186 Cal.App.4th 286 (2010) .............................................................. 6

<u>California Federal Bank v. Matryek</u>
  8 Cal.App.4th 125 (1992) ................................................................. 7

<u>CTC Real Estate Services v. Lepe</u>
  140 Cal.App.4th 856 (2006) .......................................................... 8, 9

<u>Daro v. Superior Court</u>
  151 Cal.App.4th 1079 (2007) ...................................................... 18, 19

<u>Doe I v. Wal-Mart Stores, Inc.</u>
  572 F.3d 677 (9th Cir. 2009) ............................................................ 2

<u>Flores v. Brown</u>
  39 Cal.2d 622 (1952) ...................................................................... 6

<u>Hagberg v. California Federal Bank</u>
  32 Cal.4th 350 (2004) ................................................................... 10

<u>Heck v. Humphrey</u>
  512 U.S. 477 (1994)................................................................. 3, 5, 19

<u>Johnson v. Dep't of Motor Vehicles</u>
  177 Cal.App.2d 440 (1960) .......................................................... 4, 20

<u>Kashian v. Harriman</u>
  98 Cal.App.4th 892 (2002) ...................................................11, 12, 20

Kesmodel v. Rand
    119 Cal.App.4th 1128 (2004) ................................................................ 13

Khoury v. Maly's of California, Inc.
    14 Cal.App.4th 612 (1993) ................................................................... 16

Kimmel v. Goland
    51 Cal.3d 202 (1990) ..................................................................... 11, 13

Korea Supply Co. v. Lockheed Martin Corp.
    29 Cal.4th 1134 (2003) ....................................................................... 17

Leeper v. Beltrami
    53 Cal. 2d 195 (1959) ......................................................................... 14

Lorenzo v. Qualcomm
    603 F.Supp.2d 1291 (S.D. Cal. 2009) ................................................. 19

Madrid v. Perot Systems Corp.
    130 Cal.App.4th 440 (2005) ................................................................ 17

Mangindin v. Wash. Mut. Bank
    637 F.2d 700 (N.D. Cal. 2009) .............................................................. 2

Mills v. Mun. Court for the San Diego Judicial District of San Diego County
    10 Cal.3d 288 (1973) ...................................................................... 4, 20

Pacific Gas & Electric Co. v. Bear Stearns & Co.
    50 Cal.3d 1118 (1990) .......................................................................... 9

People v. Jones
    7 Cal.App.3d 48 (1970) ....................................................................... 12

Perdue v. Crocker Nat'l Bank
    38 Cal.3d 913 (1985) .......................................................................... 16

Rasmussen v. California Dep't of Motor Vehicles
    372 Fed.Appx. 789 (9th Cir. 2010) ....................................................... 3

Rubin v. Green
    4 Cal.4th 1187 (1993) .................................................................... 10, 20

Rusheen v. Cohen
    37 Cal.4th 1048 (2006) ....................................................................... 12

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Silberg v. Anderson
  50 Cal.3d 205 (1990) ........................................................................9, 11

Silicon Knights v. Crystal Dynamics
  983 F.Supp. 1303 (1997) ........................................................................16

Smith v. Pac. Props. & Dev. Corp.
  358 F.3d 1097 (9th Cir. 2004) ....................................................................2

Spivey v. Adaptive Marketing LLC
  __ F.3d __, No. 09-3619, 2010 WL 3619789 (Sept. 20, 2010) (O'Connor,
  J.)........................................................................................................14, 15

Steinman v. Malamed
  185 Cal.App.4th 1550 (2010) ..............................................................13, 14

Thomas v. Dep't of Motor Vehicles
  3 Cal.3d 335 (1970) ...................................................................................3

Trenfel v. Jasper
  13 Cal.App.4th 1694 (1993) .....................................................................12

Trower v. City & County of San Francisco
  152 Cal. 479 (1907) .................................................................................14

Troyk v. Farmers Group, Inc.
  171 Cal.App.4th 1305 (2009) ...................................................................19

United States v. Lopez-Armenta
  400 F.3d 1173 (9th Cir. 2005) ....................................................................4

Yount v. City of Sacramento
  43 Cal.4th 885 (2008) .................................................................................3

Statutes

BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.* ...................................15

Cal. Civ. Code § 47(b)............................................................................9, 20

Cal. Civ. Code § 2343.................................................................................5

Cal. Pen. Code § 1262................................................................................4

Cal. Veh. Code § 1803(a)(2)...................................................................4, 20

Cal. Veh. Code § 13103 ...........................................................................4, 20

Cal. Veh. Code § 21455.5(b) ......................................1, 5, 6, 7, 14, 16, 17

Cal. Veh. Code § 40000.28 ..............................................................................20

Cal. Veh. Code § 40518(a) ...........................................................................12

Cal. Veh. Code § 42007 ...........................................................................2, 3, 8

Cal. Veh. Code § 42007.1 ........................................................................2, 3, 8

Fed. R. Civ. Proc. 12(b)(6)..........................................................................1, 2

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs' Opposition presents no authority or argument salvaging their deficient third and fourth claims for relief against Redflex.  The claims against Redflex set forth in Plaintiffs' First Amended Complaint ("FAC"), whereby Plaintiffs seek to recover fines they paid after they were caught on camera running red lights, must therefore be dismissed.  Plaintiffs cannot maintain unjust enrichment and unfair competition claims against Redflex, a private company that cannot be liable under California Vehicle Code ("Vehicle Code") § 21455.5(b), which applies only to local jurisdictions.  Plaintiffs have no relationship with Redflex, conferred no benefit on Redflex, and have no vested interest in the fees Redflex received from the City of Santa Ana (the "City") to assist in the City's red light enforcement.  Redflex's communications to City, and to Plaintiffs, were privileged communications, also foreclosing Plaintiffs' claims here.  Finally, Plaintiffs' voluntary payment of their fines precludes Plaintiffs' attempts at recovery now.

