GREGORY P. BARBEE, Cal. Bar No. 185156
gbarbee@sheppardmullin.com
MICHAEL D. STEWART, Cal. Bar No. 161909
mstewart@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendants REDFLEX
TRAFFIC SYSTEMS (CALIFORNIA), INC.
and REDFLEX TRAFFIC SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually, on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the California Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SANTA ANA; PAUL M. WALTERS; JOSEPH W. FLETCHER; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: SACV10-1332-CJC (RNBx)<br><br>United States District Court Judge Honorable Cormac J. Carney<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE FIRST AMENDED CLASS ACTION COMPLAINT PURSUANT TO C.C.P. § 425.16**<br><br>Date: December 13, 2010<br>Time: 1:30 p.m.<br>Ctrm: 9B<br><br>Discovery Cut-Off: Not set<br>Final Pre-Trial Conf.: Not set<br>Trial: Not set |

W02-WEST:1JMH1\403121024.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................. 1

II.   ARGUMENT ........................................................................................ 1

      A.    PLAINTIFFS' OPPOSITION CONFIRMS THAT THE ANTI-
            SLAPP STATUTE APPLIES ................................................... 1

            1.    Redflex's Communications Form The Gravamen Of
                  Plaintiffs' Complaint ................................................... 1

            2.    The Anti-SLAPP Statute Protects The Issued Notices To
                  Appear Because They Are Deemed Complaints As a
                  Matter of Law.............................................................. 4

            3.    Plaintiffs' Attempted Re-characterization Of Their Claims
                  And Reliance On Inapposite Authority Are Unavailing............. 5

            4.    Redflex Need Not Show Any Chilling Effect Of Plaintiffs'
                  Claims......................................................................... 6

      B.    PLAINTIFFS' OPPOSITION CONFIRMS THAT THEY
            CANNOT SHOW A PROBABILITY OF SUCCESS ON
            EITHER OF THEIR CLAIMS AGAINST REDFLEX ........................ 7

            1.    Plaintiffs Fail To Show A Probability Of Success On Their
                  Unjust Enrichment Claim............................................... 7

            2.    Plaintiffs Also Fail To Show A Probability Of Success On
                  Their Claim For A Violation Of California Business &
                  Professions Code § § 17200, *Et Seq.* ........................... 8

      C.    PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH THAT
            ANY EXCEPTION TO THE ANTI-SLAPP STATUTE
            APPLIES ...................................................................... 10

            1.    Plaintiffs' Opposition Fails To Establish That The Public
                  Interest Exception Applies ............................................ 10

                  a.    Plaintiffs' Opposition confirms that their claims are
                        not brought solely in the public interest. ................ 10

b.   Plaintiffs' Opposition fails to establish that the second condition of the public interest exception is met..................................................................... 11

c.   Plaintiffs also fail to satisfy the third element of the public interest exception. .................................. 13

2.   Plaintiffs' Opposition Fails To Show That The Commercial Speech Exception Applies..................................... 14

D.   REDFLEX'S OPPOSITION FAILS TO REFUTE REDFLEX'S ENTITLEMENT TO ATTORNEYS' FEES ........................................ 16

III.   CONCLUSION.......................................................................... 16

W02-WEST:1JMH1\403121024.1

-ii-

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16

# TABLE OF AUTHORITIES

Page(s)

Cases

Am. Humane Ass'n v. Los Angeles Times Comm.
  92 Cal.App.4th 1095 (2001) .......................................................... 16

Beilenson v. Superior Court
  44 Cal.App.4th 944 (1996) ............................................................. 8

Blanchard v. DIRECTV, Inc.
  123 Cal.App.4th 903 (2004) ........................................ 11, 12, 13, 14

Braun v. Chronicle Publ'g Co.
  52 Cal.App.4th 1036 (1997) .......................................................... 2

Briggs v. Eden Council For Hope & Opportunity
  19 Cal.4th 1106 (1999) .............................................................. 2, 5

Chavez v. Mendoza
  94 Cal.App.4th 1083 (2001) .......................................................... 5

Club Members for an Honest Election v. Sierra Club
  45 Cal.4th 309 (2008) ................................................................. 10

Equilon Enter. v. Consumer Cause, Inc.
  29 Cal.4th 53 (2002) .................................................................... 7

Fox Searchlight Pictures, Inc. v. Paladino
  89 Cal.App.4th 294 (2001) ........................................................... 2

Gallant v. City of Carson
  128 Cal.App.4th 705 (2005) ....................................................... 8, 9

Graffiti Prot. Coatings, Inc. v. City of Pico Rivera
  181 Cal.App.4th 1207 (2010) ........................................................ 6

Hammon v. Agran
  99 Cal.App.4th 115 (2002) .......................................................... 13

Lee v. Fick
  135 Cal.App.4th 89 (2005) ........................................................... 2

