Gene Williams (SBN 211390)
GWilliams@InitiativeLegal.com
Mark P. Pifko (SBN 228412)
MPifko@InitiativeLegal.com
Theodore O'Reilly (SBN 267675)
TOReilly @InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Aaron D. Aftergood (SBN 239853)
aaron@aftergoodesq.com
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone: (310) 551-5221
Facsimile: (310) 496-2840

Attorneys for Plaintiffs Robert Plumleigh
and Thomas R. Hazard III

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually and on behalf of other members of the general public similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF SANTA ANA; PAUL M. WALTERS; JOSEPH W. FLETCHER; REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: SACV10-1332-CJC (RNBx) <br><br> **PLAINTIFFS' NOTICE OF APPEAL** |

**TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Notice is hereby given that Plaintiffs in the above-named case, ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually, and on behalf of other members of the general public similarly situated, hereby appeal to the United States Court of Appeals for the Ninth Circuit from this Court's Order Granting Defendants' Motion to Dismiss and Granting Defendants' Special Motion to Strike, which was entered on December 8, 2010. The order is attached hereto as Exhibit "A."

Plaintiffs' Representation Statement (Fed. R. App. P. 12(b); 9th Cir. R. 3-2(b)) is attached hereto as Exhibit "B."

Dated: December 27, 2010

Respectfully submitted,

Initiative Legal Group APC

By: /s/ Mark P. Pifko
Gene Williams
Mark P. Pifko
Theodore O'Reilly

Attorneys for Plaintiffs Robert Plumleigh and Thomas R. Hazard III

Case No.: SACV10-1332-CJC (RNBx)    Page 2

**PLAINTIFFS' NOTICE OF APPEAL**

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT PLUMLEIGH and THOMAS R. HAZARD III,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF SANTA ANA, PAUL M. WALTERS, JOSEPH W. FLETCHER, REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., REDFLEX TRAFFIC SYSTEMS, INC., and DOES 1 through 10,<br><br>　　　　Defendants. | Case No.: SACV 10-01332-CJC(RNBx)<br><br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' SPECIAL MOTION TO STRIKE** |

**INTRODUCTION**

　　Plaintiffs Robert Plumleigh and Thomas R. Hazard III brought this putative class action against Defendants City of Santa Ana, Chief of Police Paul M. Walters, City Attorney Joseph W. Fletcher (collectively "the City Defendants") and Defendants Redflex Traffic Systems (California), Inc. and Redflex Traffic Systems, Inc. (collectively "the Redflex Defendants") for constitutional and state law violations arising from the

implementation of an automated traffic enforcement system in the city of Santa Ana, California.  Specifically, Plaintiffs allege that the City Defendants and the Redflex Defendants violated a California statute that requires "local jurisdictions" that implement automated traffic enforcement systems to only issue warning notices, not citations, for thirty days.  Plaintiffs allege that they received non-warning traffic citations from automated traffic cameras that did not first issue warnings for the thirty-day period.  (First Am. Compl. ¶¶ 49–54.)  Plaintiffs allege two causes of action against the Redflex Defendants for "unjust enrichment" and violations of California's unfair competition law ("UCL"), CAL. BUS. & PROF. CODE § 17200.  Both of these causes of action are predicated on the Redflex Defendants' violation of California Vehicle Code Section 21455.5(b).  The Redflex Defendants now move to dismiss the two causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike the two causes of action pursuant to California's Anti-SLAPP statute, CAL. CIV. PROC. CODE § 425.16.  Because Plaintiffs cannot show that the Redflex Defendants violated Section 21455.5(b) of the California Vehicle Code, the Redflex Defendants' motion to dismiss is GRANTED.  The Redflex Defendants' motion to strike is also GRANTED.[1]

**BACKGROUND**

Plaintiffs allege that the City of Santa Ana decided to implement an automated traffic enforcement system using automated traffic cameras and entered into an agreement with the Redflex Defendants to design, install and operate the system.  (First Am. Compl. ¶¶ 26–27.)  Plaintiffs allege that under the terms of the agreement, the Redflex Defendants were obliged to install twenty automated traffic cameras throughout the city, to store the violations data, to provide access to the violations data to authorized

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing set for December 13, 2010, at 1:30 p.m. is hereby vacated and off calendar.

1 officers designated by the Chief of Police of Santa Ana, and to print and mail citations to violators. (First Am. Compl. ¶¶ 29–37.) The agreement also expressly provided that warning notices would be mailed to violators instead of citations during the thirty-day period after "the date on which the City institutes final acceptance for at least one intersection approach." (First Am. Compl. ¶¶ 32, 37.)

