1  GREGORY P. BARBEE, Cal. Bar No. 185156
   gbarbee@sheppardmullin.com
2  MICHAEL D. STEWART, Cal. Bar No. 161909
   mstewart@sheppardmullin.com
3  JOHN M. HYNES, Cal. Bar No. 265778
   jhynes@sheppardmullin.com
4  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   333 South Hope Street, 43rd Floor
5  Los Angeles, California  90071-1448
   Telephone:  213-620-1780
6  Facsimile:  213-620-1398

7  Attorneys for Defendants REDFLEX
   TRAFFIC SYSTEMS (CALIFORNIA), INC.
8  and REDFLEX TRAFFIC SYSTEMS, INC.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  ROBERT PLUMLEIGH and THOMAS R. HAZARD III, individually, on behalf | Case No.:  SACV10-1332-CJC (RNBx) |
| 12  of other members of the general public similarly situated, and as aggrieved | United States District Court Judge Honorable Cormac J. Carney |
| 13  employees pursuant to the California Private Attorneys General Act | |
| 14  ("PAGA"), | **REDFLEX DEFENDANTS'** |
| | **NOTICE OF MOTION AND** |
| 15            Plaintiffs, | **MOTION FOR AWARD OF** |
| | **ATTORNEYS' FEES AND COSTS** |
| 16        v. | **PURSUANT TO C.C.P. § 425.16 IN** |
| | **THE AMOUNT OF $100,332.00;** |
| 17  CITY OF SANTA ANA; PAUL M. WALTERS; JOSEPH W. FLETCHER; | **MEMORANDUM OF POINTS AND** |
| 18  REDFLEX TRAFFIC SYSTEMS (CALIFORNIA), INC., a California | **AUTHORITIES IN SUPPORT** |
| | **THEREOF** |
| 19  corporation; REDFLEX TRAFFIC SYSTEMS, INC., a Delaware | |
| 20  corporation; and DOES 1 through 10, inclusive, | Date:         Feb. 7, 2011 |
| 21 | Time:         1:30 p.m. |
| |            Defendants. | Courtroom:   9B |
| 22 | |

23

24

25

26

27

28

1

## NOTICE OF MOTION

2

3        PLEASE TAKE NOTICE that on February 7, 2011, at 1:30 p.m., or as

4  soon thereafter as counsel may be heard in Courtroom "9B" of the U.S. District

5  Court, Central District (Santa Ana), located at 411 West Fourth Street, Santa Ana,

6  California 92701-4516, Defendants Redflex Traffic Systems (California), Inc. and

7  Redflex Traffic Systems, Inc. (collectively, "Redflex") will and hereby do move for

8  an award of attorneys' fees and costs pursuant to California Code of Civil Procedure

9  § 425.16.  This motion is made on the grounds that Redflex is the prevailing party

10  on its special motion to strike Plaintiffs' state law claims pursuant to California

11  Code of Civil Procedure § 425.16, granted by this Court with prejudice on

12  December 8, 2010, and an award of Redflex's attorneys' fees and costs is

13  mandatory.  The Court already determined as much, ordering that "Redflex

14  Defendants are entitled to recover their attorneys' fees and costs."

15        The amount of fees sought by this motion is at least $100,332.00.

16        This motion is made following the conference of counsel pursuant to

17  L.R. 7-3 which took place on December 21, 2010.

18

19  Dated:  January 5, 2011

20                                SHEPPARD, MULLIN, RICHTER & HAMPTON
                                  LLP

21

22

23                          By  _____
                                  GREGORY P. BARBEE
24                                MICHAEL D. STEWART
                                  JOHN M. HYNES
25                                Attorneys for Defendants
                                  REDFLEX TRAFFIC SYSTEMS
26                                (CALIFORNIA), INC. and REDFLEX
                                  TRAFFIC SYSTEMS, INC.

