1   GREGORY P. BARBEE, Cal. Bar No. 185156
    gbarbee@sheppardmullin.com
2   MICHAEL D. STEWART, Cal. Bar No. 161909
    mstewart@sheppardmullin.com
3   JOHN M. HYNES, Cal. Bar No. 265778
    jhynes@sheppardmullin.com
4   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    333 South Hope Street, 43rd Floor
5   Los Angeles, California 90071-1448
    Telephone: 213-620-1780
6   Facsimile: 213-620-1398

7   Attorneys for Defendants REDFLEX
    TRAFFIC SYSTEMS (CALIFORNIA), INC.
8   and REDFLEX TRAFFIC SYSTEMS, INC.

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11   ROBERT PLUMLEIGH and THOMAS        Case No.: SACV10-1332-CJC (RNBx)
     R. HAZARD III, individually, on behalf
12   of other members of the general public   United States District Court Judge
     similarly situated, and as aggrieved      Honorable Cormac J. Carney
13   employees pursuant to the California
     Private Attorneys General Act
14   ("PAGA"),
                                              **DECLARATION OF GREGORY P.**
15              Plaintiffs,                   **BARBEE IN SUPPORT OF**
                                              **REDFLEX DEFENDANTS'**
16       v.                                   **MOTION FOR AWARD OF**
                                              **ATTORNEYS' FEES AND COSTS**
17   CITY OF SANTA ANA; PAUL M.              **PURSUANT TO C.C.P. § 425.16**
     WALTERS; JOSEPH W. FLETCHER;
18   REDFLEX TRAFFIC SYSTEMS
     (CALIFORNIA), INC., a California        Date:        Feb. 7, 2011
19   corporation; REDFLEX TRAFFIC           Time:        1:30 p.m.
     SYSTEMS, INC., a Delaware              Courtroom:   9B
20   corporation; and DOES 1 through 10,
     inclusive,
21
                Defendants.
22

23

24

25

26

27

28

## DECLARATION OF GREGORY P. BARBEE

I, Gregory P. Barbee, state and declare as follows:

1.     I am a partner with the law firm of Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin"), attorneys of record for Defendants Redflex Traffic Systems (California), Inc. and Redflex Traffic Systems, Inc. (collectively, "Redflex"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto. I make this declaration in support of Redflex Defendants' Motion for Award of Attorneys' Fees and Costs Pursuant to C.C.P. § 425.16 ("Motion for Attorneys' Fees").

## BACKGROUND OF MOTION FOR ATTORNEYS' FEES

2.     On September 3, 2010, Plaintiffs Robert Plumleigh and Thomas R. Hazard III brought a lawsuit against Redflex for unjust enrichment and a violation of California Business & Professions Code sections 17200, et seq. Plaintiffs filed their First Amended Complaint on October 12, 2010.

3.     On November 15, 2010, Redflex filed its Special Motion to Strike Plaintiffs' First Amended Complaint Pursuant to C.C.P. § 425.16 ("Special Motion to Strike"). On December 8, 2010, the Court issued an order granting Redflex's Special Motion to Strike (the "Order"). The Order states that Redflex is entitled to its attorneys' fees and costs pursuant to California Code of Civil Procedure § 425.16 ("Anti-SLAPP Statute"). A true and correct copy of the Order is attached hereto as Exhibit A.

## EXPERIENCE, REPUTATION AND ROLE OF COUNSEL

4.     Sheppard Mullin is an international AmLaw 100 law firm of approximately 540 attorneys with 11 offices – eight in California, one in Washington, D.C., one in New York City, and one in Shanghai, China.

W02-WEST:1JMH1\403196645.1

1    5.    I earned my J.D. from the University of Southern California in

2    1996, where I earned *Order of the Coif* honors for my academic performance and

3    served as Managing Articles Editor on the *Southern California Law Review*.

4    6.    I have been practicing law for 14 years.  During the course of my

5    career, I have participated in numerous trials and arbitrations.  I was admitted to the

6    California Bar in November 1996, and in addition to California State courts, I am

7    admitted to practice before the United States Supreme Court; the United States

8    Court of Appeals for the Fourth and Ninth Circuits; United States District Court for

9    the Central, Northern and Southern Districts of California; and United States District

10   Court for the District of Colorado.  Since 1996, I have practiced civil litigation, first

11   for Greenberg Glusker Fields Claman & Machtinger in Century City, California,

12   and then for Quinn Emmanuel Urquhart Oliver & Hedges in Los Angeles,

13   California.  I have practiced civil litigation at Sheppard Mullin since March 2004

14   7.    My practice focuses on complex business litigation.  I represent

15   clients in a broad range of industries, including manufacturing, aerospace, real

16   estate, defense and telecommunications.  I specialize in various types of business

17   litigation, including unfair competition, contractual disputes, patent infringement

18   and business torts.  I have successfully defended many large companies in high-

19   stakes litigation matters.

20   8.    I have the primary responsibility for handling the day to day

21   decisions in this matter.  Throughout the litigation of this case, I have monitored the

22   matter and supervised all work on the matter.  In addition to supervision, my

23   primary role was to develop litigation strategy.

24

25   **SHEPPARD MULLIN'S BILLING PRACTICES**

26   9.    All attorneys as Sheppard Mullin are required to prepare

27   contemporaneous daily records of their work on an attorney time sheet.  The time

28   sheets reflect general descriptions of tasks and how much time that attorney spent on

-2-

1   each case file during a given day.  Time is counted in tenths of an hour.  Each

2   month, a billing statement is generated for each matter that collects all the time

3   entries from the attorney time sheets for all timekeepers and generates a client

4   statement for the matter.  The billing statements are relied on by the firm as an

5   accurate way to determine how much time was spent on a given case and the billing

6   rate for the timekeepers.  The hours spent by Sheppard Mullin attorneys throughout

7   this litigation were recorded in this manner and thus accurately reflect the amount of

8   time devoted to the matters as issue.

9           10.     Sheppard Mullin charges for services based on the hourly rate of

10  the attorney performing the services.  The hourly rate is determined by several

11  factors, the primary one being the level of experience and expertise of the attorney.

12  The rates charged by the attorneys working on this matter are the same or lower than

13  the rates charged to comparable clients in comparable matters.  I am familiar with

14  the hourly rates charged by law firms of comparable size to Sheppard Mullin in

15  Southern California because my firm participates in studies on this issue.  Sheppard

16  Mullin's hourly rates are in line with the rates charged by comparable firms and may

17  be lower in some circumstances.  Based on my experience and knowledge of the

18  relative rates charged for comparable work by attorneys in Southern California,

19  including Los Angeles and Orange County, Sheppard Mullin's hourly rates are

20  reasonable and very consistent with the prevailing rates in the Southern California

21  market.

22

23                    **THE REQUESTED FEES ARE REASONABLE**

24          11.     Sheppard Mullin invoiced Redflex on a monthly basis for

25  attorneys' fees and costs incurred in this action.  True and correct copies of the

26  invoices in this action for the period of September 2010 through December 2010 are

27  attached hereto as Exhibit B.  The invoices attached hereto as Exhibit B contain

28  detailed time records showing the date the services were performed, the attorney

DECLARATION OF GREGORY P. BARBEE IN SUPPORT
                                                  OF MOTION FOR ATTORNEYS' FEES AND COSTS

1  who performed such services, a detailed description of the services performed and

2  an itemization of the costs incurred.  Prior to submission of these invoices to

3  Redflex, I exercised my billing judgment as to the reasonableness of the amounts to

4  be charged in light of factors such as efficiency and avoidance of duplication of

5  effort.  The amounts of fees and costs on the invoices attached hereto as Exhibit B

6  reflect my professional judgment as to the amounts to be invoiced.  The invoices

7  attached hereto as Exhibit B have been redacted in limited respects to wholly

8  eliminate billing entries for attorneys' fees not sought by Redflex and redact other

9  select information within entries that I believe to be subject to the attorney-client

10  and/or attorney work product privileges or otherwise confidential.