### II.   ARGUMENT

#### A.   PLAINTIFFS' OPPOSITION FAILS TO SAVE THE THIRD CLAIM FOR RELIEF (UNJUST ENRICHMENT AS A RESULT OF A VIOLATION OF VEHICLE CODE § 21455.5(b))

Plaintiffs' Opposition confirms that the third claim for relief (Unjust Enrichment) fails to allege a claim upon which relief can be granted; it should therefore be dismissed.  As a threshold matter, Plaintiffs concede that "unjust enrichment" is not a distinct cause of action under California law.  [Opposition at 4:18-20.]  The claim as stated thus fails to satisfy the pleading requirements of Rule

1    12(b)(6).  Attempting to sidestep that fatal deficiency, plaintiffs now re-cast the

2    claim as one for "restitution based on quasi-contract."  [Opposition at 4:18-5:6.]

3    Plaintiffs' new purported "quasi-contract" claim seeking restitution also fails.

4        Where, as here, a plaintiff has no prior relationship with the defendant against

5    whom plaintiff seeks to recover unjust enrichment, that theory of recovery must fail.

6    See Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 685 (9th Cir. 2009) ("The lack of

7    any prior relationship between Plaintiffs and Wal-Mart precludes the application of

8    an unjust enrichment theory here."); Smith v. Pac. Props. & Dev. Corp., 358 F.3d

9    1097, 1106 (9th Cir. 2004) (plaintiff generally may not seek to disgorge another's

10    profits unless a "prior relationship between the parties subject to and benefitting

11    from disgorgement originally resulted in unjust enrichment").  For example, in Doe

12    I, the Ninth Circuit held plaintiffs could not obtain restitution from Wal-Mart where

13    Wal-Mart was not their employer, and the court "[saw] no other plausible basis upon

14    which the employee of a manufacturer, without more, may obtain restitution from

15    one who purchases goods from that manufacturer."  572 F.3d at 685.  According to

16    the court, "the connection between Plaintiffs and Wal-Mart here is simply too

17    attenuated to support an unjust enrichment claim."  Id.  Here, not only does no prior

18    relationship between Plaintiffs and Redflex exist, but Plaintiffs have no connection

19    whatsoever with Redflex.  Plaintiffs chose to drive on the City's roads, a privilege

20    they exercised without any rights or obligations flowing between defendants and

21    Plaintiffs.

22        Further, Plaintiffs would have this Court ignore that to ever recover for

23    purported "unjust enrichment," Plaintiffs would need to show that defendants

24    "received a benefit that was . . . unjustly retained" at Plaintiffs' expense.  Mangindin

25    v. Wash. Mut. Bank, 637 F.2d 700, 711 (N.D. Cal. 2009).  As pleaded by Plaintiffs,

26    they paid for both their citation and traffic violator school.  [FAC, ¶¶ 53, 54.]  As

27    such, the clerk of the court would disburse their payments *as required* by California

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Vehicle Code §§ 42007 and 42007.1.  Nothing in the FAC alleges that any specific portion of the paid fines and traffic school fees specifically went to Redflex.  Plaintiffs cannot allege that benefit to Redflex because Vehicle Code §§ 42007 and 42007.1 specifically set forth which governmental entities receive which specific portion of Plaintiffs' payments.  Accordingly, under any theory, Plaintiffs' unjust enrichment claim fails.

Finally, Plaintiffs' attempt to refute the arguments set forth in Redflex's Motion to Dismiss falls short, as set forth below.  Each argument presents a separate basis for the dismissal with prejudice of Plaintiffs' claims against Redflex.

1.   The Fines Paid By Plaintiffs Represent Convictions That Should Not be Collaterally Attacked In This Civil Action

Contrary to Plaintiffs' assertion, <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) bars their unjust enrichment claim against Redflex.  In <u>Heck</u>, the United States Supreme Court held that a plaintiff is barred from asserting a claim that would "necessarily imply the invalidity of [a prior] conviction or sentence," unless the plaintiff proves that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  <u>Heck</u>, 512 U.S. at 486-87; <u>accord</u> <u>Yount v. City of Sacramento</u>, 43 Cal.4th 885, 894 (2008).  <u>Heck</u> thus bars suits that imply the invalidity of prior Vehicle Code convictions or sentences.  <u>Rasmussen v. California Dep't of Motor Vehicles</u>, 372 Fed.Appx. 789, 789 (9th Cir. 2010); <u>see also</u> <u>Thomas v. Dep't of Motor Vehicles</u>, 3 Cal.3d 335, 338 (1970) (barring a motorist's challenge to a license suspension because he had not first successfully challenged the validity of the conviction in the rendering court).

1    Plaintiffs first argue that their payment of fines/forfeiture of bail did not

2 operate as a conviction. Not so. California's Vehicle Code regards the forfeiture of

3 bail upon a traffic ticket as a conviction. See, e.g., Veh. Code § 13103 (for purposes

4 of driver's license suspension and revocation, "a forfeiture of bail . . . constitutes a

5 conviction of any offense prescribed by [the Vehicle Code]"); Id. § 40000.28 (in

6 determining whether a repeat offender's infraction should be treated as a

7 misdemeanor, "a bail forfeiture shall be deemed to be a conviction of the offense

8 charged.").[1]

9    California case law is in accord. The California Supreme Court has explained

10 that under the Vehicle Code, "forfeiture of bail operates as a 'conviction' and may

11 lead to collateral consequences comparable to a guilty plea." Mills v. Mun. Court

12 for the San Diego Judicial District of San Diego County, 10 Cal.3d 288, 302 n.11

13 (1973) (citing Cal. Veh. Code § 40512); see also Johnson v. Dep't of Motor

14 Vehicles, 177 Cal.App.2d 440, 445 (1960) ("It must be held that the posting of bail

15 upon a traffic ticket and the forfeiture of such bail may properly be considered as an

16 admission of guilt."); United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th

17 Cir. 2005) ("It is well-settled that an unconditional guilty plea constitutes a waiver

18 of the right to appeal all nonjurisdictional antecedent rulings and cures all

19 antecedent constitutional defects."). Importantly, a defendant is entitled to a refund

20 of a fine paid under a conviction only after the conviction is reversed and the case

21 dismissed or an appellate court issues a final disposition in the defendant's favor.