-iii-

1    Martinez v. Metabolife Int'l, Inc.
2        113 Cal.App.4th 181 (2003) ................................................................ 2

3    Salma v. Capon
         161 Cal.App.4th 1275 (2008) .............................................................. 2
4
5    Schaffer v. City and County of San Francisco
         168 Cal.App.4th 992 (2008) ................................................................ 2
6
7    Schoendorf v. U.D. Registry
         97 Cal.App.4th 227(2002) .................................................................. 8
8
9    Simpson Strong-Tie Co., Inc. v. Gore
         49 Cal.4th 12 (2010) .......................................................................... 15
10
11   Stewart v. Rolling Stone LLC
         181 Cal.App.4th 664 (2010) ................................................................ 15
12
     Sunset Millennium Ass., LLC v. LHO Grafton Hotel, Inc.
13       146 Cal.App.4th 300 (2006) ........................................................ 15, 16
14   Vergos v. McNeal
         146 Cal.App.4th 1387 (2007) ............................................................ 2, 3
15
16   Statutes
17   Cal. Bus. & Prof. Code § 17200 .................................................................. 8
18   Cal. Civ. Code § 47(b) ............................................................................. 7, 9
19   Cal. Code Civ. Proc. § 425.16 ................................. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 14, 16
20
     Cal. Code. Civ. Proc. § 425.16(c) .............................................................. 16
21
     Cal. Code Civ. Proc. § 425.16(e)(1) ............................................................. 2
22
23   Cal. Code Civ. Proc. § 425.16(e)(2) ............................................................. 2
24   C.C.P. § 425.17(b) .................................................................................... 10
25   Cal. Code Civ. Proc. § 425.17(c) .......................................................... 14, 15
26   Cal. Veh. Code § 21455.5(b) ............................................................ 5, 6, 7, 8
27
     Cal. Veh. Code § 40518 ............................................................................... 4
28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16

Cal. Veh. Code § 40518(a)............................................................................................ 5

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3   **I.**   **INTRODUCTION**

4        Plaintiffs' Opposition fails to save Plaintiffs' claims against Redflex from

5   dismissal under California Code of Civil Procedure § 425.16 ("Anti-SLAPP

6   Statute").  Plaintiffs' claims against Redflex are premised on communications in

7   furtherance of Redflex's First Amendment rights of freedom of speech and petition

8   for the redress of grievances.  Plaintiffs' claims should therefore be stricken in their

9   entirety under the Anti-SLAPP Statue.

10        Plaintiffs' Opposition essentially concedes that their claims arise out of

11   Redflex's communications made before, or in connection with an issue under

12   consideration by, official proceedings authorized by California law.  Plaintiffs'

13   Opposition also advances no new arguments setting forth any reasonable likelihood

14   of success on the merits of its claims; the arguments set forth in the parties' briefing

15   on Redflex's pending Motion to Dismiss control with even greater force here.

16   Finally, contrary to Plaintiffs' naked assertions, no exception to the Anti-SLAPP

17   Statute applies here.

18

19   **II.**   **ARGUMENT**

20

21        **A.**   **PLAINTIFFS' OPPOSITION CONFIRMS THAT THE ANTI-**

22             **SLAPP STATUTE APPLIES**

23

24             1.   Redflex's Communications Form The Gravamen Of Plaintiffs'

25                  Complaint

26        Plaintiffs first contend that the Anti-SLAPP Statute does not apply because

27   their claims are based on Redflex's unprotected violation of the Vehicle Code, not

28

1  an act protected by the Anti-SLAPP Statute. [Opposition, 7: 18-20.] Plaintiffs are

2  mistaken. The Anti-SLAPP Statute applies if "the act underlying the plaintiff's

3  cause of action fits one of the categories spelled out in section 425.16, subdivision

4  (e)." <u>Braun v. Chronicle Publ'g Co.</u>, 52 Cal.App.4th 1036, 1043 (1997). Put

5  another way, the Anti-SLAPP Statute applies if the plaintiff's "injuries [are]

6  premised on speech or conduct . . . protected by the First Amendment." <u>Martinez v.</u>

7  <u>Metabolife Int'l, Inc.</u>, 113 Cal.App.4th 181, 187 (2003). "A plaintiff cannot frustrate

8  the purposes of the SLAPP statute through a pleading tactic of combining

9  allegations of protected and unprotected activity under the label of one 'cause of

10  action.'" <u>Fox Searchlight Pictures, Inc. v. Paladino</u>, 89 Cal.App.4th 294, 308

11  (2001).