Plaintiffs allege that the City Defendants and the Redflex Defendants violated California Vehicle Code Section 21455.5(b) because they only instituted a thirty day warning notice period for the first automated traffic camera installed in May 2003 at the intersection of Harbor Boulevard and McFadden Avenue. (First Am. Compl. ¶¶ 39–42.) Plaintiffs allege that Defendants subsequently installed approximately 20 automated traffic cameras but did not institute thirty-day warning notice periods for each camera. (First Am. Compl. ¶¶ 44, 49.) Plaintiffs allege that they received non-warning citations from automated cameras that did not first issue warnings for the thirty-day warning period. (First Am. Compl. ¶ 49.) Plaintiffs allege that they paid fines and attended traffic school in order to obtain dismissal of the allegations in the traffic citations. (First Am. Compl. ¶¶ 53–54.)

## ANALYSIS

**I. Redflex Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe

1 them in the light most favorable to the non-moving party. *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 21455.5(b) of the California Vehicle Code states: "Prior to issuing citations under this section, a local jurisdiction utilizing an automated traffic enforcement system shall commence a program to issue only warning notices for 30 days." CAL. VEH. CODE § 21455.5(b). The Redflex Defendants are corporations that do business in California. (First Am. Compl. ¶¶ 12–13.) Plaintiffs do not and cannot allege that the Redflex Defendants are a "local jurisdiction" within the meaning of the statute. Indeed, Plaintiffs allege that the Santa Ana Police Department enforces traffic law violations. The City of Santa Ana issues automated traffic camera citations and collects revenue from drivers for those citations. (First Am. Compl. ¶¶ 9–11, 31.) Plaintiffs allege that the City of Santa Ana decided to install automated traffic cameras and "entered into an agreement with a private contractor, Redflex Traffic Systems, Inc., who specializes in the design, installation, and operation of municipal automated traffic enforcement systems." (First Am. Compl. ¶¶ 26–27.) Plaintiffs argue that the Redflex Defendants are nevertheless liable for the violation of Section 21455.5(b) because they acted as agents of the City. (Pls.' Mem. P. & A. Opp'n Mot. Dismiss at 8.) However, it is well-established under California agency law that an agent is not liable for the independent acts of its principal. *See* CAL. CIV. CODE § 2343 (agent is liable to third-parties for its own wrongful acts undertaken in the course of the agency). Plaintiffs cannot establish that the Redflex Defendants violated Section 21455.5(b).

Plaintiffs cannot state a claim for "unjust enrichment" against the Redflex Defendants. Unjust enrichment is not an independent cause of action, but rather a "general principle, underlying various legal doctrines and remedies. It is synonymous with restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (internal quotations omitted). A plaintiff is entitled to restitution if the defendant receives a benefit at the plaintiff's expense and "the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." *Id.* at 389. Plaintiffs' only allegation that the Redflex Defendants were "unjustly enriched" is based on their alleged violation of Section 21455.5(b). (First Am. Compl. ¶ 78). Since the Redflex Defendants are not subject to Section 21455.5(b), this allegation cannot establish that it is "unjust" for the Redflex Defendants to retain the monthly payments they received from the City of Santa Ana pursuant to the terms of their contract. (First Am. Compl. ¶ 35.) Moreover, Plaintiffs have not alleged facts to show that they conferred a benefit to the Redflex Defendants. Plaintiffs allege that they paid their unlawful citations to the City of Santa Ana, and that the City of Santa Ana, in turn, paid the Redflex Defendants a monthly fee pursuant to the terms of the contract. (First Am. Compl. ¶¶ 35, 52–54, 76–77.) Plaintiffs also allege that the contract contained a negotiable fee provision that allowed the City to renegotiate the compensation paid to the Redflex Defendants if the City determined it was unable to recover its' costs. (First Am. Compl. ¶ 36.) These allegations do not establish a sufficient nexus to trace the fine that Plaintiffs paid to the City of Santa Ana to a benefit received by the Redflex Defendants.