27

28

-i-

NOTICE OF MOTION AND MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS PURSUANT TO
C.C.P. § 425.16

## TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................. 1

II.   ARGUMENT ....................................................................................... 2

      A.    REDFLEX IS ENTITLED TO ITS ATTORNEYS' FEES AND
            COSTS UNDER THE ANTI-SLAPP STATUTE ................................. 2

      B.    REDFLEX IS A "PREVAILING PARTY" ENTITLED TO
            ATTORNEYS' FEES UNDER THE ANTI-SLAPP STATUTE .......... 2

      C.    REDFLEX IS ENTITLED TO THE ATTORNEYS' FEES AND
            COSTS IT INCURRED IN CONNECTION WITH ITS
            SPECIAL MOTION TO STRIKE, MOTIONS TO DISMISS
            AND INSTANT MOTION FOR ATTORNEYS' FEES ...................... 3

      D.    REDFLEX'S REQUESTED FEES ARE REASONABLE ................... 6

            1.    The Requested Hourly Rates Are Reasonable ............................ 6

            2.    The Time Expended On This Case Was Reasonable .................. 9

            3.    The Court May Increase Redflex's Fee Award Based On
                  Sheppard Mullin's Successful Defense Against All Of
                  Plaintiffs' Claims .................................................................. 11

III.  CONCLUSION ................................................................................. 12

-ii-

1

## TABLE OF AUTHORITIES

2

3                                                                                         Page(s)

Cases

4

5   Dove Audio, Inc. v. Rosenfeld
        47 Cal.App.4th 777 (1996) ................................................................. 3, 6

6

7   Dowling v. Zimmerman
        85 Cal.App.4th 1400 (2001) ................................................................. 2

8

Hensley v. Eckerhart

9       461 U.S. 424 (1983) ................................................................. 6, 9, 11

10  Kearney v. Foley & Lardner

11      553 F.Supp.2d 1178 (S.D. Cal. 2008) ................................................. 3, 4, 5, 9

12  Ketchum v. Moses

13      24 Cal.4th 1122 (2001) ................................................................. 3, 6, 11

14  Mann v. Quality Old Time Serv., Inc.
        139 Cal.App.4th 328 (2006) ................................................................. 2

15

16  Metabolife Int'l, Inc. v. Wornick
        213 F.Supp.2d 1220 (S.D. Cal. 2002) ................................................. 3, 4, 5

17

Pennsylvania v. Del. Valley Citizens' Council for Clean Air

18      478 U.S. 546 (1986) ................................................................. 9

19

Premier Medical Management Systems, Inc. v. California

20      163 Cal.App.4th 550 (2008) ................................................................. 11

21  Schwarz v. Sec'y of Health & Human Servs.

22      73 F.3d 895 (9th Cir. 1995) ................................................................. 6

23  United States ex rel. Newsham v. Lockheed Missiles & Space Company, Inc.

24      190 F.3d 963 (9th Cir. 1999) ................................................................. 2

25  United States v. Comm. Home and Health Care Servs., Inc.

26      550 F.3d 764 (9th Cir. 2008) ................................................................. 2

27  Welch v. Metro Life Ins. Co.
        480 F.3d 942 (9th Cir. 2007) ................................................................. 9

28

-iii-

1

Statutes

Business & Professions Code § 17200 ................................................................ 1

Cal. Code Civ. Proc. § 425.16(c) ...................................................................... 2

California Business & Professions Code §§ 17200, et seq. ............................... 5

California Code of Civil Procedure § 425.16 ......................... 1, 2, 3, 4, 5, 6, 10, 12

Federal Rule of Civil Procedure 12(b)(6) ........................................................ 1, 4

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1JMH1\403164165.1

NOTICE OF MOTION AND MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS PURSUANT TO
C.C.P. § 425.16

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3 **I.    INTRODUCTION**

4          As the Court previously found, Plaintiffs' claims in this action are based

5 entirely on Redflex's (1) communication to the City of Santa Ana (the "City") of