11         12.    As the partner in charge of this matter, I have been responsible

12  for ensuring the accuracy of the monthly bills in this matter.  I have reviewed the

13  bills submitted to Redflex and based upon my review, I have determined that they

14  accurately describe the work performed by Sheppard Mullin in this case through

15  December 31, 2010.

16         13.    My standard hourly rate in 2010 ranged from $505 to $545.  For

17  my work on this case, I charged a negotiated hourly rate of $395.  From September

18  1, 2010 through December 31, 2010, I billed 105.8 hours in this case for work in

19  connection with Redflex's Special Motion to Strike and Motion for Attorneys' Fees

20  for a total of $41,791.00.

21         14.    Based on my experience with other attorneys of similar

22  experience in law firms of similar size as Sheppard Mullin within the Southern

23  California legal community, my hourly billing rate on this matter is reasonable.

24         15.    The standard hourly rates of associates at Sheppard Mullin range

25  from $275 to $500.  As part of the negotiated rates between Redflex and Sheppard

26  Mullin for this case, all associates who would work on this case would bill at an

27  hourly rate of $350.  Only one Sheppard Mullin associate – John Hynes – worked on

28  this matter.  From September 1, 2010 through December 31, 2010, Mr. Hynes billed

-4-

DECLARATION OF GREGORY P. BARBEE IN SUPPORT
OF MOTION FOR ATTORNEYS' FEES AND COSTS

1  116.7 hours in this case for work in connection with Redflex's Special Motion to
2  Strike and Motion for Attorneys' Fees for a total of $40,845.00.

3      16.   Based on my experience as a billing partner and working with
4  associates in law firms of similar size as Sheppard Mullin within the Southern
5  California legal community, Mr. Hynes' billing rate on this matter is reasonable.

6      17.   Based on my experience as a billing partner, the time expended
7  to date by Sheppard Mullin in connection with Redflex's Special Motion to Strike
8  and Motion for Attorneys' Fees is reasonable.  The number of hours charged to date
9  in this matter has been reasonable, necessary and appropriate in light of the
10  complexity of the issues raised by Plaintiffs' claims, the magnitude of the potential
11  liability and the favorable outcome of the litigation.

12      18.   The total amount of attorneys' fees and costs incurred to date in
13  this action in connection with Redflex's Special Motion to Strike and Motion for
14  Attorneys' Fees, exclusive of any enhancement of the lodestar figure, is
15  $100,332.00, as follows:

| Attorney | Total Hours | Hourly Rate | Subtotal |
|---|---|---|---|
| Barbee | 105.8 | $395 | $41,791.00 |
| Stewart | 44.8 | $395 | $17,696.00 |
| Hynes | 116.7 | $350 | $40,845.00 |
| **TOTAL FEES** | | | **$100,332.00** |

23      19.   In defense of this action, Michael Stewart, John Hynes and I
24  allocated tasks among ourselves to the greatest extent possible so as to avoid
25  duplication of efforts.

26      20.   Based on my 14 years of experience, I believe the total fees
27  charged by Sheppard Mullin in this case are reasonable given Sheppard Mullin's
28  competitive hourly rate and the effort required to successfully litigate this matter,

-5-

1 which included complex legal and factual issues and the prospect of substantial
2 liability on the part of Redflex.

3        21.    When Redflex files its reply memorandum of points and
4 authorities in support of its Motion for Attorneys' Fees, I will submit a supplemental
5 declaration updating this amount and providing an estimate through the hearing on
6 its motion.

7        I declare under penalty of perjury under the laws of the United States of
8 America that the foregoing is true and correct.

9        Executed Los Angeles, California on January 5, 2011.

GREGORY P. BARBEE

DECLARATION OF GREGORY P. BARBEE IN SUPPORT
OF MOTION FOR ATTORNEYS' FEES AND COSTS

# EXHIBIT A

1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10               SOUTHERN DIVISION

11

12   ROBERT PLUMLEIGH and THOMAS      )   Case No.: SACV 10-01332-CJC(RNBx)
     R. HAZARD III,                   )
13                                    )
14            Plaintiffs,             )
                                      )
15       vs.                          )   ORDER GRANTING DEFENDANTS'
                                      )   MOTION TO DISMISS AND
16   CITY OF SANTA ANA, PAUL M.       )   GRANTING DEFENDANTS' SPECIAL
     WALTERS, JOSEPH W. FLETCHER,     )   MOTION TO STRIKE
17   REDFLEX TRAFFIC SYSTEMS          )
     (CALIFORNIA), INC., REDFLEX      )
18   TRAFFIC SYSTEMS, INC., and DOES  )
     1 through 10,                    )
19                                    )
20            Defendants.             )
                                      )
21

22   INTRODUCTION

23

24       Plaintiffs Robert Plumleigh and Thomas R. Hazard III brought this putative class

25   action against Defendants City of Santa Ana, Chief of Police Paul M. Walters, City

26   Attorney Joseph W. Fletcher (collectively "the City Defendants") and Defendants

27   Redflex Traffic Systems (California), Inc. and Redflex Traffic Systems, Inc. (collectively

28   "the Redflex Defendants") for constitutional and state law violations arising from the

1   implementation of an automated traffic enforcement system in the city of Santa Ana,
2   California.  Specifically, Plaintiffs allege that the City Defendants and the Redflex
3   Defendants violated a California statute that requires "local jurisdictions" that implement
4   automated traffic enforcement systems to only issue warning notices, not citations, for
5   thirty days.  Plaintiffs allege that they received non-warning traffic citations from
6   automated traffic cameras that did not first issue warnings for the thirty-day period.
7   (First Am. Compl. ¶¶ 49–54.)  Plaintiffs allege two causes of action against the Redflex
8   Defendants for "unjust enrichment" and violations of California's unfair competition law
9   ("UCL"), CAL. BUS. & PROF. CODE § 17200.  Both of these causes of action are
10  predicated on the Redflex Defendants' violation of California Vehicle Code Section
11  21455.5(b).  The Redflex Defendants now move to dismiss the two causes of action
12  pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike the two causes of
13  action pursuant to California's Anti-SLAPP statute, CAL. CIV. PROC. CODE § 425.16.
14  Because Plaintiffs cannot show that the Redflex Defendants violated Section 21455.5(b)
15  of the California Vehicle Code, the Redflex Defendants' motion to dismiss is
16  GRANTED.  The Redflex Defendants' motion to strike is also GRANTED.[1]

17
18  **BACKGROUND**
19
20      Plaintiffs allege that the City of Santa Ana decided to implement an automated
21  traffic enforcement system using automated traffic cameras and entered into an
22  agreement with the Redflex Defendants to design, install and operate the system.  (First
23  Am. Compl. ¶¶ 26–27.)  Plaintiffs allege that under the terms of the agreement, the
24  Redflex Defendants were obliged to install twenty automated traffic cameras throughout
25  the city, to store the violations data, to provide access to the violations data to authorized
26

---

27  [1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate
28  for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15.  Accordingly, the hearing
    set for December 13, 2010, at 1:30 p.m. is hereby vacated and off calendar.

1 | officers designated by the Chief of Police of Santa Ana, and to print and mail citations to
2 | violators. (First Am. Compl. ¶¶ 29–37.) The agreement also expressly provided that
3 | warning notices would be mailed to violators instead of citations during the thirty-day
4 | period after "the date on which the City institutes final acceptance for at least one
5 | intersection approach." (First Am. Compl. ¶¶ 32, 37.)

7 |      Plaintiffs allege that the City Defendants and the Redflex Defendants violated
8 | California Vehicle Code Section 21455.5(b) because they only instituted a thirty day
9 | warning notice period for the first automated traffic camera installed in May 2003 at the
10 | intersection of Harbor Boulevard and McFadden Avenue. (First Am. Compl. ¶¶ 39–42.)
11 | Plaintiffs allege that Defendants subsequently installed approximately 20 automated
12 | traffic cameras but did not institute thirty-day warning notice periods for each camera.
13 | (First Am. Compl. ¶¶ 44, 49.) Plaintiffs allege that they received non-warning citations
14 | from automated cameras that did not first issue warnings for the thirty-day warning
15 | period. (First Am. Compl. ¶ 49.) Plaintiffs allege that they paid fines and attended traffic
16 | school in order to obtain dismissal of the allegations in the traffic citations. (First Am.
17 | Compl. ¶¶ 53–54.)