22 Cal. Pen. Code § 1262.

23    Though Plaintiffs do not explicitly admit that they were "convicted" of

24 Vehicle Code violations, they do admit that they were required to forfeit bail [FAC,

25 ¶¶ 53, 54], which constitutes a conviction under California law.

26 ──────────────

27 [1]    Moreover, for administrative and record-keeping purposes, "a forfeiture of bail shall be equivalent to a conviction." See Veh. Code § 1803(a)(2).

28

1    Plaintiffs assert that because they attended traffic school and their citations
2 were subsequently dismissed, they are not barred from collaterally attacking their
3 citations in an attempt to recover the bail and traffic school fees they paid.  Plaintiffs
4 allege that they were unlawfully issued traffic citations [FAC, ¶ 4]; such claims
5 necessarily attack the validity of their convictions.  Allowing such an attack would
6 undermine the rule set forth in <u>Heck</u> and its progeny.[2]

7

8              2.    <u>Redflex Cannot Be Liable Under Vehicle Code § 21455.5(b)</u>
9    Plaintiffs premise their unjust enrichment claim on their allegation that
10 Redflex violated Vehicle Code § 21455.5(b).  Plaintiffs concede, as they must, that
11 only "local jurisdictions" are required to comply with Section 21455.5(b) [FAC, ¶ 2]
12 and that Redflex is a "corporation doing business in Orange County, California"
13 [FAC, ¶ 12, 13].  Plaintiffs now attempt to avoid that fatal flaw in their claim by
14 arguing that Redflex can be liable under Section 21455.5(b) because it is an agent of
15 the City.  [Opposition, 8: 10-28, 9: 1-20.]

16

17              a.    <u>An agent is not liable for the independent acts of its</u>
18                    <u>principal</u>
19    Plaintiffs present no authority supporting their novel argument that a
20 purported agent can be held liable for the independent acts of a principal.  The long-
21 standing authority, of course, belies Plaintiffs' argument.  <u>See, e.g.</u>, Cal. Civ. Code §

22

23    ───────────────────────
      [2]    Plaintiffs also assert that <u>Heck</u> "may" be inapplicable because Plaintiffs are
24     not in custody. [Opposition, 7 n.1: 19-28.]  Plaintiffs rely on a concurring
      opinion, not a holding, suggesting that result in the context of a civil rights
25     claim.  Moreover, the cases that Plaintiffs cite from non-controlling circuits
      are inapposite because those were Section 1983 actions brought by former
26     inmates challenging the basis for their imprisonment whose claims were
      permitted to proceed because habeas relief was no longer available to them.
27     Plaintiffs here do not seek Section 1983 relief from Redflex and were never in
      custody.
28

1  2343 (setting forth when agent is liable to third-parties, i.e., where credit is given to

2  the agent personally, where agent enters into written contract without good faith

3  belief of authority to do so, and where agent's acts are independently wrongful; "no

4  other" case creates such liability).

5       Here, Vehicle Code § 21455.5(b) required the purported principal, the City, to

6  perform certain acts.  Even if Plaintiffs are correct that Redflex was the City's agent,

7  which assuming the allegations of the FAC as true it was not, Plaintiffs cannot

8  charge Redflex for the City's purported violation of Vehicle Code § 21455.5(b).

9

10                 **b.**    <u>Plaintiffs' allegations establish no agency</u>

11       Plaintiffs argue that an implied, not express, agency relationship exists.

12  [Opposition, 8: 10-28, 9: 1-20.]  The primary test for determining whether an

13  implied agency relationship exists is "whether or not the alleged principal controlled

14  or had the right to control the activities of the alleged agent." <u>Flores v. Brown</u>, 39

15  Cal.2d 622, 628 (1952).  Courts also consider other factors, such as (1) the alleged

16  agent's opportunity for profit or loss based on his managerial skill, (2) the alleged

17  agent's investment in equipment and personnel required for his task, (3) whether the

18  service rendered requires special skill, (4) the permanency of the working

19  relationship and (5) whether the service rendered is integral to the alleged principal's

20  business. <u>Bowman v. Wyatt</u>, 186 Cal.App.4th 286, 301 (2010) (citing <u>S.G. Borello</u>

21  <u>& Sons, Inc. v. Dep't of Indus. Relations</u>, 48 Cal.3d 341, 354-55 (1989)).

22       Plaintiff's FAC fails to allege facts sufficient to support a finding that Redflex

23  acted as the City's agent.[3]  Plaintiffs admit that Redflex is a "California corporation"

24  [FAC, ¶ 12] and "private contractor" [FAC, ¶ 27].  Moreover, Plaintiffs allege an

25

26  [3]    Plaintiffs all but admit that they have failed to adequately allege that Redflex

27       acted as the City's agent, pleading with the Court to allow them to amend.
     [Opposition, 9 n.2: 26-28.]

28

array of functions performed distinctly by either Redflex or the City, but do not allege any functions performed by Redflex and supervised or controlled by the City. Plaintiffs rely solely on the following allegations in support of their agency argument: (1) Redflex stores and processes violations data before providing the City with access to such data to make a citation decision [FAC, ¶ 30] and (2) the City retains the option to renegotiate the fee under the Contract if it determines it is unable to recover its costs [FAC, ¶ 36]. [Opposition, 8: 27-28, 9: 1-4.] Plaintiffs do not attempt to, and cannot, show how these allegations evidence the City's control over the functions performed distinctly by Redflex or how the other five factors relevant to the determination support its assertion.