12      Any statement or writing "made before, or in connection with an issue under

13  consideration by, a legally authorized official proceeding" is protected by the Anti-

14  SLAPP Statute. Cal. Code Civ. Proc. § 425.16(e)(1) and (2); <u>Briggs v. Eden</u>

15  <u>Council For Hope & Opportunity</u>, 19 Cal.4th 1106, 1123 (1999). Statements and

16  writings made to official agencies to induce the agency to take action are considered

17  to be "made before" an official proceeding and thus protected by the Anti-SLAPP

18  Statute. <u>Lee v. Fick</u>, 135 Cal.App.4th 89, 96 (2005). Similarly, "communications

19  [seeking] official investigations into perceived wrongdoing, which may culminate in

20  criminal prosecution or other official proceedings" are considered to be in

21  connection with an issue under consideration by an official proceeding and thus

22  protected by the Anti-SLAPP Statute. <u>Salma v. Capon</u>, 161 Cal.App.4th 1275, 1286

23  (2008); <u>see also</u> <u>Schaffer v. City and County of San Francisco</u>, 168 Cal.App.4th 992,

24  999 (2008) (finding memorandum to district attorney in support of criminal

25  prosecution protected by the Anti-SLAPP Statute).

26      The court in <u>Vergos v. McNeal</u>, 146 Cal.App.4th 1387 (2007) rejected an

27  argument similar to Plaintiffs' here. In <u>Vergos</u>, the defendant denied the plaintiff's

28

W02-WEST:1JMH1\403121024.1

administrative grievance alleging sexual harassment.  146 Cal.App.4th at 1390.  The plaintiff then brought a civil rights action against the defendant alleging that the denial of the plaintiff's grievance deprived him of his right to be free from sexual harassment.  Id. at 1391-92.  The plaintiff argued that the Anti-SLAPP Statute did not apply because his claim was not based on the defendant's protected written decision on his grievance, but rather the defendant's "participation in aiding and abetting . . . harassment of plaintiff."  Id. at 1396.  The court rejected the plaintiff's assertion because the "gravamen of plaintiff's [complaint was defendant's] communicative conduct in denying plaintiff's grievances" and "the hearing, processing, and deciding the grievances [were] meaningless without a communication of the adverse results."  Id. at 1397.

Plaintiffs' claims against Redflex are premised solely on (1) Redflex's communication to the City of evidence of Plaintiffs' Vehicle Code violations and (2) Redflex's mailing citations to Plaintiffs.  Plaintiffs allege that Redflex collected evidence of their violations, provided the evidence to the City to make a citation decision, and mailed citations to Plaintiffs.  [FAC, ¶ ¶ 51, 53, 54; Opposition, 7: 18-20.]  The injuries Plaintiffs allege are their payment of fines that were imposed on them by the California Superior Court as a result of the evidence that Redflex provided to the City and the citations that Redflex mailed to them.  [FAC, ¶ ¶ 51, 53, 54.]  Plaintiffs would not have suffered their alleged injuries solely by way of the City's failure to comply the requisite warning-notice period.  The Anti-SLAPP Statute therefore applies here because both of Redflex's communications on which Plaintiffs' claims are premised are protected by the Anti-SLAPP Statute as statements or writings made before, or in connection with an issue under

1  consideration by, the City and the California Superior Court, both official

2  government bodies.[1]

3

4        2.      The Anti-SLAPP Statute Protects The Issued Notices To Appear

5                Because They Are Deemed Complaints As a Matter of Law

6        Plaintiffs' claims against Redflex are premised largely, if not entirely, on the

7  notices to appear (i.e., traffic citations) that Plaintiffs received for running red lights

8  (a dangerous violation which Redflex did not cause, and which Plaintiffs do not

9  dispute they committed).  As detailed below, a notice to appear is deemed a

10 complaint as a matter of law for purposes of automated traffic enforcement, and like

11 any complaint it is protected by the Anti-SLAPP Statute.

12       To illustrate how the gravamen of Plaintiffs' claims against Redflex center on

13 the notices to appear, one need only look at the two subclass definitions on page 5 of

14 their FAC.  By way of background, the only causes of action against Redflex are for

15 unjust enrichment and unfair competition.  Plaintiffs' definition of the Unjust

16 Enrichment Subclass is "All persons to whom Defendants issued non-warning

17 traffic citations . . .."  [FAC, ¶ 20.]  Plaintiffs' definition of the Unfair Competition

18 Subclass is "All persons who were issued non-warning traffic citations in the City of

19 Santa Ana . . .."  [FAC, ¶ 20.]  The remainder of Plaintiffs' FAC repeatedly takes

20 issue with the citations they, and their putative class members, received.

21       California Vehicle Code § 40518 is entitled "*Automated Traffic Enforcement*

22 *Systems:  Notice to Appear*."  That statute provides that when there is an alleged

23 violation of a red light traffic statute "recorded by an automated enforcement

24 system," the notice "of the alleged violation [shall be transmitted] to the current

25 address of the registered owner."  The notice to appear, coupled with the certificate

26 _____

27 [1]     Notably, Plaintiffs' Opposition does not contend that these communications
         fall outside the scope of the Anti-SLAPP Statute.