Plaintiffs also cannot state a claim against the Redflex Defendants under the UCL. The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200. Section 17200 borrows violations of other laws and treats them as unlawful practices that are independently actionable under the UCL. *Farmers Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 383 (1992). The "unlawful" prong of Section 17200 means "anything that

can properly be called a business practice and that at the same time is forbidden by law." *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266–67 (1992). The "unfair" prong of Section 17200 provides an intentionally broad, independent basis for relief. *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980). Plaintiffs allege that the Redflex Defendants are liable under both the "unlawful" prong and "unfair" prongs of the UCL because they violated Section 21455.5 of the California Vehicle Code. (First Am. Compl. ¶ 84.) Because Plaintiffs cannot establish that the Redflex Defendants violated Section 21455.5(b), they cannot state a claim under the "unlawful" prong of the UCL. Plaintiffs have also not alleged any facts that show that the Redflex Defendants' conduct in carrying out their contractual obligations was "unfair." (First Am. Compl. ¶¶ 29–34.)

**II. Redflex Defendants' Special Motion to Strike Pursuant to Anti-SLAPP Statute**

California's anti-SLAPP statute provides for a special motion to strike "a cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue …, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." CAL. CIV. PROC. CODE § 425.16(b)(1). Courts reviewing a special motion to strike under California's anti-SLAPP statute engage in a two-step process. *Equilon Enter., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53 (2002). First, the Court decides whether the defendant has made a threshold showing that the acts arose from protected activity. Second, if the moving defendant meets this initial burden, the Court "determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Id.* at 67.

The Redflex Defendants have met their initial burden to show that Plaintiffs' claims for "unjust enrichment" and violations of the UCL arise from protected activity.

Protected activity includes: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" or "(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." CAL. CIV. PROC. CODE § 425.16(e). California courts have looked to the litigation privilege, CAL. CIV. CODE § 47(b), to determine the scope of protected activity under the anti-SLAPP statute. *See Lee v. Fick*, 135 Cal. App. 4th 89, 96 (2005). A statement or writing made "in connection with an issue under consideration or review" by a government agency includes "communications to an official agency intended to induce the agency to initiate action." *Lee*, 135 Cal. App. 4th at 96 (2005) (finding that parents' complaint to school authorities about baseball coach is protected); *see also Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1115 (1999) (finding that complaints submitted to U.S. Department of Housing and Urban Development and filed in civil courts are protected). Specifically, California courts have held that reporting another person's wrongful conduct to the police in an effort to obtain investigation into the perceived wrongdoing is protected activity. *See, e.g., Hagsberg v. California Federal Bank*, 32 Cal. 4th 350, 368 (2004) (finding that litigation privilege applies to report accusing plaintiff of using a false check); *Salma v. Capon*, 161 Cal. App. 4th 1275, 1286 (2008) (finding that complaints to police of fraud and taking of personal property were requests for initiation of official proceedings). Photographs, such as those taken by automated traffic cameras, are treated as "writings" under the California Evidence Code. CAL. EVID. CODE § 250. Plaintiffs allege Redflex Defendants stored the data gathered by automated traffic cameras and made that data available through a private encrypted network to officers from the Santa Ana Police Department to determine whether to issue citations. (First Am. Compl. ¶¶ 30–31, 51.) Providing photographic data, like reporting suspected wrongful conduct to the police, is directly linked to the Police Department's determination whether to issue a traffic citation

and therefore constitutes a "writing" made "in connection with" issue under consideration or review" in an official proceeding by the Police Department.

Plaintiffs argue that their complaint does not "arise from" the Redflex Defendants' protected activity because they are challenging all Defendants' unlawful conduct issuing citations in violation of Section 21455.5(b), not the content of the photographs and video the Redflex Defendants provided to the police on which the traffic citation was based. (Pls.' Mem. P. & A. Opp'n Mot. Strike at 6–8.)[2] Notwithstanding the fact that Court has determined that Plaintiffs cannot state a claim against the Redflex Defendants based on Section 21455.5(b), the only "unlawful conduct" that Plaintiffs allege by the Redflex Defendants is that they provided the data on which the citations were based and that they mailed the citations to the Plaintiffs. (First Am. Compl. ¶¶ 30–32, 51.) Plaintiffs' alleged injury of having to pay traffic fines, which is essential to their claims that Redflex has been unjustly enriched and has engaged in unlawful business practices, is thus directly linked to Redflex's protected activity.