6 evidence of Plaintiffs' California Vehicle Code violations and (2) mailing of

7 citations to Plaintiffs.  Seeking refunds of fines paid as a result of their Vehicle Code

8 violations, Plaintiffs asserted two unfounded state law claims against Redflex – one

9 for unjust enrichment and the other for restitution under Business & Professions

10 Code section 17200, et seq. ("UCL").

11          On December 8, 2010, this Court granted Redflex's special motion to

12 strike both of Plaintiffs' claims against Redflex under California Code of Civil

13 Procedure ("C.C.P.") § 425.16 ("Anti-SLAPP Statute") and also granted Redflex's

14 motion to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure

15 12(b)(6).  In granting Redflex's special motion to strike, the Court found that both of

16 Plaintiffs' claims arose from activity of Redflex protected by the Anti-SLAPP

17 Statute and that Plaintiff could not show a probability of success on either claim.

18 [Order Granting Motion to Dismiss and Special Motion to Strike ["Order"], pp. 6-9.]

19          An award of attorneys' fees and expenses to a prevailing defendant

20 under the Anti-SLAPP Statute is **mandatory**.  Applying this rule, this Court

21 expressly held in its Order that "Redflex Defendants are entitled to recover their

22 attorneys' fees and costs." [Id. at 9.]  Redflex therefore seeks attorneys' fees and

23 costs pursuant to the Anti-SLAPP Statute in the amount of at least $100,332.00.

24

25

26

27

28

-1-

1 | II.   **ARGUMENT**

2 |     A.   **REDFLEX IS ENTITLED TO ITS ATTORNEYS' FEES AND**

3 |           **COSTS UNDER THE ANTI-SLAPP STATUTE**

4 |           Under C.C.P. § 425.16(c), "a prevailing defendant on a motion to strike

5 | **shall** be entitled to recover his or her attorneys' fees and costs." Cal. Code Civ.

6 | Proc. § 425.16(c) (emphasis added). This provision applies to prevailing defendants

7 | under the Anti-SLAPP Statute in federal court. <u>United States ex rel. Newsham v.</u>

8 | <u>Lockheed Missiles & Space Company, Inc.</u>, 190 F.3d 963, 972 (9th Cir. 1999).

9 | Redflex is therefore entitled to an award of the attorneys' fees and costs it incurred

10 | in defense of Plaintiffs' baseless state law claims, as well as its fees and costs in the

11 | preparation and argument of this motion.[1]

12 |

13 |     B.   **REDFLEX IS A "PREVAILING PARTY" ENTITLED TO**

14 |           **ATTORNEYS' FEES UNDER THE ANTI-SLAPP STATUTE**

15 |           As a threshold matter, only a "prevailing" defendant is entitled to attorneys'

16 | fees and costs under the Anti-SLAPP Statute. Cal. Code Civ. Proc. § 425.16(c).

17 | Even a defendant who "partially prevails on an anti-SLAPP motion must generally

18 | be considered a prevailing party unless the results of the motion were so

19 | insignificant that the party did not achieve any practical benefit from bringing the

20 | motion." <u>Mann v. Quality Old Time Serv., Inc.</u>, 139 Cal.App.4th 328, 340 (2006).

21 |

22 |

---

23 | [1] Plaintiffs' pending appeal in this action does not prohibit this Court from awarding Redflex its attorneys' fees and costs. <u>Dowling v. Zimmerman</u>, 85 Cal.App.4th 1400, 1434 (2001) ("[A] SLAPP plaintiff's perfecting of an appeal from a judgment awarding attorney fees and costs to a prevailing SLAPP defendant under subdivision (c) of section 425.16 does not automatically stay enforcement of the judgment."); <u>accord</u> <u>United States v. Comm. Home and Health Care Servs., Inc.</u>, 550 F.3d 764, 766 (9th Cir. 2008) ("[A] district court retains the power to award attorney's fees after a notice of appeal from the decision on the merits has been filed.").