19 | **ANALYSIS**

21 | **I. Redflex Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)**

23 |      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal
24 | sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for
25 | failure to state a claim is not whether the claimant will ultimately prevail, but whether the
26 | claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco*
27 | *Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion,
28 | the district court must accept all material allegations in the complaint as true and construe

1   them in the light most favorable to the non-moving party. *Mayo v. Gomez*, 32 F.3d 1382,

2   1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires

3   only a short and plain statement of the claim showing that the pleader is entitled to relief.

4   FED. R. CIV. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper

5   where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its

6   face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

7

8        Section 21455.5(b) of the California Vehicle Code states: "Prior to issuing

9   citations under this section, a local jurisdiction utilizing an automated traffic enforcement

10  system shall commence a program to issue only warning notices for 30 days." CAL. VEH.

11  CODE § 21455.5(b). The Redflex Defendants are corporations that do business in

12  California. (First Am. Compl. ¶¶ 12–13.) Plaintiffs do not and cannot allege that the

13  Redflex Defendants are a "local jurisdiction" within the meaning of the statute. Indeed,

14  Plaintiffs allege that the Santa Ana Police Department enforces traffic law violations.

15  The City of Santa Ana issues automated traffic camera citations and collects revenue

16  from drivers for those citations. (First Am. Compl. ¶¶ 9–11, 31.) Plaintiffs allege that

17  the City of Santa Ana decided to install automated traffic cameras and "entered into an

18  agreement with a private contractor, Redflex Traffic Systems, Inc., who specializes in the

19  design, installation, and operation of municipal automated traffic enforcement systems."

20  (First Am. Compl. ¶¶ 26–27.) Plaintiffs argue that the Redflex Defendants are

21  nevertheless liable for the violation of Section 21455.5(b) because they acted as agents of

22  the City. (Pls.' Mem. P. & A. Opp'n Mot. Dismiss at 8.) However, it is well-established

23  under California agency law that an agent is not liable for the independent acts of its

24  principal. *See* CAL. CIV. CODE § 2343 (agent is liable to third-parties for its own

25  wrongful acts undertaken in the course of the agency). Plaintiffs cannot establish that the

26  Redflex Defendants violated Section 21455.5(b).

27

28

1      Plaintiffs cannot state a claim for "unjust enrichment" against the Redflex

2  Defendants. Unjust enrichment is not an independent cause of action, but rather a

3  "general principle, underlying various legal doctrines and remedies. It is synonymous

4  with restitution." *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (internal

5  quotations omitted). A plaintiff is entitled to restitution if the defendant receives a

6  benefit at the plaintiff's expense and "the circumstances are such that, as between the two

7  individuals, it is unjust for the person to retain it." *Id.* at 389. Plaintiffs' only allegation

8  that the Redflex Defendants were "unjustly enriched" is based on their alleged violation

9  of Section 21455.5(b). (First Am. Compl. ¶ 78). Since the Redflex Defendants are not

10  subject to Section 21455.5(b), this allegation cannot establish that it is "unjust" for the

11  Redflex Defendants to retain the monthly payments they received from the City of Santa

12  Ana pursuant to the terms of their contract. (First Am. Compl. ¶ 35.) Moreover,

13  Plaintiffs have not alleged facts to show that they conferred a benefit to the Redflex

14  Defendants. Plaintiffs allege that they paid their unlawful citations to the City of Santa

15  Ana, and that the City of Santa Ana, in turn, paid the Redflex Defendants a monthly fee

16  pursuant to the terms of the contract. (First Am. Compl. ¶¶ 35, 52–54, 76–77.) Plaintiffs

17  also allege that the contract contained a negotiable fee provision that allowed the City to

18  renegotiate the compensation paid to the Redflex Defendants if the City determined it

19  was unable to recover its' costs. (First Am. Compl. ¶ 36.) These allegations do not

20  establish a sufficient nexus to trace the fine that Plaintiffs paid to the City of Santa Ana to

21  a benefit received by the Redflex Defendants.

23      Plaintiffs also cannot state a claim against the Redflex Defendants under the UCL.

24  The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and

25  unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200.

26  Section 17200 borrows violations of other laws and treats them as unlawful practices that

27  are independently actionable under the UCL. *Farmers Ins. Exchange v. Superior Court*,

28  2 Cal. 4th 377, 383 (1992). The "unlawful" prong of Section 17200 means "anything that

1   can properly be called a business practice and that at the same time is forbidden by law."

2   *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266–67 (1992).  The "unfair"

3   prong of Section 17200 provides an intentionally broad, independent basis for relief.

4   *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980).  Plaintiffs allege

5   that the Redflex Defendants are liable under both the "unlawful" prong and "unfair"

6   prongs of the UCL because they violated Section 21455.5 of the California Vehicle Code.

7   (First Am. Compl. ¶ 84.)  Because Plaintiffs cannot establish that the Redflex Defendants

8   violated Section 21455.5(b), they cannot state a claim under the "unlawful" prong of the

9   UCL.  Plaintiffs have also not alleged any facts that show that the Redflex Defendants'

10  conduct in carrying out their contractual obligations was "unfair."  (First Am. Compl. ¶¶

11  29–34.)

12

13  **II. Redflex Defendants' Special Motion to Strike Pursuant to Anti-SLAPP Statute**

14

15          California's anti-SLAPP statute provides for a special motion to strike "a cause of

16  action against a person arising from any act of that person in furtherance of the person's

17  right of petition or free speech under the United States or California Constitution in

18  connection with a public issue …, unless the court determines that the plaintiff has

19  established that there is a probability that the plaintiff will prevail on the claim."  CAL.

20  CIV. PROC. CODE § 425.16(b)(1).  Courts reviewing a special motion to strike under

21  California's anti-SLAPP statute engage in a two-step process.  *Equilon Enter., LLC v.*

22  *Consumer Cause, Inc.*, 29 Cal. 4th 53 (2002).  First, the Court decides whether the

23  defendant has made a threshold showing that the acts arose from protected activity.

24  Second, if the moving defendant meets this initial burden, the Court "determines whether

25  the plaintiff has demonstrated a probability of prevailing on the claim."  *Id.* at 67.

26

27          The Redflex Defendants have met their initial burden to show that Plaintiffs'

28  claims for "unjust enrichment" and violations of the UCL arise from protected activity.

1   Protected activity includes: "(1) any written or oral statement or writing made before a
2   legislative, executive, or judicial proceeding, or any other official proceeding authorized
3   by law" or "(2) any written or oral statement or writing made in connection with an issue
4   under consideration or review by a legislative, executive, or judicial body, or any other
5   official proceeding authorized by law." CAL. CIV. PROC. CODE § 425.16(e).  California
6   courts have looked to the litigation privilege, CAL. CIV. CODE § 47(b), to determine the
7   scope of protected activity under the anti-SLAPP statute.  *See Lee v. Fick*, 135 Cal. App.
8   4th 89, 96 (2005).  A statement or writing made "in connection with an issue under
9   consideration or review" by a government agency includes "communications to an
10  official agency intended to induce the agency to initiate action." *Lee*, 135 Cal. App. 4th at
11  96 (2005) (finding that parents' complaint to school authorities about baseball coach is
12  protected); *see also Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106,
13  1115 (1999) (finding that complaints submitted to U.S. Department of Housing and
14  Urban Development and filed in civil courts are protected).  Specifically, California
15  courts have held that reporting another person's wrongful conduct to the police in an
16  effort to obtain investigation into the perceived wrongdoing is protected activity.  *See,*
17  *e.g., Hagsberg v. California Federal Bank*, 32 Cal. 4th 350, 368 (2004) (finding that
18  litigation privilege applies to report accusing plaintiff of using a false check); *Salma v.*
19  *Capon*, 161 Cal. App. 4th 1275, 1286 (2008) (finding that complaints to police of fraud
20  and taking of personal property were requests for initiation of official proceedings).
21  Photographs, such as those taken by automated traffic cameras, are treated as "writings"
22  under the California Evidence Code.  CAL. EVID. CODE § 250.  Plaintiffs allege Redflex
23  Defendants stored the data gathered by automated traffic cameras and made that data
24  available through a private encrypted network to officers from the Santa Ana Police
25  Department to determine whether to issue citations.  (First Am. Compl. ¶¶ 30–31, 51.)
26  Providing photographic data, like reporting suspected wrongful conduct to the police, is
27  directly linked to the Police Department's determination whether to issue a traffic citation
28

1   and therefore constitutes a "writing" made "in connection with" issue under consideration

2   or review" in an official proceeding by the Police Department.