In fact, Plaintiffs' FAC contains admissions that directly undermine their agency argument. For example, Plaintiffs admit that Redflex uses its own equipment in the performance of its duties [FAC, ¶ ¶ 27, 34] and that the contractual relationship between Redflex and the City is to last for a specified term [FAC, ¶ 28]. Plaintiffs' allege nothing more than an ordinary contractual relationship between Redflex and the City. Therefore, because Plaintiffs do not sufficiently allege that Redflex is a "local jurisdiction" that can be liable under Section 21455.5(b) of the Vehicle Code or an agent of the City, Plaintiffs third claim for relief for unjust enrichment fails to state a claim for relief.

       3.    Plaintiffs Have Not Alleged That They Conferred A Benefit On Redflex

As set forth above, Plaintiffs' unjust enrichment claim fails because Plaintiffs do not, and cannot, allege that they conferred a benefit on Redflex. To recover under principles of unjust enrichment, the plaintiff must have conferred a benefit on the defendant. California Federal Bank v. Matryek, 8 Cal.App.4th 125, 131-32 (1992). As an initial matter, Plaintiffs' assertion that Plaintiff Hazard's allegation is

1 sufficient because it states that "Defendants" collected fines from non-warning
2 automated traffic tickets [Opposition, 10: 1-3; FAC, ¶ 50] is unfounded.  That
3 general allegation is contradicted by Plaintiffs' more specific allegations that the
4 City collects revenue from automated traffic camera citations [FAC, ¶ 9], that
5 Redflex collects monthly fees from the City in return for operating the City's
6 automated traffic cameras [FAC, ¶ 52], that Plaintiffs paid fines to and received
7 receipts from "the Superior Court of California" as a result of their citations [FAC,
8 ¶ ¶ 53, 54], and that Plaintiffs paid fines to the City [FAC, ¶ 77].  California Vehicle
9 Code §§ 42007 and 42007.1 also require the payments made by violators such as the
10 Plaintiffs herein to be disbursed by the clerk of the Court in specific ways, none of
11 which describe a payment to Redflex.

12     Plaintiffs fail to allege any nexus between the fines they paid to the Court
13 and/or City, and any fees that Redflex collected from the City.  Plaintiffs do not, for
14 example, allege that Redflex was paid a portion of their fines or that Redflex
15 received a higher fee because of their fines.  Plaintiffs' bare allegation that the City
16 paid Redflex for its services pursuant to its contractual obligations does not equate
17 to an allegation that Plaintiffs themselves conferred a benefit on Redflex.

18     Plaintiffs' inapposite case law does not salvage its claim.  In CTC Real Estate
19 Services v. Lepe, 140 Cal.App.4th 856 (2006), an identity thief stole a woman's
20 identity to purchase a house.  Id. at 858.  In subsequent foreclosure proceedings, the
21 house generated a surplus, which the court awarded to the woman because she had
22 an equitable interest in the funds and nobody else had any such claim or interest.  Id.
23 at 858, 861.  CTC did not, however, involve a plaintiff who paid money to one
24 person and then tried to recover that money in an unjust enrichment action against
25 another person.  In fact, the issue in CTC was not whether the woman conferred a
26 benefit on anyone, but solely whether the woman was entitled to the fruits of the
27 identify theft (i.e., the surplus) even though the money was not in the possession of
28

1  the identify thief, who had fled. Id. at 826. CTC is therefore factually and legally

2  distinguishable from this case and does not support Plaintiffs' assertion.

3       Finally, Plaintiffs try to escape their claim's deficiencies by contending that

4  the negotiable fee provision in the Contract and the fact that Redflex is paid only

5  when its system is actively issuing citations provide Redflex with a "direct stake in

6  the issuance and collection of traffic tickets." [Opposition, 10: 4-19.] These

7  allegations do not amount Plaintiffs' conferring a benefit on Redflex. For example,

8  Plaintiffs do not allege that such facts resulted in their fines and that the fines were

9  subsequently paid to Redflex or that such facts resulted in a higher fee for Redflex.

10  For these reasons, Plaintiffs' unjust enrichment claim against Redflex should be

11  dismissed.

12

13       4.   California Civil Code § 47(b)'s Litigation Privilege Bars This

14           Action

15       Redflex's actions that form the basis of Plaintiffs' entire case are

16  protected by the litigation privilege. The litigation privilege provides absolute

17  immunity against liability for acts or statements made in connection with any

18  official proceeding. Cal. Civ. Code § 47(b). Courts construe the privilege broadly

19  to effectuate its vital purpose. Silberg v. Anderson, 50 Cal.3d 205, 211, 215 (1990).

20

21       a.   The litigation privilege applies to this action

22       As a preliminary matter, Plaintiffs erroneously contend that the

23  litigation privilege of California Civil Code § 47(b) applies only to defamation

24  claims or torts. As the California Supreme Court announced, "[t]he privilege

25  applies to any action except one for malicious prosecution." Pacific Gas & Electric

26  Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1132-33 (1990). As such, the litigation

27  privilege applies to suits based on an alleged statutory violation. Rubin v. Green, 4

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1  Cal.4th 1187, 1190, 1199-1200 (1993).  Plaintiffs cite no authority, nor can they,

2  establishing that the litigation privilege does not apply in an unjust enrichment

3  action.

4        Plaintiffs misstate the holding of <u>Block v. Sacramento Clinical Labs,</u>

5  <u>Inc.</u>, 131 Cal.App.3d 386, 394 (1982), in arguing that the litigation privilege applies

6  **"only** to defamation claims or torts, however labeled, 'that are predicated upon the

7  publication in protected proceedings of an injurious falsehood.'"  [Opposition, 14: 8-

8  11 (emphasis added).]  Instead, the <u>Block</u> court explained that "cases **have** applied

9  the privilege to defeat tort actions which, however labeled and whatever the theory

10  of liability, are predicated upon the publication in protected proceedings of an

11  injurious falsehood."  <u>Block</u>, 131 Cal.App.3d at 390-91 (emphasis added).  The

12  other cases on which Plaintiffs rely also state that the litigation privilege applies to

13  tort claims, but none hold that the privilege applies exclusively to such claims.  The

14  litigation privilege therefore applies to Plaintiffs' unjust enrichment claim against

15  Redflex.

16        Plaintiffs also erroneously assert that the litigation privilege is not

17  intended to apply to the collection of evidence for later use.  [Opposition, 12: 6-7.]