28

1  of service of such notice, "shall constitute a **complaint** to which the defendant may

2  enter a plea."  Cal. Veh. Code § 40518(a) (emphasis added).

3       Filing and serving a complaint is the paradigm example of protected activity

4  under the Anti-SLAPP Statute.  Briggs, 19 Cal.4th at 1109, 1115; Chavez v.

5  Mendoza, 94 Cal.App.4th 1083, 1087-88 (2001).  Therefore, because photo

6  enforcement citations constitute complaints, Redflex's mailing of citations to

7  Plaintiffs is protected under the Anti-SLAPP Statute.

8

9       3.   Plaintiffs' Attempted Re-characterization Of Their Claims And

10      Reliance On Inapposite Authority Are Unavailing

11      Plaintiffs now attempt to re-characterize their claims by contending that

12 Redflex's failure to comply with the requisite warning period gave rise to their

13 claims. [Opposition, 7: 27-28, 8:1-2.]  As a threshold matter, Redflex is not a "local

14 jurisdiction" and therefore is not required to comply with the requisite warning

15 period.  See Cal. Veh. Code § 21455.5(b).  In any event, Plaintiffs would have

16 suffered their alleged injuries (payment of fines) even had City complied with the

17 requisite warning period.  Plaintiffs would not have paid such fines, however, absent

18 Redflex's communication to the City and to Plaintiffs of data related to their

19 violations.  Plaintiffs' bare assertion that their claims arise out of Redflex's

20 unprotected violation of the law is therefore unfounded.[2]  Plaintiffs point to no other

21 unprotected conduct of Redflex that gave rise to their claims.

22      Plaintiffs also rely on inapposite case law in support of their argument.  In

23 San Ramon Valley Fire Prot. Dist. v. Contra Costa County Employees' Ret. Ass'n,

24 125 Cal.App.4th 343 (2004), a county retirement board voted to charge the plaintiff

25

26   [2]   Indeed, if Plaintiffs' assertion were accepted, then no suit would be subject to

27     the Anti-SLAPP Statute because any plaintiff can contend that their action arose out of the defendant's violation of the law.

28

1 | higher contributions to the county retirement fund. Id. at 347-48.  The plaintiff sued

2 | the board alleging that the board violated the law and its fiduciary duties by

3 | charging it higher contributions. Id. at 348-39.  The court held that the Anti-SLAPP

4 | Statute did not apply because the action that gave rise to the plaintiff's injury was the

5 | board's charging the plaintiff higher contributions (unprotected activity), not the

6 | board's public hearing on the proposed higher charges (protected activity). Id. at

7 | 353.  Conversely, Plaintiffs here do not, and cannot, allege any actions of Redflex

8 | that directly led to their fines, except Redflex's provision of evidence to the City and

9 | mailing of citations to Plaintiffs, both protected activities.

10 |     Graffiti Prot. Coatings, Inc. v. City of Pico Rivera, 181 Cal.App.4th 1207

11 | (2010) is likewise distinguishable.  There, the plaintiff sued a city for awarding a

12 | contract to a competitor without competitive bidding. Id. at 1207.  The court held

13 | that the Anti-SLAPP Statute did not apply because the plaintiff's claim was entirely

14 | based on the city's unprotected failure to require competitive bidding, not the city's

15 | protected communications about the project with the plaintiff and the company to

16 | which the contract was awarded. Id. at 1215.  In other words, the plaintiff would not

17 | have been deprived of the competitive bidding process (the alleged injury) solely by

18 | way of the city's protected communications absent the city's award of the contract to

19 | a third-party without competitive bidding.  In stark contrast to Graffiti, the sole

20 | actions of Redflex on which Plaintiffs' claims are premised are Redflex's protected

21 | communications to Plaintiffs and to the City of data regarding Plaintiffs' Vehicle

22 | Code violations.

23 |

24 |     4.   Redflex Need Not Show Any Chilling Effect Of Plaintiffs'

25 |     Claims

26 |     Plaintiffs finally assert that the Anti-SLAPP Statute does not apply here

27 | because Redflex has failed to show how their claims "chill" Redflex's ability to