Since the Redflex Defendants have met their initial burden, the burden then shifts to Plaintiffs to show the requisite probability that they will prevail on their claims. Plaintiffs must "state[] and substantiate[] a legally sufficient claim," meaning that their legal claims must be supported by a prima facie showing of facts sufficient to support a

---

[2] Plaintiffs' reliance on certain California cases finding that the protected activity was collateral to the plaintiff's complaint and therefore not protected by the anti-SLAPP statute is misplaced. In those cases, the plaintiffs' injuries were caused by an action that was distinct from the protected activity. *See, e.g. Graffiti Prot. Coatings, Inc. v. City of Pico Rivera*, 181 Cal. App. 4th 1207, 1220 (2010) (finding that plaintiff's allegations that city violated competitive bidding laws was based on city's decision to forgo bidding process altogether, not city officials' protected deliberations regarding the bids); *San Ramon Valley Fire Prot. Dist v. Contra Costa County Employees' Ret. Ass'n*, 125 Cal. App. 4th 343, 357 (2004) (finding that plaintiff's challenge against retirement association board's decision to charge plaintiff more for pension contributions was based on injury caused by decision outcome, not based on any of protected statements made during public meeting prior to decision); *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 188 (2003) (finding that gravamen of suit for physical injury caused by herbal supplement product was based on manufacturing and distributing of defective product, not protected activity). In contrast, in this case Plaintiffs have not alleged any wrongful conduct by Redflex separate and apart from the protected activity of providing the violations data.

favorable judgment if the evidence submitted by the plaintiff is credited. *Navellier v. Sletten*, 29 Cal. 4th 82, 88–89 (2002). Plaintiffs have not met their burden. Plaintiffs have not provided any additional facts to support their claims in opposition to Defendants' special motion to strike. For the same reasons discussed with respect to the Redflex Defendants' motion to dismiss, Plaintiffs have not alleged any facts to state a claim for "unjust enrichment" or violations of the UCL. Both steps for granting the Redflex Defendants' special anti-SLAPP motion to strike have been satisfied and the Redflex Defendants are entitled to recover their attorneys' fees and costs. CAL. CIV. PROC. CODE § 425.16(c).

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss and special motion to strike are GRANTED.

DATED: December 8, 2010

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

# EXHIBIT B

## PLAINTIFFS' REPRESENTATION STATEMENT

We, the undersigned, represent Robert Plumleigh and Thomas R. Hazard III, named plaintiffs and appellants in this matter, and other members of the general public similarly situated. Attached is a service list of all parties to this action, identifying their counsel by name, firm, address, telephone number, and facsimile number. (Fed. R. App. P. 12(b); 9th Cir. R. 3-2(b).)

Dated: December 27, 2010

Respectfully submitted,

Initiative Legal Group APC

By: /s/ Mark P. Pifko
Gene Williams
Mark P. Pifko
Theodore O'Reilly

Attorneys for Plaintiffs Robert Plumleigh and Thomas R. Hazard III

**Case No.**: SACV10-1332-CJC (RNBx)   Page 1

PLAINTIFFS' REPRESENTATION STATEMENT

# SERVICE LIST

**I.    COUNSEL FOR PLAINTIFFS AND APPELLANTS:**
   **ROBERT PLUMLEIGH AND THOMAS R. HAZARD III**

Gene Williams (SBN 211390)
Mark P. Pifko (SBN 228412)
Theodore O'Reilly (SBN 267675)
INITIATIVE LEGAL GROUP APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5634
Facsimile:   (310) 861-9051

Aaron D. Aftergood (SBN 239853)
aaron@aftergoodesq.com
THE AFTERGOOD LAW FIRM
1875 Century Park East, Suite 2230
Los Angeles, California  90067
Telephone:  (310) 551-5221
Facsimile:   (310) 496-2840

**II.   COUNSEL FOR DEFENDANTS:**
   **REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC. AND**
   **REDFLEX TRAFFIC SYSTEMS, INC.**

Gregory P. Barbee (SBN 185156)
Michael D. Stewart (SBN 161909)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone:  (213) 620-1780
Fascimilie:  (213) 620-1398

///
///
///

**Case No.**:  SACV10-1332-CJC (RNBx)              Page 1

SERVICE LIST

III. **COUNSEL FOR DEFENDANTS:**
**CITY OF SANTA ANA, PAUL M. WALTERS AND**
**JOSEPH W. FLETCHER**

Steven J. Rothans (SBN 106579)
Justin Reade Sarno (SBN 229803)
CARPENTER, ROTHANS & DUMONT
888 South Figueroa Street, Suite 1960
Los Angeles, California 90017
Telephone:   (213) 228-4400
Fascimile:    (213) 228-4401

**Case No.**:  SACV10-1332-CJC (RNBx)     Page 2

SERVICE LIST