-2-

1    Here, the Court granted Redflex's special motion to strike in its entirety

2  and dismissed all of Plaintiffs' claims against Redflex.  Redflex is therefore a

3  "prevailing" defendant entitled to its attorneys' fees and costs under the Anti-SLAPP

4  Statute.

5

6    **C.**    **REDFLEX IS ENTITLED TO THE ATTORNEYS' FEES AND**

7       **COSTS IT INCURRED IN CONNECTION WITH ITS SPECIAL**

8       **MOTION TO STRIKE, MOTIONS TO DISMISS[2] AND**

9       **INSTANT MOTION FOR ATTORNEYS' FEES**

10    A defendant who prevails on a special motion to strike under the Anti-

11  SLAPP Statute is entitled to "reasonable attorney fees" that "will adequately

12  compensate the defendant for the expense of responding to a baseless lawsuit."

13  Dove Audio, Inc. v. Rosenfeld, 47 Cal.App.4th 777, 785 (1996).  Moreover, it is

14  well-established that a prevailing defendant is entitled to "the fees incurred in

15  enforcing the right to mandatory fees under Code of Civil Procedure section

16  425.16."  Ketchum v. Moses, 24 Cal.4th 1122, 1141 (2001); accord Metabolife Int'l,

17  Inc. v. Wornick, 213 F.Supp.2d 1220, 1222 (S.D. Cal. 2002).[3]

18    In addition, a prevailing anti-SLAPP defendant is entitled to attorneys'

19  fees and costs incurred in preparing a motion to dismiss in the same action if those

20  fees are "inextricably intertwined" with the fees incurred on the special motion to

21  strike.  Kearney v. Foley & Lardner, 553 F.Supp.2d 1178, 1184 (S.D. Cal. 2008);

22  Metabolife, 213 F.Supp.2d at 1223-24.  Put another way, "all expenses incurred on

23  _____

24  [2]  Redflex filed both a motion to dismiss Plaintiffs' initial complaint and a
    motion to dismiss Plaintiffs' first amended complaint.  Both motions to
25  dismiss addressed the same legal and factual issues.

    [3]  Fees incurred in defending against an appeal of an order granting a special
26  motion to strike are also recoverable.  Metabolife, 213 F.Supp.2d at 1222;
    accord Dove Audio, 47 Cal.App.4th at 785.
27

28

-3-

1   common issues of fact and law qualify for an award of attorneys' fees under the anti-

2   SLAPP statute and those fees need not be apportioned." Kearney, 553 F.Supp.2d at

3   1184.

4               In Kearney, the plaintiff brought suit in federal court asserting various

5   state and federal law claims against the defendant. Id. at 1181. The defendant

6   successfully moved to strike the plaintiff's state law claims under the Anti-SLAPP

7   Statute and dismiss the federal claims pursuant to Federal Rule of Civil Procedure

8   12(b)(6). Id. In addition to fees incurred in specifically preparing its special motion

9   to strike, the court held that the defendant was entitled to attorneys' fees and

10  expenses incurred in preparing its motion to dismiss the federal claims insofar as the

11  work performed was based on two defenses also asserted in the defendant's special

12  motion to strike, but not for work related to other separate and distinct defenses. Id.

13  at 1184. The court explained that both motions "were based entirely on a common

14  factual scenario" and challenged the plaintiff's claims by relying on the same two

15  defenses. Id. The court stressed that a "plaintiff should not be permitted to avoid

16  imposition of attorneys' fees for a motion to dismiss when the factual and some legal

17  bases for the claims are inextricably intertwined as they are in the present action."