3   Plaintiffs argue that their complaint does not "arise from" the Redflex Defendants'

4   protected activity because they are challenging all Defendants' unlawful conduct issuing

5   citations in violation of Section 21455.5(b), not the content of the photographs and video

6   the Redflex Defendants provided to the police on which the traffic citation was based.

7   (Pls.' Mem. P. & A. Opp'n Mot. Strike at 6–8.)[2] Notwithstanding the fact that Court has

8   determined that Plaintiffs cannot state a claim against the Redflex Defendants based on

9   Section 21455.5(b), the only "unlawful conduct" that Plaintiffs allege by the Redflex

10  Defendants is that they provided the data on which the citations were based and that they

11  mailed the citations to the Plaintiffs. (First Am. Compl. ¶¶ 30–32, 51.) Plaintiffs'

12  alleged injury of having to pay traffic fines, which is essential to their claims that Redflex

13  has been unjustly enriched and has engaged in unlawful business practices, is thus

14  directly linked to Redflex's protected activity.

15

16  Since the Redflex Defendants have met their initial burden, the burden then shifts

17  to Plaintiffs to show the requisite probability that they will prevail on their claims.

18  Plaintiffs must "state[] and substantiate[] a legally sufficient claim," meaning that their

19  legal claims must be supported by a prima facie showing of facts sufficient to support a

20

21  [2] Plaintiffs' reliance on certain California cases finding that the protected activity was collateral to the
    plaintiff's complaint and therefore not protected by the anti-SLAPP statute is misplaced. In those cases,
22  the plaintiffs' injuries were caused by an action that was distinct from the protected activity. See, e.g.
    Graffiti Prot. Coatings, Inc. v. City of Pico Rivera, 181 Cal. App. 4th 1207, 1220 (2010) (finding that
23  plaintiff's allegations that city violated competitive bidding laws was based on city's decision to forgo
    bidding process altogether, not city officials' protected deliberations regarding the bids); San Ramon
24  Valley Fire Prot. Dist v. Contra Costa County Employees' Ret. Ass'n, 125 Cal. App. 4th 343, 357 (2004)
    (finding that plaintiff's challenge against retirement association board's decision to charge plaintiff more
25  for pension contributions was based on injury caused by decision outcome, not based on any of
    protected statements made during public meeting prior to decision); Martinez v. Metabolife Int'l, Inc.,
26  113 Cal. App. 4th 181, 188 (2003) (finding that gravamen of suit for physical injury caused by herbal
    supplement product was based on manufacturing and distributing of defective product, not protected
27  activity). In contrast, in this case Plaintiffs have not alleged any wrongful conduct by Redflex separate
    and apart from the protected activity of providing the violations data.
28

-8-

15

1  favorable judgment if the evidence submitted by the plaintiff is credited. *Navellier v.*

2  *Sletten*, 29 Cal. 4th 82, 88–89 (2002).  Plaintiffs have not met their burden.  Plaintiffs

3  have not provided any additional facts to support their claims in opposition to

4  Defendants' special motion to strike.  For the same reasons discussed with respect to the

5  Redflex Defendants' motion to dismiss, Plaintiffs have not alleged any facts to state a

6  claim for "unjust enrichment" or violations of the UCL.  Both steps for granting the

7  Redflex Defendants' special anti-SLAPP motion to strike have been satisfied and the

8  Redflex Defendants are entitled to recover their attorneys' fees and costs.  CAL. CIV.

9  PROC. CODE § 425.16(c).

10

11  **CONCLUSION**

12

13          For the foregoing reasons, Defendants' motion to dismiss and special motion to

14  strike are GRANTED.

15

16

17          DATED:      December 8, 2010

18

19                                          CORMAC J. CARNEY

20                                          UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

# EXHIBIT B



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

---

Karen Finley
President/CEO
Redflex Traffic Systems, Inc.
23751 N. 23rd Avenue, Suite 150
Phoenix, AZ 85085-1854

SMRH Tax ID ███████
October 29, 2010
Invoice 222812826

Our Matter No.     03NT-157734
                   Redflex Traffic Systems - Robert Plumleigh et al
Billing Atty:      Gregory P. Barbee

## INVOICE SUMMARY

FOR PROFESSIONAL SERVICES THROUGH SEPTEMBER 30, 2010

Current Fees                            ████████

Total Current Activity                      ████████
Total Due for This Invoice                  ████████

### SUMMARY OF TIMEKEEPER FEES

| Tkpr Code | Timekeeper Name | Hours | Avg. Rate/Hr | Dollars |
|-----------|-----------------|-------|--------------|---------|
| 0757 | Michael D. Stewart | █ | $ 395.00 | █ |
| 2179 | Gregory P. Barbee | █ | $ 395.00 | █ |
| 2539 | John Hynes | █ | $ 350.00 | █ |

Payment Terms:  Balance due upon receipt of this statement.



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

October 29, 2010
Invoice 222812826
Page 2 of 3

FOR PROFESSIONAL SERVICES THROUGH 09/30/10

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 09/16/10 | Reviewed Santa Ana class action pleadings and docket; reviewed research re potential motion to dismiss, motion to strike; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; researched local rule issues re filing, timing, service and responsive pleadings. | 2179 | 7.00 hrs. |
| 09/17/10 | Further research re 30-day notice period and applicable law in connection with motion to dismiss/strike Santa Ana complaint; conferred re class action issues. | 2179 | 4.40 hrs. |
| 09/21/10 | Researched in connection with motion to dismiss; reviewed prior pleadings in connection with same; ▮▮▮▮▮▮▮▮▮▮▮ | 2179 | 4.10 hrs. |

19



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 office | 213-620-1398 fax | www.sheppardmullin.com

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

October 29, 2010
Invoice 222812826
Page 3 of 3

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| | | | |
| | | | |
| | | | |
| 09/29/10 | Analyzed Santa Ana class action complaint.  Prepared motion to dismiss.  Analyzed file re same. | 0757 | 3.10 hrs. |
| | | | |
| | | | |
| | | | |

**Total Fees for Professional Services**



48th Floor | 333 South Hope Street | Los Angeles, CA  90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

---

Karen Finley
President/CEO
Redflex Traffic Systems, Inc.
23751 N. 23rd Avenue, Suite 150
Phoenix, AZ 85085-1854

SMRH Tax ID █████
November 12, 2010
Invoice 222816606

Our Matter No.        03NT-157734
                      Redflex Traffic Systems - Robert Plumleigh et al
Billing Atty:         Gregory P. Barbee

## INVOICE SUMMARY

FOR PROFESSIONAL SERVICES THROUGH  OCTOBER 31, 2010

Current Fees
Current Disbursements                    

Total Current Activity
Total Due for This Invoice

## SUMMARY OF TIMEKEEPER FEES

| Tkpr Code | Timekeeper Name | Hours | Avg. Rate/Hr | Dollars |
|---|---|---|---|---|
| 0757 | Michael D. Stewart | ███ | $ 395.00 | ███ |
| 2179 | Gregory P. Barbee |  | $ 395.00 |  |
| 2539 | John Hynes |  | $ 350.00 |  |

Payment Terms:  Balance due upon receipt of this statement.