18  In fact, the litigation privilege "promotes the effectiveness of judicial proceedings

19  by encouraging 'the presentation of evidence' in judicial proceedings."  <u>Id.</u> at 215

20  (quoting <u>McClatchy Newspapers, Inc. v. Superior Court</u>, 189 Cal.App.3d 961, 970

21  (1987)).  Indeed, as discussed in Redflex's motion to dismiss Plaintiffs' FAC, in

22  <u>Block</u>, the court held that a private laboratory's provision of a toxicology report to

23  the district attorney for use in a murder investigation was absolutely privileged.  <u>Id.</u>

24  at 393-94; <u>see also</u> <u>Hagberg v. California Federal Bank</u>, 32 Cal.4th 350, 356-57, 376

25  (2004) (holding that statements provided to police concerning criminal activity were

26  absolutely protected under the litigation privilege).

27

28

1   Redflex's actions here are absolutely privileged.  Plaintiffs contend that
2   <u>Block</u> is distinguishable because there, the challenged actions were taken in
3   preparation for a specific litigation.  Plaintiffs' entire FAC, however, is based on
4   Redflex's provision of evidence to the City in connection with Plaintiffs' specific
5   Vehicle Code violations.  [FAC, ¶ 53, 54.]  In any event, it is well-settled that a
6   statement or act is absolutely privileged so long as it is related to "'proposed
7   litigation, either civil or criminal.'"  <u>Block</u>, 131 Cal.App.3d at 394 (quoting
8   Restatement, Second, Torts, § 588, comm. b).

9   Plaintiffs next erroneously contend that the litigation privilege should
10  not apply here because Redflex's collection of evidence was unlawful.  Plaintiffs fail
11  to support that assertion with any authority, nor can they.  Indeed, communications
12  "do not necessarily fall outside the privilege simply because they are, or are alleged
13  to be, fraudulent, perjurious, unethical, or even illegal."  <u>Kashian v. Harriman</u>, 98
14  Cal.App.4th 892, 920 (2002) (court rejected argument that alleged illegal documents
15  not subject to litigation privilege); <u>see also</u> <u>Silberg</u>, 50 Cal.3d at 216-19 (holding
16  that alleged illegality of communication does not foreclose litigation privilege
17  because "the salutary policy reasons for an absolute privilege supersede individual
18  litigants' interests in recovering damages for injurious publications made in the
19  course of judicial proceedings").[4]

---

[4]   Importantly, the case relied upon by Plaintiffs, <u>Kimmel v. Goland</u>, 51 Cal.3d
202 (1990), is inapposite; the <u>Kimmel</u> court held that the litigation privilege
did not apply because plaintiffs were injured by defendants' conduct, not a
communication as the privilege requires. <u>Id.</u> at 212.  Though the <u>Kimmel</u>
court referred to the illegality of the conduct about which plaintiff
complained, its decision was based on the non-communicative nature of
defendants' act, not its illegality. <u>Id.</u>

b.   Redflex's writings and communications were privileged

In a final effort to plead around the litigation privilege, Plaintiffs contend that Redflex's actions here do not constitute "communications" to which the privilege applies.[5]  The appropriate test is "whether the injury allegedly resulted from an act that was communicative in its essential nature."  Rusheen v. Cohen, 37 Cal.4th 1048, 1058 (2006); see also Block, 131 Cal.App.3d, at 392-93.[6]

In Block, the plaintiff alleged that the defendant negligently prepared and provided to the district attorney a toxicology report stating that the plaintiff negligently gave his infant son improper medication that led to his death.  Block, 131 Cal.App.3d at 387-88.  The plaintiff tried to defeat assertion of the litigation privilege by characterizing the defendant's actions as conduct, rather than communication.  Id. at 393 n.10.  The Block court found that the litigation privilege shielded the defendant from liability because the plaintiff's theory of liability placed the defendant's communication of the results to the district attorney at the heart of the claim of liability.  Id. at 392-93.  In other words, the plaintiff made the defendant's "publication of [the] report the actionable wrong."  Id. (emphasis in original).

Two communications by Redflex form the crux of Plaintiffs' unjust enrichment claim: (1) Redflex's communication to the City of the evidence collected

---

[5] The evidence at issue here, videos, photographs, and digitally generated data describing the content of videos and photographs, constitute writings under the California Evidence Code.  Ashford v. Culver City Unified School Dist., 130 Cal.App.4th 344, 349 (2005) (holding that a video constitutes a writing); People v. Jones, 7 Cal.App.3d 48, 53 (1970) (holding that photographs are writings); Aguimatang v. California State Lottery, (1991) 234 Cal.App.3d 769, 798 (1991) (holding that digitally generated date and time stamp constitutes a writing).

[6] Plaintiffs' reliance on Trenfel v. Jasper, 13 Cal.App.4th 1694 (1993) for the proposition that the litigation privilege applies only if communicative conduct "predominates" the complaint is misguided.  That case does not constitute persuasive authority because the California Supreme Court ordered it depublished upon denying petition for review.  Trenfel v. Jasper, No. S032367, 1993 Cal. LEXIS 3172, at *1 (Cal. June 17, 1993).

1  by its photo enforcement systems and (2) Redflex's mailing citations to Plaintiffs.