28 |

1 | provide the City with evidence of Vehicle Code violations.  The Anti-SLAPP
2 | Statute, however, places no such burden on a party asserting it.  <u>Equilon Enter. v.</u>
3 | <u>Consumer Cause, Inc.</u>, 29 Cal.4th 53, 58 (2002).  The Anti-SLAPP Statute therefore
4 | applies to Plaintiffs' claims against Redflex.
5 |
6 | **B.   PLAINTIFFS' OPPOSITION CONFIRMS THAT THEY**
7 | **CANNOT SHOW A PROBABILITY OF SUCCESS ON EITHER**
8 | **OF THEIR CLAIMS AGAINST REDFLEX**
9 |
10 | 1.   <u>Plaintiffs Fail To Show A Probability Of Success On Their</u>
11 | <u>Unjust Enrichment Claim</u>
12 | As more fully briefed in the parties' submissions related to Redflex's pending
13 | Motion to Dismiss First Amended Class Action Complaint, Plaintiffs cannot state a
14 | legally sufficient claim supported by an adequate <u>prima facie</u> showing of facts to
15 | support their unjust enrichment claim for at least the following reasons: (1)
16 | Plaintiffs' attempt to re-cast their unjust enrichment claim as one for restitution
17 | based on quasi-contract fails because Plaintiffs neither had a prior relationship with
18 | Redflex nor conferred a benefit on Redflex; (2) the fines paid by Plaintiffs represent
19 | convictions that Plaintiffs are barred from attacking in this unjust enrichment action;
20 | (3) Redflex cannot be liable under Vehicle Code § 21455.5(b) as an agent of the
21 | City; (4) Plaintiffs have not conferred a benefit on Redflex; (5) the litigation
22 | privilege of California Civil Code § 47(b) applies to Plaintiffs' unjust enrichment
23 | claim and absolutely protects Redflex's communications on which Plaintiffs' unjust
24 | enrichment claim is based; and (6) the voluntary payment doctrine precludes
25 | Plaintiffs from recovering fines that they freely chose to pay instead of challenging
26 | at trial.
27 |
28 |

1    These reasons are more fully discussed in Redflex's Motion to Dismiss First

2 Amended Class Action Complaint and Reply Memorandum of Points and

3 Authorities in Support of Motion to Dismiss First Amended Class Action

4 Complaint, which are incorporated herein by reference.  Plaintiffs advance no

5 additional argument to buttress their unjust enrichment claim.

6    Furthermore, the Anti-SLAPP Statute "'requires that the [probability of

7 success] showing be made by competent admissible evidence.'"  <u>Gallant v. City of</u>

8 <u>Carson</u>, 128 Cal.App.4th 705, 710 (2005) (quoting <u>Schoendorf v. U.D. Registry</u>, 97

9 Cal.App.4th 227, 236 (2002)).  A plaintiff "'cannot simply rely on the allegations in

10 its own pleadings, even if verified, to make [this] evidentiary showing.'"  <u>Gallant</u>,

11 128 Cal.App.4th at 710 (quoting <u>Schoendorf</u>, 128 Cal.App.4th at 236).  "'[A]n

12 averment on information and belief is inadmissible at trial, and thus cannot show a

13 probability of success on the claim.'"  <u>Gallant</u>, 128 Cal.App.4th at 710 (quoting

14 <u>Schoendorf</u>, 128 Cal.App.4th at 236); <u>see also</u> <u>Beilenson v. Superior Court</u>, 44

15 Cal.App.4th 944, 952 (1996).  Here, Plaintiffs rely solely on their own pleadings and

16 have not submitted any declarations or other admissible evidence in support of their

17 unjust enrichment claim.  Plaintiffs therefore cannot meet their burden of showing a

18 probability of success on their claim.

19

20    2.   <u>Plaintiffs Also Fail To Show A Probability Of Success On Their</u>

21        <u>Claim For A Violation Of California Business & Professions</u>

22        <u>Code § § 17200, *Et Seq.*</u>

23    Plaintiffs also cannot state a legally sufficient claim supported by adequate

24 facts to sustain their claim for a violation of California Business & Professions Code

25 § § 17200, *et seq.* ("UCL") for at least the following reasons: (1) Redflex cannot be

26 liable under Vehicle Code § 21455.5(b) as an agent of the City; (2) Plaintiffs are not

27 entitled to UCL restitution because Redflex is not in possession of any money or

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16

1    property in which Plaintiffs have a vested ownership interest; (3) Plaintiffs would

2    have violated the Vehicle Code and paid fines even had the City complied with the

3    requisite warning notice period and therefore cannot satisfy the causation element of

4    the UCL; (4) the fines paid by Plaintiffs represent convictions that Plaintiffs are

5    barred from attacking in this UCL action; and (5) the litigation privilege of

6    California Civil Code § 47(b) applies to Plaintiffs' UCL claim and absolutely

7    protects Redflex's communications on which Plaintiffs' UCL claim is based.

8          Again, these grounds are more fully discussed in Redflex's Motion to Dismiss

9    First Amended Class Action Complaint and Reply Memorandum of Points and

10   Authorities in Support of Motion to Dismiss First Amended Class Action

11   Complaint, which are incorporated herein by reference.  Plaintiffs advance the same

12   arguments in support of their UCL claim in both their Opposition to this special

13   motion to strike and their opposition to Redflex's pending Motion to Dismiss.