18  Id.

19              Similarly, in Metabolife, the court awarded the prevailing defendant its

20  attorneys' fees and expenses incurred in the entire lawsuit, including those incurred

21  in preparing the defendant's motion to dismiss. Metabolife, 213 F.Supp.2d at 1223-

22  24. The court reasoned:

23          [T]he entire lawsuit is subject to the anti-SLAPP motion

24          because all causes of action against [the defendant] relate

25          to free speech and all of the activity by [the defendant's]

26          attorneys occurred in the context of, and were inextricably

27          intertwined with, the anti-SLAPP motion. All of [the

28

-4-

defendant's] fees and expenses were incurred 'in

connection with' the anti-SLAPP motion.

Id. at 1223 (quoting Paul for Council v. Hanyecz, 85 Cal.App.4th 1356, 1362 n.4 (2001)).

Here, Redflex's special motion to strike and motions to dismiss were all aimed at the same two claims asserted by Plaintiffs – namely, their claims for unjust enrichment and a violation of California Business & Professions Code §§ 17200, et seq. ("UCL").  As in Kearney and Metabolife, both of those claims (and therefore all of Redflex's motions) were based on the exact same factual scenario – Redflex's provision to the City of Santa Ana (the "City") of evidence of Plaintiffs' Vehicle Code violations and Redflex's mailing of citations to Plaintiffs.  Also similar to Kearney and Metabolife, the defenses upon which Redflex relied in satisfying the second element of the Anti-SLAPP Statute (i.e., that Plaintiffs failed to show a probability of success on the merits) were precisely the same defenses that made up the entirety of Redflex's motions to dismiss.  Indeed, Redflex's special motion to strike expressly incorporated its motion to dismiss Plaintiffs' first amended complaint by reference to meet that element.  Plaintiffs' opposition to Redflex's special motion to strike likewise expressly incorporated by reference their opposition to Redflex's motion to dismiss in an attempt to defeat the second element of the Anti-SLAPP Statute.

Thus, as in Kearney and Metabolife, Redflex's special motion to strike and motions to dismiss were based on common issues of fact and law and thus the fees incurred on all three motions were inextricably intertwined.  This Court should therefore award Redflex its attorneys' fees and costs incurred in preparing its special motion to strike, motions to dismiss and instant motion for attorneys' fees.

-5-

NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS PURSUANT TO C.C.P. § 425.16

## D.   REDFLEX'S REQUESTED FEES ARE REASONABLE

As stated above, attorneys' fees awarded to a prevailing defendant pursuant to the Anti-SLAPP Statute must be "reasonable." Dove Audio, 47 Cal.App.4th at 785.  In calculating the fee award, the court "begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" Ketchum, 24 Cal.4th at 1132-33 (quoting Serrano v. Priest, 20 Cal.2d 25, 48, (1977)).  The lodestar figure is "the number of hours reasonably expended multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); accord Ketchum, 24 Cal.4th at 1134.  The court has wide discretion in deciding what attorneys' fees are reasonable in a particular case. Hensley, 461 U.S. at 436.

The lodestar method involves a three-step analysis: (1) determine a reasonable hourly rate, (2) multiply the reasonable rate by the number of hours reasonably expended, and (3) decide whether any adjustment is warranted. Hensley, 461 U.S. at 433-34; accord Ketchum, 24 Cal.4th at 1131-32.

### 1.   The Requested Hourly Rates Are Reasonable

The first step in applying the lodestar formula is to determine the appropriate hourly rate. Hensley, 461 U.S. at 433; accord Ketchum, 24 Cal.4th at 1131-32.  The appropriate hourly rate is "the hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type." Ketchum, 24 Cal.4th at 1133; accord Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 906 (9th Cir. 1995).  The relevant community is typically the community in which the district court sits. Schwarz, 73 F.3d at 906.

The reasonableness of the fees charged by Sheppard Mullin in this action is established by the Declaration of Gregory P. Barbee ("Barbee Dec.") and

-6-

Declaration of Michael D. Stewart ("Stewart Dec."), filed concurrently herewith. Sheppard Mullin is an international AmLaw 100 law firm of approximately 540 attorneys with 11 offices – eight in California, one in Washington, D.C., one in New York City, and one in Shanghai, China. Barbee Dec., ¶ 4. Sheppard Mullin's ordinary hourly rates are consistent with the rates for partners and associates in law firms of comparable size and market position in Southern California. Barbee Dec., ¶ 10.