21



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

November 12, 2010
Invoice 222816606
Page 2 of 9

FOR PROFESSIONAL SERVICES THROUGH 10/31/10

### FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 10/01/10 | Prepared motion to dismiss claims 2 and 5 of class action complaint.  Researched issues re same.  Prepared insert re UCL 17200 law.  Conferred re filing and local meet and confer issues. | 0757 | 4.80 hrs. |
| 10/01/10 | Reviewed and revised motion to dismiss; conferred with M. Stewart, J. Hynes re same; reviewed research and prior (successful) demurrer filed on Redflex's behalf; analyzed and conferred re local rules, meet and confer requirements and recusal of Judge Guilford. | 2179 | 3.10 hrs. |
| 10/01/10 | Prepared to draft motion to dismiss initial complaint.  Conducted legal research re whether parties are required to meet and confer before filing a motion to dismiss in United States District Court for the Central District of California. | 2539 | 1.10 hrs. |
| 10/03/10 | Reviewed and revised motion to dismiss plaintiff's initial complaint.  Conducted legal research re requirements for restitution in Unfair Competition Law cases. | 2539 | 1.40 hrs. |
| 10/04/10 | Prepared motion to dismiss second and fifth claims for relief.  Researched Business & Professions Code section 17200 case law.  Reviewed and revised motion to dismiss. | 0757 | 5.70 hrs. |
| 10/04/10 | Conferred with M. Stewart re motion to dismiss; revised same; reviewed research in connection with same; reviewed correspondence re extension of time to respond to complaint and likely recusal of Judge Guilford; reviewed stipulation re extension in connection with filing of same. | 2179 | 3.30 hrs. |
| 10/04/10 | Conducted legal research re requirements for restitution in Unfair Competition Law cases.  Reviewed and revised motion to dismiss plaintiffs' initial complaint.  Drafted stipulation to extend time to respond to plaintiffs' initial complaint. | 2539 | 2.80 hrs. |



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 office | 213-620-1398 fax | www.sheppardmullin.com

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

November 12, 2010
Invoice 222816606
Page 3 of 9

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 10/05/10 | Prepared motion to dismiss claims in Santa Ana class action. Analyzed issues re possible anti-SLAPP motion. ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Reviewed and revised motion to dismiss. | 0757 | 5.20 hrs. |
| 10/05/10 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; reviewed and revised motion to dismiss in Plumleigh. | 2179 | 2.10 hrs. |
| 10/06/10 | Conferred re revisions to motion to dismiss.  Researched law re possible anti-SLAPP motion to strike claims.  Prepared internal memorandum re same.  Telephone conference with Judge Guilford's court clerk re his recusal.  Telephone conference with Mark Pifko (opposing counsel) re same.  Email to City's attorney re Judge Guilford's recusal.  Exchanged email re further extension of time to file response to complaint. | 0757 | 2.10 hrs. |
| 10/06/10 | Prepared correspondence re motion to dismiss; reviewed and revised motion; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓; conferred with M. Stewart, J. Hynes re possible Anti-SLAPP motion; reviewed correspondence re further extension of time to respond to complaint given probable recusal by Judge Guilford. | 2179 | 3.70 hrs. |
| 10/06/10 | Reviewed and revised motion to dismiss plaintiffs' initial complaint.  Conducted legal research re formatting requirements for motions to dismiss in United States District Court for the Central District of California.  Drafted stipulation to extend time to respond to plaintiffs' initial complaint. | 2539 | 1.60 hrs. |
| 10/07/10 | Further research on anti-SLAPP issues and possible motion to strike, including 425.17 safe harbor provisions and possible applicability.  Exchanged emails re same. | 0757 | .80 hrs. |
| 10/07/10 | Researched in connection with motion to dismiss and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | 2179 | .30 hrs. |

23



48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al          November 12, 2010
Gregory P. Barbee                                                      Invoice 222816606
                                                                       Page 4 of 9

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 10/07/10 | Conducted legal research re whether a traffic law conviction constitutes collateral estoppel of any of the issues determined in the legal proceeding. Conferred re filing an Anti-SLAPP motion. Drafted stipulation to extend time to respond to initial complaint. | 2539 | .60 hrs. |
| 10/08/10 | Analyzed research results re anti-SLAPP motion. Analyzed judicial reassignment. Conferred re risk-reward re anti-SLAPP motion. | 0757 | 1.30 hrs. |
| 10/08/10 | Researched and reviewed cases re potential Anti-SLAPP motion; conferred with M. Stewart, J. Hynes re same; ███████████████; reviewed Order reassigning case. | 2179 | 2.80 hrs. |
| 10/08/10 | Conducted legal research re standard applied to anti-SLAPP motions. Analyzed probability of success on an anti-SLAPP motion. Drafted memorandum re same. | 2539 | 3.60 hrs. |
| 10/11/10 | Reviewed Judge Carney's procedures/rules; revised motion to dismiss and attended to finalization/filing of same and related documents; reviewed disclosure statement; conferred with J. Hynes re service; reviewed proof of service. | 2179 | 2.60 hrs. |
| 10/11/10 | Conducted research re standing orders of Judge Carney. Participated in teleconference with court clerk re date of hearing on motion to dismiss plaintiffs' initial complaint. Reviewed and revised motion to dismiss plaintiffs' initial complaint. Drafted certification and notice of interested parties to be filed with motion to dismiss plaintiffs' initial complaint. Drafted disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 to be filed with motion to dismiss plaintiffs' initial complaint. Drafted proposed order on motion to dismiss plaintiffs' initial complaint. Prepared motion to dismiss plaintiffs' initial complaint and other documents related thereto for filing and service. | 2539 | 5.30 hrs. |



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 office | 213-620-1398 fax | www.sheppardmullin.com

03NT-157734:  Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

November 12, 2010
Invoice 222816606
Page 5 of 9

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| | | | |
| 10/13/10 | ███████ ; further researched re same; analyzed changes in First Amended Complaint and effect on motion to dismiss. | 2179 | 3.70 hrs. |
| | | | |
| 10/14/10 | Researched anti-SLAPP issues. | 0757 | .80 hrs. |
| | | | |
| | | | |
| 10/18/10 | Prepared for and participated in conference of counsel re timing; conferred with M. Stewart re same and re revised motion to dismiss. | 2179 | .50 hrs. |
| 10/20/10 | Analyzed file re status.  Conferred re proposed stipulation. Left voice mail message for opposing counsel (Mark Pifko) re various issues.  Analyzed file re motion to dismiss amended complaint. | 0757 | .80 hrs. |
| 10/20/10 | ███████ ; revised motion to dismiss in connection with First Amended Complaint. | 2179 | 2.90 hrs. |

25



SHEPPARD MULLIN
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

November 12, 2010
Invoice 222816606
Page 6 of 9

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 10/21/10 | Analyzed issues in Gimmarinaro ruling that might impact warning notice issue in class action. Analyzed issues re new motion to dismiss. ████████████████████████ ████████████████████ Email to plaintiffs' counsel re stipulation re class certification deadline and 7-hour deposition rule. | 0757 | 2.10 hrs. |
| | ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ | | |
| 10/21/10 | Conducted legal research re time limit to respond to amended complaint in federal court. Conducted legal research re time limit to file a special motion to strike an anti-Strategic Lawsuit Against Public Participation in California. Conferred re same. | 2539 | .60 hrs. |
| 10/22/10 | Analyzed email and proposed stipulation. Exchanged emails re timing and scope of motion to dismiss amended complaint and anti-SLAPP motion. Conferred re same. Analyzed issues re motion to dismiss. Analyzed email with opposing counsel. | 0757 | .80 hrs. |
| 10/22/10 | Researched re timing and potential effect of Anti-SLAPP motion on substance/ruling re motion to dismiss; revised motion to dismiss; analyzed First Amended Complaint; reviewed correspondence/draft stipulation re class discovery/deadline by which plaintiffs must move for class certification. | 2179 | 3.60 hrs. |
| 10/22/10 | Conducted legal research re time limit to respond to amended complaint in federal court. Conducted legal research re time limit to file a special motion to strike an anti-Strategic Lawsuit Against Public Participation in California. Conferred re same. | 2539 | .60 hrs. |
| 10/25/10 | Conferred re motion to dismiss first amended complaint. Reviewed and revised draft motion to dismiss. Exchanged emails re same. | 0757 | 1.30 hrs. |