2  Plaintiffs allege that the City issued the citations after Redflex provided the City

3  with evidence of their violations.  [FAC, ¶¶ 51, 53, 54.]  Plaintiffs also allege that

4  Redflex mailed the citations to Plaintiffs.  [FAC, ¶ 51.][7]

5        Notably, the cases on which Plaintiffs rely in an attempt to show that

6  Redflex's actions do not constitute communications are distinguishable because

7  neither involved claims arising out of a private party's provision of evidence to a

8  governmental body or any other similar communicative act.  Kimmel v. Goland, 51

9  Cal.3d 202 (1990) involved an invasion of privacy claim based on defendants'

10  illegally recording confidential telephone conversations.  Id. at 206-08.  The court

11  found the litigation privilege inapplicable because plaintiffs alleged that they

12  suffered injury from the recording itself, not from defendants' communication of the

13  recordings to a third party.  Id. at 212.  Indeed, defendants in Kimmel did not even

14  communicate the results of their recordings to any governmental body.  The other

15  case Plaintiffs rely on, Kesmodel v. Rand, 119 Cal.App.4th 1128 (2004), is likewise

16  distinguishable because that case involved a false imprisonment claim arising out of

17  a citizens arrest by defendants.  Id. at 1133-34.  The court found the litigation

18  privilege inapplicable because plaintiff's injury was the direct result of the citizens

19  arrest itself (i.e., conduct), not any communication.  Id. at 1136-37.

20        The Court should therefore dismiss Plaintiffs' unjust enrichment claim

21  against Redflex because Redflex's actions are protected by the litigation privilege.

22

23

24

25

---

26  [7]  Significantly, the citations Redflex mailed to Plaintiffs constituted complaints to which Plaintiffs were required to enter a plea.  Cal. Veh. Code § 40518(a).

27  Redflex's act of mailing citations to Plaintiffs is therefore privileged.  See Kashian, 98 Cal.App.4th at 920.

28

5.     The Voluntary Payment Doctrine Bars Plaintiffs' Unjust Enrichment Claim

Plaintiffs' attempt to escape dismissal of their unjust enrichment claim under the voluntary payment doctrine fails.  "Payments voluntarily made, with knowledge of the facts, cannot be recovered."  <u>Steinman v. Malamed</u>, 185 Cal.App.4th 1550, 1557 (2010).

Plaintiffs' bare assertion that they were coerced into paying their fines is insufficient to avoid dismissal under the voluntary payment doctrine.  "'Payments of illegal claims enforced by duress, coercion or compulsion, when the payor has **no other adequate remedy to avoid it**, will be deemed to have been made involuntarily and may be recovered, but the payment must have been enforced by coercion and there must have been **no other adequate means to prevent the loss**.'"  <u>Id.</u> at 1558 (quoting <u>Western Gulf Oil Co. v. Title Ins. and Trust Co.</u>, 92 Cal.App.2d 257, 265 (1949)) (emphasis added).  Coercion is shown only "where, by reason of the peculiar facts a reasonably prudent man finds that in order to preserve his property or protect his business interests it is necessary to make a payment of money which he does not owe and which in equity and good conscience the receiver should not retain."  <u>Steinman</u>, 185 Cal.App.4th at 1558.[8]  Moreover, for a claim of coercion to defeat the voluntary payment doctrine, "the party insisting on payment must act wrongfully, with knowledge that the claim asserted is false."  <u>Id.</u> at 1559.

Plaintiffs amended their initial complaint to allege that they were "forced and required" to pay their fines [FAC, ¶ ¶ 53, 54].  As a threshold matter, Plaintiffs' coercion claim fails because as explained above, Redflex is neither a "local

---

[8]     Notably, the threat of potential legal action to recover the payment does not constitute compulsion or coercion rendering such a payment involuntary.  <u>See</u> <u>Leeper v. Beltrami</u>, 53 Cal. 2d 195, 204 (1959) ("the taking of legal action or the threat to take such action cannot constitute duress"); <u>Trower v. City & County of San Francisco</u>, 152 Cal. 479, 482-83 (1907).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

1  jurisdiction" that can be liable under Section 21455.5(b) nor an agent of the City and

2  therefore did not act wrongfully, much less have knowledge of any false claim.

3  California law gave Plaintiffs the option of (1) challenging their citations at trial, (2)

4  forfeiting their bail, or (3) forfeiting bail and attending traffic school.  Plaintiffs

5  chose the latter option; in doing so, Plaintiffs gave up an adequate means provided

6  by law to prevent the fines they paid and about which they now complain.  Nothing

7  forced Plaintiffs to forego their other options.

8      Plaintiffs also fail to allege that they paid their fines under mistake of fact.  A

9  payment made under mistake-of-fact is recoverable.  Spivey v. Adaptive Marketing

10  LLC, __ F.3d __, No. 09-3619, 2010 WL 3619789, at *7 (Sept. 20, 2010)

11  (O'Connor, J.).  A mistake-of-fact claim fails, however, where the plaintiff makes no

12  effort to ascertain the factual basis of the charge and pays it anyway.  Id.  Put

13  another way, a plaintiff cannot rely on a mistake-of-fact claim "where the plaintiff's

14  lack of knowledge could be attributed to its lack of investigation into the defendant's

15  claim of liability and the basis upon which the defendant was seeking the

16  [payment]."  Id.

17      Plaintiffs here cannot rely on a mistake-of-fact claim because they elected to

18  pay their fines rather than defend against their traffic citations.  Plaintiffs had the

19  option of investigating the basis of the charges against them and asserting any

20  defenses at trial.  Plaintiffs voluntarily chose, however, to pay their fines without

21  investigating the availability of defenses to their charges.  Plaintiffs are therefore

22  precluded from asserting that they paid their fines under mistake-of-fact.

23      The Court should therefore dismiss Plaintiffs' unjust enrichment claim under

24  the voluntary payment doctrine.

25

26

27

28

**B.**     **PLAINTIFFS' OPPOSITION CONFIRMS THAT THEIR FOURTH CLAIM FOR RELIEF (VIOLATION OF BUSINESS & PROFESSIONS CODE SECTIONS 17200, *ET SEQ.*) SHOULD BE DISMISSED**

Plaintiffs' Opposition likewise fails to cure the fatal defects in Plaintiffs' claim for a violation of California Business & Professions Code § § 17200, *et seq.* ("UCL").