14         Also, as detailed above, plaintiffs opposing a special motion to strike under

15   the Anti-SLAPP Statute must show a probability of success on their underlying

16   claim with competent admissible evidence, and cannot rely solely on the allegations

17   in their own pleadings.  <u>Gallant</u>, 128 Cal.App.4th at 710.  Plaintiffs here, however,

18   rely solely on their own pleadings and have not offered any declarations or other

19   admissible evidence in support of their UCL claim.  Plaintiffs therefore cannot meet

20   their burden of showing a probability of success on their claim.

21

22

23

24

25

26

27

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16

C.    **PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH THAT ANY EXCEPTION TO THE ANTI-SLAPP STATUTE APPLIES**

1.    <u>Plaintiffs' Opposition Fails To Establish That The Public Interest Exception Applies</u>

Under C.C.P. section 425.17(b), widely known as the "public interest" exception, the Anti-SLAPP Statute does not apply to any action brought "solely in the public interest or on behalf of the general public" if **all** of the following conditions exist:

(1) The plaintiff does not seek any relief greater than or different from the relief sought for the general public or a class of which the plaintiff is a member.

(2) The action, if successful, would enforce an important right affecting the public interest, and would confer a significant benefit, whether pecuniary or nonpecuniary, on the general public or a large class of persons.

(3) Private enforcement is necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's stake in the matter.

Cal. Code Civ. Proc. § 425.17(b).

a.    <u>Plaintiffs' Opposition confirms that their claims are not brought solely in the public interest.</u>

As a threshold matter, Plaintiffs' claims against Redflex are personal to them, and not brought solely in the public interest. A plaintiff seeking "**any**" personal relief is barred from relying on the public interest exception. <u>Club Members for an Honest Election v. Sierra Club</u>, 45 Cal.4th 309, 316-17 (2008) (emphasis added).

1  Plaintiffs ignore this essential element of the exception and do not deny that they are

2  seeking some personal relief in this action.  In fact, Plaintiffs seek "losses,

3  restitution and damages" in their unjust enrichment claim [FAC Prayer for Relief,

4  ¶ 13] and "damages and restitution of the costs of non-warning traffic citations to

5  Plaintiffs and all class members and prejudgment interest from the day such

6  amounts were due and payable" in their UCL claim [FAC Prayer for Relief, ¶ 16].

7  The public interest exception therefore does not apply to Plaintiffs' claims.

8

9          b.      Plaintiffs' Opposition fails to establish that the second

10                 condition of the public interest exception is met

11  Plaintiffs' Opposition also fails to establish that the second condition of the

12  public interest exception, set forth in C.C.P. § 425.17(b)(2), is met.  First, Plaintiffs

13  incorrectly argue that the second condition is met because a successful result "will

14  result in restitution for a large class of citizens." [Opposition, 21: 26-27.]

15          In Blanchard v. DIRECTV, Inc., 123 Cal.App.4th 903 (2004), a class of

16  plaintiffs accused by the defendant of pirating its programming brought suit against

17  the defendant alleging that its demand letters were false and misleading.  Id. at 909-

18  10.  In response to the defendant's special motion to strike, the plaintiffs argued that

19  "the massive size of the alleged class of plaintiffs demonstrates that the complaint

20  was brought in the public interest."  Id. at 916.  The court quickly rejected this

21  assertion, holding that "even if, by virtue of the size of the alleged class, the lawsuit

22  might 'affect a large class of persons' under the second element of section 425.17,

23  subdivision (b), the benefit it would confer would not be legally significant."  Id. at

24  916-17.  Here, as in Blanchard, the mere size of the class of plaintiffs is not

25  sufficient to meet the second condition of the public interest exception.  Plaintiffs'

26  assertion thus fails.

27

28

1    Plaintiffs also argue that the second condition is met because if their suit is

2 successful, "other municipalities and their traffic camera contractors would be more

3 likely to follow the law."[3]  [Opposition, 22: 10-12.]  Instead of citing authority to

4 support their assertion, which they cannot, Plaintiffs unsuccessfully attempt to

5 distinguish Blanchard.  In Blanchard, the court found the second condition

6 unsatisfied because even if plaintiffs were successful, "properly worded demand

7 letters will remain a standard practice designed to avoid the necessity of legal

8 action." Id. at 915.  The Blanchard court further explained:

9         No matter how they characterize their complaint, plaintiffs' stake is

10        personal to them as recipients of this particular demand letter.  They

11        do *not* seek to protect the public's right to use these devices or to be

12        free of demand letters.

13 Id. at 917 (emphasis in original).

14    Here, as in Blanchard, even if Plaintiffs are successful, properly noticed red

15 light photo enforcement systems will remain in place to catch Vehicle Code

16 violators.  Plaintiffs do not seek to protect the public's right to run red lights in

17 general or to be free from photo enforcement citations.  Put another way, the general

18 public will be subjected to photo enforcement citations and fines regardless of the

19 outcome of this suit.  Plaintiffs claims are therefore personal to them as recipients of

20 photo enforcement citations and the public interest exception is inapplicable to

21 Plaintiffs' claims.

22

23

24

25

26  [3]  If Plaintiffs' assertion were accepted, this condition of the exception would
       always be met because every plaintiff can argue that their suit is in the public
27     interest because if successful, the defendant and others similar to defendant
       would be more likely to follow the law.
28

1
2
      c.     Plaintiffs also fail to satisfy the third element of the public interest exception.