Three attorneys from Sheppard Mullin worked on this case – partners Gregory Barbee and Michael Stewart and associate John Hynes. Redflex seeks an award of attorneys' fees based on an hourly rate of $395 for Mr. Barbee and Mr. Stewart and $350 for Mr. Hynes. The distribution of work can be seen from the following summary of the hours charged by each attorney:

**TABLE I**

| Attorney | Total Hours | Hourly Rate | Subtotal |
|---|---|---|---|
| Barbee | 105.8 | $395 | $41,791.00 |
| Stewart | 44.8 | $395 | $17,696.00 |
| Hynes | 116.7 | $350 | $40,845.00 |
| **TOTAL FEES** | | | **$100,332.00** |

Mr. Barbee is a partner at Sheppard Mullin. Barbee Dec., ¶ 1. He has been practicing civil litigation for 14 years and has participated in numerous trials and arbitrations. Barbee Dec., ¶ 6. His practice focuses on complex business litigation, in which he represents clients in a wide range of industries, including manufacturing, aerospace, real estate, defense and telecommunications. Barbee Dec., ¶ 7. Mr. Barbee has expertise in various types of complex commercial litigation, including unfair competition, contractual disputes, patent infringement

-7-

and business torts.  Barbee Dec., ¶ 7.  He has successfully defended many large companies as lead counsel in high-stakes litigation matters.  Barbee Dec., ¶ 7.  Mr. Barbee's standard hourly rate in 2010 ranged from $505 to $545.  Barbee Dec., ¶ 13.  However, he charged a negotiated hourly rate of $395 on this case – a rate substantially lower than his ordinary rate.  Barbee Dec., ¶ 13.  Mr. Barbee's $395 hourly rate on this case is consistent with or better than the rates charged by other attorneys in Southern California of comparable skill and experience who perform similar work.  Barbee Dec., ¶ 14.

Mr. Stewart is also a partner at Sheppard Mullin and specializes in complex business litigation.  Stewart Dec., ¶ ¶ 1, 4.  He has extensive trial experience and represents companies in a wide range of complex commercial litigation, including unfair competition, real estate disputes, trade secret protection, breach of fiduciary duty and partnership disputes.  Stewart Dec., ¶ 4.  Mr. Stewart's standard hourly rate in 2010 was $545 and as of the first of this year is $560.  Stewart Dec., ¶ 5.  However, he charged a negotiated hourly rate of $395 on this case – a rate significantly lower than his ordinary rate.  Stewart Dec., ¶ 5.  Mr. Stewart's $395 hourly rate on this case is consistent with or better than the rates charged by other attorneys in Southern California of comparable skill and experience who perform similar work.  Stewart Dec., ¶ 6.

The only other attorney working on this case in addition to Mr. Barbee and Mr. Stewart is John Hynes, an associate at Sheppard Mullin.  Barbee Dec., ¶ 15.  The standard hourly rates of associates at Sheppard Mullin range from $275 to $500.  Barbee Dec., ¶ 15.  As part of the negotiated rates between Redflex and Sheppard Mullin noted above, all associates who would work on this case would bill at an hourly rate of $350.  Barbee Dec., ¶ 15.  That rate is consistent with the rates charged by other associates of comparable skill and experience who perform similar work in Southern California.  Barbee Dec., ¶ 16.

-8-

1           The hourly rates that Redflex requests in calculating its award of

2   attorneys' fees in this action are reasonable.  Indeed, the Ninth Circuit has found

3   similar hourly rates reasonable for attorneys in Southern California.  See, e.g.,

4   Welch v. Metro Life Ins. Co., 480 F.3d 942, 947 (9th Cir. 2007) (affirming lodestar

5   calculation using hourly rates of $375 and $400).  Mr. Barbee and Mr. Stewart have

6   litigated this case at negotiated hourly rates well below their standard rates.