SHEPPARD MULLIN
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

November 12, 2010
Invoice 222816606
Page 7 of 9

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 10/25/10 | Reviewed research re judicial admissions, Plumleigh dismissal of underlying citation, judicial notice of Santa Ana agreement; reviewed Santa Ana agreement and amendments in connection with motion to dismiss First Amended Complaint; revised motion to dismiss; ████████████████████ ████████████████ | 2179 | 4.20 hrs. |
| 10/25/10 | ██████████████████████ ██████████████ Conducted legal research re whether admissions made in an initial complaint remain established under the judicial admissions doctrine after plaintiff files an amended complaint. Drafted memorandum re same. Conducted legal research re whether the court can take judicial notice of contract terms not attached to plaintiffs' complaint. | 2539 | 4.50 hrs. |
| 10/26/10 | Further researched Anti-SLAPP motion and potential defenses; conferred with M. Stewart re deadline by which plaintiffs must move for class certification; reviewed complaint and proposed order for filing. | 2179 | 1.60 hrs. |
| 10/26/10 | Reviewed and revised motion to dismiss first amended class action complaint. Drafted proposed order granting motion to dismiss plaintiffs' first amended class action com plaint. Conducted legal research re time limit to respond to amended complaint. | 2539 | 2.80 hrs. |



SHEPPARD MULLIN
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA  90071-1448
213-620-1780 *office*  |  213-620-1398 *fax*  |  *www.sheppardmullin.com*

03NT-157734:  Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

November 12, 2010
Invoice 222816606
Page 8 of 9

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| ███ | ███ | | |
| 10/28/10 | Analyzed draft motion to dismiss.  Conferred re status and strategy. | 0757 | .60 hrs. |
| 10/28/10 | ███; reviewed and revised case calendar; attend to filing/service of motion to dismiss and proposed order. | 2179 | 2.00 hrs. |
| ███ | ███ | | |
| 10/29/10 | Reviewed correspondence re contracting entities and potential challenges to Redflex contracts; conferred re Anti-SLAPP potential defenses and analyzed same. | 2179 | 1.70 hrs. |
| 10/29/10 | Conducted legal research re meet and confer requirement before filing special anti-SLAPP motion to strike in federal court.  Conferred re same. | 2539 | .80 hrs. |

**Total Fees for Professional Services**   ███

### SUMMARY OF DISBURSEMENTS

███

**Total Disbursements**   ███



SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 office | 213-620-1398 fax | www.sheppardmullin.com

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

November 12, 2010
Invoice 222816606
Page 9 of 9

## ACCOUNTS RECEIVABLE SUMMARY

| Invoice Date | Invoice Number | Invoice Amount | Fees | Disbs | Payments & Credits | Total |
|---|---|---|---|---|---|---|
| 10/29/10 | 222812826 | ■ | ■ | ■ | | ■ |
| | | Total Outstanding Fees and Disbursements | | | | ■ |
| | | Interest on Outstanding A/R | | | | |
| | | Fees and Disbursements Due for this Invoice | | | | |
| | | **Total Due For This Matter** | | | | ■ |



48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 office | 213-620-1398 fax | www.sheppardmullin.com

Andrejs Bunkse
General Counsel
Redflex Traffic Systems, Inc.
23751 N. 23rd Avenue
Phoenix, AZ 85085-1854

SMRH Tax ID ███████
December 21, 2010
Invoice 222827688

| Our Matter No. | 03NT-157734 |
| | Redflex Traffic Systems - Robert Plumleigh et al |
| Billing Atty: | Gregory P. Barbee |

## INVOICE SUMMARY

FOR PROFESSIONAL SERVICES THROUGH NOVEMBER 30, 2010

Current Fees         ████████
Current Disbursements  ████████

Total Current Activity      ████████████
Total Due for This Invoice  ████████████

### SUMMARY OF TIMEKEEPER FEES

| Tkpr Code | Timekeeper Name | Hours | Avg. Rate/Hr | Dollars |
|---|---|---|---|---|
| 0757 | Michael D. Stewart | ████ | $ 395.00 | ████████ |
| 2179 | Gregory P. Barbee | | $ 395.00 | |
| 2539 | John Hynes | | $ 350.00 | |

Payment Terms:  Balance due upon receipt of this statement.



48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 office | 213-620-1398 fax | www.sheppardmullin.com

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

December 21, 2010
Invoice 222827688
Page 2 of 7

FOR PROFESSIONAL SERVICES THROUGH 11/30/10

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 11/01/10 | Analyzed issues re anti-SLAPP motion.  Conferred re same. | 0757 | .40 hrs. |
| 11/01/10 | Review joint stipulation re Rule 23-3 requirements; conferred re same and re meet and confer for Anti-SLAPP motion; reviewed research re motion. | 2179 | .80 hrs. |
| 11/01/10 | Reviewed and revised joint stipulation to waive deadline for moving for class certification.  Conferred with opposing counsel re same. | 2539 | 2.10 hrs. |
| 11/03/10 | Reviewed order re stipulation to waive requirements of Local Rule 23-3; conferred re timing of filing of Anti-SLAPP motion and hearing. | 2179 | .30 hrs. |
| 11/03/10 | Conducted legal research re California anti-strategic lawsuit against public participation statute.  Drafted special motion to strike Plaintiffs' first amended complaint under the anti-SLAPP statute. | 2539 | 5.20 hrs. |
| 11/04/10 | Conducted legal research re California anti-strategic lawsuit against public participation statute.  Drafted special motion to strike Plaintiffs' first amended complaint under the anti-SLAPP statute. | 2539 | 6.60 hrs. |
| 11/07/10 | Conducted legal research re California anti-strategic lawsuit against public participation statute.  Drafted special motion to strike Plaintiffs' first amended complaint under the anti-SLAPP statute. | 2539 | 2.60 hrs. |
| 11/08/10 | Analyzed file re status.  Conferred re revisions to anti-SLAPP motion. | 0757 | .40 hrs. |
| 11/08/10 | Conferred re Anti-SLAPP motion; reviewed and revised same; reviewed research re same. | 2179 | 3.60 hrs. |



48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

December 21, 2010
Invoice 222827688
Page 3 of 7

### FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 11/08/10 | Conducted legal research re California anti-strategic lawsuit against public participation statute. Drafted special motion to strike Plaintiffs' first amended complaint under the anti-SLAPP statute. Drafted proposed order granting motion to strike Plaintiffs' first amended complaint under the anti-SLAPP statute. | 2539 | 1.80 hrs. |
| 11/09/10 | Conferred with M. Stewart re Anti-SLAPP motion; ████████ ████████████████████ | 2179 | .30 hrs. |
| 11/10/10 | Further revised motion re Anti-SLAPP; conferred with J. Hynes re same. | 2179 | 2.50 hrs. |
| 11/11/10 | Analyzed issues regarding anti-SLAPP motion. Exchanged emails regarding same. | 0757 | .60 hrs. |
| 11/11/10 | Reivewed and revised Anti-SLAPP motion; conferred re same; reviewed correspondence re same. | 2179 | 1.20 hrs. |
| 11/11/10 | Conducted legal research re California anti-strategic lawsuit against public participation statute. Drafted special motion to strike Plaintiffs' first amended complaint under the anti-SLAPP statute. Conferred re same. | 2539 | 2.30 hrs. |
| 11/12/10 | Prepared revisions to draft anti-SLAPP motion. Prepared possible Robert Salcido declaration regarding same. Analyzed revised motion. Exchanged emails regarding same. | 0757 | 1.80 hrs. |
| 11/12/10 | Conferred re logistical issues, timing and potential declaration; reviewed correspondence re same. | 2179 | .40 hrs. |
| 11/12/10 | Drafted special motion to strike Plaintiffs' first amended complaint under the anti-SLAPP statute. Conferred re same. | 2539 | .90 hrs. |



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S    A T    L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | www.sheppardmullin.com

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al          December 21, 2010
Gregory P. Barbee                                                       Invoice 222827688
                                                                        Page 4 of 7

### FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 11/15/10 | Reviewed and revised anti-SLAPP motion.  Reviewed and revised proposed order regarding same. ████████████ ████████████████ Conferred regarding final revisions.  Analyzed 20-page opposition filed by plaintiffs regarding motion to dismiss.  Analyzed case law cited by plaintiff. | 0757 | 2.30 hrs. |
| 11/15/10 | Researched re potential for fee recovery and propriety of subsequent motion for same; conferred re same; finalized Anti-SLAPP motion for filing/service; reviewed related correspondence; reviewed Plaintiffs' Opposition re Motion to Dismiss (and City's Motion to Dismiss, Motion to Strike). | 2179 | 4.30 hrs. |
| 11/15/10 | Drafted special motion to strike Plaintiffs' first amended complaint under the anti-SLAPP statute.  Conferred re same. Prepared special motion to strike Plaintiffs' first amended complaint under the anti-SLAPP statute and proposed order for service and filing.  Corresponded with the Judicial Council of California re special motion to strike Plaintiffs' first amended complaint under the anti-SLAPP statute per Section 425.16(j) of the California Code of Civil Procedure.  Reviewed and analyzed Plaintiffs' opposition to Redflex's Motion to Dismiss First Amended Class Action Complaint. | 2539 | 5.10 hrs. |
| 11/16/10 | Researched ████████████ ████████████████████████ Prepared email regarding use of recent case in reply brief. | 0757 | .60 hrs. |
| 11/16/10 | Reviewed correspondence re Anti-SLAPP motion and response to Opposition re Motion to Dismiss. | 2179 | .20 hrs. |
| 11/18/10 | Analyzed case law re preparation of reply re motion to dismiss.  Conferred re conviction bar under Heck v. Humphrey.  Exchanged emails re outline of reply brief. | 0757 | .70 hrs. |
| 11/18/10 | Reviewed research in connection with Reply to Opposition re Motion to Dismiss; conferred re same. | 2179 | .20 hrs. |



SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 office | 213-620-1398 fax | www.sheppardmullin.com

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

December 21, 2010
Invoice 222827688
Page 5 of 7

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 11/18/10 | Conducted legal research re whether a private photo enforcement service provider can be liable for a violation of Section 21455.5(b) of the California Vehicle Code. Drafted reply to plaintiffs' opposition to Redflex's motion to dismiss first amended class action complaint. | 2539 | 1.80 hrs. |
| 11/19/10 | Conducted legal research re requirements for obtaining restitution for a violation of California Business and Professions Code sections 17200, et seq. Drafted reply to plaintiffs' opposition to Redflex's motion to dismiss first amended class action complaint. | 2539 | 8.60 hrs. |
| 11/20/10 | Conducted legal research re the litigation privilege in California Civil Code section 47(b). Drafted reply to plaintiffs' opposition to Redflex's motion to dismiss first amended class action complaint. | 2539 | 6.60 hrs. |
| 11/21/10 | Reviewed and revised Reply brief re Motion to Dismiss; conferred with M. Stewart re same; researched re same. | 2179 | 4.70 hrs. |
| 11/22/10 | Reviewed and revised reply brief re motion to dismiss. Analyzed plaintiffs' opposition brief. Analyzed Carlucci case re effect of citation. Conferred re final revisions to reply brief. Analyzed two reply briefs filed by the City of Santa Ana. | 0757 | 1.40 hrs. |
| 11/22/10 | Conferred re Reply re Motion to Dismiss; revised same; reviewed Opposition to Anti-SLAPP motion; conferred re same. | 2179 | 3.10 hrs. |
| 11/22/10 | Drafted reply to plaintiffs' opposition to Redflex's motion to dismiss first amended class action complaint. Prepared reply to plaintiffs' opposition to Redflex's motion to dismiss first amended class action complaint for service and filing. Reviewed and analyzed plaintiffs' opposition to Redflex's special motion to strike plaintiffs' claims against Redflex pursuant to California Code of Civil Procedure section 425.16. | 2539 | 6.90 hrs. |
| 11/23/10 | Conferred with J. Hynes re Reply re Anti-SLAPP Motion. | 2179 | .20 hrs. |



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 office | 213-620-1398 fax | www.sheppardmullin.com

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

December 21, 2010
Invoice 222827688
Page 6 of 7

### FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 11/23/10 | Conducted legal research re requirements for striking claims under California Code of Civil Procedure section 425.16. Drafted reply to plaintiffs' opposition to Redflex's special motion to strike plaintiffs' claims against Redflex pursuant to California Code of Civil Procedure section 425.16. | 2539 | 3.70 hrs. |
| 11/24/10 | Conducted further legal research re requirements for striking claims under California Code of Civil Procedure section 425.16. Drafted reply to plaintiffs' opposition to Redflex's special motion to strike plaintiffs' claims against Redflex pursuant to California Code of Civil Procedure section 425.16. | 2539 | 1.50 hrs. |
| 11/25/10 | Conducted legal research re requirements for striking claims under California Code of Civil Procedure section 425.16. Drafted reply to plaintiffs' opposition to Redflex's special motion to strike plaintiffs' claims against Redflex pursuant to California Code of Civil Procedure section 425.16. | 2539 | .60 hrs. |
| 11/28/10 | Reviewed and revised Reply re Anti-SLAPP motion; reviewed research re same. | 2179 | 1.50 hrs. |
| 11/29/10 | Reviewed and revised Redflex's reply to opposition to Redflex's motion to strike (Anti-SLAPP). Analyzed First Amended Complaint and plaintiffs' opposition brief re same. Exchanged email with plaintiffs' counsel (Mark Pifko) re coordination of hearing dates on Redflex's two pending motions. Exchanged emails with City of Santa Ana attorney re same. | 0757 | 2.30 hrs. |
| 11/29/10 | Conferred with M. Stewart, J. Hynes re revisions to Anti-SLAPP Reply; reviewed correspondence re same and re research; reviewed correspodnence re coordination of hearing dates (motions to dismiss, Anti-SLAPP motion). | 2179 | 1.10 hrs. |
| 11/29/10 | Drafted reply memorandum of points and authorities in support of Redflex's special motion to strike Plaintiffs' claims against Redflex pursuant to California Code of Civil Procedure section 425.16. Prepared reply memorandum of points and authorities for service and filing. | 2539 | 3.80 hrs. |



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

48th Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

December 21, 2010
Invoice 222827688
Page 7 of 7

**Total Fees for Professional Services** ███████████

## SUMMARY OF DISBURSEMENTS

████████████████████████████████████████████████

**Total Disbursements** ████████████

ATTORNEYS AT LAW

43rd Floor · | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

Andrejs Bunkse
General Counsel
Redflex Traffic Systems, Inc.
23751 N. 23rd Avenue
Phoenix, AZ 85085-1854

SMRH Tax ID ███████
January 5, 2011
Invoice 222830483

Our Matter No.    03NT-157734
                  Redflex Traffic Systems - Robert Plumleigh et al
Billing Atty:     Gregory P. Barbee

## INVOICE SUMMARY

FOR PROFESSIONAL SERVICES THROUGH  DECEMBER 31, 2010

Current Fees                                        ██████████
Current Disbursements                               ██████████

Total Current Activity                         
Total Due for This Invoice                     

### SUMMARY OF TIMEKEEPER FEES

| Tkpr Code | Timekeeper Name | Hours | Avg. Rate/Hr | Dollars |
|---|---|---|---|---|
| 0757 | Michael D. Stewart | ██████ | $ 395.00 | ████████ |
| 2179 | Gregory P. Barbee |  | $ 395.00 |  |
| 2539 | John Hynes |  | $ 350.00 |  |

Payment Terms:  Balance due upon receipt of this statement.