1.     Plaintiffs Have Not Adequately Alleged That Redflex Has Violated The Predicate Statute – California Vehicle Code Section 21455.5(b)

As detailed above, Plaintiffs fail to adequately allege that Redflex has violated Vehicle Code § 21455.5(b), the predicate statute on which their UCL claim is based. Redflex is neither a "local jurisdiction" that can be liable under Section 21455.5(b) nor an agent of the City. Even if Redflex were an agent of the City, which it is not, Plaintiff's claim would still fail because Plaintiffs have not alleged, and cannot allege, that an agent is liable for a principal's statutory violation.

Plaintiffs now assert that even if they have failed to adequately allege that Redflex violated Section 21455.5(b), Redflex is liable under the "unlawful" prong of the UCL. [Opposition, 16: 14-24.] In support of this assertion, Plaintiffs argue only that the UCL provides for a private right of action to sue under predicate statutes that do not otherwise provide for one, and that a UCL claim can be based on any state or federal law. [Opposition, 16: 16-24.] Plaintiffs do not, however, explain at all how Redflex could be liable under the UCL absent a violation of Section 21455.5(b). Plaintiffs' argument therefore fails.

Plaintiffs next contend that their UCL claim is adequately pleaded in their FAC. [Opposition, 16: 25.] Plaintiffs are mistaken. It is well-established that "[a]

1  plaintiff alleging unfair business practices under [the UCL] must state with
2  reasonable particularity the facts supporting the statutory elements of the violation."
3  Khoury v. Maly's of California, Inc., 14 Cal.App.4th 612, 619 (1993); see also,
4  Perdue v. Crocker Nat'l Bank, 38 Cal.3d 913, 929-30 (1985); Silicon Knights v.
5  Crystal Dynamics, 983 F.Supp. 1303, 1316 (1997).  This heightened pleading
6  standard applies to actions brought under the "unlawful" and "wrongful" prongs of
7  the UCL.  Silicon Knights, 983 F.Supp. at 1316.

8       Here, Plaintiffs do not state with any particularity facts supporting their UCL
9  claim.  Plaintiffs admit that the City, not Redflex, issues citations generated by
10  photo enforcement systems.  [FAC, ¶¶ 30, 31.]  Plaintiffs also allege generally that
11  "Defendants" issued Plaintiffs traffic citations without first complying with the 30-
12  day warning period required by Vehicle Code § 21455.5(b).  [FAC, ¶ 49.]  Plaintiffs
13  do not however, nor can they for reasons detailed above, allege **any** facts supporting
14  their assertion that Redflex itself violated the statute.  Moreover, Plaintiffs' bare
15  allegation that Redflex collected fees for the operation of photo enforcement
16  systems that issued non-warning citations [FAC, ¶ 84] is insufficient because merely
17  collecting its fees under a lawful contract with the City does not constitute a
18  violation of Section 21455.5(b).

19       The Court should therefore dismiss Plaintiffs' UCL claim against Redflex
20  because Plaintiff has not alleged that Redflex violated the predicate statute.

21

22       2.    Plaintiffs Are Not Entitled To UCL Restitution Because They
23             Have Not Alleged That Redflex Received Plaintiffs' Paid Fines
24       Plaintiffs fail to allege that they had an ownership interest in any money that
25  the City paid to Redflex.  The California Supreme Court has described UCL
26  restitution as an order "'compelling a UCL defendant to return money obtain through
27  an unfair business practice to those persons in interest from whom the property was

28

1  taken, that is, to persons who had an ownership interest in the property or those

2  claiming through that person.'" <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29

3  Cal.4th 1134, 1144-45 (2003) (quoting <u>Kraus v. Trinity Mgmt. Serv's, Inc.</u>, 23

4  Cal.4th 116, 126-27 (2000)).  "The object is to return to the plaintiff funds in which

5  he or she has an ownership interest." <u>Madrid v. Perot Systems Corp.</u>, 130

6  Cal.App.4th 440, 455 (2005).

7       Here, Plaintiffs fail to allege that they had a vested ownership interest in any

8  money received by Redflex.  Plaintiffs admit that the "**CITY OF SANTA ANA**

9  collects revenue from automated traffic camera systems issued by the Santa Ana

10  Police Department" [FAC, ¶ 9] and that they paid their specific fines to and received

11  receipts "from the **Superior Court of California**" [FAC, ¶ 53 (emphasis added)].

12  As to Redflex, Plaintiffs allege merely on information and belief that Redflex

13  collects monthly fees from the City pursuant to their contract.  [FAC, 52, 77.]

14  Plaintiffs do not allege, however, any facts showing that they have a vested

15  ownership interest in any of the money paid by the City to Redflex.

16       Plaintiffs now try to escape the deficiencies in their FAC by contending that

17  Redflex has a "direct stake in the issuance and collection of traffic tickets" by reason

18  of the negotiable fee provision in the contract between the City and Redflex and the

19  fact that Redflex is paid only when its system is actively issuing citations.

20  [Opposition, 10: 4-19.]  Plaintiffs' argument lacks merit because they still have not

21  alleged that they have a vested ownership interest in any specific money or property

22  held by Redflex, an ***essential*** element of their claim.  Neither the City's right to

23  renegotiate the fee arrangement if it does not recoup its costs nor the fact that

24  Redflex is paid when its system is functional (both common contractual provisions)

25  supports the conclusion that Plaintiffs have an ownership interest in any money or

26  property held by Redflex.

27

28

1    The Court should therefore dismiss Plaintiffs' UCL claim against Redflex

2    because Plaintiffs have failed to allege their entitlement to UCL restitution.