3      Plaintiffs' Opposition likewise fails to establish that the third condition of the

4 exception, set forth in C.C.P. § 425.17(b)(3), is met. This condition is met only if

5 "'the cost of the plaintiffs' legal victory transcends their personal interest.'" Id. at

6 915 (quoting Hammon v. Agran, 99 Cal.App.4th 115, 125 (2002)). In Blanchard,

7 the court found this condition unsatisfied, reasoning:

8      Plaintiffs' UCL claim is entirely personal to them. Plaintiffs seek an

9      accounting to them and restitution to them of moneys they paid to

10      DIRECTV. Given plaintiffs' UCL claim enforces no important public

11      interest, the benefits that would be conferred on plaintiffs, if they were

12      victorious in this lawsuit, far transcend any conceivable benefit to the

13      general public. Plaintiffs' personal stake in the lawsuit – namely, not

14      receiving these letters from DIRECTV about these devices – far

15      exceeds the effect that this lawsuit could have on the public at large.

16 Id. at 916.

17      Here, Plaintiffs first contend that private enforcement is necessary simply

18 because "[p]rivate enforcement is necessary if defendants fail to comply with the

19 law." [Opposition, 22: 15.] Contrary to Plaintiffs' assertion, Redflex has not been

20 found to have violated any law. The California Superior Court Appellate Division

21 cases on which Plaintiffs' rely were direct appeals of Vehicle Code convictions

22 between private citizens and the State of California to which Redflex was not a

23 party.

24      Furthermore, like the plaintiffs in Blanchard, Plaintiffs' stake in the lawsuit far

25 exceeds any conceivable benefit to the general public. In an attempt to downplay

26 their personal interest in the lawsuit and emphasize the burden they face in litigating

27 this case, Plaintiffs argue that they seek approximately $400 in restitution, have

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16

1   retained counsel, and will likely have to spend time being deposed, responding to

2   discovery requests, and communicating with counsel. [Opposition, 22: 24-28, 23: 1-

3   2.] The financial burden on Plaintiffs here is minimal, however, because they likely

4   retained counsel on a contingency fee basis. Moreover, the remainder of the

5   burdens that Plaintiffs allege are ordinary obligations of any litigant and thus should

6   not be accorded any weight.[4] Like the plaintiffs in <u>Blanchard</u>, Plaintiffs seek to

7   enforce no public right at all (for reasons detailed above), and therefore their stake

8   in this action far exceeds any conceivable benefit to the general public. The public

9   interest exception thus does not apply.

10

11                  2.      <u>Plaintiffs' Opposition Fails To Show That The Commercial</u>

12                          <u>Speech Exception Applies</u>

13          Under C.C.P. § 425.17(c), widely known as the "commercial speech"

14   exception, the Anti-SLAPP Statute does not apply if all of the following four

15   requirements are met:

16          (1) the cause of action is against a person primarily engaged in the

17          business of selling or leasing goods or services;

18          (2) the cause of action arises from a statement or conduct by that person

19          consisting of representations of fact about that person's or a business

20          competitor's business operations, goods, or services;

21          (3) the statement or conduct was made either for the purpose of

22          obtaining approval for, promoting, or securing sales or leases of, or

23          commercial transactions in, the person's goods or services or in the

24          course of delivering the person's goods or services; and

25

26   _____

27   [4]     If Plaintiffs' contention were accepted, every plaintiff would satisfy this
             condition because every lawsuit requires these obligations.

28

1   (4) the intended audience for the statement or conduct [is that person's

2   customer].

3   Simpson Strong-Tie Co., Inc. v. Gore, 49 Cal.4th 12, 30 (2010); Cal. Code Civ.

4   Proc. § 425.17(c).

5       It is well-established that the commercial speech exception applies only if the

6   cause of action arises out of a person's statement or conduct consisting of

7   representations of fact about the business of that person or a business competitor of

8   that person.  Simpson Strong-Tie, 49 Cal.4th at 27-28; Stewart v. Rolling Stone

9   LLC, 181 Cal.App.4th 664, 676 (2010).  In Stewart, band members brought suit

10  against Rolling Stone magazine alleging that Rolling Stone used their names

11  without authorization in a Camel cigarettes advertisement in an issue of its

12  magazine.  Id. at 674.  The court rejected plaintiffs' assertion of the commercial

13  speech exception because the representation at issue was "that plaintiffs and their

14  fellow musicians endorse the sale and use of Camel cigarettes," not one of fact about

15  the business of Rolling Stone or any of its competitors.  Id. at 676-77; compare

16  Sunset Millennium Ass., LLC v. LHO Grafton Hotel, Inc., 146 Cal.App.4th 300,

17  302-03, 313 (2006) (finding that defendant hotel company's statements challenging

18  competitor's proposed hotel development consisted of representations of fact about

19  the business of defendant's competitor).