7   Moreover, the hourly rates requested by Redflex are consistent with the rates

8   charged by other attorneys of comparable skill and experience who perform similar

9   work in Southern California.  The requested rates are particularly reasonable given

10  the successful outcome of this case – namely, dismissal of all claims and an award

11  of attorneys' fees and costs for Redflex.  This Court should therefore accept the

12  hourly rates set forth above as reasonable in calculating Redflex's award of

13  attorneys' fees.

14

15       2.    The Time Expended On This Case Was Reasonable

16          The second step in the calculation of the lodestar figure requires the

17  Court to determine whether the number of hours expended on the matter was

18  reasonable.  Hensley, 461 U.S. at 433.  Hours are not reasonably expended if they

19  are "excessive, redundant, or otherwise unnecessary."  Id. at 434; accord Kearney,

20  553 F.Supp.2d at 1185.  Time is reasonably expended if the work is "useful and of a

21  type ordinarily necessary to secure the final result obtained from the litigation."

22  Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 560-61

23  (1986).

24          Redflex was invoiced on monthly basis for Sheppard Mullin's work

25  throughout the defense of this litigation.  Barbee Dec., ¶ 7.  True and correct copies

26  of those monthly invoices covering the period of September 2010 through

27  December 2010 are attached as Exhibit B to the Barbee Declaration.  See Barbee

28

-9-

NOTICE OF MOTION AND MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS PURSUANT TO
C.C.P. § 425.16

1  Dec., ¶ 7, Ex. B.[4]  Each invoice identifies (1) the date the services were performed,

2  (2) the attorney performing such services, (3) a detailed textual description of the

3  services performed, and (4) an itemization of the costs incurred.  Barbee Dec., ¶ 7,

4  Ex. B.

5              All work performed by Sheppard Mullin in this action was necessary to

6  secure dismissal of all of Plaintiffs' claims.  As reflected in the monthly invoices, the

7  tasks performed by Sheppard Mullin included: (1) reviewing and analyzing

8  Plaintiffs' allegations; (2) strategizing regarding the applicability of the Anti-SLAPP

9  Statute to Plaintiffs' claims; (3) researching the legal standards for prevailing on a

10  special motion to strike; (4) briefing Redflex's special motion to strike; (5)

11  strategizing regarding Redflex's motion to dismiss Plaintiffs' initial complaint and

12  motion to dismiss Plaintiffs' first amended complaint; (6) researching the legal

13  standards for prevailing on the various affirmative defenses asserted in Redflex's

14  motions to dismiss; (7) briefing Redflex's motions to dismiss; (8) negotiating and

15  preparing various joint stipulations in connection with Redflex's motions to dismiss

16  and special motion to strike; (9) researching the scope of fees to which a defendant

17  prevailing on a special motion to strike is entitled; and (10) preparing the instant

18  motion for an award of attorneys' fees and costs.  Barbee Dec., ¶ 7, Ex. B.

19              By this motion, Redflex requests an award of $100,332.00 for

20  attorneys' fees and costs incurred in its successful defense of this litigation from

21  September 2010, through the December 2010.  See Table 1, infra; Barbee Dec.,

22  ¶ 14.  Courts have granted similar and even higher fee requests in anti-SLAPP cases

23

24  _____
   [4]   The invoices attached as Exhibit B to the Barbee Declaration have been
   redacted in limited respects to eliminate billing entries for attorneys' fees not
25  sought by this motion and information that counsel for Redflex believes to be
   subject to the attorney-client and/or attorney work product privileges or
26  otherwise confidential.  If the Court deems it necessary, Redflex will submit a
   privilege log detailing the redacted billing entries or submit the entire invoices
27  for in camera review by this Court.