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

43rd Floor  |  333 South Hope Street  |  Los Angeles, CA 90071-1448
213-620-1780 office  |  213-620-1398 fax  |  www.sheppardmullin.com

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

January 5, 2011
Invoice 222830483
Page 2 of 7

FOR PROFESSIONAL SERVICES THROUGH 12/31/10

## FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| ███████████████████████████████████████████████████████████████ | | | |
| 12/01/10 | Reviewed and revised stipulation moving hearing date on motion to dismiss to coincide with Anti-SLAPP motion; conferred with M. Stewart, J. Hynes re same; reviewed briefs in connection with preparation for hearing. | 2179 | 1.90 hrs. |
| 12/01/10 | Drafted stipulation to continue hearing dates on Motion to Strike and Motions to Dismiss.  Conferred with M. Pifko, J. Sarno and S. Rothans re same.  Prepared stipulation to continue hearing dates on Motion to Strike and Motions to Dismiss for service and filing. | 2539 | 2.30 hrs. |
| 12/02/10 | Reviewed research in preparation for hearing on motion to dismiss and Anti-SLAPP motion. | 2179 | 2.00 hrs. |
| 12/06/10 | Reviewed cases/research in connection with preparation for Plumleigh hearing; reviewed related briefs re same. | 2179 | 2.50 hrs. |
| 12/07/10 | Attended to preparation for hearing on Redflex and City's motions; reviewed materials in connection with same; conferred re additional research for use at hearing. | 2179 | 1.10 hrs. |
| ███████████████████████████████████████████████████████████████ | | | |
| 12/08/10 | Prepare for hearing on pending motions; reviewed Court's order on City's motions; analyzed Court's order on Redflex's motions; ████████████████████████████████████; reviewed materials in connection with motion for fees and costs; conferred with J. Hynes re same; reviewed research re same (re extent/scope of recovery). | 2179 | 6.10 hrs. |

43rd Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

ATTORNEYS AT LAW

03NT-157734:  Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

January 5, 2011
Invoice 222830483
Page 3 of 7

### FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 12/09/10 | Analyzed issues re strategy in light of Judge Carney's ruling. ███████████████████████████████████████████ | 0757 | .80 hrs. |
| 12/09/10 | ███████████████████; reviewed research in connection with same. | 2179 | .30 hrs. |
| 12/09/10 | Corresponded with California Judicial Council re order granting Redflex's special motion to strike Plaintiffs' claims pursuant to California Code of Civil Procedure section 425.16. Conducted legal research re scope of attorneys' fees and costs recoverable by a defendant who prevails on a special motion to strike under California Code of Civil Procedure section 425.16.  Conducted legal research re method for calculating attorneys' fees recoverable by a prevailing defendant under California Code of Civil Procedure section 425.16.  Drafted memorandum re same. | 2539 | 2.80 hrs. |
| 12/10/10 | Reviewed bills and costs in connection with preparation of motion for fees; conferred re same; reviewed research re which costs/fees are recoverable. | 2179 | 1.10 hrs. |
| 12/10/10 | Conducted legal research re the scope of attorneys' fees and costs available to defendants who prevail on a special motion to strike pursuant to California Code of Civil Procedure section 425.16.  Conducted legal research re the calculation of attorneys' fees awards under California Code of Civil Procedure section 425.16.  Drafted memorandum re same. | 2539 | 1.50 hrs. |
| 12/21/10 | Researched re motion for attorneys fees; ██████████ ███████████████████; reviewed related correspondence and billing. | 2179 | 2.20 hrs. |

39



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

43rd Floor | 333 South Hope Street | Los Angeles, CA 90071-1448
213-620-1780 *office* | 213-620-1398 *fax* | *www.sheppardmullin.com*

---

03NT-157734: Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

January 5, 2011
Invoice 222830483
Page 4 of 7

### FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 12/21/10 | Conducted legal research re the scope of attorneys' fees available to prevailing defendants under California Code of Civil Procedure section 425.16. Conducted legal research re the proper calculation of attorneys' fees to which prevailing defendants are entitled under California Code of Civil Procedure section 425.16. Drafted motion for award of attorneys' fees pursuant California Code of Civil Procedure section 425.16(c). Conferred re same. Drafted joint stipulation to extend time to file motion for award of attorneys' fees pursuant to California Code of Civil Procedure section 425.16(c) and bill of costs. | 2539 | 7.80 hrs. |
| 12/22/10 | Analyzed stipulation regarding fee motion. Exchanged emails regarding same. | 0757 | .30 hrs. |
| 12/22/10 | Revised joint stipulation to extend time to file motion for award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 425.16(c) and bill of costs. ████████ Prepared joint stipulation for service and filing. | 2539 | 1.50 hrs. |
| 12/27/10 | Analyzed notice of appeal by plaintiffs. Analyzed notice of docket regarding same. | 0757 | .40 hrs. |
| 12/27/10 | Reviewed Notice of Appeal and related documents; researched re timing/effect on motion for attorneys fees/costs; conferred re same; reviewed Order re motion for attorneys fees. | 2179 | 1.40 hrs. |
| 12/27/10 | Drafted motion for award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 425.15(c). Drafted declaration of Gregory P. Barbee in support of motion for award of attorneys' fees pursuant to California Code of Civil Procedure section 425.16(c). | 2539 | .70 hrs. |
| 12/28/10 | Conferred regarding trial court's jurisdiction to hear fee motion in light of plaintiffs' notice of appeal. Exchanged emails regarding same. | 0757 | .30 hrs. |
| 12/28/10 | Conferred re filing of appeal and jurisdiction to hear fees motion; reviewed research and briefing re same. | 2179 | .90 hrs. |



43rd Floor  |  333 South Hope Street  |  Los Angeles, CA 90071-1448
213-620-1780 office  |  213-620-1398 fax  |  www.sheppardmullin.com

03NT-157734:  Redflex Traffic Systems - Robert Plumleigh et al                    January 5, 2011
Gregory P. Barbee                                                                 Invoice 222830483
                                                                                 Page 5 of 7

### FEE DETAIL

| Date | Description of Services | Tkpr | Hours |
|------|------------------------|------|-------|
| 12/28/10 | Conducted legal research re ███████████████ | 2539 | 4.70 hrs. |
| | California Code of Civil Procedure section 425.15.  Conducted legal research re ██████████████ | | |
| | Drafted memorandum re same.  Conferred re same. | | |
| 12/29/10 | Analyzed appellate documents.  Analyzed research results regarding ████████████ | 0757 | .50 hrs. |
| 12/29/10 | Reviewed research re ████████████ | 2179 | 2.00 hrs. |
| 12/29/10 | Conducted legal research re ███████████ Conducted legal research re ████████ Conducted legal research re ███████ Drafted memorandum re same.  Conducted legal research re ████████ | 2539 | 4.20 hrs. |
| 12/30/10 | ████████████; reviewed and revised motion for attorneys fees; ██████████ | 2179 | 3.60 hrs. |

41

A T T O R N E Y S   A T   L A W

43rd Floor  |  333 South Hope Street  |  Los Angeles, CA 90071-1448
213-620-1780 *office*  |  213-620-1398 *fax*  |  *www.sheppardmullin.com*

03NT-157734:  Redflex Traffic Systems – Robert Plumleigh et al
Gregory P. Barbee

January 5, 2011
Invoice 222830483
Page 6 of 7

## FEE DETAIL

| Date<br>12/30/10 | Description of Services | Tkpr<br>2539 | Hours<br>7.50 hrs. |
|---|---|---|---|

████████████████████████████████ Conducted legal research re the scope and calculation of attorneys' fees and costs recoverable by a defendant who prevails on a special motion to strike under California Code of Civil Procedure section 425.16. Drafted motion for award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 425.16(c). Conferred re same.

**Total Fees for Professional Services**                    ██████████

## SUMMARY OF DISBURSEMENTS

████████████████████████████████████████████████████████

**Total Disbursements**                    ██████████



**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

A T T O R N E Y S   A T   L A W

43rd Floor  |  333 South Hope Street  |  Los Angeles, CA 90071-1448
213-620-1780 *office*  |  213-620-1398 *fax*  |  *www.sheppardmullin.com*

03NT-157734:  Redflex Traffic Systems - Robert Plumleigh et al
Gregory P. Barbee

January 5, 2011
Invoice 222830483
Page 7 of 7

## ACCOUNTS RECEIVABLE SUMMARY

| Invoice Date | Invoice Number | Invoice Amount | Fees | Disbs | Payments & Credits | Total |
|---|---|---|---|---|---|---|
| 12/21/10 | 222827688 | | | | | |
| | | Total Outstanding Fees and Disbursements | | | | |
| | | Interest on Outstanding A/R | | | | |
| | | Fees and Disbursements Due for this Invoice | | | | |
| | | **Total Due For This Matter** | | | | |

43