3

4          3.    Plaintiffs Fail To Plead Any Nexus Between Their Violations

5                And Payments, And Redflex's Actions

6          Plaintiffs fail to allege that any action by Redflex caused them to violate the

7    Vehicle Code and pay fines as a result.  A UCL claim requires "a causal connection

8    between the harm suffered and the unlawful business activity."  Daro v. Superior

9    Court, 151 Cal.App.4th 1079, 1099 (2007).  A UCL claim fails "if a complaining

10   party would suffer the same harm whether or not a defendant complied with the

11   law."  Id.  In Daro, landowners purchased property, evicted the tenants and

12   subdivided and sold the individual units.  Id. at 1086.  Tenants sued landowners

13   under the UCL alleging that they sold the subdivided units without providing a

14   public report as required by the Subdivided Lands Act.  Id.  The court rejected the

15   tenants' claim because the tenants would have been evicted even had the landowners

16   complied with the Subdivided Lands Act.  Id. at 1099; see also Lorenzo v.

17   Qualcomm, 603 F.Supp.2d 1291, 1304 (S.D. Cal. 2009) (dismissing UCL claim

18   because plaintiff failed to allege that he would not have purchased the cellular phone

19   at issue had he been aware of defendants' misrepresentations).

20         Plaintiffs' assertion that Troyk v. Farmers Group, Inc., 171 Cal.App.4th 1305

21   (2009) requires a less stringent causation standard in UCL actions is unfounded.

22   Contrary to Plaintiffs' assertion that Troyk established a "substantial factor" standard

23   for causation, the court in Troyk expressly declined to announce a causation

24   standard and accepted the standard set forth in Daro.  Id. at 1349.

25         Plaintiffs' allegation that they suffered injury "as a result of Defendants'

26   unlawful issuance of traffic citations" [FAC, ¶ 4] does not adequately plead

27   causation.  Similar to the plaintiffs in Daro and Lorenzo, Plaintiffs fail to allege that

28

W02-WEST:1GPB1\403115185.1                    -19-

they would not have driven through red lights and paid the resultant fines had the City complied with the warning period requirement.  The Court should therefore dismiss Plaintiffs' UCL claim because Plaintiffs fail to adequately plead causation.

4.   Plaintiffs' UCL Claim Is Barred Because Plaintiffs Were Convicted Of Vehicle Code Violations And Paid Fines

For the same reasons discussed in the context of Plaintiffs' Unjust Enrichment claim, Plaintiffs' UCL claim fails because Plaintiffs cannot use this action to collaterally attack their prior Vehicle Code convictions.  Heck, 512 U.S. at 486-87. Plaintiffs admit that they paid fines as a result of their Vehicle Code violations. [FAC, ¶¶ 53, 54.]  The Vehicle Code and California case law regards the forfeiture of bail in a traffic proceeding as a conviction.  See, e.g., Cal. Veh. Code §§ 13103, 40000.28, 1803(a)(2); Mills, 10 Cal.3d at 302 n.11; Johnson, 177 Cal.App.2d at 445. Plaintiffs do not allege that their convictions have been overturned.  Plaintiffs are therefore precluded from maintaining a UCL action against Redflex premised on the assertion that their convictions were improper.

5.   Redflex's Actions Are Absolutely Privileged Under The Litigation Privilege Of California Civil Code § 47(b)

As detailed above, Plaintiffs' claims for relief against Redflex are entirely based on (1) Redflex's communication to the City of evidence of Plaintiffs' Vehicle Code violations and (2) Redflex's mailing citations to Plaintiffs.  The litigation privilege of California Civil Code § 47(b) absolutely protects private companies and their communications to law enforcement agencies regarding potential violations of the law.  Block, 131 Cal.App.3d at 392-93.  The litigation privilege operates to bar UCL actions.  Rubin v. Green, 4 Cal.4th 1187, 1204 (1993); Kashian v. Harriman, 98 Cal.App.4th 892, 915-25 (2002).  Plaintiffs allege that Redflex generated the

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

evidence resulting in their citations and resultant fines and mailed citations to them. [FAC, ¶ ¶ 51-54.] Plaintiffs base their UCL claim for relief on their allegation that they were issued citations generated by non-warning photo enforcement systems and paid fines as a result. [FAC Prayer for Relief, ¶ ¶ 15, 16.] The litigation privilege therefore bars Plaintiffs' UCL claim against Redflex as a matter of law.

## III.   CONCLUSION

For the foregoing reasons, Redflex respectfully requests that this Court grant its motion to dismiss Plaintiffs' third and fourth claims for relief against Redflex, without leave to amend. Amendment would be futile here because Plaintiffs cannot further amend their complaint to present a cognizable theory of liability against Redflex. The fact that Plaintiffs have already amended their complaint, but still have been unable to remedy their complaint's fatal defects, demonstrates the futility of further amendment.

Dated: November 22, 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  _____
GREGORY P. BARBEE
MICHAEL D. STEWART
Attorneys for Defendants
REDFLEX TRAFFIC SYSTEMS
(CALIFORNIA), INC. and REDFLEX
TRAFFIC SYSTEMS, INC.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 43rd Floor, Los Angeles, California 90071-1422.

      On **November 22, 2010**, I served the following document(s) described as **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed above. The electronic notification address from which I served the documents(s) is snavarro@shepardmullin.com.

      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed on November 22, 2010, at Los Angeles, California.

_____
Susie Navarro

## SERVICE LIST

Gene Williams
gwilliams@initiativelegal.com
Mark P. Pifko
mpifko@initiativelegal.com
Theodore O'Reilly
toreilly@initiativelegal.com
Initiative Legal Group, APC
1800 Century Park East, 2nd Floor
Los Angeles, CA  90067
Telephone:  (310) 556-5637
Facsimile:  (310) 861-9051


Steven J. Rothans
srothans@crdlaw.com
Justin Reade Sarno
jsarno@crdlaw.com
Carpenter, Rothans & Dumont
888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017
Telephone:  (213) 228-0400
Facsimile:  (213) 228-0401

Aaron D. Aftergood
aaron@aftergoodesq.com
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, CA  90067
Telephone:  (310) 551-5221
Facsimile:  (310) 496-2840