20      Here, Plaintiffs merely state that the four conditions of the exception are met.

21  [See Opposition, 23: 16-23.]  Plaintiffs do not, and cannot, cite any authority or

22  offer any analysis to explain how each element is met.  Most notably, Plaintiffs'

23  unsupported contention that Redflex's "video and photographs are representations of

24  fact about Redflex Defendants' services" [Opposition, 23: 19-20] is without merit.

25  In providing photographic evidence of Plaintiffs' violations to the City and mailing

26  citations to Plaintiffs, Redflex's representations can be defined as "Plaintiffs were

27  photographed driving through red lights."  Like in Stewart, which concerned a

28

representation about the actions of a third-party who was not a competitor of defendant, such a representation plainly is not one of fact about the business of Redflex or any competing photo enforcement company.  Redflex's representations are clearly distinguishable from the representations in <u>Sunset Millennium</u>, which are the paradigm of this element of the exception – namely, statements attacking the business of a defendant's business competitor.  The commercial speech exception is therefore inapplicable to Plaintiffs' claims.

### D.   <u>REDFLEX'S OPPOSITION FAILS TO REFUTE REDFLEX'S ENTITLEMENT TO ATTORNEYS' FEES</u>

Plaintiffs' Opposition confirms that Plaintiffs' claims against Redflex should be stricken in their entirety under the Anti-SLAPP Statute.  Redflex is therefore entitled to recover its attorneys' fees and costs from Plaintiffs.  Cal. Code. Civ. Proc. § 425.16(c).  Redflex intends to move this Court for Redflex's attorneys' fees and costs following the Court's granting of the instant motion.  <u>Am. Humane Ass'n v. Los Angeles Times Comm.</u>, 92 Cal.App.4th 1095, 1102-03 (2001).

### III.   <u>CONCLUSION</u>

Based upon the foregoing, Redflex respectfully requests that this Court grant the instant special motion to strike Plaintiffs' third and fourth claims for relief against Redflex and award Redflex its attorneys' fees and costs pursuant to C.C.P. § 425.16(c) in an amount to be determined by the Court upon motion by Redflex.

1 | Dated:  November 29, 2010

2 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3 |

4 |

5 | By

6 | GREGORY P. BARBEE
7 | MICHAEL D. STEWART
Attorneys for Defendants
REDFLEX TRAFFIC SYSTEMS
8 | (CALIFORNIA), INC. and REDFLEX
TRAFFIC SYSTEMS, INC.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I am employed in the County of Los Angeles; I am over the age of eighteen
years and not a party to the within entitled action; my business address is 333 South
4  Hope Street, 43rd Floor, Los Angeles, California 90071-1422.

5      On **November 29, 2010**, I served the following document(s) described as
**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
6  **OF SPECIAL MOTION TO STRIKE FIRST AMENDED CLASS ACTION**
**COMPLAINT PURSUANT TO C.C.P. § 425.16** on the interested party(ies) in
7  this action by placing true copies thereof enclosed in sealed envelopes and/or
packages addressed as follows:

8
## See Attached Service List

9
**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or
10  agreement of the parties to accept service by electronic transmission, I caused the
documents to be sent to the persons at the electronic notification addresses listed
11  above.  The electronic notification address from which I served the documents(s) is
snavarro@shepardmullin.com.

12
I declare that I am employed in the office of a member of the bar of this Court
13  at whose direction the service was made.  I declare under penalty of perjury under
the laws of the United States of America that the foregoing is true and correct.

14
Executed on November 29, 2010, at Los Angeles, California.

15

16

17                                                          Susie Navarro

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16

1

**SERVICE LIST**

2 | Gene Williams
gwilliams@initiativelegal.com

3 | Mark P. Pifko
mpifko@initiativelegal.com

4 | Theodore O'Reilly
toreilly@initiativelegal.com

5 | Initiative Legal Group, APC
1800 Century Park East, 2nd Floor

6 | Los Angeles, CA  90067
Telephone:  (310) 556-5637

7 | Facsimile:  (310) 861-9051

8

9 | Steven J. Rothans
srothans@crdlaw.com

Justin Reade Sarno

10 | jsarno@crdlaw.com
Carpenter, Rothans & Dumont

11 | 888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017

12 | Telephone:  (213) 228-0400
Facsimile:  (213) 228-0401

13

Aaron D. Aftergood
aaron@aftergoodesq.com
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, CA  90067
Telephone:  (310) 551-5221
Facsimile:  (310) 496-2840

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT PURSUANT TO C.C.P. § 425.16