28
W02-WEST:1JMH1\403164165.1                    NOTICE OF MOTION AND MOTION FOR AWARD OF
                                              ATTORNEYS' FEES AND COSTS PURSUANT TO
                                              C.C.P. § 425.16

1  in Southern California.  See, e.g., Premier Medical Management Systems, Inc. v.

2  California, 163 Cal.App.4th 550, 556, 558 (2008) ($165,000 award, about

3  $70,750.50 of which was for trial work and $16,419.90 of which was for the

4  attorneys' fee motion).

5          In light of the claims asserted in this litigation and the magnitude of the

6  potential liability, all of the actions described above and in the invoices attached as

7  Exhibit B to the Barbee Declaration were reasonably necessary to achieve Redflex's

8  success in this case.  The time expended on this case is particularly reasonable given

9  that Sheppard Mullin secured dismissal of all claims and obtained an award of

10 attorneys' fees and costs for Redflex.  See Hensley, 461 U.S. at 430 ("[T]he level of

11 a [prevailing party's] success is relevant to the amount of fees to be awarded.").

12 This Court should therefore accept as reasonable the number of hours expended by

13 Sheppard Mullin set forth above in Table 1 in calculating Redflex's award of

14 attorneys' fees and costs.

15

16    3.    The Court May Increase Redflex's Fee Award Based On Sheppard

17           Mullin's Successful Defense Against All Of Plaintiffs' Claims

18          The final step in calculating an award of reasonable attorneys' fees is

19 determining whether the award should be adjusted.  The award may be adjusted

20 based on various factors, including "(1) the novelty and difficulty of the questions

21 involved, (2) the skill displayed in presenting them, (3) the extent to which the

22 nature of the litigation precluded other employment by the attorneys, [and] (4) the

23 contingent nature of the fee award."  Ketchum, 24 Cal.4th at 1132.  An important

24 factor in this determination is "the results obtained."  Hensley, 461 U.S. at 434.

25 Courts are particularly justified in increasing the award where the party seeking fees

26 prevailed in the litigation.  Id.

27

28

-11-

1    Here, Sheppard Mullin secured dismissal of all of Plaintiffs' claims

2    against Redflex.  Sheppard Mullin attacked Plaintiffs' claims with both a motion to

3    dismiss and a special motion to strike, both of which were granted in their entirety.

4    Sheppard Mullin displayed particular legal acumen in bringing and succeeding on

5    the special motion to strike (a motion with a low success rate), and thereby entitling

6    Redflex to its attorneys' fees and costs incurred in this action.  Sheppard Mullin

7    obtained the most favorable possible result for Redflex.  This Court may therefore

8    award Redflex attorneys' fees and costs and over and above the lodestar figure.

9

10    **III.    CONCLUSION**

11    For the foregoing reasons, Redflex respectfully requests the Court grant

12    this motion for an award of attorneys' fees and costs pursuant to the Anti-SLAPP

13    Statute in its entirety and award Redflex $100,332.00 in attorneys' fees and costs,

14    subject to any enhancement the Court may deem proper due to the exceptional result

15    obtained by Sheppard Mullin in this action.

16

17    Dated:  January 5, 2011

18                                                SHEPPARD, MULLIN, RICHTER & HAMPTON
                                                  LLP
19

20                                                By

21                                                            GREGORY P. BARBEE
                                                             MICHAEL D. STEWART
22                                                             JOHN M. HYNES
                                                            Attorneys for Defendants
23                                                  REDFLEX TRAFFIC SYSTEMS
                                                  (CALIFORNIA), INC. and REDFLEX
24                                                    TRAFFIC SYSTEMS, INC.

25

26

27

28

-12-

NOTICE OF MOTION AND MOTION FOR AWARD OF
                                                  ATTORNEYS' FEES AND COSTS PURSUANT TO
                                                  C.C.P. § 425.16